DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:        631.283.4735
e-Mail:     DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ.  MT-1979
MIRIAM TAUBER LAW PLLC
Attorney for Plaintiff
885 Park Avenue, 2A
New York, New York 10075
Tel:        323.790.4881
e-Mail:     MiriamTauberLaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AVALON HOLDINGS CORPORATION | No. 18-Civ-7291 |
| Plaintiff, | COMPLAINT TO COMPEL COMPLIANCE WITH THE REPORTING REQUIREMENTS OF THE WILLIAMS ACT 15 U.S.C. 78m(d) AND TO RECOVER SHORT-SWING PROFITS UNDER 15 U.S.C. 78p(b) |
| - against - | |
| GUY GENTILE, MINTBROKER INTERNATIONAL, LTD., AND JOHN DOES 1 THRU 10, | |
| Defendants. | |

AVALON HOLDINGS CORPORATION, by David Lopez, Esq. and Miriam Tauber, Esq., its attorneys, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 4 which plaintiff alleges on personal knowledge.

1

**NATURE OF THE ACTION**

1. This suit is brought by AVALON HOLDINGS CORPORATION ("AVALON") whose Class A Common Stock is publicly held and listed on the NYSE-Amex Stock Exchange. AVALON, as issuer of such Class A Common Stock, has, without its foreknowledge, participation or consent, had the public market for those shares commandeered in a pump-and-dump scheme orchestrated by the defendants who have flouted the reporting requirements of Section 13(d) of the Securities Exchange Act of 1934, as amended (the "Act") by not filing with the Securities & Exchange Commission or providing AVALON or disseminating to the public copies of a Schedule 13D upon attaining a more-than-5% beneficial ownership stake in AVALON's Class A Common Stock, failing to file subsequent amendments as they increased their ownership to roughly 60% of AVALON's total outstanding shares of Class A Common Stock and who have failed to file timely or complete Forms 3 and 4 under Section 16(a) of the Act with the Securities & Exchange Commission or provide AVALON with copies, upon entering a more-than-10% ownership position in AVALON's Class A Common Stock and during their accumulation thereafter. These are not mere technical failings but a deliberate and calculated concealment by the defendants of their purchases and sales of plaintiff's common stock within periods of less than six months and of their need to account and pay over to AVALON resulting short-swing profits as required by Section 16(b) of the Act.

## JURISDICTION:

2. This action arises under the provisions of Sections 13(d), (16(a) and 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Sections 78m(d), 78p(a) and 78p(b), and jurisdiction is conferred upon this court by 28 U.S.C Section 1331, the general federal jurisdiction statute, and Section 27 of the Act, 15 U.S.C. Section 78aa which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the Act.

3. The Court also has diversity jurisdiction pursuant to 28 U.S.C Section 1332 in that AVALON is an Ohio corporation domiciled in Ohio and those of the defendants who are known to AVALON and individually named are domiciliaries of New York, the Bahamas and the United Kingdom, and the amount in controversy exceeds the jurisdictional minimum.

## THE PARTIES AND VENUE:

4. Plaintiff is an Ohio corporation with principal offices located at One American Way, Warren, Ohio 44484-5555.

5. At all times relevant the common stock of AVALON was registered under Section 12(b) of the Act and was traded on the NYSE-Amex Exchange, a National Securities Exchange located within this district. All or most of the purchases or sales to be described took place upon such exchange.

6. GUY GENTILE is a United States national who, in filings with Companies House in the United Kingdom, claims to be an Italian national. It is unclear whether he claims dual citizenship or merely a preference for the citizenship most suitable to the occasion. He resides at 103 Bryant Pond Road, Putnam Valley, New York 10579, although in filings with Companies House he also claims addresses of 29 Harley Street, London, England W1G 9QR and OCE # 104, Ocean Club Estates, Paradise Island, Bahamas N-8340.

7. GUY GENTILE claims, in his filings with Companies House, to have "…the right, directly or indirectly, to appoint or remove a majority of the board of MINTBROKER INTERNATIONAL, LIMITED, ("MINTBROKER"), another of the defendants, and to be the sole director of MINTRBROKER. Upon information and belief, GUY GENTILE has a 100% pecuniary interest in the proprietary trading activities of MINTBROKER, either through direct ownership or through the ownership of a wholly-owned intermediary entity or entities, to be described herein. By reason of this and his control over MINTBROKER, he has shared beneficial ownership over any and all shares of AVALON Class A Common Stock purchased, held or sold by MINTBROKER.

8. GUY GENTILE is an experienced securities market operator and a connoisseur of scams. In July of 2012, he was detained by the FBI on his arrival at Westchester County Airport on a flight from the Bahamas on his way to a Connecticut casino. The detention was in connection with his participation in two pump-and-dump manipulation schemes involving shares of a putative Mexican gold mining company, Raven Gold Corporation ("RVNG") and of a putative Kentucky oil

exploration company, Kentucky USA Energy, Inc. ("KYUS"). To avoid immediate arrest and prosecution he became an informant for the F.B.I. and for the succeeding three years he acted as a wired participant in the planning of numerous conspiracies to manipulate stocks, including pump-and-dump schemes, and other financial frauds. Once his usefulness had been deemed exhausted by the Department of Justice it offered him a plea to one felony with no prison time. He refused, having taken the precaution of surreptitiously recording over 100 conversations and telephone calls with his FBI handlers (or so he claimed). He attempted to use those recordings to dissuade prosecution. Civil and criminal charges were lodged against him in the District of New Jersey in 2016. The cases were dismissed on statute of limitations grounds. GUY GENTILE was recently denied a banking license in the Commonwealth of Puerto Rico for failing to establish good moral character.

9. MINTBROKER INTERNATIONAL LIMITED is a United Kingdom corporation (private limited company) beneficially owned by GUY GENTILE either directly or through a wholly-owned intermediary, Swiss America Securities UK Limited. Its registered office address is Suite B, 29 Harley Street, London, England W1G 9QR. Its principal offices are located at Elizabeth Avenue and Bay Street, Nassau C5 N-8340, the Bahamas. MINTBROKER INTERNATIONAL LIMITED is controlled by GUY GENTILE.

10. JOHN DOES 1 THRU 10 are persons whose identities are currently unknown to AVALON but will be established, along with their respective pecuniary interests in shares of AVALON, through discovery.

11. JOHN DOES 1 THRU 10 are persons who participated with GUY GENTILE and with MINTBROKER INTERNATIONAL LIMITED in a conspiracy secretly to accumulate, for the benefit of GUY GENTILE and MINTBROKER INTERNATIONAL, LIMITED, a more-than-5% beneficial ownership interest in the Class A Common Stock of AVALON during periods beginning less than six months prior to July 27, 2018, continuing through to that date.

12. Through their conspiracy to acquire, hold and sell shares of AVALON they individually and in concert with GUY GENTILE and with MINTBROKER INTERNATIONAL, LIMITED, constituted one or more "Groups" under Section 13(d)(3) of the Act and Rule 13d-5(b)(1) promulgated thereunder. Where a Group is formed every member of the Group is deemed a more-than-10% beneficial owner if the aggregate holdings of all Group members exceed 10%. Their purposes included the surreptitious accumulation of roughly 60% of the outstanding shares of AVALON Class A Common Stock for the benefit of GUY GENTILE and MINTBROKER INTERNATIONAL, LIMITED without compliance with the reporting requirements of Section 13(d) of the Act to file with the Securities & Exchange Commission and to disseminate publicly a Schedule 13D and necessary amendments thereto.

**OBJECT OF THIS SUIT**

13. This action is brought by AVALON to compel, through injunctive relief, GUY GENTILE and MINTBROKER INTERNATIONAL, LIMITED and, as appropriate, some or all of the JOHN DOE defendants, to file with the Securities &

Exchange Commission and to disseminate publicly a Schedule 13D and all necessary amendments with respect to their beneficial ownership of shares of the Class A Common Stock of AVALON during the six months period preceding July 27, 2018, and thereafter. This suit also seeks through injunctive relief to compel GUY GENTILE and MINTBROKER INTERNATIONAL, LIMITED to file with the Securities & Exchange Commission a corrected Form 3 truthfully disclosing the date on which, through their conspiracy with JOHN DOES 1 THRU 10, it and they entered into a more-than-10% beneficial ownership position with respect to the Class A Common Stock of AVALON and to file and to disseminate publicly however many reports on Forms 4 may be needed to disclose their purchases or deemed purchases of AVALON Class A Common Stock while occupying a more-than-10% beneficial ownership position in those shares. Additionally, this suit seeks to recover from each and all of the defendants any and all short-swing trading profits they may have realized through their purchases and sales of the Class A Common Stock of AVALON during the six months period ending on or about August 1, 2018.

**STATUTORY REQUISITES:**

14. The violations of Sections 13(d), 16(a) and 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

15. This action has been brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. 78p(a), setting forth the substance of

the transactions here complained of were first filed with the Securities and Exchange Commission. Where none have been filed the statute of limitations has not yet begun to run.

### FIRST CLAIM FOR RELIEF: WILLIAMS ACT COMPLIANCE:

16. AVALON repeats all its prior allegations as though set out in full at this paragraph.

17. The purpose of Section 13(d) of the Act, commonly referred to as The Williams Act, is to alert the marketplace to material aggregations of securities that are indicative of a potential shift in corporate control, to make known any declared control purpose and to provide investors with the information they need to make informed decisions concerning the future of their investment. This is accomplished by requiring persons having beneficial ownership of more than five percent of the equity securities of any publicly traded company to file disclosures with the Securities & Exchange Commission promptly on a Schedule 13(D) setting forth, among other things, their identity and background, any plans or intentions they may have with respect to the issuer as well as any agreements, arrangement or understandings they have among themselves or with others concerning the issuer's securities. They are also required, by subsequent amendments, to make disclosures regarding any increases or decreases of their holdings exceeding one percent of the issuer's total outstanding share issue.

18. In order to prevent a group of investors from surreptitiously obtaining more than five percent of the equity of an issuer through multiple buyers or through having persons act as "parking lots" for shares with a view to having them

claimed or bought up at a future time as part of a scheme of accumulation, Section 13(d) and the rules thereunder require any such group acting together or on a hub-and-spoke arrangement (as, for example, the JOHN DOE defendants conspiring with an intended buyer at the hub but not necessarily with each other as accumulative spokes) must disclose the identities of all group members, their aggregate holdings, and the terms of any agreements or understandings among them or among some of them and the ultimate buyer with respect to the targeted company.

19.  Schedule 13D requires that filers state their purposes for making their accumulation of shares.  In a telephone interview reported by Bloomberg (on-line) on July 31, 2018, Lily Katz and Arie Shapira reporting, GUY GENTILE was asked his intentions toward AVALON. "'This is no pump-and-dump scheme,' Gentile, chief executive officer of MintBroker, said over the phone.  'We were going to try to do a hostile takeover of the company.'"  An accumulation of shares with a view to "doing a hostile takeover of the company" is precisely the sort of market-sensitive information Section 13(d) exists to force disclosure.

20.  Schedule 13D also requires that the filer disclose a detailed enumeration of each and every purchase or sale made as part of the scheme of accumulation with disclosure of the number of shares involved in each transaction and of its date and cost of purchase or price received on sale.

21.  On or about July 27, 2018, MINTBROKER INTERNATIONAL, LIMITED filed with the Securities & Exchange Commission a report on Form 3 announcing that as of that date it had become a more-than-10% beneficial owner of

the Class A Common Stock of AVALON. A true copy of that report is appended to this Complaint as Exhibit A.

22. Exhibit A reports that on July 27, 2018, MINTBROKER, like Athena bursting forth from the head of Zeus fully formed, had acquired on that date 1,922,095 shares of AVALON Class A Common Stock.

23. The total issue outstanding of AVALON Class A Common Stock at that date was 3,191,100.

24. Typical trading volume for AVALON Class A Common Stock on the NYSE-Amex Stock Exchange during the six months preceding July 24, 2018, was in a range of zero to 32,200 shares per day, excluding four episodes of one or two-day spiking into the hundreds of thousands. Plaintiff believes those four episodes to have been accumulation efforts by the defendants. Exhibit B is a tabulation of trading activity on the NYSE-Amex Exchnge in AVALON Class A common stock during that time.

25. It is inconceivable that MINTBROKER and the other defendants could have acquired a more-than 60% beneficial ownership stake in the thinly traded stock of AVALON in a single purchase on a single day without numerous prior surreptitious and collusive acquisitions, pre-positionings and accumulations.

26. The claim of MINTBROKER that on July 27, 2018, it was a more-than-10% beneficial owner of AVALON Class A common stock through a one-day

accumulation of those shares is also an admission, 10% being larger than 5%, that it had subjected itself thereby to the reporting requirements of Section 13(d) of the Act.

27. On Monday, July 23, 2018, AVALON Class A Common Stock closed on the NYSE-Amex at $2.20. On Monday, July 30, 2018, in pre-market trading those shares peaked at $36.00, an increase of roughly 1,600%. On Tuesday, August 1, 2018, AVALON Class A Common Stock closed at $3.47 on the NYSE-Amex. MINTBROKER'S liquidation of AVALON shares was completed on August 1, 2018.

28. MINTBROKER and the other defendants have at no time to the present complied with their reporting obligations by filing a Schedule 13D and amendments thereto from the actual date of first entry into a more-than-5% beneficial ownership position to the date of their claimed liquidation of their position.

29. AVALON has no adequate remedy at law and invokes the equity powers of this court to enjoin MINTBROKER, GUY GENTILE and the other defendants to make such filings forthwith including in such filings complete and truthful responses to all questions including a detailed enumeration of purchases and deemed purchases and sales and deemed sales.

**SECOND CLAIM FOR RELIEF: SHORT-SWING TRADING**

30. AVALON REPEATS all its prior allegations as though set out in full at this paragraph.

31. Section 16(b) of the Act, 15 USC 78p(b), is a strict liability statute. A plaintiff need prove only that the defendant was an insider – which includes a more-than-10% beneficial owner – of a public company who profited from the purchase and sale or sale and purchase of the company's shares or derivative securities tied to shares within a period of less than six months. Its application is largely mechanical. Evidence of the defendant's intent, misuse of information or bad faith is unnecessary. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained from short-swing trades.

32. MINTBROKER claims to have sold 192,340 shares of AVALON Class A Common Stock on July 27, 2018, at a price of $15.5054, per share, to have sold an additional 719,885 such shares on July 30, 2018, at a price of $8.175 per share, an additional 799,720 shares on July 31, 2018 at a price of $4.1506 per share and an additional 202,642 shares on August 1, 2018, at a price of $3.911 per share, at which time it claims to have completely divested itself of the 1,922,095 shares it claims to have purchased four days earlier. Forms 4, as filed by MINTBROKER with the Securities & Exchange Commission, appear at Exhibit C hereto.

33. The purchase of shares that initially elevates a person into the status of a more-than-10% beneficial owner of an issuer is not matchable against subsequent sales within a period of less than six months. Purchases made after entry into such status are.

34. By looking to the prices of AVALON shares of Class A Common Stock during the accumulation period Plaintiff contends extends to six months prior

to July 27, 2018, MINTBROKER and the other defendants sharing pecuniary interests in the identified transaction appear to have realized profits from the purchases and sales of AVALON Class A Common Stock within periods of less than six months. The amounts of such profits are unknown to AVALON but they are subject to establishment through the filing by the defendants of truthful, accurate and complete Forms 4 and through discovery of the books and records of MINTBROKER and of the other defendants. Profits are estimated to exceed $5,000,000.

        35.    Such profits are recoverable by AVALON under Section 16(b) of the Act and such recovery is sought hereby as is compulsion of the defendants to file truthful, accurate and complete Forms 3 and 4 reporting their activity in shares of AVALON Class A Common Stock during their trading periods.

**WHEREFORE**, Plaintiff demands judgment:

      (a)    Enjoining the defendants and each of them to file truthful, accurate and complete Schedules 13D and all necessary Schedules 13D/A amendments thereto relating to their more-than-5% beneficial ownership of AVALON Class A Common Stock in compliance with all applicable rules and regulations, forthwith;

      (b)    Enjoining the defendants and each of them to file truthful, accurate and complete reports on Forms 3 and 4 of correct entry dates into a more-than-10% beneficial ownership position (including by reason of Group membership) and of all subsequent purchases and sales with respect to Class A Common Stock of AVALON in compliance with all applicable rules and regulations, forthwith;

(c)  Requiring the defendants and each of them to account for, and to pay over to, AVALON the short-swing profits realized and retained by each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

(d)  Awarding to AVALON its costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

e)  Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:  Southampton, New York
August 13, 2018

Yours, etc.

*s/ Miriam Tauber*
Miriam Tauber, Esq.
*Attorney for Plaintiff*

David Lopez, Esq.
*Attorney for Plaintiff*