DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:       631.283.4735
e-Mail:    DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ.  MT-1979
MIRIAM TAUBER LAW PLLC
Attorney for Plaintiff
885 Park Avenue, 2A
New York, New York 10075
Tel:        323.790.4881
e-Mail:    MiriamTauberLaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AVALON HOLDINGS CORPORATION | 18-cv-7291-VSB |
| Plaintiff, | AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C 78(p)(b) |
| - against - | |
| GUY GENTILE and MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

AVALON HOLDINGS CORPORATION, by David Lopez, Esq. and Miriam Tauber, Esq., its attorneys, complaining of the defendants, respectfully alleges the following upon information and belief.

## NATURE OF THE ACTION

1. This suit is brought by AVALON HOLDINGS CORPORATION ("AVALON") whose Class A Common Stock is publicly held and is traded on the NYSE-Amex Stock Exchange. AVALON, as issuer of such Class A Common Stock, has, without its foreknowledge, participation or consent, had the public market for those shares commandeered in a pump-and-dump scheme orchestrated by the defendants.

2. Prior to the filing of this action the defendants had flouted the reporting requirements of Section 13(d) of the Securities Exchange Act of 1934, as amended (the "Act") by not filing with the Securities & Exchange Commission or providing to AVALON or disseminating to the public copies of a Schedule 13D upon their attaining a more-than-5% beneficial ownership stake in AVALON's Class A Common Stock and by failing to file subsequent amendments as they increased their ownership to roughly 60% of AVALON's total outstanding shares of Class A Common Stock.

3. The defendants have also failed to file with the Securities & Exchange Commission timely, accurate, truthful and complete Forms 3 and 4 under Section 16(a) of the Act or to provide to AVALON copies upon entering a more-than-10% ownership position in AVALON's Class A Common Stock and during their accumulation thereafter.

4. These are not mere technical oversights or clerical lapses but part of a deliberate and calculated plan of concealment and of obscuration by the defendants

of their purchases and sales of plaintiff's Class A Common Stock within periods of less than six months and of their need to account and to pay over to AVALON the resulting short-swing profits as required by Section 16(b) of the Act.

5. Prompted by this suit the defendants, on August 22, 2018, filed with the Securities & Exchange Commission a Schedule 13D including, as had been demanded in the original complaint, an enumeration of their discrete purchases and sales of AVALON Class A Common Stock during the 60 days preceding the event that created the filing requirement, their passage into 5% beneficial ownership of AVALON's Class A Common Stock.

6. Through analysis of that Schedule 13D filing plaintiff contends that the defendants entered a more-than-10% ownership position on July 24, 2018, at 14:38:18, more or less, through their purchase of 6,200 shares atop their hundreds of purchases of tens of thousands of shares earlier on that day.

7. Through analysis of that filing plaintiff contends that the defendants exited a more-than 10% ownership position on July 31, 2018, at 11:45:32, more or less, through their sale of 5.000 shares atop their sales of hundreds of thousands of shares earlier that day.

8. The period between those two dates and times will be referred to hereafter as "THE SHORT SWING TRADING PERIOD".

9. During the 165.53 clock hours, or perhaps more revelatory, during the 29.57 market hours, of THE SHORT-SWING TRADING PERIOD, the defendants engaged in 2,331 purchase and sale transactions in AVALON Class A Common Stock, involving roughly 4,700,000 shares, all more or less.

3

## JURISDICTION:

10. This action, as now re-pleaded, arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by 28 U.S.C Section 1331, the general federal jurisdiction statute, and Section 27 of the Act, 15 U.S.C. Section 78aa which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the Act.

11. The Court also has diversity jurisdiction pursuant to 28 U.S.C. Section 1332 in that AVALON is an Ohio corporation domiciled in Ohio and the defendants are domiciliaries of Puerto Rico and/or Florida and of the Bahamas, and the amount in controversy exceeds the jurisdictional minimum.

## THE PARTIES AND VENUE:

12. Plaintiff is an Ohio corporation with principal offices located at One American Way, Warren, Ohio 44484-5555.

13. At all times relevant the Class A Common Stock of AVALON was registered under Section 12(b) of the Act and was traded on the NYSE-Amex Exchange, a National Securities Exchange located within this district. All or nearly all of the purchases or sales to be described herein took place upon such exchange.

14. GUY GENTILE ("GENTILE") is a United States national who, in

filings with Companies House in the United Kingdom, filings with the Bahamas Securities Regulator, in his AVALON Schedule 13D and in a recent suit he filed in the United States District Court for the District of Puerto Rico, claims to be an Italian national. In a more recent filing on Schedule 13D in relation to this action he claims to be a Bahamian Citizen. It is unclear whether he claims dual or triple citizenship or merely a preference for the citizenship most convenient to the occasion. He resides or is found at 105 Avenue De Diego, South Tower, Apt. 2202, San Juan, Puerto Rico 00911-3515, although in filings with Companies House, U.K., he also claims addresses of 29 Harley Street, London, England W1G 9QR, and OCE # 104, Ocean Club Estates, Paradise Island, Bahamas N-8340 and his Florida driver's license shows him residing at 321 S. Dixie Hwy, West Palm Beach, Florida 33401-5805. There are others.

15. Upon information and belief, GENTILE has a 100% pecuniary interest in the proprietary trading activities of MintBroker International, Ltd. ("MINTBROKER"), a fact he has admitted in his belated AVALON Schedule 13D filing.. By reason of this and his control over MINTBROKER, he has shared beneficial ownership over any and all shares of AVALON Class A Common Stock purchased, held or sold by MINTBROKER, also admitted in his AVALON Schedule 13D.

16. GENTILE is an experienced securities market operator and a connoisseur of scams. In July of 2012, he was detained by the Customs and Immigration Service and then by the FBI on his arrival at Westchester County Airport on a flight from the Bahamas on his way to a Connecticut casino. The detention was in connection with his participation in two pump-and-dump manipulation schemes involving shares of a putative Mexican gold mining company, Raven Gold

5

Corporation ("RVNG") and of a putative Kentucky oil exploration company, Kentucky USA Energy, Inc. ("KYUS"). To avoid immediate arrest and prosecution he agreed to become an informant for the F.B.I. and for the succeeding three years he acted as a wired participant in the planning of numerous conspiracies to manipulate stocks, including pump-and-dump schemes, and other financial frauds. Once his usefulness had been deemed exhausted by the Department of Justice it offered him a plea to one felony with no prison time. He refused, having taken the precaution of surreptitiously recording over 100 conversations and telephone calls with his FBI handlers, or so he claimed. He attempted to use those recordings to dissuade prosecution. Civil and criminal charges were lodged against him in the District of New Jersey in 2016. The cases were dismissed on statute of limitations grounds. GENTILE was recently denied a banking license in the Commonwealth of Puerto Rico for failing to demonstrate good moral character. He has sued.

17. MINTBROKER is either a U.K corporation (PLC) or a Bahamas corporation beneficially owned by GENTILE. Its principal offices are located at Elizabeth Avenue and Bay Street, Nassau C5 N-8340, the Bahamas. MINTBROKER is controlled by GENTILE who has a 100% pecuniary interest in its operations.

**OBJECT OF THIS SUIT**

18. This action was brought by AVALON to compel, through injunctive relief, GENTILE and MINTBROKER, to file with the Securities & Exchange Commission and to disseminate publicly a Schedule 13D and all necessary amendments with respect to their more-than-5% beneficial ownership of shares of the

Class A Common Stock of AVALON during the sixty day period preceding July 27, 2018, and thereafter. That objective of the suit has been accomplished through the filing by the defendants on August 22, 2018, of the requested Schedule 13D including a trading schedule, and all claims relating to the enforcement of the Williams Act have been mooted. This amended complaint drops those claims and all claims against John Does 1 Through 10. With permission of the Court the case caption has been changed to delete all reference to John Does 1 Through 10.

19. The sole relief now sought by this suit is recovery from each and both of the defendants, jointly and severally, of any and all short-swing trading profits they may have realized through their purchases and sales of the Class A Common Stock of AVALON during the SHORT-SWING TRADING PERIOD.

**STATUTORY REQUISITES:**

20. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

21. This action has been brought within two years of the occurrence of the violations to be described or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. 78p(a), setting forth the substance of the transactions here complained of were first filed with the Securities and Exchange Commission. Where none have been filed or those filed are fraudulent intending to deceive, as is the case here, the statute of limitations has not yet begun to run.

## CLAIM FOR RELIEF: SHORT-SWING TRADING:

22. AVALON repeats all its prior allegations as though set out in full at this paragraph.

23. On or about July 27, 2018, MINTBROKER filed with the Securities & Exchange Commission a report on Form 3 announcing that as of that date it had become a more-than-10% beneficial owner of the Class A Common Stock of AVALON. A true copy of that report is appended to this Complaint as Exhibit A.

24. Exhibit A reports that on July 27, 2018, MINTBROKER, like Athena bursting forth from the head of Zeus fully formed, had acquired on that date 1,922,093 shares of AVALON Class A Common Stock.

25. The total issue outstanding of AVALON Class A Common Stock at that date was 3,191,100 shares.

26. Typical trading volume for AVALON Class A Common Stock on the NYSE-Amex Stock Exchange during the six months preceding July 24, 2018, was in a range of zero to 32,200 shares per day, excluding four episodes of one or two-day spiking into the hundreds of thousands. Exhibit B is a tabulation of daily trading activity on the NYSE-Amex Exchange in AVALON Class A Common Stock during that time.

27. It is inconceivable that MINTBROKER could have acquired a more-than-60% beneficial ownership stake in the thinly traded stock of AVALON in a single purchase on a single day through open market trading.

28. The purchase that introduces a shareholder into a more-than-10% beneficial ownership position is exempt from the reach of Section 16(b) of the Act. All subsequent transaction, so long as the shareholder maintains his or its 10% beneficial ownership position, are within its reach.

29. Exhibit A is a bald-faced lie. It is intended to convey the impression that all shares there reported were acquired in a single purchase ushering the filer into more-than-10% beneficial ownership for his total holdings so that all sales subsequent to July 27, 2018, would be beyond the ambit of the statute unless additional purchases were made.

30. The falsity of this claim is made clear by the schedule of trades forming a part of defendants' Schedule 13D of August 22, 2018. It shows an accumulation of shares through 206 transactions, more or less, on July 24, 2018, reaching the more-than-10% beneficial ownership level at 14:38:18 of that day. All subsequent transactions, until the defendants emerged from more-than-10% ownership status, were within the SHORT-SWING TRADING PERIOD and resulting profits, if any, were subject to forfeiture to AVALON under Section 16(b)

31. On Monday, July 23, 2018, AVALON Class A Common Stock closed on the NYSE-Amex at $2.20. On Monday, July 30, 2018, in pre-market trading those shares peaked at $36.00, an increase of roughly 1,600%.

32.     On Tuesday, August 1, 2018, AVALON Class A Common Stock closed at $3.47 on the NYSE-Amex. MINTBROKER'S liquidation of AVALON shares was completed on August 1, 2018, and trading in such shares reverted to historical normality.

33.     Except for this extraordinary share price behavior, accompanied by a drastic spike in volume, there was no company news or development for AVALON for the SHORT-SWING TRADING PERIOD beyond the ordinary course of business.

34.     Section 16(b) of the Act, 15 USC 78p(b), is a strict liability statute  A plaintiff need prove only that the defendant was an insider – which includes a more-than-10% beneficial owner – of a registered public company who profited from the purchase and sale or sale and purchase of the company's shares or derivative securities tied to shares within a period of less than six months.  Its application is largely mechanical.  Evidence of the defendant's intent, actual misuse of information or bad faith is unnecessary.  Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained from short-swing trades.

35.     MINTBROKER (as GENTILE's creature) claims to have sold 192,340 shares of AVALON Class A Common Stock on July 27, 2018, at a price of $15.5054, per share, to have sold an additional 719,885 such shares on July 30, 2018, at a price of $8.175 per share, an additional 799,720 shares on July 31, 2018 at a price of $4.1506 per share and an additional 202,642 shares on August 1, 2018, at a price of $3.911 per share, at which time MINTBROKER claims to have completely divested itself of the 1,922,095 shares it claims to have purchased four days earlier. All sales are

represented as single transactions. Forms 4, as filed by MINTBROKER with the Securities & Exchange Commission, appear at Exhibit C hereto.

36. All Forms 4 appearing at Exhibit C, are bald-faced lies.

37. During the SHORT-SWING TRADING PERIOD (of 29.57 market hours) the defendants purchased 2,325,244 shares of AVALON Class A Common Stock, more or less, as enumerated in the defendants' Schedule 13D for AVALON.

38. During the SHORT-SWING TRADING PERIOD the defendants sold 2,351,858 shares of AVALON Class A Common Stock, more or less, as enumerated in the defendants' Schedule 13D for AVALON.

39. Matching the lowest priced purchases against the highest priced sales yields short-swing profits of $7,247,027.56, more or less, or such lesser or greater amount as the facts may prove. Plaintiff will provide to the defendants its many pages of computations of profits realized as Initial Disclosures or earlier, upon request, after their formal appearance before the Court.

40. Such profits are recoverable by AVALON under Section 16(b) of the Act and such recovery is sought hereby.

**WHEREFORE**, Plaintiff demands judgment:

(a) Requiring the defendants and each of them, jointly and severally, to account for and to pay over to AVALON the short-swing profits realized and retained by or attributable to each of them in violation of Section 16(b) of the Act,

together with appropriate pre-judgment interest and the costs of this suit;

      (b)    Awarding to AVALON its costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

      c)    Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:    Southampton, New York
             September 28, 2018

Yours, etc.

*/s/ David Lopez*

Miriam Tauber, Esq.  
*Attorney for Plaintiff*

David Lopez, Esq.  
*Attorney for Plaintiff*