# DAVID LOPEZ

ATTORNEY AT LAW
___
171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968
___
MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323
___
TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

December 31, 2018

Hon. Vernon S. Broderick
Judge of the United State District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:   **Avalon Holdings Corp. v. Guy Gentile et ano., 18 Civil 7291 (VSB)**
      **New Concept Energy, Inc. v. Guy Gentile et ano., 18 Civil 8896 (VSB)**
      **Letter Motion To Allow Plaintiffs Limited Discovery On Motion To Dismiss**

Your Honor:

I am one of Plaintiffs' counsel in the matters above-captioned and I write to request leave to conduct discovery limited to the issues raised in both actions by the defense in its Motions To Dismiss under F.R.C.P. Rule 12(b)(3) challenging Plaintiffs' choices of venue in this court. That discovery, if allowed, will be limited to the inspection and copying of trade tickets and brokerage confirmations and statements for all purchase and sale transactions pleaded as having taken place during the respective short-swing trading periods and any other documents in the possession of the Defendants evidencing the locale of execution of each transaction. Plaintiffs contend that the siting of *any single transaction* among the thousands made by the Defendants within the district will make venue proper here as to the related Plaintiff's action.

These cases seek the recovery of short-swing trading profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the Act). The profits are pleaded to have been realized in the course of two pump-and-dump schemes, one per Plaintiff, and to have been realized by the Defendants in flurries of trading covering a few days in each case. The aggregate number of trades to be inspected in both cases is on the order of 4,000, more or less, and they have been individually itemized by the Defendants in Schedules 13D filed by them in response to the filing of the original complaint in the Avalon case seeking Williams Act compliance in addition to recovery of profits. The Williams Act count has been dropped as having been mooted by the belated disclosure compliance of the Defendants.

# DAVID LOPEZ

**Hon. Vernon S. Broderick**
**December 31, 2018**
**Page 2**

Venue in any action brought to enforce any provision of the Act is governed by Section 27 of the Act, 15 U.S.C. Sec.78p(aa) and is proper in any federal district *inter alia* "wherein any act or transaction constituting the violation occurred". The occurrence of either a purchase or a sale in this district is sufficient to establish venue. *Blau v. Mission Corp.*, 212 F. 2d 77, 79 (2nd Cir.), *cert. denied*, 347 U.S. 1016 (1954). See, generally: Romeo & Dye, *Section 16 Treatise and Reporting Guide, Fourth Edition* (hereafter, *Romeo & Dye Treatise*), Sec. 9.03 and cases cited at fn.164; Romeo & Dye, *The Section 16 Deskbook, Winter 2018* Sec. III-D (5).

A purchase or sale will generally be deemed to have occurred for Section 16(b) venue purposes in the district in which the parties became bound to the transaction. A transaction using the facilities of a national securities exchange creates venue in the district where the exchange is located. *CRA Realty Corp. v. Gold Reserve Corp.* Fed. Sec. L Rep. (CCH) Par. 94,058, at 90,945 (S.D.N.Y. 1988) *Romeo & Dye, Treatise*, Sec. 9.03, fn. 166 and cases cited therein. Plaintiff asks the court to take judicial notice that the NYSE-Amex is a national securities exchange located at the corner of Broad and Wall Streets in New York City, a ten minute walk from the courthouse steps. It is pleaded that all or nearly all transactions during the respective short-swing trading periods were made through the facilities of that exchange.

The Motions To Dismiss address the venue issue in two ways:

1. By urging that 28 U.S.C. Sec. 1391 is the controlling venue provision and militates in favor of Puerto Rico, a district not renowned for its securities law expertise, as the appropriate venue of choice by the Defendants, an issue of law.

2. By denying that there were any contacts whatsoever with this district. "Venue … cannot be proper in this District under 18 U.S.C. Sec. 1391(b)(2), which requires a substantial portion of the events or omissions to have taken place here. They did not. Nothing occurred in this district, nor do any of the parties have contacts here," an issue of fact. Briefs in support of Motion To Dismiss, p. 5.

On the applicability of 18 U.S.C. Sec. 1391, the statute states that the section applies "except as otherwise provided by law". Where there is a general venue provision, which is 18 U.S.C. Sec. 1391, and a specific venue provision, which is Sec. 27 of the Act, the specific provision prevails. *Fourco Glass Co. v. Transmirra Products Corp.* 353 U.S. 222, 228 (1957). See, generally, *Romeo & Dye Treatise*, Sec. 9.03, fn. 163 and cases cited therein.

DAVID LOPEZ

**Hon. Vernon S. Broderick**
**December 31, 2018**
**Page 3**

On the denial that anything took place within the district, the requested inspection and copying of trade tickets, brokerage confirmations and any other documents in the possession of the Defendants that reflect execution on the NYSE-Amex or on some other vaguely described platforms will inform the court with specificity of the true state of affairs.

Exhibit B to the respective complaints, showing a stunning and unprecedent increase in shares of the Defendants traded on the NYSE-Amex during their respective short-swing trading periods, is strong inferential evidence of the falsity of the Defendants' claims of having done nothing within the district, but why speculate or rely on inference when proof positive is readily at hand?

Plaintiffs ask leave of the court to inspect and copy the identified classes of documents in the possession of the Defendants and for a continuance of the Plaintiffs' need to respond to the defense Motions To Dismiss to a time reasonably subsequent to such inspection and copying.

Respectfully submitted,

David Lopez

DL/el
Service via ECF Filing on All Counsel of Record