Case 1:18-cv-07291-VSB   Document 25   Filed 01/08/19   Page 1 of 3



<div align="right">January 8, 2019</div>

**BY ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

<div align="center">

Re:    <u>*Avalon Holdings Corp. v. Gentile et ano.* (Case No. 18-CV-7291) and
*New Concept Energy Inc. v. Gentile et ano.* (Case No. 18-CV-8896)</u>

</div>

Dear Judge Broderick:

      This firm represents defendants Guy Gentile and MintBroker International Ltd. (Bahamas) in each of the above-listed related actions. We write in response to the December 31, 2018 letter of David Lopez opposing defendants' motions to dismiss or transfer the actions pursuant to Fed. R. Civ. P. 12(b)(3).  Mr. Lopez's letter candidly acknowledges that Plaintiffs failed to plead facts – and otherwise have no evidence – establishing venue in this district. Rather than admit that transfer to Puerto Rico is necessary given this reality, Plaintiffs instead seek a stay of the briefing on defendants' motion and leave to conduct venue-related discovery purportedly to determine whether MintBroker's trading records would permit Plaintiffs to make an argument for venue in this district.  Defendants oppose plaintiffs' improper requests and respectfully request a decision on their motion to dismiss or transfer.

      By way of background, *Avalon Holdings Corp. v. Gentile et ano.* (18-CV-7291) is a case brought by an Ohio-based and Ohio-incorporated corporation against a Bahamas-based company and a relief defendant domiciled and residing in the Commonwealth of Puerto Rico. Likewise, *New Concept Energy Inc. v. Gentile et ano.* (18-CV-8896) is a case brought by a Texas-based and Nevada-incorporated corporation against the same defendants.  As set forth in defendants' papers, there is no question that both actions could have been properly venued (separately) in the District of Ohio and the Northern District of Texas, or venued together in the District of Puerto Rico. Since the actions are now related, Puerto Rico is the only proper venue.

      In the actions, the plaintiffs each seek the disgorgement of short-swing profit allegedly made by defendant MintBroker with vicarious liability sought against Gentile as the alleged holder of a 100% pecuniary interest in MintBroker.  Neither of the operative complaints in the above-actions allege any conduct occurring in this district by any individual or company. Rather, they merely allege that the shares of Avalon and New Concept are both *listed* on the New York Stock Exchange and speculate – erroneously – that some of MintBroker's trades occurred *on* the exchange (without alleging that any "act or transaction" occurred, or any trades were executed, *in* New York).  In moving to dismiss or transfer, defendants highlighted the complaints' blaring lack of any allegations of an act or transaction in New York and noted the uncontroversial point

FORD O'BRIEN  |  575 Fifth Avenue, 17th Floor, New York, NY 10017  |  P: 212.858.0040      fordobrien.com

Hon. Vernon S. Broderick, U.S.D.J. - 2 - January 8, 2019

that plaintiffs' shares being *listed* on the New York Stock exchange was irrelevant.  Obviously, shares *listed* on the New York Stock Exchange can trade elsewhere, as they were here, and in any event the vast majority of trading *on* the New York Stock Exchange occurs in its electronic trading facility in Mahwah, New Jersey.  While 11 Wall Street may be steps from the courthouse, nothing relevant to venue in this case occurred there.

Rather than file an opposition memorandum supporting venue in this district on the basis of the complaints, plaintiffs seek a stay and leave to take discovery in search of evidence they hope will show what their complaints failed to allege: *something* occurring in this district that would suffice to support venue.  Plaintiffs' requests should be denied for three reasons:

*First*, where, as here, a complaint fails to allege a proper basis for venue, the district court is obligated to dismiss the complaint for lack of venue, or transfer to an appropriate venue.  Plaintiffs fail to cite a single case in which a federal court has ruled that a plaintiff is entitled to cure its insufficient venue pleadings by placing the burden of discovery on the court and defendant, when venue is clearly proper in Puerto Rico, and uncontested there.

*Second*, in this case, the overly-broad discovery sought would not aid plaintiffs' argument, even if granted.  Following receipt of plaintiffs' letter, MintBroker conducted a review of its records regarding trading in its proprietary account of Avalon or New Concept Energy stock.  Following that review, MintBroker determined that *not a single trade in either company* by MintBroker was routed directly to the New York Stock Exchange, but through a Connecticut-based broker dealer and a New Jersey-based stock exchange.[1]  Of course, even if any relevant trades were eventually routed to the New York Stock Exchange by another broker dealer, it would have no bearing on proper venue in this case, which involves MintBrokers' trades placed in the Bahamas with counterparties trading *outside* of New York. In short, neither defendant has any information or documents showing how any non-party routed the trade orders (if at all) making plaintiffs' discovery requests for trade records entirely futile for purposes of determining venue.

*Third*, Blau v. Mission Corp. 212 F. 2d. 77 (2d. Cir. 1954) is not instructive. That opinion merely states that if transactions occurred in the district venue was proper.  However, the trial court decision in that case makes clear that the case involved conduct and trades made *on* the New York Stock Exchange between 1948 and 1951, when Truman was president.  *Blau v. Mission Corp.*, 113 F Supp. 153, 155 (S.D.N.Y. 1953).  Seventy years ago, trading *on* the New York Stock Exchange involved two individuals shouting at each other in a large room at 11 Wall Street and recording their agreement on hand-written tickets. The court's language in *Blau* was based on there being *an actual transaction that occurred in New York*. But in this case, plaintiffs only allege that the plaintiffs' stock *is listed* on the exchange and have no basis to allege that the trade orders placed in the Bahamas occurred "on" the New York Stock Exchange, and that if they occurred on the exchange they actually occurred in New York, as opposed to New Jersey or

---

[1] MintBroker can provide an affidavit confirming this statement if necessary or helpful.

FORD O'BRIEN | 575 Fifth Avenue, 17th Floor, New York, NY 10017 | P: 212.858.0040    fordobrien.com

Hon. Vernon S. Broderick, U.S.D.J.                        - 3 -                        January 8, 2019

elsewhere. Party discovery will not shed further light on this question.

More recent cases that involve both venue and allegations of improper trading focus on the place of the alleged impropriety (such as where a trade was controlled from) rather than the location of the server where the buy order met the sell order. *See, e.g.*, *Rubinstein v. Skyteller, Inc.*, 48 F. Supp. 2d 315, 324–26 (S.D.N.Y. 1999) (holding in a case alleging securities fraud that the proper venue was the location the challenged statements were made, not where they were received). Here, in contrast to *Blau*, the only individuals with any involvement in the trades at issue sat in the Bahamas where the trades were placed. Whatever else occurred was by virtue of computer servers and trading/routing algorithms, and has no bearing on proper venue.

In their December 31 letter, plaintiffs preview their argument that 28 U.S.C. 1391 is not the controlling provision, and that the proper question for venue is not where a "substantial portion" of the events at issue occurred, but rather where "any act or transaction constituting the violation occurred" under 15 U.S.C. § 78aa. However, the distinction is meaningless here as plaintiffs have no basis to allege that "any act or transaction" occurred in this district.[2] Whichever venue provision controls, the result is the same. Plaintiffs cannot allege any trades were placed in New York, and defendants are not in possession of documents showing any of its trades were executed on the New York Stock Exchange. Finally, plaintiffs' unorthodox argument that the case should not be transferred because the District of Puerto Rico is "not renowned for its securities law expertise" is improper.

As such, plaintiffs' request for a stay and discovery would only lead to delay and burden, and it would not inform the merits of the motion. Because a proper and uncontested venue has been identified, such a diversion would be particularly pointless here. For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' December 31, 2018 letter request.[3]

                                                                Respectfully submitted,

                                                                FORD O'BRIEN LLP

                                                                Adam C. Ford
                                                                Robert S. Landy

cc: All Counsel of Record via ECF

---

[2] Under 15 U.S.C. §78aa, as under 28 U.S.C. §1391, venue would be proper for both actions in the District of Puerto Rico based on Gentile's domicile and residence there.

[3] In their letter, Plaintiffs' counsel again makes the baseless allegation that MintBroker's conduct amounted to a "pump and dump scheme," an allegation of fraud. This allegation, beyond being false and defamatory, should result in dismissal of the complaints, since if the alleged conduct was a pump and dump scheme, plaintiffs here would have no standing to bring these claims.