UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------- x
AVALON HOLDINGS CORPORATION,

                              *Plaintiff*,

                 – against –                          Case No.: 1:18-cv-7291

GUY GENTILE AND MINTBROKER INTERNATIONAL,
 LTD.,

                              *Defendants*
 ------------------------------------------------------------------- x

## ANSWER

Defendants Guy Gentile and Mintbroker International, Ltd. ("Gentile", "Mintbroker", and collectively, "Defendants") by and through their undersigned attorneys, respond, state and allege as follows to the Amended Complaint ("Complaint") asserted by Plaintiff Avalon Holdings Corporation ("Avalon" or "Plaintiff").  To the extent that the headings and non-numbered statements in the Complaint contain averments, the Defendants deny each and every such averment.

## NATURE OF THE ACTION

1. Defendants admit that the Class A common stock of Avalon is publicly held and is listed on the NYSE-Amex Exchange, and that Avalon has brought this suit.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore deny them, and aver that Avalon stock is traded on multiple exchanges and trading platforms.

2. Paragraph 2 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 2 alleges facts requiring a response, Defendants deny them.

3. Defendants admit that Mintbroker made Form 3 and Form 4 filings with the Securities and Exchange Commission with respect to Avalon and refer the court to those documents for a complete and accurate recitation of their contents.  Defendants deny the remaining allegations in paragraph 3.

4. Defendants deny the allegation of paragraph 4.

5. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.  The remainder of paragraph 5 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 5 alleges further facts requiring a response, Defendants deny them.

6. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

7. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

8. Paragraph 8 contains a definition and no allegations of fact that require a response, to the extent that paragraph 8 alleges facts requiring a response, Defendants deny them.

9. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore deny them, except admit that that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about

August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

## JURISDICTION

10. Paragraph 10 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 10 alleges facts requiring a response, Defendants deny them.

11. Defendants admit that the Defendant Gentile is domiciled in Puerto Rico and that Defendant Mintbroker is Domiciled in The Bahamas.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore deny them.

## THE PARTIES AND VENUE

12. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore deny them.

13. Defendants admit that the common stock of New Concept was listed on the NYSE-Amex Exchange, which maintains offices in this District.  Defendants deny that any purchases or sales of the common stock of New Concept took place in this District on the basis that the NYSE-Amex trading floor is located in New Jersey, and aver that the vast majority of trades were placed on smaller exchanges outside of the district.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore deny them.

14. Defendants aver that Gentile is a United States citizen currently domiciled in Puerto Rico. Defendants admit that Gentile's current address is 105 Avenida de Diego, South Tower, Apt. 2202, San Juan, Puerto Rico 00911.  Defendants admit that Mintbroker has made certain filings with the Bahamas Securities Regulator and has also made certain Schedule

13D filings with the Securities and Exchange Commission with respect to Avalon, but without further identifying information cannot ascertain the truth of the allegations based upon said filings, and therefore denies them.  Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Gentile is the CEO of Mintbroker.  Defendants admit that Mintbroker has made certain Schedule 13D filings with the Securities and Exchange Commission with respect to New Concept, but without further identifying information cannot ascertain the truth of the allegations based upon said filings, and therefore denies them.  The remainder of paragraph 15 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 15 alleges further facts requiring a response, Defendants deny them.

16. Defendants object to Paragraph 16 on the basis that the allegations contained therein are invective designed solely to harass Defendants, and allegations would be defamatory but for the fact that they were made in a privileged pleading.  None of the allegations support or are relevant to plaintiff's causes of action, and the paragraph should be stricken from the Complaint.

17. Defendants admit that Mintbroker is a Bahamian Corporation with principal offices at Elizabeth Avenue and Bay Street, Nassau C5 N-8340, The Bahamas, and that Gentile is the CEO of Mintbroker.  The remainder of paragraph 17 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 17 alleges further facts requiring a response, Defendants deny them.

## OBJECT OF PLAINTIFF'S SUIT

18. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.  Paragraph 18 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 18 alleges further facts requiring a response, Defendants lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

19. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore deny them.

20. Paragraph 20 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 20 alleges facts requiring a response, Defendants deny them.

21. Paragraph 21 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 21 alleges facts requiring a response, Defendants deny them.

## CLAIM FOR RELIEF

22. Defendants repeat and reallege all responses and averments set out in paragraphs 1-21 above as if fully set out herein.

23. Defendants admit that Mintbroker filed a Form 3 with the Securities and Exchange Commission with respect to Avalon on or about July 27, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

24. Defendants admit that Mintbroker filed a Form 3 with the Securities and Exchange Commission with respect to Avalon on or about July 27, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore deny them.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore deny them.

27. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore deny them.

28. Paragraph 28 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 28 alleges facts requiring a response, Defendants deny them.

29. Defendants deny the allegations of paragraph 29, noting that the allegations are merely statements of opinion by Plaintiffs included solely to harass Defendants.

30. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.  The remainder of paragraph 30 contains legal conclusions and no further allegations of fact that require a response, to the extent that paragraph 30 alleges further facts requiring a response, Defendants deny them.

31. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore deny them, except refer to the prices published by the exchange for accurate report of such prices.  The actual prices at which trades were executed will be determined in discovery.

32. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore deny them, except refer to the prices published by the exchange for accurate report of such prices.

33. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore deny them.

34. Paragraph 34 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 34 alleges facts requiring a response, Defendants deny them.

35. Defendants admit that Mintbroker made Form 4 filings with the Securities and Exchange Commission with respect to New Concept on or about July 30, 2018, on or about July 31, 2018, and on or about August 1, 2018 and refer the court to those documents for a complete and accurate recitation of their contents.

36. Defendants deny the allegations of paragraph 36, noting that the allegations are merely statements of opinion by Plaintiffs included solely to harass Defendants.

37. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

38. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to Avalon on or about August 22, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

39. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore deny them.

40. Paragraph 40 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 40 alleges facts requiring a response, Defendants deny them.

FIRST AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants state that some or all of Plaintiff's claims or asserted damages fail because many of the alleged trades at issue either failed to clear

or were related to shares that did not exist (because the trades were "naked" short sales made by market makers that had not borrowed shares and had failed to obtain a "locate" before the short as required by SEC regulations).

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.


WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice and granting it such other relief as is just and proper.


Dated: New York, New York
       October 15, 2019

FORD O'BRIEN LLP


/s/ Adam Ford
Adam Ford
Robert Landy
Danielle McLaughlin
575 5th Avenue, 17th Floor
New York, NY 10017
aford@fordobrien.com
rlandy@fordobrien.com
dmclaughlin@fordobrien.com
*Attorneys for Defendants Guy Gentile and Mintbroker International, Ltd.*