UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (VSB) <br><br> (ECF Case) |

**Related to:**

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (VSB) <br><br> (ECF Case) |

## JOINT R. 26(f) REPORT OUTLINING DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties conferred on November 1, 2019, and jointly submit this report outlining certain positions and agreements with respect to the parties' discovery plan in the above-referenced action.

**(A)   Changes to be made in the timing, form, or requirement for disclosures under R. 26(a), including a statement of when initial disclosures were made or will be made.**

No changes are currently anticipated. Plaintiffs have made their initial disclosures on October 28, 2019. Defendants will make their initial disclosures on or before November 15, 2019.

**(B)    Subjects on which discovery may be needed, when
discovery should be completed, and whether discovery should be
conducted in phases or be limited to or focused on particular issues.**

The parties anticipate that discovery will be needed to confirm the execution of trades in Plaintiffs' securities as reported by the Defendants. Defendants assert that relevant information will need to be sought from Plaintiffs, third-party brokers, clearing firms, and providers of settlement services, in addition to records within the Defendants' possession. Defendants also state that they intend to call an expert on trade clearing.

Plaintiffs propose that it may be efficient to divide these cases into two stages—the first to resolve issues related to Defendants' liability; and the second to resolve the amount of each Defendant's liability. The first stage will involve discovery of facts that the Defendants contend absolve them of liability for particular trades (e.g., trades that were executed but not settled), so as to enable the parties and the Court to review whether these transactions trigger Section 16(b) liability as a matter of fact or law. The second stage will involve discovery of the terms of Defendants' transactions for Section 16 "matching" purposes to determine the amount of each Defendant's required disgorgement to the respective Plaintiffs.  Defendants do not agree to taking the unusual step of bifurcating discovery on the basis that information bearing on the nature of the trades at issue and the potential 16(b) liability therefrom cannot be reasonably separated.

**(C)    Any issues about disclosure, discovery, or preservation of electronically
stored information, including the form or forms in which it should be produced.**

The parties agree that any relevant and discoverable ESI that is responsive to requests for production, reasonably related to Plaintiffs' claims or Defendants' defenses, reasonably accessible, and maintained in the ordinary course of business, will be produced in searchable PDF format. The parties also agree to provide a copy of any excel files or other data in native format. The parties will address any issues regarding ESI during the course of discovery.

**(D)** **Issues about claims of privilege or of protection as trial-preparation materials, including, if the parties agree on a procedure to assert these claims after production, requests to include their agreement in an order under F.R.E. 502.**

The parties agree that disclosure of privileged materials will not affect the disclosing party's right to assert the applicable privilege as provided under F.R.E. 502.

**(E)** **Changes to be made in the limitations on discovery imposed under these rules or by local rule; other limitations to be imposed.**

None contemplated at this time.

**(F)** **Other orders to be requested under Rule 26(c), or under Rules 16(b) or (c).**

None contemplated at this time.

Dated: New York, NY
November 6, 2019

*s/ Danielle McLaughlin*

_____
Danielle McLaughlin
Robert S. Landy; Adam Ford;
 FORD O'BRIEN LLP
 575 Fifth Ave. 17th Fl.
 New York NY 10017
 Tel.: (212) 256-1047
 Email: RLandy@FordOBrien.com
        AFord@FordOBrien.com
        DMcLaughlin@FordOBrien.com

*Attorneys for Defendants*
*Guy Gentile and MintBroker Internatl., Ltd.*

*s/ Miriam Tauber*

_____
Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York NY 10075
Tel.: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

David Lopez, Esq.
LAW OFFICES OF DAVID LOPEZ
PO Box 323, 171 Edge of Woods Rd.
Southampton, NY 11969
Tel.: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Attorneys for Plaintiffs*
*Avalon Holdings Corp.*
*and New Concept Energy, Inc.*

**SO ORDERED:**

_____                Dated: _____
Hon. Vernon S. Broderick