# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

January 3, 2020

Hon. Robert W. Lehrburger
Magistrate Judge, U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     **Avalon Holdings Corporation v. Guy Gentile and Mintbroker International, Ltd.,
18 Civil 7291 (VSB) // U.S. District Court, S.D.N.Y.
New Concept Energy, Inc. v. Guy Gentile and Mintbroker International, Ltd.,
18 Civil 8896 (VSB) // U.S. District Court, S.D.N.Y.**

Your Honor:

I am one of Plaintiffs' counsel in the above-captioned matters and I write to request judicial intervention in the discovery process. These related cases are suits brought by two issuers of shares under Section 16(b) of the Securities Exchange Act of 1934, as amended, against the identical Defendants who, in the course of conducting pump-and-dump manipulations against the Plaintiffs' shares, are alleged to have engaged in short-swing trading in those shares giving rise to recoverable profits of around $13,000,000 to $15,000,000.

Attempts by the Plaintiffs to conduct orderly discovery over the past two months have proven fruitless and the clock is being run out.

**Documentary Discovery**:

The Defendants are alleged to have engaged in 2,500 to 3,000 individual short-swing purchase and sale transactions in each of the cases for total numbers of transactions of between 5,000 and 6,000. The Defendants have pled as affirmative defenses that unspecified numbers of those transactions failed to settle and should not be considered. Plaintiffs have asked for identification of the transactions so claimed to have failed and for production of all documents evidencing their existence and purported defects. The Defendants have responded by claiming that there are no responsive documents and, at the end of two months, not a single piece of paper has been produced.

The Defendants, prodded by Plaintiffs' suits, have filed with the Securities & Exchange Commission Schedules 13D, one with respect to each Plaintiff, detailing the date, hour, minute and second of each of the 5,000 to 6,000 transactions. While it is possible that those

DAVID LOPEZ

Hon. Robert W. Lehrburger
January 3, 2010
Page 2

enumerations were developed by the Defendants from memory, it strikes us as improbable. Inquiry is warranted.

**Spoliation of Evidence:**

Mintbroker is an entity wholly owned by Guy Gentile who is also its chairman, CEO and in every way its control person. Upon information and belief, Mr. Gentile caused Mintbroker, a Bahamian broker-dealer, to cease doing business on or about the first and second week of November, 2019, coincidental with the opening of discovery in these cases. The closure, so far as we have been able to determine from news accounts, was volitional on Mr. Gentile's part and was not forced upon him by the Bahamian financial authorities. Nevertheless, Mr. Gentile has conveyed to us through counsel that he no longer has access to the computer servers on which all documentation of the pleaded trades was kept.

There has been no explanation of why Mr. Gentile cannot access computer servers that continue to be the property of his wholly owned brokerage and have not been impounded by the Bahamian authorities, nor why evidence relevant to these cases was not put on hold and protected from dispersal or spoliation at the time of the shuttering of Mintbroker if not on the day of initial service of process.

It is the position of the Defense that third party discovery is the only way that relevant evidence can be developed and they, and we, have served numerous third-party subpoenas attempting to reconstruct the Mintbroker records. By doing so we do not concede that the Defendants are relieved of their obligation to participate in discovery themselves. Nor do we accept that the discovery period can properly be frittered away by engaging third parties in the compelled discharge of the Defendants' obligations of disclosure. Again, we suggest that the defense is willfully attempting to run out the clock.

**Relief Sought:**

Plaintiffs seek to compel the participation of the Defendants in the discovery process including providing testimony under oath as to the truth of their representations, that testimony likely to form the basis for motions for compulsion or for preclusion. We have requested of defense counsel, on three occasions in writing, cooperation in producing Mr. Gentile in New York City for the taking of his testimony. There have been no responses. That testimony is likely to consume hundreds of hours of examination, initially as to the discovery matters discussed in this letter motion, thereafter in substantive examination of the thousands of transactions to be identified as purportedly beyond the reach of the statute for failure to settle properly. The defense has knowingly cast doubt on between 5,000 and 6,000 transactions without specifying them in some identifiable manner. Plaintiffs have no choice but to make detailed inquiries.

# DAVID LOPEZ

Hon. Robert W. Lehrburger
January 3, 2020
Page 3

These cases require the active and continuing supervision of case preparation by the court beginning, we suggest, with a conference before Your Honor to set ground rules and command the presence for deposition of Guy Gentile. Additionally, if, as we suspect likely, there is to be an assertion of Fifth Amendment protections, the sooner in the discovery process the better.

Very truly yours,

David Lopez

DL/el
Cc:  All counsel via ECF