

January 8, 2020

**VIA ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Avalon Holdings Corporation v. Guy Gentile and Mintbroker International, Ltd.*,
      18-cv-7291 (VSB)(RWL)
      *New Concept Energy, Inc. v. Guy Gentile and Mintbroker International, Ltd.*,
      18-cv-8896 (VSB)(RWL)

Dear Judge Lehrburger:

We write on behalf of Defendants Guy Gentile and Mintbroker International, Ltd., ("Mintbroker") in Response to Plaintiffs' *Letter Motion for Conference* dated January 3, 2020 (ECF Doc. No. 48 in Case No. 18-cv-7291; ECF Doc. No. 40 in Case No. 19-cv-8896) (the "January Letter Motion").

These cases were brought by Plaintiffs under Section 16(b) of the Securities & Exchange Act of 1934 to recover "short swing" profits allegedly obtained by Defendants while allegedly greater than ten percent beneficial owners in Avalon Holdings Corporation ("Avalon") and New Concept Energy, Inc. ("New Concept") stocks.

Defendants do not generally object to a preliminary conference should your Honor wish to familiarize himself with the nature of the case. However, Defendants do object to the assertion that this case will require excessive court intervention. They also object to Plaintiffs' request to depose Mr. Gentile for "hundreds of hours" on the basis that it is simply designed to harass him.

**1. These cases will rely primarily on information obtained from third parties**

These cases each involve thousands of trades. Because of the nature of Mr. Gentile and Mintbroker's defenses (which include but are not limited to assertions that most of the trades at issue never settled), this case requires the parties to obtain market and trading data that is uniquely in the hands of third parties: brokers, clearing houses, and entities that collect settlement information such as the Depository Trust and Clearing Corporation. While Mintbroker possess a limited amount of data related to the trades (such as share price, volume, time and date of trade), it does not possess information, for example, that indicates whether the trades settled, who the counterparties were, or what the liquidity of each stock was at the time the trades were made. For these reasons, Defendants have as a preliminary matter served Fed. R. Civ. P. 45 subpoenas to five third parties (Interactive Brokers, Cboe, the Depository Trust and Clearing Corporation, the

National Securities Clearing Corporation, and the New York Stock Exchange) to obtain this information. As set out therein, Defendants have made a raft of complex requests to these third parties for data that is not typically possessed by any person simply engaged in the trading of stocks; information that is certainly not in Defendants' possession, custody, or control. These requests include daily trade blotters for each stock, settlement information, and proprietary reports and lists generated only by certain of these entities including CNS Projection Reports, Settlement Activity Statements, Cash Reconciliation Statements, and Accounting Summaries for each of the securities during the alleged 16(b) period.

### 2. Mintbroker has made a first production of trading data to Plaintiffs in each case

Prior to filing this response, Mintbroker produced to Plaintiffs approximately three hundred pages of trading records. Whilst Plaintiffs' accusations regarding closure of Mintbroker and spoliation make for dramatic reading, they have no basis in fact. Setting aside the fact that counsel for Plaintiffs never met a negative inference he didn't like, the closure of Mintbroker is not related to this action. In addition, Defendants explained to Plaintiffs on multiple occasions that Mintbroker's trading records were located in a server in the Bahamas (Defendants are located in Puerto Rico), which created some logistical problems with retrieving responsive materials.[1]

### 3. Plaintiffs' request to depose Mr. Gentile for "hundreds of hours" is simply harassment

As set out above, the claims and defenses in this case will entirely be driven by data – including, *inter alia*, which of the alleged 16(b) trades cleared, and whether there was sufficient liquidity in the market to support the alleged trades. Sitting Mr. Gentile down for hundreds of hours of depositions, as Plaintiffs have threatened (and now requested from this Court) serves no purpose other than to harass him: the notion that Mr. Gentile personally possesses any "substantive" or additional relevant information related to every single one of thousands of trades beyond the clearing, settlement, and market data obtained in discovery is patently frivolous. Moreover, his state of mind is not relevant, as 16(b) is a strict liability statute. This is (like Plaintiffs' baseless allegations of spoliation) simply a tactic designed to harass.

Plaintiffs are entitled to one day of seven hours of deposition testimony under Fed. R. Civ. P. 30. They have not demonstrated that additional deposition time to go over thousands of individual trades is needed to "fairly examine" Mr. Gentile. Moreover, Plaintiffs have made no showing that they are entitled to depose Mr. Gentile as to the discovery matters they have raised, not least because Mintbroker has produced all relevant trading records in its possession, custody, and control.

While Defendants do not object to a preliminary conference (and in fact, welcome it), Plaintiffs do not believe that this case needs an unusual amount of intervention by this Court. Finally, Defendants respectfully ask this court to deny Plaintiffs' request for a deposition of Mr. Gentile beyond what the Federal Rules of Civil Procedure grant them.

---

[1] Counsel for Defendants initially understood that retrieval of trading records from the now-defunct Mintbroker would not be possible, however Defendants were ultimately able to retrieve them.

Respectfully submitted,

FORD O'BRIEN LLP

 /s/Danielle M. McLaughlin
Adam Ford
Robert Landy
Danielle McLaughlin
575 5th Avenue, 17th Floor
New York, NY 10017
aford@fordobrien.com
rlandy@fordobrien.com
dmclaughlin@fordobrien.com
*Attorneys for Defendants Mintbroker International, Ltd. and Guy Gentile*

cc: All parties of record (via ECF).