# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZSQ@AOL.COM

April 12, 2020

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Avalon v. MintBroker and Gentile, 18 Civil 7291 (VSB) (RWL)
Related To:
New Concept v. MintBroker and Gentile, 18 Civil 8896 (VSB)(RWL)

Your Honor:

I am one of plaintiffs' counsel in the above-captioned and I write to request a pre-motion conference. I certify that on April 6, 2020, a teleconference was held among opposing counsel and that subsequent e-mail exchanges have been had attempting to eliminate the need for the requested conference and motion. They have been unsuccessful except with respect to resetting the discovery cutoff, paragraph 5, *infra*.

There are five principal issues for which Plaintiffs seek judicial intervention:

1. Spoliation of evidence, defense counsel's lying or unwittingly conveying their clients' lies in open court to Your Honor and their continuous lying or conveying of their clients' lies to Plainitff's counsel over the whole of the discovery period concerning the availability of evidence, all requiring preclusion of withheld responsive evidence.

2. Blanket refusal of the defense to answer two sets of wholly proper interrogatories, requiring a direction for candid response or the preclusion of responsive evidence.

3. Itemized refusal of the defense to answer deposition questions directed at explaining, *inter alia*, the factual basis for putative affirmative defenses of "Unclean Hands" and "Waiver", the existence of the asserted defenses appearing to have been entirely unknown and a matter of surprise to the defendant Guy Gentile at deposition.

4. Plaintiffs have conducted parallel third party discovery, serving subpoenas duplicating each subpoena served by the defense. Plaintiffs have been diligent in following up and have expended thousands of dollars to third parties in administrative, copying and related charges. The defense now demands that Plaintiffs

      turn over, free of charge, the production they have obtained. Plaintiffs decline, the materials in their hands being equally available to the defense if it will expend the same efforts expended by Plaintiffs' counsel to enforce their subpoenas. Alternatively, Defendants' counsel may share the out of pocket costs Plaintiffs incurred in obtaining results whereupon sharing of production can be had.

5. The need for a sixty day extension of the discovery cutoff to accommodate the current exigent pandemic circumstances and: a) Plaintiffs' outstanding Second and Third Requests For Admissions, Plaintiffs' outstanding deposition subpoena for third party witness testimony in Connecticut; b) Defendants' announced intention to take the depositions of Plaintiffs' CEOs in Texas and Ohio, Defendants' outstanding request for documents from Plaintiffs and c) compliance with whatever rulings may result from this motion.

With respect to the above I respectfully request leave to file with the court in support of this letter motion: a) relevant copies of Plaintiffs' First Interrogatories and Defendants' Responses; b) Plaintiffs' Second Interrogatories and Defendants' Responses; and c) extracts of the deposition of Guy Gentile, real party in interest for both defendants.

### 1. Spoliation Of Evidence, Lies To The Court and Lies To Counsel:

All twelve of Plaintiffs' First Interrogatories, which are directed at substantive issues, have been responded to with the claim that they are barred by Local Civil Rule 33.3.

The defense has maintained from a time prior to the onset of discovery that MintBroker, an offshore, Bahamas based stock brokerage charged in this suit with engaging in short-swing trading, went out of business months after suit was filed and process served and that all its books, records and computers were lost or dispersed, the events never having been described other than in conclusory terms. With full notice of their relevance, no litigation hold was placed on them. As a result, the defense has contended, all discovery would need to be directed at third parties.

The plaintiffs have been led a merry chase for the past six months.

At the last conference before Your Honor, held January 22, 2020, I stated that the defense story "defied the laws of the universe" and over Your Honor's misgivings I requested that Mr. Gentile, a named defendant and the sole owner of the co-defendant, MintBroker, be ordered deposed. My thought was that the penalties of perjury might have persuasive powers.

DAVID LOPEZ

Hon. Robert W. Lehrburger
April 12, 2020
Page 3

Your Honor asked defense counsel in open court whether they had directed their clients to make good faith efforts to locate responsive documents. You were told that the documents did not exist, that MintBroker had gone out of business and that its files and computers had been lost or dispersed.

At deposition Mr. Gentile gave sworn testimony to the effect that:

i) A thumb drive or other data storage device had duplicated all required business records of MintBroker International, Ltd. and had been lodged by MintBroker -- his wholly owned MintBroker -- with a law firm in Nassau, the Bahamas, The Kensington Law Firm, whose address he did not recall;

ii) That MintBroker, -- his wholly owned MintBroker -- had retained and paid The Kensington Law firm to be the custodian on Bahamian soil of those records;

iii) That Mr. Gentile had, as of the date of deposition, access to those records although not from the comfort of his keyboard, but that he had not visited nor consulted those records during the pendency of this case, discovery requests and Your Honor's questioning in open court notwithstanding;

iv) That many of the questions posed during the deposition relating to the books and records and trading histories of MintBroker would best be answered by Antonio Collie, MintBroker's CPA and chief financial officer;

v) But that Mr. Gentile does not know how to contact Mr. Collie in Nassau, the latter's continued place of residence;

vi) That all matters relating to the trading activities of MintBroker relevant to these cases would need to be derived from third party discovery.

Additionally, it was disclosed to Plaintiff's counsel for the first time at the pre-motion telephonic conference of April 6, 2020, that approximately one month earlier the Securities Regulatory Authority of the Bahamas had applied for and received an Order from the Supreme Court of the Bahamas appointing Trustees In Liquidation for MintBroker authorized to marshal its assets. The head of the Authority stated, as reported in the Nassau newspaper, The Tribune, that the manner of doing business by MintBroker had approximated a Ponzi scheme. The appointment of liquidators in a foreign jurisdiction, Plaintiffs submit, will make access to the books and records of MintBroker impossible within the time frame of this case. Spoliation through mendacity has now become spoliation in fact.

DAVID LOPEZ

Hon. Robert W. Lehrburger
April 12, 2020
Page 4

**Relief Sought:**

A) A direction that the First Interrogatories be answered truthfully and completely without further delay;

B) That the defendants be precluded from offering at trial or on any dispositive motion or otherwise, in support or in opposition, any evidence not disclosed in response to the First Interrogatories, not previously disclosed by the defense or not drawn from and traceable to public disclosures or to third party discovery.

2. **Second Interrogatories:**

All five of Plaintiff's Second Interrogatories addressing the substance of both cases have received answers that:

i) They are prohibited by Local Civil Rule 33.3, limiting the subject matter of interrogatories "at the commencement of discovery" to the identification of sources of documents or information. We are now 8 days from the time for the conclusion of fact discovery as it appears in the case management plan. There is no impropriety under Local Rule 33.3 preventing truthful and responsive answers.

ii) Certain of the interrogatories "seek information about legal defenses which are not the appropriate subject of interrogatories".

**Relief Sought:**

A) A direction that all Second Interrogatories be answered truthfully and completely.

B) A ruling that inquiry into "legal defenses" are proper subjects of inquiry by interrogatory at this late stage of discovery and that Local 33.3 specifically contemplates contention interrogatories.

C) That the defendants be precluded from offering at trial or in support or opposition to dispositive motion or otherwise any evidence not disclosed in response to the Second Interrogatories or additional to the evidence previously disclosed by the defense or not drawn from and traceable to public disclosures or to third party discovery.

DAVID LOPEZ

Hon. Robert W. Lehrburger
April 12, 2020
Page 5

3. **Deposition Testimony:**

The deposition testimony of Guy Gentile, testifying for both defendants, contains failures to provide testimony on invalid grounds. The instances that merit the court's attention are:

i) Pg. 135 to 136: A request for Antonio Collie's address or contact information was made. Mr. Ford, defense counsel, instructed Plaintiff's counsel to "put these questions after the deposition". We repeat the question: "Would you provide us with an address and other contact information?" We seek compulsion.

ii) Pg. 172, l. 15 to Pg. 173, l. 15: All MintBroker records are on a thumb drive in possession of a law firm in Nassau, the Bahamas. We seek compulsion for the production of a copy, if feasible under current circumstances, or an affidavit or affidavits explaining why a copy cannot be produced.

iii) Pg. 176, l. 20 to Pg. 180, l. 15: Instruction from Mr. Ford not to answer a question asking for the facts and circumstances of the "Bad Faith" asserted as an affirmative defense, saying that it is "a legal argument not subject to inquiry". We seek compulsion for an answer or that the defendants be precluded from offering at trial or in support or opposition to a dispositive motion or to any other aspect of defense any argument or evidence not disclosed in response or not drawn from and traceable to public disclosures or to third party discovery.

iv) Pg. 181, l. 18 to Pg. 184, l. 24: Instruction from Mr. Ford not to answer a question seeking the facts and circumstances underlying the affirmative defense of "Waiver", asserting that it is "a legal argument" and not subject to inquiry. We seek compulsion for an answer or that the defendants be precluded from offering at trial or in support or opposition to a dispositive motion or to any other aspect of defense any argument or evidence not disclosed in the response or not drawn from and traceable to public disclosures or to third party discovery.

v) Pg. 183, l. 18 to Pg. 184, l. 16: MintBroker, a foreign corporation, was wholly owned by Guy Gentile, a U.S. Citizen and domiciliary. As such it was a Controlled Foreign Corporation and as such Mr. Gentile was required to file with his personal tax return Form 5471 with immediate attribution of Subpart F income to him, whether or not it had been distributed. Mr. Gentile's Form 5471 is relevant in possibly reflecting the thousands of trades at issue. We seek compelled production or an explanation by way of affidavit of why he did not file.

# DAVID LOPEZ

Hon. Robert W. Lehrburger
April 12, 2020
Page 6

### 4. Cost Sharing For Third Party Discovery:

We rest upon the description of this issue set out at page 1, paragraph 4, *supra,* and our suggested resolution: i.e. have the defense do its job and pursue the production that was not made in response to their identical third party subpoenas; or share the out-of-pocket costs of production received by Plaintiffs as a precondition to receiving that production from Plaintiffs.

### 5. 60 Day Reset Of End Of Fact Discovery:

We rest upon the description of this issue set out at, page 1, paragraph 5, *supra.* The parties are agreed in this request for an additional 60 days.

### Costs:

Plaintiffs reserve the right to move at a later time for the costs imposed on them in conducting third party discovery over six months and continuing by the Defendants' fraud upon the court and the Defendants' fraud upon them.

Very truly yours,

David Lopez

DL/el
Cc: All Counsel of Record Via ECF