# EXHIBIT 1



Carlos E. Provencio
Associate General Counsel

**Interactive Brokers LLC**
2200 Pennsylvania Ave NW
Suite 280E
Washington, D.C. 20037
T: 202.349.3833  |  F: 203.618.7731
cprovencio@ibkr.com
www.ibkr.com

April 9, 2020

**BY EMAIL**
Miriam Tauber, Esq.
885 Park Ave 2A
New York NY 10075
MiriamTauberLaw@gmail.com
323-790-4881

David Lopez, Esq.
P.O. Box 323
171 Edge of Woods Rd.
Southampton NY 11969
DavidLopezEsq@aol.com
631-287-5520

Danielle M. McLaughlin, Esq.
Counsel
FORD O'BRIEN LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: + 1 (212) 858-0040
Fax: + 1 (646) 650-2219
dmclaughlin@fordobrien.com

Re:   **Avalon Holdings Corp. v. Guy Gentile and Mintbroker Intnl., LTD**
      **New Concept Energy, Inc. v. Guy Gentile and Mintbroker Intnl., LTD**

Dear Counsel:

Interactive Brokers LLC ("IBLR") is in receipt of Plaintiffs' 30(b)(6) Subpoena ("Subpoena") for witness testimony and is willing to accept service of the Subpoena by electronic mail on April 3, 2020 to the undersigned counsel, reserving its rights to respond and object to the timing and scope of the Subpoena.  As IBKR noted when it received the subpoenas duces tecum from the parties, the requests for information, documents, and data were overly broad and unduly burdensome.  The requests sought tens of thousands of documents related to many IBKR customers that are not involved in either of the two cases for which the subpoenas were issued.  The requests also sought



**Carlos E. Provencio**
Associate General Counsel

**Interactive Brokers LLC**
2200 Pennsylvania Ave NW
Suite 280E
Washington, D.C. 20037
T: 202.349.3833  |  F: 203.618.7731
cprovencio@ibkr.com
www.ibkr.com

production of voluminous data which was burdensome to IBKR and impossible to produce in a reasonably efficient and effective manner.

Despite the breadth and burden of the requests, IBKR worked cooperatively with the parties to narrow the scope of the requests so that IBKR could produce documents and data responsive to the requests and useful to the parties. That production by Interactive Brokers, nevertheless, was massive.  Because of the incredibly active nature of MintBrokers trading (over 100,000 trades in 2019), annual account activity statements contained more than 6,000 pages and trade and order blotters included more than 300,000 lines and over 10 million cells of data. IBKR also produced numerous communications related to MintBrokers's accounts at IBKR.

In light of the immense volume of data produced by IBKR, the testimonial 30(b)(6) Subpoena nevertheless asked IBKR to have a witness prepared well-enough to testify about, *inter alia*: 1) thousands of trades in Avalon Holdings Corp. (AWX) and New Concept Energy, Inc. (GRB); 2) all of the numerous deposits and withdrawals in MintBrokers' accounts; 3) all transfers between MintBrokers' accounts; 4) the opening, closing, and funding of MintBrokers' accounts; 5) cross-references between any trade in an account activity statement and the trade and/or order blotters; 6) the reason why any order by MintBrokers in AWX or GRB did not fill; and 7) whether any of the thousands of reported trades failed to generate proceeds.  Moreover, the Subpoena demands that IBKR produce a witness that is prepared and able to testify in 14 days from the date that the Subpoena was emailed to undersigned counsel or prepared to testify on April 17, 2020.

Importantly, this Subpoena demands that its terms be executed in the midst of an unprecedented global pandemic, during which IBKR's workforce is working mostly from home. In addition, due to pandemic-related travel restrictions imposed by various State governments, any preparation for the deposition would have to occur via video conference, as would the deposition itself.  The difficulty in preparing a 30(b)(6) witness to testify remotely is exacerbated here by the large spreadsheets of data, 6,000 pages of account statements, and the voluminous communications produced. Those difficulties will be matched by the difficulty of holding a deposition about unwieldly account documents by video conference from at least four remote locations.

As a general proposition, counsel for Plaintiffs and Defendants surely understand that IBKR cannot have a witness prepared to testify about the various and varied topics described in the 30(b)(6) Subpoena by April 17, 2020.  In addition to the timing problem, however, the deposition topics are vague, overly broad, and unduly burdensome. As a result, IBKR objects to them individually below:



**Interactive Brokers LLC**
2200 Pennsylvania Ave NW
Suite 280E
Carlos E. Provencio                    Washington, D.C. 20037
Associate General Counsel        T: 202.349.3833  |  F: 203.618.7731
cprovencio@ibkr.com
www.ibkr.com

1. **Defendants' trading of Avalon Holdings Corp. (AWX) and New Concept Energy, Inc. (GBR) securities during the period from January 1, 2018 through December 31, 2018, in or through Interactive accounts; in particular: (i) Account #UL1043811; and (ii) Account #US1043812, as reflected on the "Activity Statements" produced by Interactive for those Accounts.**

**RESPONSE TO TOPIC 1:** IBKR objects to this area of deposition inquiry because it is vague, overly broad, and unduly burdensome. Additionally, IBKR objects because the documents produced speak for themselves. MintBrokers transacted around 4,000 trades in AWX and GBR during 2018. The requested topic does not limit the type of information related to the trading that a witness must know in order to testify at deposition. Each trade involves innumerable aspects which impact the life of the trade, including but not limited to, the type of order, market conditions, account information, counter-party availability, and exchange rules and behavior. Without further limitation to the topic, the designated 30(b)(6) witness is being asked potentially to testify about every potential aspect of around 4,000 trades. Subject to these objections, IBKR will produce a witness who can authenticate and explain the terminology of the account activity statements.

2. **The deduction of funds from, or the allocation of funds or transaction proceeds to, Defendants' Interactive Accounts, in connection with the AWX and GBR trading reflected on the "Activity Statements" for: (i) Account #UL1043811; and (ii) Account #US1043812—including amounts designated as the "Mark to Market P/L" and the "Realized and Unrealized S/T or L/T Profit/Loss" on the "Activity Statements" produced by Interactive for those Accounts for the period Jan. 1, 2018 – Dec. 31, 2018).**

3. **The deposit of funds into, or the withdrawal of funds from, the Defendants' Interactive Accounts; in particular, the deposits and withdrawals indicated on the first page of each of the "Annual Statements" and "Activity Statements" produced by Interactive for the period Jan. 1, 2018 – Dec. 31, 2018, for the following accounts: (i) Account #UL1043811; (ii) Account #US1043812; (iii) Account #I1043365.**

4. **The transfer or allocation of AWX or GBX shares or positions, transaction proceeds, or any funds, between or among various Interactive accounts held by the Defendants (or their affiliates), in particular, transfers between any of the following accounts: (i) Account #UL1043811; (ii) Account #US1043812; and (iii) Account #I1043365.**

**RESPONSE TO TOPICS 2, 3, and 4:** *See* Response to Topic 1.



Carlos E. Provencio
Associate General Counsel

**Interactive Brokers LLC**
2200 Pennsylvania Ave NW
Suite 280E
Washington, D.C. 20037
T: 202.349.3833 | F: 203.618.7731
cprovencio@ibkr.com
www.ibkr.com

5. Any inquiries or diligence initiated or conducted by Interactive regarding Defendants' AWX or GBR trading—in particular, the circumstances surrounding Interactive's request for, or collection and retention of, of the "legal memo" prepared for the Defendants by the firm Franklin Ogele, PA on or around August 15, 2018 (produced by Interactive in the "Account Documents" files for Account #I1043365).

**RESPONSE TO TOPIC 5:** IBKR objects to this request to the extent it calls for attorney-client privileged communications. IBKR also objects to this request because it is vague. Subject to these objections, IBKR will provide a witness to testify regarding non-privileged diligence, supervision, account opening decisions, and account review undertaken regarding the accounts at issue.

6. The opening and closing of the following Accounts: (i) #I1043365; (ii) #I1043365F; (iii) #UL1043811; (iv) #U2735466; (v) #U2858515; (vi) #U3339046; (vii) #U2917159; (viii) #U3292135; (ix) #U3339027. In particular: the "funding" of these Accounts, the withdrawal of funds from these Accounts, and any transfers of positions or funds between or among these Accounts.

**RESPONSE TO TOPIC 6:** IBKR objects to this request to the extent it calls for attorney-client privileged communications. IBKR also objects to this request because it is vague. Subject to these objections, IBKR will provide a witness to testify regarding non-privileged diligence, supervision, account opening/closing decisions, and account review undertaken regarding the accounts at issue.

7. The "Trade Blotters" and "Order Blotters" spreadsheets produced by Interactive; specifically, the extent to which the trades reflected on any of these spreadsheets are reflected or incorporated within the Account statements produced by Interactive, including the "Activity Statements" produced for Defendants' accounts.

8. Whether any of the documents produced by Interactive indicate that any of the Defendants' AWX or GBR trades (in particular, the trading activity reflected on the "Activity Statements" for Account #UL1043811 and Account #US104812): (i) failed to settle, or "failed to clear"; (ii) "were related to shares that did not exist"; or (iii) "involved 'naked' short sales by market makers that had not borrowed the shares" (as asserted in Defendants' Answer).

9. Whether any of the documents produced by Interactive indicate that any of the Defendants' AWX or GBR trades failed to generate proceeds credited to



Carlos E. Provencio
Associate General Counsel

**Interactive Brokers LLC**
2200 Pennsylvania Ave NW
Suite 280E
Washington, D.C. 20037
T: 202.349.3833  |  F: 203.618.7731
cprovencio@ibkr.com
www.ibkr.com

the Defendants' Accounts (specifically, the trading proceeds indicated on the "Activity Statements" and "Account Statements" produced by Interactive for Account #UL1043811, Account #US104812, and Account #I1043365).

**RESPONSE TO TOPICS 7, 8, and 9:** IBKR objects to these requests because they are vague and call for speculation. IBKR also objects to the extent that the request seeks information that is not in the possession or knowledge of IBKR. Finally, IBKR also objects because the documents produced speak for themselves. Subject to these objections, IBKR will produce a witness who can authenticate and explain the terminology of trade blotters, order blotters, and account activity statements.

Interactive Brokers is willing to work with the parties to determine a reasonable schedule for the deposition. In addition, IBKR will work cooperatively with the parties to determine more precisely the areas of testimony they seek from a 30(b)(6) deposition in these matters so that effective deposition testimony can be produced.

If you have any questions, please feel free to call me at (202) 349-3833.

Sincerely,

*Carlos*

Carlos E. Provencio
Associate General Counsel
Interactive Brokers LLC