UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., | |
| Plaintiff, | No. 18-cv-7291 (VSB) (RJL) |
| v. | ECF Case |
| GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. | |
| Plaintiff, | No. 18-cv-8896 (VSB) (RJL) |
| v. | ECF Case |
| GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

**PLAINTIFF'S RULE 56.1 STATEMENT**

Plaintiff Avalon Holdings Corporation ("Avalon") states that there are no genuine issues to be tried with respect to the facts below.

1. Avalon is an Ohio corporation. At all relevant times (meaning at all times during July and August of 2018), shares of Class A Common Stock issued by Plaintiff Avalon Holdings Corp. ("Avalon" or "Plaintiff") were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 (the "Act"). Avalon Class A shares were listed on the NYSE/American exchange, and publicly traded under the stock symbol: AWX. Shares of AWX are "equity securities" within the meaning of Section 16 of the Act.

2. At all relevant times, there were 3,191,100 shares of AWX outstanding. (Avalon 10Q reports filed May 10, Aug. 9, and Nov. 8, 2018.)

3. At all relevant times, Defendant MintBroker International, Ltd. (a/k/a Swiss America Securities Ltd.) ("MintBroker") was a Bahamas entity and broker dealer registered under the Bahamas securities laws. Defendant Guy Gentile ("Gentile," and together with MintBroker, the "Defendants") is a United States citizen, and a resident of San Juan, Puerto Rico. Gentile is (and was at all relevant times) the sole owner of MintBroker, and directed MintBroker's operations and activities, including all of MintBroker's trading of Avalon securities. (Ex. A,[1] Gentile Dep. Tr. pp. 1-30.)

4. At all relevant times, MintBroker was the owner of Account #1043365, a proprietary account held at Interactive Brokers, Inc., which served as the "Master Account" for two sub-accounts (together, the "Trading Accounts"): (i)Account #UL1043811 (referred to as the "long account"); and (ii) Account #US1043812 (referred to as the "short account"). (Ex. B, Stip. filed at Dkt #62 ¶¶ 1-2.)

5. The Activity Statements for each of the Trading Accounts accurately reflect the AWX trades executed by Interactive in that Account, pursuant to trade (buy or sell) orders placed by the Defendants, which were then routed to an exchange by Interactive as the Defendants' broker. (Ex. B, Stip. ¶ 2; Ex. C, Interactive Dep. Tr. pp. 10-43, introducing and authenticating: Ex. D (excerpt of) Interactive Dep. Ex. #18, Activity Statement for Account #UL1043811; and Ex. E (excerpt of) Interactive Dep. Ex. #19, Activity Statement for Account #US1043812.

---

[1] Exhibits refer to the exhibits attached to the accompanying Affidavit of Miriam Tauber.

6. The AWX trades executed in the Trading Accounts were also reported by the Defendants in their Schedule 13D filed August 22, 2018 (Ex. F). These trades are also included in the spreadsheet of trading activity produced by the Defendants (Ex. G).

7. The trading reflected on the Activity Statements, which Defendants stipulated accurately reflects MintBroker's proprietary trading of AWX stock, is aggregated on the spreadsheet attached as Ex. H, which also calculates Defendants' "beneficial ownership" following each transaction.

8. Upon execution of the purchases of AWX stock reflected in the Activity Statements, Defendants acquired dispositive authority (the right to sell) with respect to the purchased shares and were "beneficial authority" over the shares purchased within the meaning of Section 16(a) of the Act. Upon execution of the Defendants' sales, Defendants disposed of the shares and relinquished "beneficial ownership" of the shares sold.

9. The total shares purchased and sold by MintBroker, as indicated on the Activity Statements for the Trading Accounts are summarized below, together with the total trading volume and "fails to deliver" data on each date on which Defendants' beneficial ownership exceeded 10%, based on publicly available data (e.g., Ex. I, Yahoo data; *see also* Ex. J, R. Rico paper at p.32).

| Date | 7/24 | 7/25 | 7/26 | 7/27 | 7/30 | 7/31 | 8/1 |
|---|---|---|---|---|---|---|---|
| MintBroker Buys (Ex. H) | 624,073 | 703,602 | 690,184 | 327,406 | | | |
| MintBroker Sells (Ex. H) | 99,086 | 118,277 | 215,677 | 192,340 | 719,885 | 799,720 | 200,280 |
| MB position (end of day) (% of AWX) | 524,987 (16.45%) | 1,110,312 (34.79%) | 1,584,819 (49.66%) | 1,719,885 (53.9%) | 1,000,000 (31.34%) | 200,280 (20.03%) | 0 |
| AWX Trading Vol. (Ex. I) | 2,486,200 | 10,660,300 | 10,306,900 | 12,799,500 | 5,707,000 | 3,976,900 | 2,863,200 |
| Fails to Deliver (Ex. J) | | | 119,078 | 298,858 | 95,656 | 187,010 | 300,949 |

10. Both Defendants had a "pecuniary interest" in the shares purchased and sold in the Trading Accounts within the meaning of Section 16(b) of the Act and SEC Rule 16a-1(a)(ii).

3

11. Gentile, on behalf of MintBroker, had the authority to withdraw cash from the Trading Accounts in an amount equal to the "cash balance" of each Trading Account (including any proceeds from AWX trades), at any time. Upon closing all of MintBroker's Interactive accounts (including the Trading Accounts), at Interactive's insistence, in or around October 31, 2019, Gentile withdrew funds in an amount equal to the cash balance on all of MintBroker's Interactive accounts and the value of any marketable securities in the accounts, and transferred such funds to an account at Deltec Bank (a Bahamian bank) owned and controlled by Gentile. (*See* Ex. K; Ex. L.)

12. Both Defendants may be held jointly and severally liable for the disgorgement owed to the Company as estimated in the above Paragraph (subject to the Court's review of further submissions by the parties).

13. Defendants' short swing profits from the AWX trading reflected on the Activity Statements are computed by matching Defendants' purchases against highest-priced sales within the relevant trading period of less than six months

14. Applying this methodology to the trading reflected on the Activity Statements (and aggregated on Ex. H), Defendants' liability is calculated to equal $6,235,908. (Ex. M.) Defendants are strictly required to disgorge all such profits to Avalon. To the extent Defendants dispute Plaintiff's computations, Plaintiff seeks referral of the issue of damages to a special master to be appointed by the Court (e.g., Hon. Lehrburger, the Magistrate Judge assigned to this case and familiar with the facts).

Dated: Aug. 10, 2020 (New York, NY)

| *s/ Miriam Tauber* | *s/ David Lopez* |
|---|---|
| Miriam Tauber (MIRIAM TAUBER LAW PLLC) | David Lopez (LAW OFFICES OF DAVID LOPEZ) |

*Attorneys for Plaintiff Avalon Holdings Corp.*