**FORD O'BRIEN LANDY** LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2022

June 23, 2022

**Via ECF**
Honorable Robert W. Lehrburger
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Avalon Holdings Corporation v. Gentile* and *New Concept Energy v. Gentile,*
1:18-cv-08896-VSB-RWL, and 1:18-cv-07291-VSB-RWL

Dear Judge Lehrburger:

    As you are aware, we represent Defendant Guy Gentile in the above referenced matters, which have been referred to Your Honor for an inquest on damages following the Court's grant of summary judgment on behalf of Plaintiffs. During the June 6, 2022 discovery hearing, Your Honor instructed that Gentile may submit a request for a sur-reply following Plaintiffs' filing of their reply briefs[1] in support of their disgorgement calculation. Gentile hereby requests permission to file a sur-reply.

    Gentile seeks only to file a limited sur-reply given that Plaintiffs' briefs fail to directly challenge (i) the authenticity of Gentile's newly proffered evidence, (ii) the affidavits submitted in support of his opposition and motion to enlarge the record, or (iii) the expert reports submitted in support of his disgorgement calculations and further fail to distinguish between trading in AWX and GBR. Indeed, 17 of the 22 pages of each of Plaintiffs' briefs relate to whether the newly discovered evidence should be admitted, an issue which Gentile believes has been adequately addressed through prior briefing and at the June 6 hearing.

    Plaintiffs' briefs, however, contain two fundamental errors that Gentile would like to clarify to assist Your Honor in determining an accurate disgorgement calculation. First, Plaintiffs continue to confound account numbers, an issue which Gentile has sought to clarify through the submission of affidavits and expert reports and during the June 6 hearing. Second, and more fundamentally, Plaintiffs, in purporting to conduct a limited review of *only* 800 shares traded in AWX (out of tens of thousands of transactions in AWX and GBR), continue to conflate proprietary trading by MintBroker with beneficial ownership of shares. As Gentile has

---

[1] Plaintiffs' briefs were filed untimely on June 23, 2022 [Dkts. 102, 112] and exceed the permissible page limit for a reply brief by 12 pages.

repeatedly argued, in determining short-swing profits Your Honor must determine the *a priori* question whether MintBroker or the client beneficially owned specific shares traded, and may not rely solely on the fact those shares traded through MintBroker's proprietary account at Interactive Brokers. Indeed, unlike a U.S. broker-dealer, MintBroker was required to execute client trades *through a proprietary account held in its name*. Facts properly considered in the expert reports submitted by Gentile.

Plaintiffs' misunderstanding is underscored by their purported analysis of the 800 shares traded in AWX on 9:43:08 a.m. on June 24, 2018 (Reply pgs. 19–20). Curiously, their analysis disproves their theories while affirming the position advanced by Gentile and both expert reports. The 800 shares identified by Plaintiffs were beneficially owned by a MintBroker client with 300 shares traded through ETC and 500 shares traded through Interactive Brokers. Thus, while Plaintiffs have included these 500 shares in their disgorgement calculation, these 500 shares, in fact, were never beneficially owned by MintBroker—at all times the client alone possessed the capacity to vote the shares and/or dispose of them. Plaintiffs have compounded this error to arrive at their egregiously inflated disgorgement calculations.

Both Beresford's and Christian's expert reports calculate the short-swing profits using the lowest in, highest out method while also excluding trades of shares beneficially owned by clients. Plaintiffs' calculations fail to exclude these trades, improperly assuming that all *proprietary trades* were of shares *beneficially owned* by MintBroker. Section 16(b) makes clear that the statute reaches only shares that MintBroker "beneficially owned." Plaintiffs' analysis shows a fundamental misunderstanding of the operations of foreign broker-dealers as well as the evidence proffered by Gentile.

For these reasons and to the extent Your Honor would find additional briefing on these issues useful, Gentile respectfully requests permission to file a short sur-reply in further opposition to Plaintiffs' calculation of damages and motion for entry of judgment.

Respectfully Submitted,

Adam C. Ford, Esq.
275 Madison Ave, Fl. 24
New York, NY 10016
Tel: (212) 858-0040
aford@fordobrien.com

Defendant's request to file a short sur-reply is granted. The sur-reply shall be no longer than 5 pages (double-spaced) and shall be filed by July 6, 2022. The Court plans to schedule a hearing and a conference in advance to discuss the hearing.

SO ORDERED:

6/28/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

cc: all counsel of record (via ECF)