```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/23/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AVALON HOLDINGS CORP.,                :           18-CV-7291 (VSB) (RWL)
                                      :
                   Plaintiff,         :           **ORDER**
                                      :
         - against -                  :
                                      :
GUY GENTILE, et al.,                  :
                                      :
                   Defendants.        :
-------------------------------------------------------------X
NEW CONCEPT ENERGY, INC.,             :           18-CV-8896 (VSB) (RWL)
                                      :
                   Plaintiff,         :           **ORDER**
                                      :
         - against -                  :
                                      :
GUY GENTILE, et al.,                  :
                                      :
                   Defendants.        :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses certain discovery and scheduling issues related to the inquest hearing in these two related cases. (*See* Dkt. 125 in 18-CV-8896.)

1. Based on the parties' correspondence, Plaintiffs' request for native/Excel files has been resolved with Defendants' compliance. (*See* Dkt. 125 at 1.) Accordingly, this issue is moot.

2. As to the remaining documents requested by Plaintiffs (customer account statements and financial records, and certain tax forms), it is Defendants' burden to prove what portion of the Mintbroker proprietary account trades, if any, were on behalf clients rather than Mintbroker. The materials sought by Plaintiffs are material to that determination, particularly in light of the uncertainties regarding the additional documents

1

produced by Defendants after the close of discovery (the "Post-Discovery Documents"). To the extent Defendants have possession, custody, or control over those documents, they must be produced. To the extent Defendants cannot or do not produce such documents (assuming they ever existed), Defendants will incur the appropriate evidentiary consequences, including potential preclusion from introducing the Post-Discovery Documents as evidence.

4. To the extent Defendants seek to rely on any evidence put forth by experts Beresford and Christian, Defendants must produce them for deposition. If Defendants believe subpoenas are necessary, then Defendants may serve them. Plaintiffs need not do so. If Defendants do not produce Beresford and Christian for deposition, Defendants will be precluded from introducing their affidavits and reports into evidence. Relatedly, to the extent Defendants seek to rely on the Post-Discovery Documents, Defendants must produce Stephen Darville for deposition. It will not be sufficient for Defendant Gentile merely "to assist" Plaintiffs in scheduling the Beresford, Christian, and Darville depositions. (Dkt. 125 at 4.) All depositions may be taken via Zoom or its equivalent.

5. With respect to the location of Mr. Gentile's deposition, the parties are in agreement that his deposition may be taken by Zoom. (Dkt. 125 at 3.) That will be sufficient. If the parties come to agreement on a location for an in-person deposition, they are free to do so.

6. All documents to be produced must be produced by **October 11, 2022**.

7. All witnesses shall be deposed **by November 14, 2022**.

8. By **December 12, 2022**, the parties shall file a proposed pre-hearing order similar to a pre-trial order that includes: (i) a witness list (including whether they will be

live or by deposition; if by deposition, the parties must designate deposition testimony and identify any portions to which the opposing party objects and the basis for the objection); (ii) an exhibit list (including whether the opposing party objects and the basis for the objection); and (iii) identification of any issues requiring pre-hearing resolution, and the parties' respective positions.  The parties shall also indicate whether they have any particular technology needs for the hearing.

9.  The Court will set a date for the inquest hearing in consultation with counsel. By **October 3, 2022**, the parties shall file a joint letter setting forth any "blackout" dates when they are not available for the hearing in January and February 2023.  The Court plans to reserve two days for the hearing and to allow 30 minutes each for opening statements.  If the parties agree that more time is necessary for either the hearing or opening statements, they shall so state in the joint letter.  The Court also will schedule a date for a final pre-hearing conference to take place approximately one to two weeks before the hearing.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 23, 2022
       New York, New York