UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-7291 (DLC) (RJL)<br><br><br><br>ECF Case |
| Related to: | |
| NEW CONCEPT ENERGY, INC.<br><br>Plaintiff,<br><br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-8896 (DLC) (RJL)<br><br><br><br>ECF Case |

**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT
MINTBROKER INTERNATIONAL, LTD.**

Pursuant to Local Rule 1.4, Adam C. Ford, Matthew A. Ford, Robert S. Landy, Danielle M. McLaughlin, and the law firm of Ford O'Brien Landy LLP (and all attorneys associated with the firm) ("undersigned counsel") respectfully move this Court to withdraw as counsel for Defendant MintBroker International, Ltd. ("MintBroker") in the above-captioned cases. In support of this motion, undersigned counsel relies on the accompanying Declaration of Matthew A. Ford and exhibits attached thereto and states the following:

1. At all times since its inception, MintBroker has been located within and governed under the laws of the Bahamas. It was registered as a broker-dealer with the Securities Commission of the Bahamas and did business in the Bahamas from 2011 until late 2019.

2. On March 17, 2020, the Supreme Court of the Bahamas ordered the provisional liquidation of MintBroker and issued an Order for Appointment of Provisional Liquidators, appointing Igal Wizman and Eleanor Fisher as Joint Provisional Liquidators ("JPLs") for MintBroker. *Exhibit A*. As such, MintBroker has been under the control and supervision of the JPLs since March 2020. The JPLs have been represented by Warren E. Gluck from the law firm of Holland and Knight LLP since, at the latest, November 29, 2021. *Exhibit B*.

3. On December 15, 2021, the Supreme Court of the Bahamas issued a Winding Up Order, ordering MintBroker to be wound up according to the Securities Industry Act, 2011, the Companies (Winding Up Amendment) Act, 2011 and the Companies Liquidation Rules, 2012, and ordering the appointment of Igal Wizman and Eleanor Fisher—then acting as JPLs—as Joint Official Liquidators ("JOLs") for the Company. *Exhibit C*.

4. The Winding Up Order made clear that the JOLs have sole "authority to appoint legal counsel and to renumerate them for their reasonable fees and expenses out of the assets of the Company as an expense of liquidation, such fees to be approved by the Court." *Exhibit C*. Pursuant to this authority, the JOLs have continued their representation by Mr. Gluck and the law firm of Holland and Knight. *Exhibit D*.

5. Neither the JOLs nor counsel for the JOLs have recognized any authority for this law firm to continue to represent MintBroker in these matters.

6. Recognizing the authority of the JOLs to supervise and control the Company's liquidation, and their sole authority to appoint counsel for themselves in the administration of MintBroker's

liquidation, the undersigned counsel have taken the position that they only represent Guy Gentile and have been filing papers in the above-referenced matters solely on behalf of Gentile.

7. Additionally, this law firm's inability to represent MintBroker was already addressed by the Southern District of Florida in the matter of *SEC v. MintBroker International Ltd., et al*, 1:21-cv-21079-BB (Bloom/Otazo-Reyes). In that matter, Adam C. Ford and Matthew A. Ford, along with local counsel in Miami, Florida, moved the court on November 30, 2021 to clarify their appearances, explaining that they were only appearing on behalf of Guy Gentile, not MintBroker, because they cannot legally appear on the Company's behalf. *Exhibit E.* There, following further briefing through a motion for reconsideration, which was granted via paperless order, the docket was corrected to indicate that counsel for Guy Gentile were not counsel of record for MintBroker and explained that Adam C. Ford, Matthew A. Ford, and local Miami counsel were "terminated" as to MintBroker. *Exhibit F*, 1:21-cv-21079-BB [ECF 63]. The same must apply in this case.

8. Finally, in this matter, counsel for the Plaintiffs have taken the position that Gentile (and his counsel) has not demonstrated authority to act on behalf of MintBroker.[1]

WHEREFORE, the undersigned counsel respectfully requests that the Court permit their withdrawal as counsel for Defendant MintBroker International Ltd.

---

[1] *See* Plaintiff's Letter alleging that Gentile lacks standing to "seek relief" for MintBroker "*without a showing of authority from MintBroker to do so*." [ECF 136]. Nevertheless, neither Gentile nor this firm is attempting to seek relief or act on behalf of MintBroker and instead filed Gentile's Motion [ECF 121] to alert the Court to its lack of subject-matter jurisdiction over MintBroker—an issue which may be raised by any party or *sua sponte* by the Court.

Dated: September 26, 2022

FORD O'BRIEN LANDY LLP

By: _____
Adam C. Ford
Matthew A. Ford
275 Madison Avenue, Fl.24
New York, NY 10016
aford@fordobrien.com
mford@fordobrien.com
212.858.0040

*Attorneys for Defendant Guy Gentile*

4