# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Warren E. Gluck
Partner
212-513-3396
warren.gluck@hklaw.com

October 13, 2022

*VIA EMAIL*

Re:  *Avalon Holdings Corp. v. Guy Gentile, et al.*, 1:18-cv-07291 and *New Concept Energy, Inc. v. Guy Gentile, et al.* 1:18-cv-08896

Dear Judge Cote and Magistrate Judge Lehrburger:

My name is Warren Gluck and I am a partner at Holland & Knight LLP, a member of the bar of this Court, and counsel to non-parties - the Joint Official Liquidators ("JOLs") - of Mintbroker International Ltd. (in Official Liquidation) ("Mintbroker").

Since March 17, 2020, Mintbroker has been in Court-Supervised Provisional, and then Official Liquidation in the Bahamas (the "Official Liquidation").  Such proceedings are somewhat akin to a Chapter 7 Liquidation or Receivership in the United States.  The JOLs are officers and fiduciaries of the Bahamas Court ("Officeholders or JOLs").  Defendant Gentile has been aware of the Official Liquidation since its inception.  In fact, Gentile personally, after months of resistance and then pursuant to Court order, provided the JOLs with the documentation concerning Mintbroker.  The JOLs believe and understand that this same information was in Gentile's control at all times material.  Annexed as Appendix A is a letter from the JOLs to Gentile's Bahamas counsel, who did not have access to Mintbroker records independently, summarizing the events and demanding turnover of the data.  What the JOLs received was a disk with a copy of the electronic data.

Most importantly however, the JOLs regret to inform the Court that since March 19, 2020, the Ford O'Brian firm has been representing Mintbroker without authorization.  Upon the commencement of the Official Liquidation, no other party had any right to authorize or continue litigation or take any other action of the Company.

The JOLs further regret to inform the Court that the Ford O'Brian has been concealing or actively omitted the ongoing nature of this proceeding from the JOLs nor did they even let the JOLs know that it was ongoing until the apparently filed motion to withdraw as Mintbroker's was filed (also without any notice or authorization).  The failure is particularly troubling in light of various matters, including one of Mr. Gentile's representations to the Bahamas court that there were no other creditors of the Mintbroker estate (and Plaintiffs in this case would have constituted other, albeit contingent, creditors).

At no point since March 19, 2020 have the JOLs been consulted, advised, provided a copy of, or authorized or paid for (i) any filing in this Court, and (ii) any representation or agreement with the Plaintiffs.  Moreover, Ford O'Brian and Gentile undoubtedly were aware of the JOLs and their exclusive role managing the affairs of Mintbroker.  They purported to bring a procedurally improper cross-claim against the JOLs personally, as well as their firm Ernst & Young, for taking the prudent and appropriate decision not to waste precious estate resources defending or appearing in a civil action initiated by the Securities and Exchange Commission against Mintbroker and Gentile.  A copy of that pleading, which was mooted by a subsequent answer filed shortly thereafter, which filing omitted the procedurally improper and meritless cross-claims against the JOLs and Ernst & Young is annexed as Appendix B.

At no point since March, 19, 2020, did any person have any authority to authorize any action related to or by Mintbroker other than the JOLs.  This includes Mr. Gentile and Ford O'Brian.  The JOLs learned about the ongoing existence of this litigation only on September 29, 2022, when Mr. Matthew Ford wrote to the undersigned (which was the very first communication from the Ford O'Brian firm to the undersigned, its Bahamas counsel, or the JOLs), contending that a motion to withdraw its "representation of Mintbroker" had been denied by this Court.  In that email, Matthew Ford appears to have falsely represented that "[a]fter the formal appointment of the Joint Liquidators, we acknowledged the authority of the JOLs and yourself with respect to representation on behalf of Mintbroker and stopped submitting filings on the company's behalf."  Just two exemplar filings purporting to seek relief on behalf of Mintbroker without authority, and without any notice to the JOLs, after their appointment are annexed hereto as Appendix C.  There appear to be myriad similar filings.

To reiterate:  At no relevant period were the JOLs aware of the purported representation or relevant deadlines, nor were they consulted concerning the myriad filings in Mintbroker's, including "the motion to withdraw."  I have represented Officeholders and JOLs for many years and have never encountered a situation like this.

<u>The JOLs have asked Ford O'Brian of and for the following items in writing since October 7, 2022</u>:

•	All documents filed in both the Avalon Holdings and New Concept cases in which th Ford O'Brian firm purports to represent, seek relief, or present any defenses on any matter on behalf of Mintbroker since March 17, 2020;

•	In a separate file, the dockets, all filings and all discovery materials for both cases;

•	A written statement regarding the reasons that you did not inform the JOLs about the existence of these two cases, or your purported representation of Mintbroker, until September 29, 2022;

•	A written statement regarding any bases that you believed your firm had authority to act in respect of Mintbroker since March 17, 2020, and whether any person other that the JOLs provided your firm authority to act since March 17, 2020;

•	A written statement regarding whether and if so when, (i) you informed the Court and opposing counsel that Mintbroker was in Court-Supervised liquidation in the Bahamas, (ii) that

2

the JOLs were not aware of these proceedings or the prospect of additional Mintbroker creditors, (iii) that the JOLs have the sole and exclusive authority to direct all actions and conduct in respect of Mintbroker, (iv) that at no time since their provisional appointment on March 17, 2020 has any filing, step, or the representation by Ford O'Brien on behalf of Mintbroker in either of these matters been authorized by or known to the JOLs; and

- Confirm in writing that no further actions will be taken by your firm in respect of Mintbroker.

Mr. Adam Ford has stated he has "much to say" but has refused to provide the requested information or provide additional detail despite additional follow up requests including one that set yesterday as a deadline for such response prior to the issuance of this letter.

The JOLs and Mintbroker reserve all rights, none of which are waived.

One purpose of this letter is also to inform that Court of the JOLs' intention to seek authorization to seek Chapter 15 Recognition and Chapter 15 Recognition of the Official Liquidation in the Bahamas in the Southern District of New York, respectively. While it is regrettable that such action, and the related costs, were not necessary in connection with the SEC litigation in Florida, which also involves Mintbroker and of which the JOLs *were* aware, the actions of Gentile and his counsel have regrettably forced the JOLs' hand. Accordingly, this letter may also be received as a suggestion of bankruptcy, and we will provide this Court with copies of the (i) Bahamas order authorizing the Chapter 15 filing and (ii) the resultant Chapter 15 order, as soon as they are available.

Sincerely yours,

HOLLAND & KNIGHT LLP

Warren E. Gluck