# MIRIAM TAUBER LAW

885 Park Ave. # 2A • New York NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

November 2, 2022

**Via ECF**
 Hon. Robert W. Lehrburger (U.S.M.J., S.D.N.Y.)

*Avalon Holdings Corp. v. Gentile* et. al., No. 18-cv-7291 (S.D.N.Y.);
& *New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896 (S.D.N.Y.)

Re:  **Motion to Compel Defendants' Expert Robert Christian**
  **to Appear for an Additional Hour of Deposition Questioning**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2022

Dear Judge Lehrburger:

Pursuant to Your Honor's Order dated September 23, 2022 (Avalon Dkt #137; New Concept Dkt #127), Plaintiffs asked to take the deposition of Defendant Guy Gentile, along with Defendants' 3 witnesses who created documents that the Defendants seek to introduce in connection with the upcoming Damages Inquest scheduled for February 1-2, 2023: (1) Stephen Darville, Mintbroker's former IT manager, who claims to have accessed and created new ledger of Mintbroker's client trading in each Plaintiff's securities (annexed as Exhibits A and B to his Affidavit); and Defendants' purported "experts" (2) Robert Christian; and (3) Brendan Beresford, who analyzed and created reports on the information that Stephen Darville provided.

Plaintiffs completed Guy Gentile's deposition on October 26, 2022.

Plaintiffs began deposing Robert Christian on Friday, October 28, at 12:00 PM as scheduled. Plaintiffs had initially estimated that Robert Christian's deposition would take approximately 2 hours, but asked to reserve 3 hours, i.e., until 3:00 PM. In advance of the deposition, Defendants' counsel informed Plaintiffs' counsel that Mr. Christian was hearing impaired but advised that there would not be an issue deposing him via Zoom.

Almost as soon as the deposition commenced, it became clear that the virtual deposition and transcription process were frustrating to both the witness and the court reporter. Mr. Christian stated that he had never been deposed or testified before and may not have anticipated these issues.

At 3:00 PM, I advised Defendants' counsel that Plaintiffs expected to require approximately one hour of further questioning and was informed that Mr. Christian had a "hard stop" at 4:00 PM. When that time came, I advised that I was not quite finished with questioning but was told that Mr. Christian was out of time for the day. As stated on the record, I renewed Plaintiffs' request to recall Mr. Christian for another hour of questioning with Defendants' counsel following the deposition. Defendants' counsel rejected that request yesterday.

Under F.R.C.P. 30(d)(1), depositions are limited to "1 day of 7 hours" unless otherwise stipulated or ordered, and the Court is permitted to extend that limitation if any "circumstance impedes or delays the deposition." Plaintiffs have used only 4.5 of their allotted 7 hours—even *without* accounting for any of the breaks or numerous instances in which the proceedings were paused to accommodate the transcription of Mr. Christian's testimony.

Plaintiffs respectfully ask the Court to compel Defendants to make Mr. Christian available for <u>one additional hour of questioning by Plaintiffs' counsel at an in-person deposition</u> in New York City at Defendants' counsel's offices (or, if Defendants' prefer, at a location designated by Plaintiffs). <u>*Alternatively*</u>, Plaintiffs ask the Court to compel Defendants to reserve <u>2.5 additional hours for Plaintiffs' continued questioning of Mr. Christian</u> (i.e., the full time allotted by Rule 30) <u>if Mr. Christian prefers to be deposed virtually</u>, despite the technical difficulties we encountered.

Plaintiffs are scheduled to depose Mr. Beresford, Defendants' other purported "expert," for 3 hours beginning at 9 AM on Friday, November 11, 2022. Plaintiffs do not expect to require additional time with Mr. Beresford but reserve the right to depose him for the full 7 hours allotted by Rule 30.

Defendants have not confirmed a date for Mr. Darville's deposition. To the extent Defendants fail to produce Mr. Darville by the discovery deadline of November 14, 2022, Plaintiffs reserve the right to exclude the new trading client trading records that Darville claims to have accessed or created at Defendants' instruction in their entirety. Plaintiffs similarly reserve all rights with respect to any documents that Defendants fail to produce as required by the Court's order.

Respectfully submitted,

*/s/ Miriam Tauber*

_____

Miriam Tauber
David Lopez
*Attorneys for Plaintiffs*

No opposition having been filed, and the Court having given the matter due consideration, Plaintiff's application to continue the deposition of Mr. Christian is GRANTED.

SO ORDERED:

11/11/2022

_____

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE