

November 28, 2022

**Via ECF**
Honorable Denise L. Cote
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Avalon Holdings Corporation v. Gentile* and *New Concept Energy v. Gentile*,
     1:18-cv-08896-DLC-RWL, and 1:18-cv-07291-DLC-RWL

Dear Judge Cote:

  Pursuant to Your Honor's November 16, 2022 Order, the above-referenced actions have been temporarily stayed as to Defendant MintBroker International Ltd. ("MintBroker") and both Plaintiffs and MintBroker have been ordered to each file a letter regarding whether the stay should continue. As you are aware, we remain counsel of record for MintBroker. Accordingly, we write to apprise the Court of MintBroker's position that these actions should remain stayed as to MintBroker for several reasons:

1. **Under Bahamian law, these actions have already been subject to an automatic stay since March 2020.**

  On March 17, 2020, the Supreme Court of the Bahamas issued an Order for Appointment of Provisional Liquidators, appointing Igal Wizman and Eleanor Fisher as Joint Provisional Liquidators ("JPLs") for MintBroker. Under Bahamian law, that Order effected an automatic stay of all actions against MintBroker, requiring Plaintiffs to seek leave of court from the Supreme Court of the Bahamas before proceeding with their claims against the Company. *See* The Companies Act of the Bahamas, Ch. 308, Section 194; *Exhibit A*. They did not do so. A continued stay in this Court is therefore consistent with Bahamian law.

2. **Plaintiffs cannot recover any judgment from MintBroker.**

  *First*, Plaintiffs failed to preserve their opportunity to collect in the event of a judgment against MintBroker by declining to submit creditor claims in MintBroker's Bahamian liquidation proceedings. The Bahamian Companies (Winding Up) Rules, which are Subsidiary Legislation under the Companies Act, Ch. 308, R. 50–51, require every creditor of a company subject to a winding-up proceeding to "prove his debt," which may occur by "delivering or sending through the post to the Liquidator an affidavit verifying the debt." *Exhibit B*.

  Here, on December 15, 2021, the Supreme Court of the Bahamas issued a Winding Up Order which, among other things, ordered the appointment of Mr. Wizman and Ms. Fisher—then acting as JPLs—as Joint Official Liquidators ("JOLs") for MintBroker. On February 11, 2022, the JOLs sent a letter to "all known creditors and potential creditors" of MintBroker, inviting them to

"submit a completed proof of debt form (see attached) by return email no later than 5:00 p.m. (Bahamas Islands time) on 10 March 2022." Plaintiffs did not attend the March 15, 2022 meeting and to date have not submitted a proof of debt to MintBroker's JOLs. Thus, Plaintiffs have failed to preserve their opportunity to collect from MintBroker in the event of a favorable judgment from this Court, even had the Supreme Court of the Bahamas authorized these actions.

*Additionally*, MintBroker *no longer has funds* from which Plaintiffs could recover. Section 204 of Companies (Winding Up Amendment) Act, 2011, makes clear: "The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets *in priority to all other claims*." *Exhibit C*; *see also id.* at Section 237 (in a winding up, fees payable under the Act "shall be paid in priority to all other debts"). *Exhibit C*. MintBroker's First Report of the JOLs indicated that, as of August 5, 2022, a net cash balance of $749,554.05 remains in MintBroker's liquidated estate. The Report further sets forth the following "JPLs' and JOLs' fees":

(i)   "The JPL's and JOLs' professional fees:" $204,800.00;
(ii)  "JPLs'/JOLs' Legal fees and expenses": $312,567.00;
(iii) "Petitioner's fees and expenses": $314,322.37.

*Exhibit D*, pg. 22–23. Under Bahamian law, these fees totaling over $830,000 have priority over all other creditor claims and exceed the amount of MintBroker's remaining assets. Simply put, no judgment from this Court could enable Plaintiffs to receive even a dollar from MintBroker *even if* the Supreme Court of the Bahamas had authorized these actions and *even if* Plaintiffs had submitted a proof of debt.

*Finally*, MintBroker's legal status could change at any moment, given indications by counsel for the JOLs that its dissolution is imminent. Section 218 of the Companies Act of the Bahamas provides: "When the affairs of the company have been completely wound up, the court may make an order that the company be dissolved from the date of such order, and the company shall be dissolved accordingly." *Exhibit A*. Here, counsel for the JOLs has indicated that the liquidation is nearing its conclusion and that the JOLs anticipate MintBroker's dissolution is forthcoming.

For the foregoing reasons, a continued stay would allow time for the Court to evaluate the potential effect of a judgment against MintBroker—an important consideration in the present damages inquest. MintBroker therefore respectfully requests that these matters remain stayed as to MintBroker.

Respectfully submitted,

_____
Adam C. Ford
275 Madison Avenue, Fl.24
New York, NY 10016
(212) 858-0040
aford@fordobrien.com