# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Warren E. Gluck
+1 212-513-3396
Warren.Gluck@hklaw.com

*Via ECF*

Honorable Denise L. Cote
District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Avalon Holdings Corporation v. Gentile and New Concept Energy v. Gentile,*
     1:18-cv-08896-DLC-RWL, and 1:18-cv-07291-DLC-RWL

Dear Judge Cote:

  Holland & Knight represents Mr. Igal Wizman and Ms. Eleanor Fisher, of EY Bahamas Ltd. And EY Cayman Ltd., respectively, in their capacity as Joint Official Liquidators ("JOLs") of Mintbroker International Ltd. (in official liquidation) ("Mintbroker"). We write in response to this Court's order of November 16, 2022.

  Defendant Gentile, as this Court has noted, has "created a contradictory record regarding what documents existed at any time, what he possessed at any particular time, and what documents Mintbroker does or does not have." [Doc. 150] Nevertheless, Mr. Gentile is in the midst of pursuing documents he claims exist within the possession, custody, and control of Mintbroker and—by extension—the JOLs. The JOLs are aware of the letters rogatory, issued by this Court on October 18, 2022 [Doc. 151], and addressed to the Commonwealth of the Bahamas. Further, the JOLs wish to ensure this Court that they will act—as they have to date—promptly and compliantly in response to subpoenas, orders, and directives received in their capacity as fiduciaries responsible for winding up and liquidating Mintbroker. Nevertheless, as this Court observed in its November 16, 2022 Order [Doc. 168], Plaintiffs provided notice on November 11, 2022 of Mintbroker's ongoing liquidation proceedings in the Bahamas ("Winding Up Proceedings"). Those proceedings are, in fact, akin to a Chapter 7 liquidation and/or Chapter 11 reorganization proceedings in United States bankruptcy practice, and therefore warrant continuation of the stay order in place in this action.

  Specifically, on March 17, 2020, the Supreme Court of the Bahamas ("SCB") entered an Order appointing Joint Provisional Liquidators, based upon a Petition filed by the Securities Commission of The Bahamas, alleging numerous violations of Bahamian laws by Mintbroker.

  On December 15, 2021, the Supreme Court of The Bahamas entered its Winding Up Order, and converted the Joint Provisional Liquidators to Joint Official Liquidators. A true and correct copy of the Winding Up Order is attached as **Exhibit A**. Mr. Igal Wizman of EY Bahamas Ltd., and Ms. Eleanor Fisher of EY Cayman Ltd., serve jointly as Mintbroker's Joint Official Liquidators. *Id.* As JOLs, these individuals serve as fiduciaries and serve at the pleasure, and subject to the oversight and supervision of, the Supreme Court of the Bahamas.

Atlanta | Austin | Boston | Century City | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth
Houston | Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia
Portland |Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Among other things, the Winding Up Order provides:

> 3. The said Joint Provisional Liquidators, Mr. lgal Wizman and Ms. Eleanor Fisher, of EY, aforesaid, be appointed herein as the Joint Official Liquidators ("JOLs") of the Company, pursuant to section 200 of the Companies (Winding Up Amendment) Act, 2011.
>
> 4. The JOLs have the authority to exercise their powers jointly or separately in the performance of their duties, pursuant to section 201 of the Companies (Winding Up Amendment) Act, 2011 ("Companies Act").
>
> 6. The JOLs may exercise any and all of the powers set forth in Section 205 of the Companies (Winding Up Amendment) Act, 2011 without further leave of the court, and are hereby authorized accordingly.

Under Section 193 of the Companies Act,

> 1. When a winding up order is made or a provisional liquidator is appointed, no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the court and subject to such terms as the court may impose.
>
> 2. When a winding up order has been made, any attachment, distress or execution put in force against the estate or effects of the company after the commencement of the winding up is void.

From the perspective of the JOLs and the company Mintbroker (in Official Liquidation), the stay on this action as against Mintbroker should continue. The JOLs and Mintbroker are only authorized and able to provide documents as a matter of Bahamas law pursuant to letters rogatory. Other than that, the Plaintiffs may file a proof of debt in the Bahamas proceeding on the basis of any alleged claim and have been invited to do so. In the event that no proof of debt is filed prior to the final distribution, then there will be no opportunity for payment for Plaintiffs. Plaintiffs will be apprised of the intention to make any interim and final dividends and timeframe thereof, and the same is true with the steps to conclude the liquidation. On this basis, the JOLs and Mintbrokers respectfully suggest that the stay continue. In the interim, Mintbroker intends to comply with the letters rogatory and seek the reasonable costs of doing so.

Respectfully,

 S/Warren E. Gluck

Warren E. Gluck