# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

May 2, 2024

Hon. Robert W. Lehrburger
United States Magistrate Judge, S.D.N.Y.

Re:   Avalon Holdings Corporation v. Guy Gentile, 18 cv 7291 (DLC) (RWL)
      New Concept Energy, Inc. v. Guy Gentile, 18 cv 8896 (DLC)(RWL)

Your Honor:

I am one of plaintiffs' counsel in each case captioned above and I write to request compulsion of the law firm of Olshan, Frome, Wolosky LLP in answering my request under Local Civil Rule 26.1 for disclosure of their client, Guy Gentile's, current residence and domicile address. The Olshan firm appears as attorney of record for Mr. Gentile in both the cases in this court as captioned above and in Mr. Gentile's appeals of those cases in the Second Circuit.

We have reason to believe that Mr. Gentile has changed his residence and domicile since the time of his service with process in the district court cases some five plus years ago. We further have reason to believe that he has probably relocated to an apartment in San Juan, Puerto Rico and that a high-end apartment in that city is highly likely to involve cooperative or condominium ownership.

As Mr. Gentile has chosen not to post a bond in his appeal, this court continues to have jurisdiction over enforcement proceedings in which his valid current address is relevant and Local Rule 26.1 does not require a showing of cause for compliance.

Local Civil Rule 26.1 mandates that the address of any party be disclosed under oath within seven days of demand. I made an informal request of Thomas Fleming, the Olshan attorney leading Mr. Gentile's representation, on or about April 21, 2024, received a refusal on or about April 23, 2024, and made a written demand on April 23, 2024, citing the local rule. Seven days later, on April 30, I received Mr. Fleming's E-Mail declining to comply with my demand on grounds that his firm's retention does not extend to defending collection matters.

My request for compliance with Local Rule 26.1 is not circumscribed by the details of the scope of Mr. Gentile's retainer. Mr. Gentile is a party to actions before the court and his compliance is mandatory. I respectfully move that he and his counsel be ordered to comply.

Very truly yours,

David Lopez