# OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: TFLEMING@OLSHANLAW.COM
DIRECT DIAL: 212.451.2213

May 3, 2024

BY ECF

Honorable Robert W. Lehrburger
United States District Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007

    Re:    *Avalon Holding Corp. v. Gentile, et al.*, Case No. 18-CV-7291 (DLC)(RWL)

              *New Concept Energy, Inc. v. Gentile, et al.*, Case No. 18-CV-8896 (DLC)(RWL)

Dear Judge Lehrburger:

    We write in response to Plaintiffs' May 2, 2024 letter requesting an order compelling our law firm, Olshan Frome Wolosky LLP ("Olshan"), to make disclosure under Local Civil Rule 26.1. Plaintiff's motion demonstrates a fundamental misunderstanding of both the rule's application and the scope of our obligations in a case that is now closed.

    To start, Local Civil Rule 26.1, by its express language, applies to parties, not counsel:

> A *party* shall furnish to any other *party*, within seven (7) days after a demand, a verified statement setting forth: (a) If the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332. (emphasis added)

    Olshan is not a party to this litigation and therefore not required to provide sworn statements regarding its client's domicile. Plaintiffs' insistence otherwise appears to be motivated by a desire to burden opposing counsel, rather than obtain information.

    Plaintiffs have also subpoenaed Olshan, requesting our firm, among other things, to "Set forth the most recent home address your records indicate for the Judgment Debtor." We advised

May 3, 2024
Page 2

Plaintiffs' counsel that we would comply with this request, but a motion to compel under the Local Civil Rule 26.1 followed nevertheless.

Second, Local Civil Rule 26.1 does not extend to post-judgment proceedings, which are governed by Rule 69(a)(2), FRCP, which provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided *in these rules or by the procedure of the state where the court is located*. (emphasis added)

The Local Civil Rules are not part of the Federal Rules of Civil Procedure or New York's Civil Practice Law and Rules. The Local Civil Rules do not expand the discovery available under Rule 69(a)(2), FRCP. This makes sense, as Local Civil Rule 26.1 was clearly intended to resolve issues concerning diversity jurisdiction.

Third, there has been no attempt by Plaintiffs to meet and confer on this matter, as is required by Local Rule 37.2. Such a failure not only flouts common legal courtesy but violates the Local Rules designed to avoid unnecessary motion practice.

Finally, as stated in Olshan's letter to the Court on May 2, 2024 (Avalon Dkt. No. 286; New Concept Energy Dkt. No. 270), this case is now marked "closed" on the docket and Olshan has not been retained to represent Mr. Gentile in any proceedings related to judgment enforcement. Our representation pertains only to the ongoing appellate matters. We have asked the District Court for permission to withdraw from post-judgment proceedings, if the Court docket indicates that we remain counsel notwithstanding the termination of the case.

Given these considerations, we respectfully request that the Court deny the motion for compulsion against Olshan.

12512454-6

May 3, 2024
Page 3

                                                        Respectfully submitted,

                                                        */s/ Thomas J. Fleming*

cc:     All counsel of record (via ECF)        Thomas J. Fleming

12512454-6