**MIRIAM TAUBER LAW**
885 Park Avenue 2A • New York, NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

May 15, 2024

<u>**Via ECF**</u>

Hon. Denise L. Cote, U.S.D.J. (S.D.N.Y.)

**Re:**   *Avalon Holdings Corp. v. Gentile*, et. al., No. 18-cv-7291;
*New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896

<u>**Plaintiffs' Response to Olshan's Application to Withdraw as Counsel for Mr. Gentile**</u>

Your Honor:

I write on behalf of the Plaintiffs and Judgment Creditors to respond to Olshan's application to withdraw as counsel for Mr. Gentile. (*Avalon* Dkt. 296; *New Concept* Dkt. 280).

Plaintiffs confirm that Olshan has provided its last known address in San Juan, Puerto Rico for Mr. Gentile in response to Plaintiffs' Information Subpoena, a fact known to them through their continued representation of Mr. Gentile.

Plaintiffs also served extensive document discovery demands on the Olshan firm prior to its announcement that it did not consider itself Mr. Gentile's attorney in post-judgment proceedings although it continued to have two active notices of appearance on file with this Court and it continued to make filings with the Clerk relating to Mr. Gentile's appeals. Plaintiffs did so in the good faith and reasonable belief that an attorney of record remains an attorney of record until he, she, or it successfully applies to the court to be relieved, and that application is granted. Plaintiffs' document requests had a long compliance date—until the end of this month—to allow ample time for Mr. Gentile to gather bank and brokerage and other records. Plaintiffs intend to press for compliance as they believe their requests to have been correctly and timely served.

Plaintiffs now intend to serve Mr. Gentile with additional enforcement discovery, including further document requests and deposition notices, as broadly permitted by F.R.C.P. 69(a). *See* Moore, Fed. Prac. §69.04 (2008) ("The purpose of discovery under Rule 69(a)(2) is to allow the Judgment Creditor to identify assets from which the judgment may be satisfied and consequently, the Judgment Creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor"). "Rule [69(a)] has been interpreted to permit judgment creditors wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Electric Wonderland, Inc*., No. 07 Civ. 3219 (PKC), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (internal quotations omitted); *see also Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 561 (S.D.N.Y. 1977) ("Rule 69(a) quite clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures ... including production of documents under Rule 34").

Plaintiffs will attempt to serve Mr. Gentile, in addition to Olshan, at the San Juan address Olshan provided. However, given Mr. Gentile's prior history of resisting service of the initial Avalon Complaint and of disclosure of his address, Plaintiffs anticipate that they will encounter

similar resistance in attempting to serve Mr. Gentile with additional discovery and other process relating to enforcement of the two judgments rendered by this court. In that event, Plaintiffs will look to Mr. Gentile's counsel of record to accept service on Mr. Gentile's behalf or otherwise facilitate service or, if Olshan is permitted to withdraw and if Mr. Gentile asks to proceed *pro se*, with a Court-approved mode of effecting service on him using the mails as would be the case with a represented party.

As noted in Plaintiffs' letter to the Court on May 5, 2024, Mr. Gentile's prior counsel was given permission to withdraw in view of the simultaneous appearance of Mr. Gentile's new lawyers at Olshan. Absent this "changing of the guard," permission would have been opposed by Plaintiffs

Those attorneys at Olshan have since remained Mr. Gentile's attorneys of record in these cases, in both the District Court until now and in the Court of Appeals. Plaintiffs respectfully request that no withdrawal be permitted unless and until substitute counsel for Mr. Gentile appears on the docket or a means of mail service be authorized if Mr. Gentile elects to proceed unrepresented by a member of the bar.

            Respectfully submitted,

            */s/ Miriam Tauber*
            Miriam Tauber
            *Attorney for Plaintiff/Judgment Creditors*
            *Avalon Holdings Corp.; New Concept Energy, Inc.*

cc: All counsel of record (via ECF)