UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AVALON HOLDINGS CORP., | * | |
| Plaintiff/ Judgment Creditor, | * | |
| v. | * | No. 18-cv-7291 (DLC) (RJL) (ECF Case) |
| GUY GENTILE and MINTBROKER INTERNATIONAL, LTD., | * | |
| | * | |
| Defendants/ Judgment Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOSEPH L. ELY III'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO QUASH PLAINTIFF/JUDGMENT CREDITOR'S SUBPOENA PURSUANT TO RULES 26 AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FOR SANCTIONS**

## TABLE OF CONTENTS

**<u>Page</u>**

TABLE OF AUTHORITIES ................................................................................................i, ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF AUTHORITY .......................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................................ 2

ARGUMENT

        A.    The Subpoena Should Be Quashed ………………..   4

CONCLUSION ..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**                                                                                                                               **Pages**

*Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*,
No. 16 Misc. 340 (CM), 2016 WL 6208288 (S.D.N.Y. Oct. 18, 2016)…….……………....…...1

*Bennett v. Cuomo*, No. 22CIV7846VSBSLC, 2024 WL 80271, at (S.D.N.Y. Jan. 8, 2024)……...1

*Blackrock Allocation Targer Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Assoc.*,
No, 14-CV-09371 (KPF)(SN), 2017 WL 9401102  (S.D.N.Y. Mar. 2, 2017)…………....…..……2

*Breaking Media, Inc. v. Jowers*, No. 21 MISC. 194 (KPF),
2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021)…………………………………………………….2

*Lynch v. City of New York*, No. 16-CV-7355
(LAP), 2021 WL 4652305 (S.D.N.Y. Oct. 5, 2021)…………………………………………….2

*Vital Farms, Inc. v. Tanz*, No. 23MC431GHWJLC,
2023 WL 8782321 (S.D.N.Y. Dec. 19, 2023)…………………………………………………..2

- ii -

| **Statutes** | **Pages** |
|---|---|
| Fed. R. Civ. P. 26 | 1, 4 |
| Fed. R. Civ. P. 45 | 1, 2 |

## PRELIMINARY STATEMENT

Joseph L. Ely III respectfully moves this Court, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, to quash Plaintiff/Judgment Creditor's subpoena dated June 6, 2024 seeking the deposition testimony of Joseph L. Ely III (the "Subpoena") on July 10, 2024 and further seeking related documents. Subpoena dated June 6, 2024 annexed to the Affirmation of Dana S. Gloor, Esq. dated June 18, 2014 ("Gloor Decl.") as Exhibit "A." For the reasons set forth herein, Joseph L. Ely III respectfully requests that the above-mentioned subpoena be quashed and a protective order should be issued.

## STATEMENT OF AUTHORITY

Fed. R. Civ. P. provides in relevant part: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." The Court, on motion or on its own, must limit the extent of discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. *See also Bennett v. Cuomo*, No. 22CIV7846VSBSLC, 2024 WL 80271, at *2 (S.D.N.Y. Jan. 8, 2024) and *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 16 Misc. 340 (CM), 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016).

Fed. R. Civ. P. 45 provides in relevant part: "If the subpoena commands the production of documents . . . then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). Also, "[A] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena . . . The issuing Court must enforce this duty and impose as appropriate sanction . . . on a party or attorney

1

who fails to comply." Fed. R. Civ. P. 45(c)(1). The Court, on timely motion, <u>must</u> quash or modify a subpoena that: "fails to allow reasonable time to comply ... requires disclosure of privileged or other protected matter, if no exception or waiver applies .. . [or] subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (Emphasis added).

To determine whether a burden is "undue," the Court should weigh the burden to the subpoenaed party against the value of the information to the serving party, considering factors such as relevance and the need of the party for the testimony, among other things. *See Vital Farms, Inc. v. Tanz*, 23-MC-431 (GHW (JLC), Slip Op. at 3 (S.D.N.Y. Dec. 19, 2023). In that case, the Court granted a non-party's motion to quash, finding that any probative value of the information that [the serving party] seeks is outweighed by the burden on the movant; the serving party did not need the movant's testimony, as the party had already obtained information from others, and therefore, the movant's testimony would be duplicative, and there was "nothing in the record to suggest that [the movant] would have meaningful testimony relevant to" the issues. *Id.* at 4 -5.

"In general, burden and expense are to be weighted more heavily when discovery is sought from non-parties." *Lynch v. The City of New York*, No. 16-CV-7355 (LAP), Slip Op. at 5 (S.D.N.Y. Oct. 5, 2021), *citing Blackrock Allocation Targer Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Assoc.*, No, 14-CV-09371 (KPF)(SN), 2017 WL 9401102 at *1 (S.D.N.Y. Mar. 2, 2017) *and Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("[T]he status of a witness as a non-party to the underlying litigation entitles the witness to consideration regarding expense and inconvenience").

In addition, Courts may impose sanctions for failing to take reasonable steps to avoid an undue burden on a witness to be deposed. *See, e.g., Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194 (KPF) (S.D.N.Y., Apr. 7, 2021) (Awarding the petitioner $19,312 in fees and $106.17 in costs as reasonable fees and expenses pursuant to Fed.R.Civ.P. 45(d)(1)). Plaintiff/ Judgment Creditor has failed to comply

with Rule 45(d)(1), in that Plaintiff/ Judgment Creditor is insisting on proceeding with a deposition after being notified that Mr. Ely has no responsive documents or relevant information.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about June 14, 2024 Mr. Ely was served with the Subpoena. Mr. Ely reviewed the Subpoena and determined that he has no documents responsive to the requests listed on Schedule A of the Subpoena. Mr. Ely also has no personal knowledge of the income, assets, liabilities or expenses of Guy Gentile, the Defendant/ Judgment Debtor.

Mr. Ely is the President and Chief Executive Officer of SpeedTrader, Inc., a small broker-dealer. It has 5 employees. (Mr. Gentile is not one of its employees; Mr. Gentile has not been employed by or associated with SpeedTrader, Inc., for over ten years.) Mr. Ely, like all of SpeedTrader's employees, has significant and time-sensitive responsibilities throughout the work day, every day. It is a substantial hardship on SpeedTrader and Mr. Ely to require him to be away from work and unavailable to his colleagues and to the firm's customers. Further, Mr. Ely suffers from chronic Lyme Disease that flares up from time to time, necessitating time out of the office and causing him fatigue, fever, and physical pain, among other symptoms. He is currently suffering from a recurrence of his Lyme Disease. He has missed work due to this illness, which means he will have to catch up when he returns, in addition to his ongoing daily responsibilities, all when he is fatigued and recovering from this flare-up of his Lyme Disease. It would thus be a very significant hardship to require him to appear for deposition in this matter.

Mr. Ely's counsel telephoned Plaintiff/Judgment Creditor's counsel on June 14, 2024, and advised that Mr. Ely has no responsive documents and no information about the Judgment Debtor's means relevant to satisfaction of the judgment. Counsel also advised Plaintiff/ Judgment Creditor's counsel that it would be a hardship on Mr. Ely to be required to appear for a deposition. During the call, Plaintiff/ Judgment Creditor's counsel acknowledged that Plaintiff/ Judgment Creditor has

3

identified at least one witness with knowledge of the facts she seeks. Although Plaintiff/ Judgment Creditor's counsel is aware that Mr. Ely does not have documents or knowledge of facts relevant to the collection efforts in this matter, and that at least one other witness does, Counsel nonetheless refused to release the Subpoena to Mr. Ely.

## ARGUMENT

### A.   The Subpoena Should Be Quashed.

Applying these principles set forth above in *Vital Farms, Inc. v. Tanz*, 23-MC-431 (GHW) (JLC), Slip Op. at 3 (S.D.N.Y. Dec. 19, 2023) here, the Motion should be quashed. Mr. Ely has no relevant testimony to offer and, as Plaintiff/Judgment Creditor has already identified at least one witness who has the knowledge and information it seeks, there is no need to put Mr. Ely to the burden of appearing for deposition. The burden on Mr. Ely substantially outweighs the (miniscule if not nonexistent) evidentiary benefit.

In addition, Mr. Ely is currently suffering from a recurrence of his Lyme Disease. He has missed work due to this illness, which means he will have to catch up when he returns, in addition to his ongoing daily responsibilities, all when he is fatigued and recovering from this flare-up of his Lyme Disease. In addition to the burden on Mr. Ely set forth above, it would also be a very significant hardship to require him to appear for deposition in this matter.

Therefore, the Subpoena should be quashed and the information sought therein denied.

## CONCLUSION

For the foregoing reasons, James E. Ely III respectfully requests that the Court issue an Order quashing plaintiffs subpoena, issue a Protective Order under Fed. R. Civ. P. 26, precluding the deposition of James E. Ely III, on the grounds that the Joseph E. Ely III has no relevant information and Plaintiff/Judgment Creditor has not demonstrated that Mr. Ely has unique information that cannot be obtained from another source, and for further relief, including sanctions, as the Court may deem just and proper.