UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AVALON HOLDINGS CORP., | * | |
| Plaintiff/ Judgment Creditor, | * | |
| v. | * | No. 18-cv-7291 (DLC) (RJL) (ECF Case) |
| GUY GENTILE and MINTBROKER INTERNATIONAL, LTD., | * | |
| | * | |
| Defendants/ Judgment Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOSEPH L. ELY III'S REPLY IN SUPPORT OF HIS MOTION TO QUASH**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i, ii

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................................. 2

ARGUMENT

        A.    Mr. Ely Does Not Have Possession, Custody Or Control Of Documents Belonging To His Employer. …………………………………………………………….. 2

        B.    The Subpoena Imposes An Undue Burden On Mr. Ely……………………………………………………..3

CONCLUSION ........................................................................................................................... 4

- i -

## TABLE OF AUTHORITIES

**Cases**                                                                        **Pages**

*American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kansas 2001)………………. 3

Blackrock Allocation Target Shares: Series S Portfolio v.
Wells Fargo Bank, Nat'l Ass'n, No. 14CV09371KPFSN,
2017 WL 9401102 (S.D.N.Y. Mar. 2, 2017)…………………………………………………... 3

Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996)………………. 3

In re Kuntz, 124 S.W.3d 179 (Tex. 2003)………………………………………………….. 3

Lynch v. City of New York, No. 16-CV-7355 (LAP),
 2021 WL 4652305 (S.D.N.Y. Oct. 5, 2021)……………………………………………. 3

Vital Farms, Inc. v. Tanz, No. 23MC431GHWJLC,
2023 WL 8782321 (S.D.N.Y. Dec. 19, 2023)…………………………………………... 3

- ii -

| **Statutes** | **Pages** |
|---|---|
| Fed. R. Civ. P. 26 ……………………………………………………………………………….4 | |
| Fed. R. Civ. P. 45…………………………………………………………………………………..1 | |

## INTRODUCTION

Joseph L. Ely III has moved to quash Plaintiff/ Judgment Creditor Avalon Holdings Corp.'s subpoena dated June 6, 2024 (the "Subpoena") seeking his deposition testimony and production of documents on July 10, 2024, because (a) he does not have responsive documents to the Subpoena nor knowledge of the income, assets, liabilities or expenses of the Judgment Debtor (which the Subpoena defines as "Defendant Guy Gentile"), (b) Mr. Ely's counsel notified Plaintiff/ Judgment Creditor's counsel of these facts and informed counsel that it would be a hardship on Mr. Ely to appear for deposition, and (c) Plaintiff/ Judgment Creditor nonetheless insists on proceeding with the deposition. Accordingly, since Plaintiff/ Judgment Creditor has violated the mandate of Fed. R. Civ. P. 45(c)(1) requiring it to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena, and the Subpoena in fact imposes an undue burden on Mr. Ely, the Court "must" quash the Subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A).

Plaintiff/ Judgment Creditor opposes this motion, essentially taking the position that because Plaintiff/ Judgment Creditor believes that Mr. Ely's *employer* may have documents that would be responsive to the Subpoena, *Mr. Ely personally* is subject to subpoena for those documents and that Mr. Ely personally should be required to appear for deposition despite his lack of personal knowledge of the income, assets, liabilities or expenses of the Judgment Debtor. Plaintiff/ Judgment Creditor thus conflates Mr. Ely with the corporation for which he works, ignoring that Plaintiff/ Judgment Creditor directed the Subpoena to Mr. Ely personally, and not to his employer. Plaintiff/Judgment Creditor also complains about perceived/ alleged discovery issues by the Defendants in this matter, but Mr. Ely is not a party to this matter and, before receiving the Subpoena, was not involved in it in any way.[1]

Further, Plaintiff/ Judgment Creditor *admits* in its opposition memorandum that it has

---

[1] Plaintiff/ Judgment Creditor also takes issue with the Declaration Of Dana S. Gloor attached to Mr. Ely's motion, characterizing it as hearsay. To avoid any argument over the evidentiary value of the Gloor Declaration, Mr. Ely's Declaration, confirming the facts set forth in the Gloor Declaration, is attached.

1

scheduled the deposition *of the Judgment Debtor* for July 1, 2024 (before the deposition date set forth in the Subpoena) and Plaintiff/ Judgment Creditor admits that it plans to subpoena other related parties with knowledge of this matter. In other words, Plaintiff/ Judgment Creditor has no evidentiary need for Mr. Ely's testimony.

In short, Plaintiff/ Judgment Creditor's arguments are without merit. For the reasons stated in Mr. Ely's motion and below, his motion to quash and for sanctions should be granted.

## STATEMENT OF RELEVANT FACTS

In its opposition memorandum, Plaintiff/ Judgment Creditor contends that Defendant/ Judgment Debtor Mintbroker International, Ltd., maintained an account through SpeedTrader, Inc. (then known as Mint Global Markets, Inc.), until March 2019.

As discussed in Mr. Ely's motion to quash and his accompanying Declaration, Mr. Ely is the President and Chief Executive Officer of SpeedTrader, Inc. He commenced his present employment with SpeedTrader, Inc., in **November 2020.** *See* ¶ 5 of the Declaration of Joseph L. Ely III annexed hereto as **Exhibit A.** Plaintiff/ Judgment Creditor states that Defendant/ Judgment Debtor Mintbroker International, Ltd., maintained an account through SpeedTrader, Inc., until March 2019. By the end of March 2019, all assets had been transferred out of the account.

## ARGUMENT

A. Mr. Ely Does Not Have Possession, Custody Or Control Of Documents Belonging To His Employer.

A witness served with discovery in his personal capacity does not have "possession, custody or control" of corporate documents belonging to his employer; an employee's mere access to corporate documents does not constitute possession of those documents. *In re Hal G. Kuntz*, 124 S.W.3d 179, 183-84 (Sup.Ct. Tex. 2003). *See American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kansas 2001) (Holding that the proper avenue for seeking a corporate employer's documents is through a

subpoena to the corporation).

The Subpoena is addressed to Mr. Ely in his personal capacity. He does not have possession. custody or control of any documents belonging to SpeedTrader, Inc.

### B. The Subpoena Imposes An Undue Burden On Mr. Ely

As discussed in the motion to quash, to determine whether a burden is "undue," the Court should weigh the burden to the subpoenaed party against the value of the information to the serving party, considering factors such as relevance and the need of the party for the testimony, among other things. *See Vital Farms, Inc. v. Tanz*, 23-MC-431 (GHW (JLC), Slip Op. at 3-5 (S.D.N.Y. Dec. 19, 2023). "In general, burden and expense are to be weighted more heavily when discovery is sought from non-parties." *Lynch v. The City of New York*, No. 16-CV-7355 (LAP), Slip Op. at 5 (S.D.N.Y. Oct. 5, 2021), *citing Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Assoc.*, No, 14-CV-09371 (KPF)(SN), 2017 WL 9401102 at *1 (S.D.N.Y. Mar. 2, 2017) *and Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("[T]he status of a witness as a non-party to the underlying litigation entitles the witness to consideration regarding expense and inconvenience").

In this case, Mr. Ely is a non-party. He has no meaningful testimony to offer, as Mr. Ely has no personal knowledge of the facts that Plaintiff/ Judgment Creditor seeks to explore. Plaintiff/ Judgment Creditor does not need Mr. Ely's testimony, as it has obtained and will obtain the information from the people who *do* have personal knowledge. Any potential probative value of his deposition testimony is outweighed by the burden on him, given his company's need for his presence and the additional difficulties caused by his Lyme Disease. Plaintiff/ Judgment Creditor's "offer" to depose Mr. Ely at night (after a long day of work) or over a weekend does not alleviate the burden.

Similarly, the potential that Mr. Ely *might* be SpeedTrader, Inc.'s corporate designee *if* SpeedTrader, Inc., were served with a subpoena under Rule 30(b)(6) -- which it has not been -- does

3

not entitle Plaintiff/ Judgment Creditor to take his deposition in his personal capacity now.

## CONCLUSION

For the reasons set forth in the motion and above, Joseph L. Ely III respectfully requests that the Court issue an Order quashing Plaintiff's subpoena, issue a Protective Order under Fed. R. Civ. P. 26, precluding the deposition of Joseph L. Ely III, on the grounds that the Joseph L. Ely III has no relevant information and Plaintiff/Judgment Creditor has not demonstrated that Mr. Ely has unique information that cannot be obtained from another source, and for further relief, including sanctions, as the Court may deem just and proper.

Dated:  June 26, 2024

**BARITZ & COLMAN LLP**
The Woolworth Building
233 Broadway, Suite 2020
New York, New York 10279
Tel:  212-886-1693
Fax:  212-886-1694

By:   /s/ David Richan
        David S. Richan, Esq.

*Attorneys for Non-Party Joseph L. Ely III*