```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :    18cv7291 (DLC)
AVALON HOLDINGS CORP.,                     :    18cv8896 (DLC)
                                           :
                     Plaintiff,            :
           -v-                             :         ORDER
                                           :
GUY GENTILE and MINTBROKER                 :
INTERNATIONAL, LTD.,                       :
                                           :
                     Defendants.           :
                                           :
----------------------------------------- X
                                           :
NEW CONCEPT ENERGY, INC.,                  :
                                           :
                     Plaintiff,            :
           -v-                             :
                                           :
GUY GENTILE and MINTBROKER                 :
INTERNATIONAL, LTD.,                       :
                                           :
                     Defendants.           :
----------------------------------------- X
```

DENISE COTE, District Judge:

On or about June 14, 2024, plaintiff/judgment creditor served a subpoena on petitioner Joseph L. Ely III seeking deposition testimony and related documents pursuant to Rules 26 and 45, Fed. R. Civ. P. On June 18, petitioner moved to quash the subpoena on the grounds that it subjects him to an "undue burden" pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv).

Under Rule 45(d), a court must quash or modify a subpoena if, among other things, it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "[T]he burden of persuasion in

a motion to quash a subpoena . . . is borne by the movant." Dukes v. NYCERS, 331 F.R.D. 464, 469 (S.D.N.Y. 2019) (citation omitted); see also Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

Plaintiff/judgment creditor agreed to accommodate petitioner's requests to minimize any burden, including by conducting the deposition remotely. Petitioner has not met his burden to show that requiring him to sit for a remote deposition imposes an undue burden on him. Accordingly, it is hereby

ORDERED that petitioner's motion to quash is denied.

Dated:   New York, New York
         June 28, 2024

                                    _____
                                            DENISE COTE
                                    United States District Judge

2