UNITED STATES DISTRICT COURT
SOUTHERN DSTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, et. al., <br><br> Defendant. | Case No. 18 Civ. 7291 (DLC) (RJL) <br><br> ECF Case |

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL GENTILE'S
PRODUCTION OF DOCUMENTS AND ORAL DEPOSITION TESTIMONY**

Plaintiff Avalon Holdings Corp. submits this Brief in support of its Motion to Compel Defendant Guy Gentile's Production of Documents and Oral Deposition Testimony in response to Plaintiff's subpoena as provided by F.R.C.P. 69(a)(2).

**BACKGROUND**

Final judgment was entered in favor of Plaintiff and against Guy Gentile on March 30, 2024, in the amount of $8,219,175, including pre-judgment interest. (Dkt. 281.) Post-judgment interest continues to accrue. Guy Gentile filed a Notice of Appeal on April 16, 2024 (Dkt. 282). No bond or security has been posted as required to stay execution for more than 30 days following entry of the Judgment under F.R.C.P. 62(b).

Plaintiff obtained a Writ of Execution from the Clerk of Court on April 29, 2024. On May 6, 2024, the Court entered an order directing the Clerk to certify the Judgment for registration in other districts "for good cause shown." (Dkt. 293.) Plaintiff has since registered the

1

Judgment in the District of Puerto Rico at No. 3:24-mc-00187-GMM (D.P.R., Registration filed May 15, 2024).

On May 30, 2024, Plaintiff's counsel sent a Restraining Notice along with a Subpoena *Duces Tecum* and Deposition Notice (the "Document/Deposition Subpoena") addressed to the Defendant and Judgment Debtor, Guy Gentile, by email to his attorney of record, Thomas Fleming of Olshan Frome Wolosky LLP, in New York. On May 31, 2024, service was also made by sending a copy of the Restraining Notice and Document/Deposition Subpoena by certified mail, return receipt requested to the Olshan firm (Attention: Thomas Fleming) as counsel for Gentile). The return receipt was signed on behalf of Olshan on June 1, 2024, and returned to Plaintiff's counsel on June 6, 2024. For the avoidance of doubt, Plaintiff also effected personal service of the Restraining Notice and Document/Deposition Subpoena on Olshan (Attention: Thomas Fleming), as counsel for Gentile on June 13, 2024. (*See* accompanying Affirmation of Miriam Tauber ("Tauber Aff."), and appended Exhibits).

Upon information and belief, Gentile continues to conduct his business without regard to the Restraint placed upon him and third-party inquiries indicate that Mr. Gentile is liquidating assets and relocating abroad, address not yet known.

The Subpoena allowed Mr. Gentile more than 30 days to produce documents and noticed his oral Deposition for July 1, 2024, either in-person or via Zoom at Gentile's election. Neither Gentile nor his attorney has responded to the Subpoena or even contacted Plaintiff's counsel to confirm receipt. On July 1, 2024, Mr. Gentile failed to appear for his noticed Deposition, and no documents whatsoever were produced on or prior to that date.

As described in Plaintiff's pre-motion letter (Dkt. 314), on July 1, 2024, Plaintiff's counsel David Lopez conferred with Thomas Fleming, Gentile's attorney of record at Olshan, in

advance of filing this Motion. The Court permitted Plaintiff to file this Motion on July 2, 2024. (Dkt. 315). Plaintiff now moves for an Order compelling Gentile's compliance with the Subpoena by producing responsive documents and appearing for the noticed Deposition on a date certain by August 1, 2024 (i.e., within 30 days of the originally noticed date of July 1, 2024), under penalty of a finding of contempt of Court should he fail to comply.

Gentile's counsel of record Thomas Fleming denies any role in representing Gentile in District Court enforcement proceedings. (*See* Dkt. 314.) Plaintiff respectfully reminds the Court that Mr. Fleming previously applied for leave for the Olshan firm to withdraw as Gentile's attorney of record in proceedings before this Court. In response to that request, on May 17, 2024, the Court entered an order conditioning withdrawal on Olshan's informing the Court of an alternative means of serving Mr. Gentile with case filings. *See* Order at Dkt. 300:

> "It is hereby ORDERED that **Olshan shall consult with Gentile as to an acceptable method of service**, whether that be U.S. mail to the address provided to plaintiffs' counsel, e-mail to a designated email address provided by Olshan, or other agreed-upon method.
>
> IT IS FURTHER ORDERED that **Olshan will advise the Court by May 22 as to which method of service Gentile has agreed to.** ***Once Gentile has agreed to a method of service and Olshan has communicated that method to the Court, Olshan's motion to withdraw will be approved***."

By letters dated May 22 and May 29, 2024, Mr. Fleming informed the Court that he was unable to confer with his client to designate an alternative acceptable method of service as the Court required prior to his and Olshan's withdrawal as Gentile's counsel. (*See* Dkts. 301, 304.)

On June 12, 2024, the Court again ordered: "***Once Gentile has agreed to accept service at a designated address,*** **the Olshan's request to withdraw as his counsel will be granted."** (Dkt. 307, emphasis added).

3

Olshan has not complied with the Court's order requiring the designation of an alternative means of service prior to withdrawing as Gentile's counsel of record. Hence, Olshan continues to be Gentile's attorney of record in proceedings before this Court.

**<u>ARGUMENT</u>**

F.R.C.P. 69(a)(2) permits a Judgment Creditor to obtain discovery from any person, including the Judgment Debtor, to identify assets upon which execution may be made. "The purpose of discovery under Rule 69(a)(2) is to allow the Judgment Creditor to identify assets from which the judgment may be satisfied and consequently the Judgment Creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." Moore's Fed. Prac. §69.04 (2008).

"Rule [69(a)] has been interpreted to permit judgment creditors wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.,* No. 07 Civ. 3219 (PKC), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (quoting *Gibbons v. Smith,* No. 01 Civ. 1224 (LAP), 2010 WL 582354, at *3 (S.D.N.Y., Feb 11, 2010));  see also *Magnaleasing, Inc. v. Staten Isl. Mall,* 76 F.R.D. 559, 561 (S.D.N.Y 1977) ("Rule 69(a) quite clearly entitles a judgment creditor to utilized the full panoply of federal discovery measures … including production of documents under Rule 34"); *Donoghue v. Astro Aerospace Ltd.,* No. 19-CV-7991 (JPO), 2022 WL 17095249 (S.D.N.Y. Nov. 21, 2022).

If a motion to compel post-judgment discovery is granted, the Court must require the party and/or the attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *See* F.R.C.P. 37(a)(5)(A): ("(5) <u>Payment of Expenses</u>…(A) If the Motion is Granted</u> …  the court must, after giving an opportunity

4

to be heard, require the party or deponent whose conduct necessitated the motion, ***the party or attorney advising that conduct**, <u>or both</u>* to pay the movant's reasonable expenses incurred in making the motion, *including attorney's fees*") (emphasis added.)

**Service of the Restraining Notice and Subpoena has been validly (and repeatedly) made on Gentile via Olshan as Gentile's counsel of record.**

F.R.C.P. 69(a)(1) provides: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." The N.Y. C.P.L.R governs the relevant procedure for service and provides for service on a party's attorney of record, and for service of restraining notices and enforcement subpoenas by certified mail, return receipt requested. *See* N.Y. C.P.L.R. §§ 2103, 5222-5224. Plaintiff served the Restraining Notice and Subpoena in accordance with this procedure, in addition to effecting personal service for the avoidance of doubt. (*See* Tauber Aff., Exhibits.)

The Court should order Gentile to respond to the Subpoena by producing relevant documents and appearing for a live oral deposition on or before August 1, 2024, **under threat of a finding of contempt of Court should he fail to comply**. *See* N.Y. C.P.L.R. §5251 ("**<u>Disobedience of subpoena, restraining notice or order</u>**; <u>false swearing</u>; …. Refusal or willful neglect of any person to obey a subpoena or restraining notice issued, or order granted, pursuant to this title; false swearing upon an examination … **shall each be punishable as a contempt of court**") (emphasis added).

**CONCLUSION**

In view of Gentile's total and inexcusable failure to respond to the Subpoena, Plaintiff respectfully requests that the Court enter an Order:

1. Directing the Defendant to respond to Plaintiff's outstanding Subpoena, <u>on or before August 1, 2024</u>, by:
   (a) <u>producing relevant documents</u>; and
   (b) <u>appearing for a live oral deposition</u> (either in-person or via Zoom).

2. Permitting the Plaintiff to file a motion for attorney's fees and expenses incurred in connection with this Motion, to be paid <u>either by the Defendant or Olshan as the Defendant's counsel of record</u>, pursuant to F.R.C.P. 37(a)(5)(A).

3. Directing the Defendant and/or his counsel of record to acknowledge service and receipt of the Restraining Notice and requiring the Defendant to <u>comply with the terms of the Restraints</u> placed upon him.

4. Notifying the Defendant that failure to comply may subject him to a possible finding of <u>contempt of Court.</u>

5. Granting any additional or different relief that the Court may deem just and proper.

Dated:  Southampton, New York
          July 8, 2024

                                                  Respectfully submitted,

*/s/ David Lopez*                                                              */s/ Miriam Tauber*

David Lopez, Esq. (DL-6779)                      Miriam Tauber (MT-1979)
LAW OFFICES OF DAVID LOPEZ              MIRIAM TAUBER LAW PLLC
171 Edge of Woods Road, P.O. Box 323     885 Park Avenue, # 2A
Southampton, New York 11968                  New York, New York 10075
(631)287-5520                                                  (323) 790-4881
DavidLopezEsq@aol.com                             MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff / Judgment Creditor Avalon Holdings Corp.*

6