UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18 Civ. 7291 (DLC) (RJL) <br><br> ECF Case |

## RESTRAINING NOTICE TO JUDGMENT DEBTOR

**WHEREAS**, in the above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff Avalon Holdings Corp. (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,219,175, of which $8,219,175 remains due, plus post-judgment interest from March 20, 2024.

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (N.Y.C.P.L.R.), which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt, except as therein provided.

1

**NEW YORK CIVIL PRACTICE LAW AND RULES (N.Y.C.P.L.R.)**

  Section 5222(b) Effect of restraint: prohibition of transfer; duration. A Judgment Debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff [United States Marshal][1] or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the Judgment Creditor has stated in the notice that a specified debt is owed by the person served to the Judgment Debtor or that the Judgment Debtor has an interest in specified property in the possession or custody of the person served. All property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the Judgment Debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff [Marshal], except upon the sheriff [Marshal] or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A Judgment Creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the Judgment Debtor, for any damages sustained by reason of the restraint. If a Garnishee served with a restraining notice withholds the payment of money belonging or owed to the Judgment Debtor in an amount equal to twice the amount due on the Judgment, the restraining notice is not effective as to other property or money.

  **TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Dated: May 30, 2024

_____
Miriam Tauber
*Attorney for Plaintiff/Judgment Creditor*
*Avalon Holdings Corp.*

---

[1] Because this Judgment was issued in a federal court proceeding, collection by and payment to the U.S. Marshal is required instead of the sheriff.

**NOTICE TO JUDGMENT DEBTOR OR OBLIGOR (PER N.Y. C.P.L.R. § 5222(e))**

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt."

The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI).

2. Social security.

3. Public assistance (welfare).

4. Spousal support, maintenance (alimony) or child support.

5. Unemployment benefits.

6. Disability benefits.

7. Workers' compensation benefits.

8. Public or private pensions.

9. Veterans benefits.

10. Ninety percent of your wages or salary earned in the last sixty days.

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments.

12. Railroad retirement.

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY.

You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under N.Y.C.P.L.R. §§ 5222, 5239, 5240. If you do not have a lawyer, the Clerk of the Court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (N.Y.C.P.L.R. Art. 4; N.Y.C.P.L.R. §§ 5239, 5240) provides a procedure for determination of a claim to an exemption.

**CERTIFICATE OF SERVICE**

I, MIRIAM TAUBER, hereby certify that I sent the Defendant/Judgment Debtor the foregoing RESTRAINING NOTICE TO JUDGMENT DEBTOR on May 30, 2024, with copies to counsel, as follows:

  **By certified mail and**
**By email to counsel for Defendant/Judgment Debtor:**

    Thomas Fleming
    OLSHAN FROME WOLOSKY LLP
    TFleming@olshanlaw.com

                                Miriam Tauber
                                *Attorney for Plaintiff/Judgment Creditor*
                                *Avalon Holdings Corp.*