UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
AVALON HOLDINGS CORP,

                  Plaintiff,

    -v-

GUY GENTILE And MINTBROKER
INTERNATIONAL, LTD.,

                  Defendants.
---------------------------------------------------------X

18-cv-7291 (DLC)

Related But Not A Movant:
---------------------------------------------------------X
NEW CONCEPT ENERGY, INC.,

                  Plaintiff,

GUY GENTILE And MINTBROKER
INTERNATIONAL, LTD.,

                  Defendants.
---------------------------------------------------------X

18-cv-8896(DLC)

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL DEFENDANT GUY GENTILE TO
## COMPLY WITH PLAINTIFF'S POST-JUDGMENT SUBPOENAS
## IN AID OF ENFORCEMENT AND APPLICATION FOR A BENCH WARRANT
## FOR HIS CIVIL ARREST

### OVERVIEW

Judgment in the amount of $8,219,175 inclusive of pre-judgment interest was entered on March 14, 2024, Dkt #. 281, in favor of Avalon Holdings Corp. and against Guy Gentile. In an effort to identify assets of Mr. Gentile subject to collection an information suppoena with document discovery requests and and a testimonial subpoena were served on various dates and by various

1

means during May, 2024, upon Mr. Gentile's attorney of record in these proceedings, Thomas Fleming, Esq.

The return date and the date for Mr. Gentile's deposition on oral questions was noticed to be July 1, 2024. Prior to that date neither Mr. Gentile nor Mr. Fleming contacted Plaintiff's counsel nor did they produce any of the documents subpoenaed. On July 1, 2024, Mr. Gentile failed to appear at the appointed place and time for his deposition, nor has he been heard from since by plaintiff's counsel.

In response to a subpoena served on Mr. Fleming, he provided a last known address for Mr. Gentile, 101 Avenida de Diergo, Apt S-2202, San Juan, Puerto Rico 00911, Correspondence sent to Mr. Gentile at that address has been returned as undeliverable. Process servers sent to that address have reported back that Mr. Gentile is not in residence. A telephone number for Mr. Gentile provided by Mr. Fleming, when dialed, produces a recording announcing the number is disconnected. An e-mail address provided plaintiff's counsel produces, when employed, a notice from the e-mail service provider that the address is not operational.

Plaintiff's counsel have served information subpoenas on Mr. Gentile's prior counsel in this case, Adam Ford, Esq., requesting Mr. Gentile's last known address and contact information. All attempts to utilize this information have produced similar results of non-residence and disconnection of electronic means of communication. A further subpoena has been served on Mr. Ford, has not been responded to except for claims by Mr. Ford that he has been otherwise engaged, and will shortly be the subject of a motion to compel.

At the direction of the court, given in open court at the hearing of July 23, 2024, Plaintiff's counsel on August 7, 2024, spoke with Alice K. Sum, Esq., trial counsel in the action captioned "Securities & Exchange Commission v. Guy Gentile …", United State District Court, Southern

District of Florida, 21-cv- 21079. Plaintiff's counsel inquired of her as to the outcome of the recent trial in the case she was prosecuting against Mr. Gentile and he was informed that Mr. Gentile was found by a jury to have committed all wrongful acts pleaded. Those charges are in the nature of conducting an offshore securities brokerage business soliciting U.S persons while evading registration with and supervision by the U.S. Securities & Exchange Commission. Plaintiff's counsel inquired as to the manner of service on Mr. Gentile in that action and was informed that service by publication was effected pursuant to court order following unsuccessful attempts to serve him personally. Plaintiff's counsel inquired as to whether Ms. Sum had a more recent last known address and she said she had not. She also volunteered that Mr. Gentile failed to appear in court following his testimony and was not present for announcement of the verdict and that unconfirmed rumors had him having relocated to Dubai in the United Arab Emirates. No forwarding address was known to her.

Mr. Gentile is known to Plaintiff's counsel to have a passport in his name issued by the United States and a second passport under the name of "Guy Gentile Nigro", issued by the Republic of Italy. Mr. Gentile during the past five years has resided in Puerto Rico and in The Bahamas and additionally has business interests in the United Kingdom and Canada.

Plaintiff's counsel has caused numerous property, bank and brokerage account searches to be made with the results that all onshore United States assets that he has been able to identify to date appear to have been closed, transferred by "sale", or have been transferred to an offshore situs during the pendency of this suit. Mr. Gentile appears to have deliberately delayed proceedings in this and in the related case brought by New Concept Energy, Inc. to provide himself with time to liquidate and remove his assets from the immediate reach of the court.

Plaintiff's lack of access to Mr. Gentile's books and records made possible by his flouting of the subpoenas *duces tecum* and *ad testifcandum* which were served upon his attorney of record in this matter, Thomas Fleming, Esq., have greatly hampered Plaintiff's efforts at execution of the court's judgment in this and the related case.

It is doubtful that a fine or monetary penalty will have sufficient persuasive effect on Mr. Gentile to cause him to comply if the cumulative judgments in this case and in the related case amounting in the aggregate to more than $16,000,000 have not. Accordingly Plaintiff respectfully seeks the issuance of a bench warrant for Mr. Gentile's civil arrest and delivery to the court to encourage and persuade his obedience to the court's judgments, subpoenas and discovery demands.

The balance of discussion in this memorandum is guided principally by the Second Circuit's teaching in *CBS Broadcasting, Inc. et al. v. Filmon.com, Inc.*, 814 F.3d 91 (2d Cir. 2016),

### POINT I. THE DISCOVERY DEMANDS OF THE PLAINTIFF WERE CLEAR AND UNAMBIGUOUS AS WAS MR. GENTILE'S CONTEMPT

**i) Clear and Unambiguous**

True copies of the *subpoena duces tecum*, of the inventory of documents sought thereby and of the *subpoena ad testificandum* seeking Mr. Gentile's deposition on oral questions, returnable July 1, 2024, were served on Mr. Gentile through mail, e-mail and personal service on Mr. Gentile's attorney of record in this case, Thomas Fleming, Esq.

The documents sought to be produced by Mr. Gentile are routine in enforcement proceedings and include bank and brokerage statements for periods encompassing the pendency of this suit, copies of tax returns, property deeds and the like. The only request slightly out of the ordinary is a request for documentation evidencing dealings in cryptocurrency – a sign of the times and of the technological expansion of hiding places – and mention of offshore financial accounts

4

justified by Mr. Gentile's history of dealings in The Bahamas, The United Kingdom, Canada and Switzerland. The prior name of Mintbroker International, Inc., 99% owned by Mr. Gentile, 1% owned by one of his attorneys, was or are variants of the words "Swiss American".

Equally clear and unambiguous are Mr. Gentile's and his counsel's failure to produce a single scrap of paper or magnetic medium responsive to the subpoenas' enumeration of documents sought and Mr. Gentile's failure to appear to be examined at the time and place designated in his subpoena and failure to communicate with Plaintiff's counsel prior to or at the appointed time for examination or thereafter.

## POINT II. THERE IS CLEAR AND CONVINCING PROOF OF NONCOMPLIANCE

There can be no doubt that Mr. Gentile is subject to the *in personam* jurisdiction of the court. For over five years he has litigated his case through various counsel of his choice to an adverse judgment.

In recent months, while Mr. Fleming, Mr. Gentile's current attorney of record in this case, has been pursuing appeals to the Second Circuit of the judgment in this case and in the related case of *New Concept Energy*, Mr. Gentile has ignored his continuing obligations to this court in post-judgment enforcement proceedings. Mr. Fleming, has moved the court to be relieved as attorney of record and the court has granted that request conditioned on Mr. Fleming's providing the court and Plaintiff with an alternative means of serving court papers on Mr. Gentile. This Mr. Fleming has failed to do, averring most recently in open court at the hearing of July 23, 2024, that Mr. Gentile has ceased communicating with him, has apparently abandoned his last known address such that court papers served on Mr. Fleming by Plaintiff and forwarded by him to Mr. Gentile's last known address have been returned by the postal service as undeliverable; and that Mr. Gentile has stopped paying his legal bills.

It appears that Mr. Gentile has taken it upon himself to treat this court as no longer having *de facto* jurisdiction over him while continuing to pursue his appeals. Mr. Fleming disavows any role in this maneuver and interposes no excuse for, or defense of, it.

This record and Mr. Fleming's representations in open court on July 23, 2024, are the clearest of convincing proofs of willful noncompliance by Mr. Gentile with the commands of this court represented by its subpoenas properly and redundantly served on Mr. Fleming as his attorney of record.

## POINT III. PLAINTIFF HAS MADE DILIGENT ATTEMPTS TO ACHIEVE COMPLIANCE. MR. GENTILE HAS ABSOLUTELY NOT.

We approach the question of diligence from two perspectives: diligence by the Plaintiff to obtain compliance; and the total lack of diligence by Mr. Gentile to comply with discovery commands.

The supporting affirmation of David Lopez describes diligent efforts by Plaintiff's counsel to obtain compliance from Mr. Gentile with the various discovery devices employed. Those efforts have been thwarted and rendered ineffectual by what appears to be a plan of action by Mr. Gentile to remove himself and his assets from the reach of the court and to ignore all attempts to communicate with him. Plaintiff's counsel have done what can reasonably be expected of them under the circumstances.

With respect to Mr. Gentile's diligence, the evidence suggests that it has been expended with much advance planning in moving to sunnier climes, not to obeying the commands of this court. The total absence of effort directed toward complying with the court's judgment and, more to the immediate point, of compliance with the subpoenas setting out documents to be produced and oral testimony to be given, does not allow for claims in mitigation. Instead all indications are that Mr. Gentile, as the return dates approached, headed to the airport and removed himself from

contact with his attorney and with Plaintiff's counsel, his assets having preceded him to foreign climes. It appears that in his mind he is beyond the reach of the court and Mr. Gentile has absconded to a sunny place for shady people (with apologies to Somerset Maughm who was speaking at the time of Monte Carlo.)

## POINT IV. MR. GENTILE HAS SHOWN UTTER CONTEMPT OF THIS COURT AND OF ITS DIGNITY AND SHOULD BE SANCTIONED.

Upon the record Mr. Gentile's contempt is total and unmitigated, a willful and premeditated plan long in gestation to liquidate assets and either conceal the proceeds or move them and, most likely himself, offshore. If there is any mitigating explanation, let Mr. Gentile or his attorney of record present it. Or, let Mr. Gentie purge himself of his contempt by complying with his discovery obligations.

Ii appears to a moral certainty that Mr. Gentile has taken it upon himself to abscond from this district to avoid compliance with the judgment of the court and of its supervision of enforcement proceedings in aid of execution. As previously stated, sanctions limited to monetary penalties are unlikely to persuade him to cooperate. Should the court choose to apply monetary sanctions plaintiff will not oppose. But avoidance of even the appearance of a punitive intent argues against the giving of any appearance of the sanction being criminal in nature. If so construed it would arguably imply that their imposition compelled trial by jury. That possibility counsels that the sanction be inarguably coercive in nature, a civil matter, and not punitive, a criminal matter. *See: New York State Nat'l Org For Women v. Terry,* 159 F. 3d 86, 93 (2d Cir. 1998); *CBS Broadcasting Inc., v. Filmon.com, Inc., supra.; Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.,S. 821, 837-38, 112 S.Ct. 2552, L.Ed 2d 642 (1994).

We urge that a bench warrant issue naming Mr. Gentile as the object of civil arrest if as and when he comes within the reach of the court and allowing him to purge himself of a finding of

7

contempt by complying with outstanding discovery demands including submitting to an examination at a deposition on oral questions. We further urge that any and all passports in his possession including but not limited to his United States passport standing in the name of Guy Gentile and his Republic of Italy passport standing in the name of Guy Gentile Nigro be ordered surrendered to the court until further order and confiscated by the United States Marshal's Service, the Customs and Immigration Service or any other law enforcement agency responsive to this court's orders.

## CONCLUSION

Guy Gentile, a/k/a Guy Gentile Nigro should be declared in contempt of this court's subpoenas and judgment for having ignored them, having failed to provide documents subpoenaed, and having failed to appear for his examination at deposition on oral questions when subpoenaed to do so. A bench warrant for his arrest and delivery into court is requested..

Dated: Southampton, New York
August 14, 2024

Respectfully,

David Lopez, Esq.
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
Tel: 631.287.5520
DavidLopezEsq@aol.com

*Attorney for Plaintiff*
*Avalon Holdings Corp.*