UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

AVALON HOLDINGS CORP,  :
                                                :
                                Plaintiff,      :
                                                :                    18-cv-7291 (DLC)
        -v-                                     :
                                                :
GUY GENTILE And MINTBROKER          :
INTERNATIONAL, LTD.,                       :
                                                :
                                Defendants.  :
------------------------------------------------------------X

Related To, But Not A Movant:
------------------------------------------------------------X

NEW CONCEPT ENERGY, INC.,         :
                                                :
                                Plaintiff,      :
                                                :                    18-cv-8896(DLC)
GUY GENTILE And MINTBROKER          :
INTERNATIONAL, LTD.,                       :
                                                :
                                Defendants.  :
------------------------------------------------------------X

**AFFIRMATION OF DAVID LOPEZ, ESQ. IN SUPPORT OF
MOTION TO COMPEL DEFENDANT GUY GENTILE TO
COMPLY WITH PLAINTIFF'S POST-JUDMENT SUBPOENA
IN AID OF ENFORCEMENT ANF APPLICATION FOR A BENCH WARRANT
FOR HIS CIVIL ARREST**

DAVID LOPEZ, a member of the bar of this court, affirms the following upon his oath as

an attorney, intending the penalties of perjury to apply:

1. I am one of the attorneys of record for the movant herein, Avalon Holdings Corp., and

I make this affirmation of my own knowledge or, where indicated herein, upon information and

belief which I consider reliable and accurate.

2.  Judgment in the amount of $8,219,175 inclusive of pre-judgment interest was entered on March 21, 2024, in favor of Avalon Holdings Corp. and against Guy Gentile.

3.  In an effort to identify assets of Mr. Gentile subject to collection an information subpoena with document discovery requests and a testimonial subpoena were served on or about May 31, 2024, through personal and mailed service upon Mr. Gentile's attorney of record in these proceedings, Thomas Fleming, Esq.

4.  The return date and the date for Mr. Gentile's deposition on oral questions was noticed to be July 1, 2024.

5.  Prior to that date neither Mr. Gentile nor Mr. Fleming contacted Plaintiff's counsel nor did they produce any of the documents subpoenaed.

6.  On July 1, 2024, Mr. Gentile failed to appear at the appointed place and time, nor has he been heard from since.

7.  In response to a subpoena served on Mr. Fleming, he provided a last known address known to him for Mr. Gentile, 101 Aveida de Diergo, Apt S-2202, San Juan, Puerto Rico 00911, Correspondence sent to Mr. Gentile at that address has been returned as undeliverable.  Process servers sent to that addres have reported back that Mr. Gentile is not in residence there.

8. A telephone number for Mr. Gentile provided by Mr. Fleming, when dialed, produces a recording stating the number is disconnected..

9,  An e-mail address provided us produces, when utilized, a notice that the address is not operational.

10.  Plaintiff's counsel have also served information subpoenas on Mr. Gentile's prior counsel in this case, Adam Ford, requesting last known address and contact information.  All

attempts to utilize this information have produced similar results of non-residence and disconnection of electronic means of communication.

11. Mr. Ford is currently representing Mr. Gentile in an action captioned "Securities & Exchange Commission v. Guy Gentile" United States District Court, Southern District of Florida, 21-cv-21079. A second subpoena was served on Mr. Ford by personal delivery on July 25, 2024, seeking updated contact information for Mr. Gentile but it has not been responded to and will be the subject of a motion to compel in this case shortly.

12. At the direction of the court given in open court at the hearing of July 23, 2024, I have spoken to trial counsel in the Miami action, Alice K. Sum, Esq. I inquired of her as to the outcome of the recent trial in the case and was informed Mr. Gentile was found by a jury to have committed all wrongful acts pleaded. Those acts are in the nature of conducting an offshore securities brokerage business soliciting U.S. persons as customers and not registering as a broker with the Securities & Exchange Commission. I inquired as to the manner of service of process on him in the Miami case and was informed that service by publication was effected pursuant to court order following unsuccessful attempts to serve him personally at the address appearing in paragraph 7, *supra*. I inquired as to whether she had a more recent last known address and she said she had not. She also volunteered that Mr. Gentile failed to appear in court following his testimony and was not present for the verdict; and that unconfirmed rumors had him removing to Dubai, United Arab Emirates. No forwarding address was known to her

13. I have caused numerous property, bank and brokerage account searches to be made with the results that all onshore assets that I have been able to identify to date appear to have been closed, transferred by "sale", or have had an offshore situs established during the pendency of this suit. Mr. Gentile appears to have deliberately delayed proceedings in this and the related case

brought by New Concept Energy, Inc. to provide himself with time to liquidate and attempt to remove his assets from the reach of the court.

14.  Our lack of access to Mr. Gentile's books and records made possible by his flouting of the subpoenas *duces tecum* and *ad testifcandum* which we served upon his attorney of record in this matter, Thomas Fleming, Esq., have greatly hampered our efforts at execution of the court's judgment in this and the related case.

15.  It is doubtful in my mind that a fine or monetary sanction will have sufficient persuasive effect on Mr. Gentile to comply if the cumulative judgments in this case and in the related case amounting in the aggregate to more than $16,000,000 have not.  Accordingly, I request the issuance of a bench warrant for Mr. Gentile's civil arrest and delivery of his person to the court to encourage his compliance with the court's judgments and subpoenas and other discovery demands.

16.  By being able to purge his contempt of the court's orders through compliance with his discovery obligations Mr. Gentile would carry the key to his prison in his own pocket.

I, DAVID LOPEZ, affirm the truth of the foregoing upon my oath as an attorney, intending the penalties of perjury to apply, this 14th day of August, 2024.

_____
David Lopez