UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to (but Not a Movant):

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

## ~~[PROPOSED]~~ ORDER ON MOTION FOR ALTERNATIVE SERVICE OF PAPERS

BEFORE the COURT are Plaintiff Avalon Holdings Corp.'s ("Plaintiff" or "Avalon") Motion for Issuance of a Bench Warrant for the Civil Arrest of Guy Gentile, and Motion for Alternative Service of Papers. The Court has carefully reviewed the Motions, the record in this case, and the applicable law, and is otherwise fully advised. The Motions are granted as further described herein.

The Court has personal jurisdiction over Guy Gentile, a/k/a Guy Gentile Nigro, and entered judgment against him and in favor of Plaintiff in the amount of $8,219,175, on March 20,

1

2024, after nearly six years of litigation. [Dkt. 281.] On July 8, 2024, Avalon moved the Court for orders compelling Mr. Gentile to comply with subpoenas served upon him for the production of documents in aid of collection and to appear for oral testimony on deposition. Avalon has reported that Mr. Gentile had not produced any document, had not appeared to give testimony at the appointed time, and that neither he nor his attorney of record had contacted Avalon's counsel to discuss compliance or reasons for non-compliance.

At a hearing held July 23, 2024, Mr. Gentile's attorney of record, Tomas J. Fleming, when questioned about his client's absence and lack of participation in post-judgment discovery, stated that he had been unable to communicate with his client for some time and could not explain his client's actions. Mr. Gentile's counsel had previously moved the Court to be relieved of representing Mr. Gentile in further proceedings before this Court, while continuing to represent Mr. Gentile on his pending appeal from the Court's judgment to the Second Circuit. (*See* Appeal No. 24-999, and related New Concept Appeal No. 24-1002.) Mr. Fleming's motion to withdraw from representing Mr. Gentile in this Court was granted—***conditioned*** on his providing the Court with an alternate means of serving papers on Mr. Gentile. Counsel was unable to meet that condition and continues as Mr. Gentile's attorney of record in this Court. No similar request to be relieve as attorney of record has been made by him before the Second Circuit.

At the hearing of July 23, 2024, Avalon orally moved for a bench warrant for the civil arrest of Mr. Gentile. (Dkt. 327; Hearing Tr. pp.7-8.) The Court denied that request without prejudice and instructed that any renewal include evidence of diligent efforts to notify Mr. Gentile of the motion to satisfy due process concerns. (Hearing Tr. pp.13-14.)

On August 14, 2024, Avalon renewed its motion supported by an affirmation of counsel describing efforts made to locate Mr. Gentile. (*See* Dkts. 329, 330.) and a second

2

affirmation of plaintiffs' counsel describing a claim by Mr. Gentile on his social media account that he has "retired" to Dubai in the United Arab Emirates. The Court finds plaintiff's efforts to have been diligent and made in good faith, although unsuccessful in determining Mr. Gentile's current address.

Plaintiff's renewed motion for issuance of a bench warrant for Mr. Gentile's civil arrest as a means of compelling compliance with discovery obligations included a request to authorize service of motion papers by alternative means. The Court grants Avalon's request for alternative means of service on the following terms:

1. **Service by Publication**. The Court orders that a Notice in the following form be published in The Gulf News, an English language daily newspaper publishing from Dubai in the United Arab Emirates, on three occasions during the course of a single seven day period beginning at a time of Avalon's choice within 30 days of the filing of this Order with the Court.

   "**NOTICE:**

   "Applications are pending for a **WARRANT for the CIVIL ARREST of GUY GENTILE, a/k/a GUY GENTILE NIGRO**, and for alternative methods of service of papers in the case captioned "Avalon Holdings Corporation v. Guy Gentile, et. al., U.S. District Court, S.D.N.Y., 18-cv-729-DLC-RWL, for his being in contempt in failing to obey informational discovery subpoenas, both documentary and testimonial. Mr. Gentile may purge himself at any time by obeying outstanding subpoenas and orders of the Court. Opposition to the August 14, 2024, motion for alternative service must be submitted by August 28, 2024; and any opposition to Mr. Gentile's civil arrest must be filed by September 13, 2024, with replies due by September 20, 2024. Such filings must be made with the Clerk of the Court, 40 Foley Square, New York, New York 10007.

   "/s/ David Lopez, Attorney for Plaintiff
   171 Edge of Woods Road, P.O. Box 323
   Southampton, New York 11968
   631.287.5520 | DavidLopezEsq@aol.com"

2. To increase the probability that Mr. Gentile is informed of the pending motions, **it is also directed that copies of the "NOTICE" appearing at ¶1 be sent as follows:**

   a. By First Class Mail and E-mail to: Mr. Gentile at his last known address in Puerto Rico., 105 Ave. De Diego, Apt. S-2202, San Juan, PR 00911 and guygentile@me.com.

   b. By First Class Mail and E-mail to: Thomas J. Fleming, Olshan Frome Wolosky LLP., 1325 Avenue of the Americas, New York, New York 10019, (TFleming@OlshanLaw.com). Mr. Fleming is Mr. Gentile's attorney of record in this case and the related *New Concept* case, in proceedings before this Court and attorney of record for Mr. Gentile on appeal before the Second Circuit.

   c. By First Class Mail and E-mail to: Adam Ford, Ford O'Brien LLP, 275 Madison Avenue, New York, New York (AFord@FordOBrien.com). Mr. Gentile's attorney of record in the currently pending case captioned *SEC v. Gentile* et. al., No. 21-CV-21079 (BB) (S.D. Fl.) Mr. Ford (together with his brother and co-counsel Matthew Ford) were formerly Mr. Gentile's attorneys of record in this case and in the related *New Concept* case from the inception of the actions through trial, prior to the Court's entry of judgment against Mr. Gentile in both cases. *See Tube City IMS LLC v. Anza Capital Partners LLC*, No. 14-CV-1783 (PAE), 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014) (permitting service of subpoena on non-party by nail and mail, and "as a backup," by email to counsel who was "currently representing [the non-party] in another litigation").

   d. The Court further orders that copies of the Notice be sent to Mr. Gentile via these of his various social media accounts:

4

- X (f/k/a Twitter): "@GuyGentile" and "@GuyGentile_"
  (account last used: August 2024).

- LinkedIn: Message to: "Guy Gentile" and "Guy Gentile ( Team )"

  (**Note**: The LinkedIn profile for "Guy Gentile" indicates that Mr. Gentile is "Retired" from his companies ("DayTraderPro" and "SpeedTrader"), and that he is located in Dubai. If this supports (or is the source) of the rumor that Mr. Gentile is in Dubai as discussed in Avalon's moving papers, this Order contemplates substituted service under F.R.C.P. 4(f)(3) to the extent required, *see Vega*, 339 F.R.D. at 222).

- Facebook: Message to: "Guy Gentile" and "Guy Gentile Team"

- Instagram: Message to: "@GuyGentile" and "@guy gentile".

*See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570 (GBD), 2022 WL 1088567, at *5 (S.D.N.Y. April 5, 2022) (directing plaintiffs to serve the Taliban by publication and by Twitter, noting "the fact that the Taliban has actual notice of this case"); *see also Tube City*, 2014 WL 6361746, at *3 (noting that service by Facebook has been permitted as a further "backstop" when ordering substituted service).

**IT IS SO ORDERED.**

Dated: August 29, 2024
New York, New York

_____
Hon. Denise L. Cote (U.S.D.J.)

5