# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18-cv-7291 (DLC) (RJL) <br> (ECF Case) <br><br> **RESTRAINING NOTICE** <br> **WITH INFORMATION SUBPOENA** <br><br> **RE:   Guy Gentile** (Judgement Debtor) |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18 Civ. 8896 (DLC) (RJL) <br> (ECF Case) <br><br> **RESTRAINING NOTICE** <br> **WITH INFORMATION SUBPOENA** <br><br> **RE:   Guy Gentile** (Judgement Debtor) |

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**
**THE PEOPLE OF THE STATE OF NEW YORK**

TO:   **FORD O'BRIEN LLP,** *GARNISHEE*:
   **Attn: ADAM FORD**          **By Certified Mail / Personal Delivery**
                              2 S. Biscayne Blvd #3200, Miami FL 33131
                              275 Madison Ave 24th Fl., New York NY 10016

   **cc by email:** aford@fordobrien.com

**GREETING:**

   **WHEREAS**, in the above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of **Plaintiff Avalon Holdings Corp.** (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,219,175, of which $8,219,175 remains due, plus post-judgment interest from March 20, 2024.

   **WHEREAS**, in the related above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of **Plaintiff New Concept Energy, Inc.** (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,073,283, of which $8,073,283 remains due, plus post-judgment interest from March 20, 2024.

1

**WHEREAS,** it appears that Ford O'Brien LLP and/or any of its partners, or any affiliates of any of them (collectively, "Ford O'Brien" the "Firm," or "you") owe a debt to the Judgment Debtor or are in possession or in custody of property in which the Judgment Debtor has an interest:

**Any and all funds or assets belonging to the Judgment Debtor, including but not limited to, any escrow or credit payments, funds, or assets of any kind retained by you for legal services rendered or to be rendered by you to the Judgment Debtor or any of his affiliates. or for any other reason.**

**TAKE NOTICE THAT** pursuant to subdivision (b) of § 5222 of the (New York) Civil Practice Law and Rules, which is set forth herein, you are herby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of such debt, except as therein provided,

**TAKE FURTHER NOTICE** that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody, and debts hereafter coming due from you to the Judgment Debtor.

### (NEW YORK) CIVIL PRACTICE LAW AND RULES

Section 5222(b)—Effect of restraint: prohibition of transfer; duration. A Judgment Debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff [United States Marshal][1] or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the Judgment Creditor has stated in the notice that a specified debt is owed by the person served to the Judgment Debtor or that the Judgment Debtor has an interest in specified property in the possession or custody of the person served. All property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the Judgment Debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff [U.S. Marshal], except upon the sheriff [U.S. Marshal] or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A Judgment Creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the Judgment Debtor, for any damages sustained by reason of the restraint. If a Garnishee served with a restraining notice withholds the payment of money belonging or owed to the Judgment Debtor in an amount equal to twice the amount due on the Judgment, the restraining notice is not effective as to other property or money.

---

[1]  Because the Judgment in this action was rendered by a federal court, the U.S. Marhsal may serve the enforcement functions ascribed to the sheriff in this Notice.

FURTHER, WE COMMAND YOU to answer in writing under oath, separately and fully, each question in the Questionnaire accompanying this Subpoena, each answer referring to the question to which it responds; and return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Subpoena.

TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE OR FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT, PUNISHMENT FOR PERJURY, AND/OR CONTEMPT OF COURT.

I hereby certify that this Information Subpoena complies with Rule 5224 of the (New York) Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this Subpoena has in their possession information about the debtor that will assist the creditor in collecting the Judgment.

Dated: July 23, 2024

_/s/ Miriam Tauber_
Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Ave. #2A
New York, NY 10075
Tel: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Attorney for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

**DIRECT ALL INQUIRIES AND RESPONSES TO THE ABOVE.**

This communication is from a debt collector.
It is an attempt to collect a debt and any information obtained will be used for that purpose.

3

THE FOLLOWING DEMANDS RELATE TO THE PERIOD FROM
THE DATE OF FILING OF SUIT, AUGUST 13, 2018, TO THE DATE HEREOF
(AND CONTINUING UNTIL SATISFACTION OF THE JUDGMENT IN FULL)

## QUESTIONNAIRE

**Answer the following Questions based on any information known to you and any information reflected in your records or files, whether or not verified or confirmed by you:**

1. For any account in which you hold or have ever held any funds or assets belonging to the Judgment Debtor or any of his affiliates, and expected to be returned or transferred upon the occurrence or fulfillment of any condition, including, without limitation, funds or assets received by you as a deposit, retainer, or in escrow for services rendered, or in connection with a transaction for which you represented the Judgment Debtor:

    a. Provide the INSTITUTION, NAME ON THE ACCOUNT, BRANCH, ADDRESS, and ACCOUNT NUMBER, the date the account was opened, and the amount of funds or cash value and description of assets escrowed or deposited in each account; and

    b. State whether the account is currently open or closed. If open, provide the current balance and anticipated date of transfer or return of the deposited or escrowed funds or assets. If closed, provide the date of closing and identify the party, institutions, and account numbers to which escrowed or deposited funds or assets were transferred.

    c. Identify and set forth the amount or value of any other funds or assets belonging to the Judgment Debtor and currently in your possession.

2. Set forth every institution and/or account from which you have ever received funds from the Judgment Debtor, as compensation or consideration for services rendered by you or in connection with any transaction of any kind. For each payment or deposit of funds received from the Judgment Debtor, provide:

    a. The NAME of any individual associated with the payment or deposit, and the ACCOUNT NUMBER and ROUTING NUMBER of any accounts associated with the payment or deposit.

    b. The INSTITUTION, BRANCH, and ADDRESS at which the account was held.

    c. The DATE and DOLLAR AMOUNT of any such payment or deposit, or if the payment or deposit was made in a form other than cash, the cash value of and form in which the payment or deposit was made (if securities, state the issuer and type of securities).

3. Set forth all inquiries received related to the credit of the Judgment Debtor. (Who inquired? When? What was the stated purpose of inquirer?)

4. Set forth the name and address of the closest living relative of the Judgment Debtor.

5. Set forth any and all references (both business, banking, and personal) listed by the Judgment Debtor, as well as their addresses.

6. Identify any and all offshore or international businesses, entities, institutions and accounts (including, without limitation, any so-called "international business companies") that you know to be owned, directly or indirectly, by the Judgment Debtor, or otherwise affiliated or associated with the Judgment Debtor. For each:

   a. State whether you are aware of any transfers from the Judgment Debtor.
   b. If so, provide the date of all such transfers, and the amount of funds or identify and provide the cash value of any assets transferred.

7. Set forth the person or persons within the Firm most familiar with the Judgment Debtor's assets, business affiliations, and accounts.

8. Please have the person(s) identified in response to Question No. 7 review and supplement your answers to all of these Questions; it goes to the essence of integrity of the answers provided by you that your answers accurately reflect and present a true and accurate picture of the information the Questions seek.

9. Set forth the most recent home and business addresses and the most recent phone number and email address your records indicate for the Judgment Debtor. Identify the date on which you most recently communicated or contacted the Judgment Debtor by phone, email and/or mail.

10. State whether you are in possession or are aware of any deposits or escrowed assets expected to become due or be returned to Judgment Debtor not otherwise described in your responses to these Questions and identify when and the amount that such payments are expected to be paid or returned.

11. Set forth any passport numbers or drivers licenses, along with respective countries or states, dates of issuance, and expiration dates, which you have on file for the Judgment Debtor.

12. Identify any and all accounts, securities, or other assets owned, held by, or owing to the Judgment Debtor not otherwise accounted for in your responses.