# EXHIBIT C



Adam Ford <aford@fordobrien.com>

## Subpoena Relating To Guy Gentile Matters

**Adam Ford** <aford@fordobrien.com>  Thu, Oct 24, 2024 at 6:31 PM
To: "davidlopezesq@aol.com" <davidlopezesq@aol.com>
Cc: davidlopezesq@aol.com, miriamtauberlaw@gmail.com
Bcc: Matthew Aaron Ford <mford@fordobrien.com>

David,

Let me respond to your below email in order.

First, thank you for modifying the dates for which the subpoena calls for, such that time period called for by the subpoena is January 1, 2024 to the current.

Second, with respect to your desire to modify the subpoena to now call for communications between Mr. Gentile and Matthew Ford, as well as other lawyers of Ford O'Brien Landy, we will accept this modification to the subpoena via your email, without the need to serve a new subpoena. We will treat this new modified subpoena as being served last Friday, upon the sending of your email.

Given the new request in the subpoena as modified by your email below which not seeks communications between Matthew Ford and other lawyers as our firm, please note that Matthew Ford has been in regular communication with Mr. Gentile since January 2024, specifically including during the time of the trial in Miami, and after the Miami travel ended. I am not aware of Mr. Gentile being in contact with any other lawyer from my firm, with the obvious exception of the associates in Miami who were part of that trial team, and spoke with him during the course of the trial.

Regarding your request for a privilege log, we object to this request as being unduly burdensome and disproportionate. We are not parties to your lawsuit, we are counsel to an individual you are in litigation with. We are not logging our every communication with our client, given that the log would show frequent communications between Matthew Ford and Mr. Gentile, and the subject matter of these communications would involve the legal issues in the Miami litigation. Please consider this to be a categorical privilege log which states that Matthew Ford frequently communicated with Mr. Gentile during 2024 regarding the subject matter of the Miami litigation.

To the extent the subpoena calls for any further information regarding Mr. Gentile, we would note that given the arrest warrant that has been issued against him in your case, and your explicit assertion to me that your subpoena to our firm was intended to collection information to help you locate him such that he can be arrested, we have undertaken a review of our firm's ethical obligations and believe that all relevant ethical rules prohibit us from providing you with any additional client information, as such information would be considered "confidential" and as such cannot be disclosed without client waiver. Rule 1.6 of NY Rules of Professional Conduct bars lawyers from "knowingly reveal[ing] confidential information[.]" NY RPC 1.6(a).

Regarding your last point, I would caution you against making unfounded, defamatory allegations against me or anyone at my firm. You have not provided any evidence to support your wild accusation that any communication anyone at my firm ever had with Mr. Gentile had anything to do with anything other than advising in our firm's expertise subject matter (securities law). Our law firm does not provide advice on estate planning, wealth management, or anything of the like. There is no basis for you to allege that our law firm ever provided Mr. Gentile with any such advice, let alone that any such advise would fall under the crime fraud exception.

Adam

On Fri, Oct 18, 2024 at 6:57 PM davidlopezesq@aol.com <davidlopezesq@aol.com> wrote:
> Dear Mr. Ford –
>
> Earlier today you and I had a telephonic "meet and confer" relating to Avalon's pending Motion To Compel Compliance with respect to and information subpoena served on you relating to your former client, Guy Gentile's interactions with you and assets the nature and location of which you might have information.

We agreed at the end of that call that i would send you this e-mail modifying and/or expanding on the requests contained in the subpoena and attached schedule. You agreed to consider this supplement and nothing more.

I am at liberty to seek relief from Judge Cote if we do not agree further.

1. Paragraph 9 of the schedule appended to the subpoena asked for ito identify communications between you and Mr. Gentilen without specifying a time period. You objected claiming attorney-client privilege. I took the position that the privilege applies solely to the content of such communications, not to their occurrence. I agree that a time period should be specified. I do so now. January 1, 2024, to current date, the end date renewing as time goes by. The Local Rules require that any claim of privilege be supported by a privilege log. If you continue your claim of privilege, kindly provide one.

2. You mentioned in our talk that you had not been Mr. Gentile's trial counsel in the SEC case against him in Miami. I have checked and it appears to me that your brother acted in that capacity. I should like to expand the reach of Paragraph 9 of the subpoena under discussion to include him and all members of your firm. Will you agree or will I need to serve additional and more or less identical subpoenas?

3. At some point down the line I am going to ask you and the members of your firm whether you or they ever discussed with Mr. Gentile the course of action he has adopted, to wit: liquidation of United State assets and removal of the proceeds of liquidation and himself to an offshore venue. Let us call it light in the night. You will, of course, claim attorney-client privilege and I will assert that there is none because it is vitiated by the crime-fraud exception, avoidance of compliance with a judgment being a form of fraud as a matter of law.. Might it be productive to discuss this now or do you prefer to have it evolve with court involvement?

Kindly respond substantively by Wednesday of next week or I will take the matters before Judge Cote.

David Lopez