# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

January 17, 2025

Hon. Denise L. Cote
Judge, U.S. District Court, S.D.N.Y.

Re: *Avalon Holdings Corporation v. Guy Gentile et ano.*, 18-cv-7291-DLC-RWL
*New Concept Energy, Inc. v. Guy Gentile et ano.*, 18-cv-8896-DLC-RWL

**Plaintiffs' Report Of Inability Of Parties To Agree On Discovery Issues**

Dear Judge Cote:

Your Honor's Order of 12/18/2024, directed the parties' attorneys to meet, confer and report back by today whether discovery issues related to the outstanding *subpoena* addressed to Adam Ford remain unresolved.

As one of Plaintiff's attorneys I report that, although I invited Mr. Ford twice in writing to propose a date and time for a meeting, my invitation was not accepted and a meeting did not take place. Mr. Ford and I did correspond and I can report that discovery issues remain outstandig.

Among them are:

1. What communications Mr. Ford and/or any member or employee of Mr. Ford's law firm have/has had with Mr. Gentile since inception of these cases in which discussions touched upon Mr. Gentile's liquidating his U.S. assets and/or his removing them and himself from the United States in avoidance of the judgment of this court.

2. Whether Adam Ford, Esq. and/or his brother and law partner, Matthew Ford, Esq., who both continue actively to represent Guy Gentile in the case captioned SEC v Guy Gentile, et ano., 21-cv-21079 S,D.FLA, truly do not know of his current location or have no means of communicating with him. Their last substantive substantive and substantial submission on his behalf was made last week

3. Where may Gut Gentile be found?

4. Whether attorney-client privilege may successfully be asserted to avoid responding to the preceding paragraphs #s 1 and 3.

5. Whether the crime-fraud exception vitiates any such claim of privilege.

# DAVID LOPEZ

Hon. Denise L. Cote
January 17, 2025
Page 2

6. Requiring a privilege log for any and all assertions of attorney-client privilege responsive to the preceding paragraphs # 1 and 3.

7. Whether the ethical requirement of a lawyer's maintaining client affairs confidentiality may be asserted as a separate and different basis for not responding to the information requests in the preceding paragraphs #s 1 and 3.

8. Whether the crime/fraud exception vitiates any claim of right to withhold honest answers as to the location of a fugitive evading arrest under a claim of confidentiality.

9. Whether Mr. Ford's responses to outstanding subpoena interrogatories need to be UNDER OATH, as repeatedly requested by plaitiffs' counsel, with the penalties of perjury applying.

10. Whether there is any excuse for Mr. Ford's failure to produce a single page of requested and concededly non-privileged documents or a single substantive interrogatory response UNDER OATH in a timely manner.

In my correspondence with Mr. Ford I attempted to amend some of my interrogatory requests informally and I thought we had agreed that I might. It now appears that I was mistaken. Mr. Ford has decided that he will require formal interrogatory requests and I will comply. I therefore respectfully request that this motion to compel be continued for six weeks to allow time for service of supplemental questions and for Mr. Ford to object to them or to comply.

Very truly yours,

David Lopez

Cc: All Counsel of Record via ECF
Adam Ford, Esq.
Matthew Aaron Ford, Esq.
Miriam Tauber, Esq.

DL/el