

January 23, 2025

**VIA ECF**
The Honorable Denise L. Cote
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: <u>Avalon Holdings Corp., v. Gentile, 18-cv-7291(DLC)(RJL), New Concept Energy, Inc. v. Gentile, 18-cv-8896 (DLC)(RJL)</u>

Dear Judge Cote:

      This firm is a non-party recipient of a subpoena issued by plaintiffs in the above-referenced matters. I write in response to a letter just received today from David Lopez, which was sent via first class mail to my offices. The letter does not bear a docket entry.

      As this Court will recall, Mr. Lopez previously served on our firm a subpoena that Your Honor compelled the undersigned to comply with by December 10, 2024. This firm fully complied with that Order, the same day it was issued, on December 10. Thereafter, Mr. Lopez erroneously informed the Court that we had failed to comply. On December 18 we submitted a letter correcting this error and provided evidence that I had fully complied with the Order. In an order dated that same day, the Court ordered the parties to meet and confer on the question of any outstanding issues regarding the December 10 Order.

      Thereafter Mr. Lopez asked for a meet and confer by way of email with an attached letter setting forth a series of entirely new and different requests than those contained within the December 10 Order. To avoid any confusion, I asked that Mr. Lopez serve a new subpoena, with whatever new questions he had so that my firm could respond to them, and agreed to accept service by email. I also stated I would make myself available to meet and confer regarding the December 10 Order, if there were any issues related to that Order.

      Specifically, I responded by writing to Mr. Lopez:

> I am in receipt of your email and the attached letter. Judge Cote ordered the parties to meet and confer regarding "whether any further dispute remains regarding Ford's compliance with the December 10 order." Your letter does not seek to meet and confer on whether Ford complied with the December 10 Order, but rather to raise new and additional issues that are not the subject of the December 10 Order. We respectfully decline to answer additional questions that you are posing on an ad hoc basis via email and

Hon. Denise L. Cote
January 23, 2025
Page 2

letter. We remain willing to meet and confer as to the December 10 Order if you believe there are any further disputes regarding my compliance with that order.

To the extent your letter seeks to ask for new, additional information, I think to avoid confusion and ensure that we are duly complying with all of our obligations we request that any new questions be put forth in a new subpoena. I will accept service of a new subpoena via email.

I attach a copy of our correspondence to this letter. Mr. Lopez's January 17 letter to this Court follows the above correspondence.

In his latest letter to the Court, Mr. Lopez requests that the motion to compel be extended for six weeks so that Mr. Lopez can send my firm new interrogatory request. This request is improper and should be denied because our firm has complied with the December 10 Order and there are no outstanding issues identified by Mr. Lopez. Mr. Lopez is attempting to use the Court's prior Order to compel a subpoena response to an entirely new, and not yet served subpoena. This is entirely improper. We respectfully request that the Court deny Mr. Lopez's request. We have agreed to accept service of a new subpoena via email, and if additional court intervention is required with respect to that subpoena, the proper procedure is for Mr. Lopez to file a new letter motion at that time, with us having the opportunity to respond.

I thank the Court for its attention to this matter.

Respectfully submitted,

 /s/ Adam C. Ford
Adam C. Ford