

March 24, 2025

**Via ECF**
Honorable Robert W. Lehrburger
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Avalon Holdings Corp. v. Gentile,* No. 18-cv-7291 (VSB) (RJL), *New Concept Energy Inc. v. Gentile*, No. 18-cv-8896 (VSB) (RJL)

Dear Judge Lehrburger:

      We are non-party recipients of a subpoena served by Plaintiffs in this action and write in response to the Court's order in the above captioned matters [ECF 328, 358] requesting us to respond to Plaintiffs' March 20, 2025 letter (the Letter) attaching subpoenas and responses served on Ford O'Brien Landy LLP (the Firm) [ECF 329, 359].

      Plaintiff's Letter requests three primary forms of relief. First, it requests a conference with the Court at which it requests the Court "negotiate[] and order[]" depositions "no later than the end of April 2025." Plaintiffs seek these "depositions" to "parse" questions that have already been answered by the Firm. Second, the Letter requests a blanket ruling related to our assertion of attorney-client privilege related to the Firm's communications with Guy Gentile, its client. Third, the Letter requests a privilege log of all of the Firm's communications with Mr. Gentile over a multi-year period.

      As to the Plaintiffs' first request that it be permitted to depose the Firm even though it has not served a deposition subpoena, the Letter acknowledges that the Firm has already responded to Interrogatories 1–8, 10–18, 19–21, and 23–26, but asserts now that the topics would be somehow better explored via oral testimony. Since the Firm has already answered all questions that it has been asked and which it can answer, no need exists for any deposition that could outweigh the clear burden created when seeking to take the deposition of an attorney regarding the attorney's client. For example, many of the questions seek biographical information, such as Mr. Gentile's current address, email address, phone number, or passport and driver's license information. With the exception of information protected by attorney-client privilege, the Firm has provided the information requested to which it has access (for example, Mr. Gentile's last known email addresses) and otherwise indicated where it does not have the information sought (for example, the names and addresses "of the closest living relative of the Judgment Debtor").

Plaintiffs' informal request for a deposition to ask the same questions that have already been answered, should be denied.

As the Court is aware, "[d]epositions of opposing counsel are disfavored…[and] the request to depose a party's attorney must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself." *Madanes v. Madanes*, 199 FRD 135, 151 (S.D.N.Y. 2001)(citations and quotations omitted). Indeed, there is a "long-recognized presumption against deposing a party's trial counsel." *Rekor Sys., Inc. v. Loughlin*, 2022 WL 671908, at *2 (S.D.N.Y. Mar. 7, 2022). While the Firm is no longer trial counsel in this action, and liability has been determined, the concerns that come with demanding a deposition of counsel to use adversely to their client are not eliminated.

Here, the Firm is certainly not the sole potential source for information regarding Mr. Gentile. Moreover, the Firm has made clear that it does not possess information regarding Mr. Gentile's current whereabouts or the nature or location on any of his assets. Plaintiffs appear to nonetheless have focused their discovery efforts on the Firm because they believe us to be a short-cut to collection, but the law of this Circuit does not condone this approach. Indeed, Plaintiffs have not shown that they have engaged in any discovery or investigatory efforts other than seeking discovery from the Firm. Moreover, Plaintiffs here seek not just one deposition, but three: Adam Ford, Matthew Ford and a separate representative of the partnership. Under the circumstances, sworn responses to interrogatories should suffice.

As to Interrogatories 9, 18, 21, and 22, which the Firm declined to answer in part asserting attorney-client privilege, the information sought is protected by the attorney-client privilege. The Firm is otherwise prohibited from disclosing such information as any such disclosure would violate Rule 1.6(a) of the Rules of Professional Conduct, as analyzed in New York City Bar's Formal Opinion 2022-1: "Lawyers' Obligations When Receiving A Subpoena Seeking Client Information."[1] To the extent the information was not protected by the attorney-client privilege, answers have already been provided in written form, including details regarding the frequency and method of communications with Mr. Gentile concerning the Firm's representation of him in an ongoing SEC matter in the Southern District of Florida.

It appears that the primary if not sole question that Plaintiffs seek to inquire is whether the Firm had any communications with, including providing advice to, Mr. Gentile regarding his moving outside the United States or movement of any of his assets beyond the reach of Plaintiffs. No Firm lawyer ever provided legal advice to Mr. Gentile about his moving any assets or his decision to move outside the country. Indeed, as we have explained to Plaintiffs' counsel

---

[1] Formal Opinion 2022-1 provides that when a lawyer receives a subpoena regarding a current or former client "*the attorney must assert reasonable and non-frivolous objections to the subpoena and should only provide information to the extent reasonably necessary to comply with the attorney's obligations.*"

on several occasions our Firm had not provided any such advice. Compelling a deposition for firm lawyers to reiterate this would also be pointless.

To be clear, during our meet-and-confer, Mr. Lopez did not offer any response—let alone legal authority—contradicting our assertion that Rule 1.6(a) of the Rules of Professional Conduct prevented the firm from disclosing the information sought over which there has been an assertion of attorney-client privilege and/or confidential communication that cannot be disclosed under our ethical obligations.

Plaintiffs corresponding request for a "privilege log" appears calculated to harass and create a pointless and unnecessary burden on the Firm. As indicated in the Firm's responses, the Firm represented Mr. Gentile in an SEC action, which included a trial that occurred over approximately 6 weeks (from mid-May to early July of 2024) during which Mr. Gentile and his counsel at the Firm, Matthew Ford, were in near constant communication regarding the SEC matter. Requiring the Firm to log every such communication would be nearly impossible and ultimately pointless.

As a final matter, as concerns "Question 27," Plaintiffs' "request a direction [sic] to the respondents to answer" "Yes or no." Question 27 asks, "Do you claim attorney-client privilege as to any request herein?" The answer to the question is Yes.

For these reasons, the Firm stands ready to appear at the April 3 conference to answer any questions the Court has in this matter, we respectfully request that Plaintiffs' request to conduct depositions and for the disclosure of privileged information should be denied. The Firm also stands prepared to fully brief these issues to the extent it would assist the Court in understanding and disposing of these issues.

Dated: March 24, 2025

                                          Respectfully submitted,

                                          FORD O'BRIEN LANDY LLP

                                          By: */s/ Adam C. Ford*
                                                 Adam C. Ford
                                                 Matthew A. Ford
                                                 275 Madison Avenue, 24th Floor
                                                 New York, NY 10016
                                                 Tel.: (212) 858-0040 (main)
                                                 aford@fordobrien.com
                                                 mford@fordobrien.com

cc: all counsel of record (via ecf)