

July 11, 2025

**By ECF**
The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Avalon Holdings Corp. v. Gentile*, No. 18-cv-7291 (VSB) (RJL); *New Concept Energy, Inc. v. Gentile*, No. 18-cv-8896 (VSB) (RJL)

Dear Judge Lehrburger:

      We write pursuant to the Court's Order of June 11, 2025, to update the Court regarding Ford O'Brien Landy LLP's ("FOBL" or the "Firm") full compliance with that Order. First, the Firm has provided all information ordered to be provided, and a deposition date has been set for the Firm's deposition on July 16. We also write to seek a slight modification as to that part of the order requiring a deposition. Specifically, we respectfully request that the Firm be permitted to answer Plaintiffs' questions they intend to ask at the deposition by way of written responses (attached hereto in final form as Exhibit A) rather than a more time-consuming deposition. In the alternative, the Firm seeks a protective order as to certain deposition topics that are either (1) irrelevant to the issue of Mr. Gentile's or his assets whereabouts, or (2) calls for privileged information.[1]

      The genesis of the instant application begins with Plaintiffs' June 2 letter, [Dkt. 378] which sought further information regarding payments made on behalf of Mr. Gentile, and requested a deposition of the Firm to probe (1) whether additional payments beyond those disclosed exist and (2) whether other methods of communication existed, beyond through the disclosed messaging apps. This Court granted in part Plaintiffs requested relief in a June 11, 2025 Order. [Dkt. 377]. Specifically, the Court ordered the Firm to produce copies of receipts or payment confirmations for payments made by Gentile as requested in Request No. 21;[2] and permitted Plaintiffs to depose the Firm for no more than three hours. [Dkt. 380].

---

[1] Plaintiffs' Proposed Deposition Question Topics is attached hereto as Exhibit B.
[2] During a meet and confer with Plaintiffs, the Firm noted that under an ordinary reading of the Court's order, the answer to this question would be that no such documents exist, because, as has been disclosed, the Firm has not received any payments directly from Mr. Gentile. Payments were made on his behalf, by three entities. During this meet and confer, the Firm agreed to

The Honorable Robert W. Lehrburger
July 11, 2025

On June 25, the Firm produced the copies of receipts or payment confirmations for payments made by the three entities on behalf of Gentile that were previously disclosed.[3] The Firm has also indicated to Plaintiffs' counsel that a 30(b)(6) representative (the undersigned) would agree to sit for a three-hour deposition.

Following the complete production of all information regarding wire transfers in the firm's possession, which exhausted the Firm's knowledge of Mr. Gentile's assets, the undersigned requested a meet and confer with Plaintiffs' counsel to determine whether a deposition was still necessary.[4] Plaintiffs insisted on deposing the Firm pursuant to the Court's June 11 Order. In response, the Firm requested a list of topics under Fed. R. Civ. Pro. 30(b)(6), so that the firm representative could prepare for any such deposition. Plaintiffs' counsel provided the 30(b)(6) topics on July 1. Plaintiffs have disclosed that at the upcoming deposition they intend to inquire as to three separate sets of topics. Only the first two topics were previously requested in their June 2 letter. As such, the Firm objects to inclusion of the third topic area as not falling under this Court's Order. This topic area is also objectionable as asked and answered as the Firm has already disclosed all information it has regarding Mr. Gentile's assets.

Having reviewed the topics for the 30(b)(6) deposition, the Firm believes that a deposition of a Firm representative is unnecessary because the questions Plaintiffs have disclosed they intend to ask can be answered by way of written response. Yesterday, the Firm provided to Plaintiffs the Firms' Objections and Responses to Plaintiffs' Proposed Deposition topics/questions, which answers all relevant non-privileged questions intended to be asked at the deposition and asked to confirm whether a deposition was still necessary, now that all questions have been answered. As of the filing of this letter, no response has been received.

As Exhibit A makes clear, the Firm has now fully answered all questions going to the Firm's knowledge of the location of Mr. Gentile or his assets. The Firm, however, has objected to questions about the Firm's general billing practices as well as its billing practices regarding Mr. Gentile as irrelevant. The firm also objects to questions about Mr. Gentile's non-public whereabouts during the Miami trial as infringing upon the attorney client privilege.

---

provide the information regarding the payments received from these entities in compliance with Plaintiffs' belief as to the "spirit of the Court's order."

[3] An additional wire was identified after the initial response and this information was also provided to Plaintiffs. The amount of this additional wire is small and the payment was not made in connection with any invoice connected to these related cases. Again, the Firm does not object to providing information regarding the amount of the wire to the Court *in Camera*.

[4] The Firm has not produced the amount of wires paid on behalf of Mr. Gentile, as the Firm takes the position such information is entirely irrelevant to the issue of Plaintiffs seeking to locate Mr. Gentile or his assets. The wires paid are for ordinary amounts for legal services actually provided. The Firm has no objection to providing this information to the Court *in camera*, should the Court wish to confirm this representation.

2

The Honorable Robert W. Lehrburger
July 11, 2025

      First, Plaintiffs intend to inquire into the Firm's billing practices with respect to Gentile, and other clients. The Firm objects to this line of inquiry as irrelevant to the sole issues of which Plaintiffs' counsel may inquire, that is the location of Mr. Gentile's or his assets. Whether the firm billed Mr. Gentile by the hour, and any amounts outstanding to the Firm simply have no bearing on the question of Mr. Gentile's or his assets whereabouts. As such, the Firm requests a protective order ordering that it be permitted to decline to answer these questions as irrelevant.

      Second, Plaintiffs intend to inquire as to the Firm's assertion that the only method of contacting Mr. Gentile is through Messaging Apps. Apparently, Plaintiffs believe there is some other method of communicating with Mr. Gentile beyond this. There is not. The Firm has disclosed that it communicated with Mr. Gentile via WhatsApp, Signal, and Telegram. The Firm's answers, under penalty of perjury, are truthful and complete. Plaintiffs also seek any information Plaintiffs have regarding Mr. Gentile's profile on these Apps. But Plaintiffs cannot make any showing that such information can be used in any way to locate Mr. Gentile or his assets. Indeed, Plaintiffs presumably know that none of these messaging applications maintain real-time location or IP logs. As such, the information being requested is irrelevant because it cannot possible be used to locate Mr. Gentile or his assets. Besides being irrelevant, the information is also privileged.[5]

      As the Court held in its May 22 Order, the Court found that information regarding payment of fees is not privileged because, among other reasons, the disclosure of certain information is merely a step in the chain for Plaintiffs to locate Mr. Gentile. The Court found such information is too speculative such that Plaintiff would still need to pursue discovery to locate him (or his assets). [May 22 Order, pg. 9]. Continuing with the Court's reasoning in that Order, all non-privileged information has now been provided. The wire transfer information has now been provided. Plaintiffs counsel have been given the names of Messaging Apps used to communication with Mr. Gentile. Plaintiffs counsel have all information in Firm possession regarding Mr. Gentile's last known address, as well as his last known email addresses. The Firm has now provided all information it is required to produce to a judgment creditor for the judgment creditor to send additional subpoenas for information regarding Mr. Gentile's location. Any further inquiry into the Firm's communications with Mr. Gentile is certain to infringe upon the Firm's ongoing attorney-client relationship and attorney client communications with Mr. Gentile, and runs the risk of preventing him from receiving the advocacy in the Miami SEC case for which he is entitled. The Firm remains counsel to Mr. Gentile in the SEC Miami action, the level of inquiry sought by the Plaintiffs is far beyond what other judgment creditors have been able to obtain from a client's counsel.

---

[5] The third category that Plaintiffs seek to depose the Firm on is its knowledge of Mr. Gentile's assets, including entities, trusts, and real estate. This topic appears entirely repetitive of the questions already answered. The Firm is not in possession of any additional information related to Mr. Gentile's assets beyond the information disclosed.

FORD O'BRIEN LANDY   |   275 Madison Avenue, Fl. 24 NY, NY 10016   |   P: 212.858.0040   |   fordobrien.com

...

The Honorable Robert W. Lehrburger
July 11, 2025

      The Firm respectfully requests that the Court accept the Firm's Responses and Objections to the planned topic areas of the deposition in lieu of a deposition. In the alternative, we respectfully request that if the Firm must still sit for a deposition, the Court issue a protective order precluding Plaintiffs from inquiring into topic areas that are irrelevant or seek privileged information. In compliance with the Court's Order, the Firm will appear for a deposition on July 16, it will not however answer questions to which it has objected to as irrelevant and confidential or privileged.

      We would welcome a court conference to discuss these issues further, should the Court find it helpful.

Respectfully submitted,

*Adam C. Ford*

FORD O'BRIEN LANDY LLP