# EXHIBIT A



Adam Ford <aford@fordobrien.com>

## Responses and Objections

**Adam Ford** <aford@fordobrien.com>  Thu, Jul 10, 2025 at 2:10 PM
To: Miriam Tauber <miriamtauberlaw@gmail.com>
Bcc: Matthew Aaron <mford@fordobrien.com>, Robert Landy <rlandy@fordobrien.com>

Miriam,

Thank you for providing the 30(b)(6) topics/questions.

As we discussed, I am attaching responses and objections to these topics/questions. They are answered under penalty of perjury. We would propose that you accept these reponses in lieu of the deposition. We have provided you with all information in the Firm's possession. If you insist on going forward with the deposition, we will seek judicial intervention requesting a protective order regarding those items for which we have objected. To be clear, our answers at the deposition will be the same as those provided herein.

Adam

--
Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)

📄 **7.10.25 Objetions and Response in lieu of 30b6 deposition.pdf**
231K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18-cv-7291 (DLC) (RJL) <br> (ECF Case) <br><br> OBJECTIONS AND RESPONSES TO PLAINTIFFS' PROPOSED 30(b)(6) DEPOSITION QUESTIONS <br><br> RE:  Guy Gentile (Judgment Debtor) <br> *and any affiliated entities* |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18 Civ. 8896 (DLC) (RJL) <br> (ECF Case) <br><br> OBJECTIONS AND RESPONSES TO PLAINTIFFS' PROPOSED 30(b)(6) DEPOSITION QUESTIONS <br><br> RE:  Guy Gentile (Judgment Debtor) <br> *and any affiliated entities* |

1

## OBJECTIONS AND RESPONSES TO PLAINTIFFS' PROPOSED DEPOSITION QUESTIONS

1. **The Firm's assertion that the Firm has not been paid by or on behalf of Gentile on any matter since entry of judgment in these cases.**

    **The Firm's General Response:** As stated in our motion to compel this deposition, which the Court granted, this assertion was not sworn to and requires follow up, given that regular payments made to the Firm on behalf of Gentile prior to entry of Judgment and the Firm's continued representation of Gentile in the SEC's case in Florida, including in the jury trial held months following entry of judgment in our cases. <u>Follow up inquires will include:</u>

    a. The Firm's billing practices with respect to Gentile matters – frequency of invoicing, how were invoices sent, how payment was confirmed, extent to which invoices were paid on time.
    b. Are invoices hourly? Other?
    c. What is included on invoices? References to conversations with Gentile?
    d. Amounts invoiced to and paid by or on behalf of Gentile, including amounts of 10 most recent invoices and 10 most recent payments.
    e. Amounts owed by Gentile to the Firm on any open invoices.
    f. Whether payments were ever made to the Firm by or on behalf of Gentile by written checks or cash.
    g. Whether payments were ever made by or on behalf of Gentile in a form other than cash/check/wire or bank transfer; details of any such payments.

The Firm incorporates by reference all objections and responses provided in the Firm's objections and responses dated February 5, 2025, as well as all subsequent responses and filings.

The assertion that statements were not previously made under oath is false as the prior responses included the following language: "I, Adam C. Ford of Ford O'Brien Landy LLP, pursuant to 28 U.S.C. § 1746, declare as follows."

The Firm will refuse to answer questions a-e above as they are irrelevant to the underlying purpose of the subpoena, which is to identify location of Mr. Gentile and/or his assets. The firm's billing practices is not a question that is reasonable likely to lead to relevant information. Whether the firm billed by the hour or via another method cannot possible help Plaintiff identify the location of Mr. Gentile or his assets. The firm will not answer any questions about the firm's billing practices at the upcoming deposition. Regarding the two questions f-g, the Firm has already answered these questions and provided all known information regarding such wires. These latter two questions—entirely repetitive of questions already answered—appear to be designed to harass.

Without waiving any such objections, the Firm answers the questions posed in Plaintiffs' proposed deposition topics, as follows, and are made by Adam C. Ford on behalf of the

2

Firm pursuant to 28 U.S.C. § 1746:

**The Firm's Specific Response:**

h. The Firm's billing practices with respect to Gentile matters – frequency of invoicing, how were invoices sent, how payment was confirmed, extent to which invoices were paid on time.

   Objection. Relevance.

i. Are invoices hourly? Other?

   Objection. Relevance.

j. What is included on invoices? References to conversations with Gentile?

   Objection. Relevance.

k. Amounts invoiced to and paid by or on behalf of Gentile, including amounts of 10 most recent invoices and 10 most recent payments.

   Objection. Relevance.

   In response to previous inquiries, the Firm has previously produced all payments received in connection with representing Gentile responsive to those specific inquiries. The Firm supplements its prior responses to note that it has identified one additional small payment received by G. Capital Limited on April 19, 2024, which did not represent payment of any invoice in connection with the Plaintiffs' lawsuits. The Firm's prior responses are hereby modified to reflect this one additional small payment. As previously indicated, the Firm is willing to share the amount of this wire with the Court should it request to satisfy itself that the amount of the wire is *de minimus* and not a large transfer of funds.

   Fedwire Credit Via: United Texas Bank/111016501 B/O: 1/G.Capital Limited 3/Bs/Nassau Ref: Chase Nyc/Ctr/Bnf=Ford O'Brien Landy
   Llp New York NY 10016-1135 US/Ac- 000000007006 Rfb=453899Trc641292 Ob I=/Rfb/Inv G Capital Limited Legal Se Rvices Dd. Mar
   22 2024 Invoice P Aym Ent Imad: 0419Mmqfmp2F000344 Trn: 0701321110Ff

l. Amounts owed by Gentile to the Firm on any open invoices.

   Objection. Relevance.

m. Whether payments were ever made to the Firm by or on behalf of Gentile by written checks or cash.

   Answered on June 25, 2025.

3

n.  Whether payments were ever made by or on behalf of Gentile in a form other than cash/check/wire or bank transfer; details of any such payments.

      Answered on June 25, 2025.

**2. The Firm's assertion that the Firm's only method of contacting Gentile is via WhatsApp, Signal, and other secure messaging platforms.**

For the reasons stated in our motion to compel and as discussed at the conference, <u>we intend to follow up as follows:</u>

a.  Gentile's user information on WhatsApp (username, phone number, other contact details visible through WhatsApp)
b.  Same as above, re: Signal.
c.  What other messaging platforms/apps were used to contact Gentile? Same questions.
d.  Does the Firm keep a record of conversations with clients, for billing purposes or otherwise?
e.  Last 10 conversations b/w anyone at the Firm and Gentile. How reached?
f.  Has anyone from the Firm spoken with Gentile since the jury trial?
g.  Where was Gentile staying in Florida?
h.  Where does Gentile stay when he is in NY? For the deposition and inquest in our case?
i.  When? Where was he? When is the last time that someone from the Firm knew where Gentile was?
j.  Has the Firm sent or received any documents to/from Gentile in connection with the SEC case or otherwise in the past 6 months? How?

**The Firm's Response:**

a.  Gentile's user information on WhatsApp (username, phone number, other contact details visible through WhatsApp)

Objection. Relevance. Privileged. This information is not relevant as it cannot be used to locate Mr. Gentile or his assets. None of the Messaging applications use real-time location or IP logs. Gentile's user information on all Messaging Apps was provided to the Firm solely for the purpose of receiving legal advice. As such, this information is protected by the attorney client privilege.

b.  Same as above, re: Signal.

Objection. Relevance. Privileged. This information is not relevant as it cannot be used to locate Mr. Gentile or his assets. None of the Messaging applications use real-time location or IP logs. Gentile's user information on all Messaging Apps was provided to the Firm solely for the purpose of receiving legal advice. As such, this information is protected by the attorney client privilege.

4

c. What other messaging platforms/apps were used to contact Gentile? Same questions.

Answered. See above.

d. Does the Firm keep a record of conversations with clients, for billing purposes or otherwise?

Objection. Relevance. The Firm will refuse to answer any questions about its billing practices for any client.

e. Last 10 conversations b/w anyone at the Firm and Gentile. How reached?

The Firm does not maintain a record of every conversation it has had with Mr. Gentile. The Firm is in contact with Mr. Gentile regarding its representation of him in the SEC Miami case via the referenced Messaging Apps.

f. Has anyone from the Firm spoken with Gentile since the jury trial?

As repeatedly disclosed, Matthew Ford has spoken with Mr. Gentile since the jury trial in Miami last summer on topics related to the SEC Miami litigation.

g. Where was Gentile staying in Florida?

Objection. Relevance. Privilege.

h. Where does Gentile stay when he is in NY? For the deposition and inquest in our case?

The Firm does not know when Gentile is in NY or where he stays if he is here. The Firm has no evidence or knowledge of his whereabouts or travels. The Firm does not know where Gentile stayed when he was here for the deposition in December 2023 or during the inquest.

i. When? Where was he? When is the last time that someone from the Firm knew where Gentile was?

The last time someone from the Firm knew where Gentile was at:

Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128
(305) 523-5100

j. Has the Firm sent or received any documents to/from Gentile in connection with the SEC case or otherwise in the past 6 months? How?

Objection. Relevance. Privilege.

5

3.  **The Firms' knowledge of Gentile's assets, including entities, trusts and real property.** Including, without limitation, any entities that sent payments to the Firm on behalf of Gentile, and any other entities referenced in the record in these cases, e.g., at Gentile's depositions, or in any testimony in connection with the damages inquest.

**Firm's response:** This question has already been answered and all information has been provided. The firm received payments from three entities, as disclosed. The firm is not in possession of any information regarding Gentile's assets, including entities, trusts, and real property.

Dated: July 10, 2025
      New York, NY

FORD O'BRIEN LANDY LLP

By: */s/ Adam C. Ford*
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 858-0040 (main)
Fax: (212) 256-1047
aford@fordobrien.com

6