UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVALON HOLDINGS CORP.,                :        18-cv-7291 (VSB) (RWL)
                                      :
                Plaintiff,            :        **ORDER**
                                      :
        - against -                   :
                                      :
GUY GENTILE, et al.,                  :
                                      :
                Defendants.           :
------------------------------------------------------------X
NEW CONCEPT ENERGY, INC.,             :        18-cv-8896 (VSB) (RWL)
                                      :
                Plaintiff,            :        **ORDER**
                                      :
        - against -                   :
                                      :
GUY GENTILE, et al.,                  :
                                      :
                Defendants.           :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the Ford Firm's letter motion for a protective order (Dkt. 382) and Plaintiffs' letter motion to compel (Dkt. 383), both of which concern the 30(b)(6) deposition of the Ford Firm and compliance with the Court's order dated June 11, 2025, at Dkt. 380. Both motions are granted in part and denied in part as follows.

1.      With respect to Information Subpoena Request 21 and the Court's June 11, 2025 order requiring the Ford Firm to produce copies of receipts or payment confirmations for payments made by Gentile: The Court finds that the Ford Firm has complied with the obligations to produce "copies" by providing the receipt, payment, and confirmation information from its electronic systems. (*See* Dkt. 383 at ECF 2-3.) However, the Ford Firm must provide the amount of payment for each of those entries.

1

2. The Ford Firm shall appear for the 30(b)(6) deposition as scheduled for July 16, 2025.

3. The Ford Firm shall answer deposition questions about the messaging apps employed by Gentile (or entities controlled by Gentile) to communicate with the Ford Firm (and vice-versa), including but not limited to usernames and contact information; however, the Ford Firm need not answer questions that would reveal privileged content of those communications beyond a general description of the subject matter.

4. The Ford Firm shall answer deposition questions about receipt of any post-Judgment payments to the extent the information sought is relevant to determining the whereabouts of Gentile or any assets or asset transfers made by Gentile (or an entity controlled by Gentile). Again, the Ford Firm need not answer questions that would reveal privileged content of any communications beyond a general description of the subject matter.

5. The Ford Firm need not answer questions about frequency of invoicing, the extent to which invoices were paid on time, whether any invoices remain open, whether invoices are based on hours or some other basis, whether the firm maintains records of conversations with clients; but shall answer questions about how invoices were sent to Gentile (or any entities controlled by him), how payment of those invoices was confirmed, and how payments were made (e.g., check, electronic transfer, or otherwise).

6. The Ford Firm shall answer questions about the means of communicating with Gentile (or any entity controlled by him), past or present.

7. The Ford Firm shall answer questions about Gentile's whereabouts, past or present, including but not limited to specific locations and addresses.

8. The Ford Firm shall answer questions about the Firm's knowledge of Gentile's assets, including but not limited to entities, trusts, and real property.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 382 and 383.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 15, 2025
       New York, New York

Copies transmitted this date to all counsel of record.