# EXHIBIT 8

# OLSHAN

1325 AVENUE OF THE AMERICAS ■ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ■ FACSIMILE: 212.451.2222

EMAIL: TFLEMING@OLSHANLAW.COM
DIRECT DIAL: 212.451.2213

May 2, 2024

BY ECF

Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

    Re:    *Avalon Holding Corp. v. Gentile, et al.*, Case No. 18-CV-7291 (DLC)(RWL)

            *New Concept Energy, Inc. v. Gentile, et al.*, Case No. 18-CV-8896 (DLC)(RWL)

Dear Judge Cote:

    We appeared for defendant Guy Gentile in both of the above cases prior to judgment and have also appeared as his counsel before the United States Court of Appeals for the Second Circuit. Both cases were closed on March 20, 2024, after the Court entered judgment in favor of plaintiffs. We have not been retained to represent Mr. Gentile in any post-judgment proceedings before the District Court. While I believe that my firm has never appeared before this Court once the cases were closed, out of an abundance of caution, we respectfully request, pursuant to Local Civil Rule 1.4, that Olshan Frome Wolosky LLP ("Olshan") be permitted to withdraw from the representation of Mr. Gentile in any post-judgment proceedings before this Court.

    On April 23, 2024, plaintiffs served Olshan with discovery requests addressed to Mr. Gentile seeking asset discovery. These requests do not pertain to any of the substantive matters for which Olshan was engaged and appeared on behalf of Mr. Gentile. Mr. Gentile does not wish to retain Olshan for representation in post-judgment matters. On April 30, 2024, I informed David Lopez, counsel for plaintiffs, that Olshan has not been retained by Mr. Gentile to defend in

May 2, 2024
Page 2

enforcement proceedings, and that I believed our appearance before the District Court ended with the judgments.

More recently, Plaintiffs moved for relief under 28 U.S.C. § 1963 and the Court ordered any opposition to be filed by Friday, May 3, 2024. Since our law firm has not been retained by Mr. Gentile for post-judgment proceedings, we do not intend to file an opposition. An order clarifying that we are not counsel of record in post-judgment matters before the District Court will avoid any risk that we may be criticized for not responding.

Under the applicable New York Rules of Professional Conduct, a lawyer may withdraw from representation when "the client knowingly and freely assents to the termination of the employment." *See* 22 NYCRR 1200, Rule 1.16(c)(10). Our request for leave to withdraw, I believe, complies with New York's Rules of Professional Conduct, especially because we were never retained to appear before the District Court after judgment was entered.

No party will be prejudiced if this motion is granted. Plaintiffs have served my law firm with post-judgment discovery requests to which we intend to respond seeking, *inter alia*, our records regarding Mr. Gentile's home address and banking information regarding his payments to us.

Based on the foregoing, Olshan respectfully requests that the Court grant the Motion in its entirety.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Thomas J. Fleming*

Thomas J. Fleming

cc: All counsel of record (via ECF)

12511624-2