# EXHIBIT 11

difficulty in serving him. As the Court is aware, Plaintiffs previously had to go through extensive motion practice and expend significant time and expense to effectuate service on Mr. Gentile in connection with the Avalon Complaint. While Plaintiffs have not yet received the results of skip tracing on the San Juan address, it seems unlikely that it represents a viable point of contact, given that Olshan, just a few weeks earlier, had served upon Plaintiffs a declaration signed by Mr. Gentile in which he affirmed his Florida residence. (Avalon Dkt. 292-7, at ¶1).

Plaintiffs therefore respectfully submit that any order permitting Olshan to withdraw as counsel should explicitly provide for alternative service on Mr. Gentile through Olshan, such that Plaintiffs' already-served requests and future discovery requests be deemed served upon Mr. Gentile through service on Olshan. Such an order is necessary to prevent undue prejudice to Plaintiffs' ability to pursue post-judgment enforcement to which they are entitled as Judgment Creditors. *See Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-cv-6653 (GBD) (JLC), 2015 WL 2250592, at *2 (S.D.N.Y. May 13, 2015) (citing *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999)) ("In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'"); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (denying motion to withdraw where client could not be reached at last known address).

Plaintiffs do not consent to Olshan's withdrawal but recognize that the issue is within the Court's discretion and request the safeguards set forth above in the event that Olshan's application is granted.

Respectfully Submitted,

/s/ Miriam Tauber
Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. NY NY 10075
MiriamTauberLaw@gmail.com
(323) 790-4881

/s/ David Lopez
David Lopez (DL-6799)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road
Southampton, NY 11968
DavidLopezEsq@aol.com
(631) 287-5520

*Counsel for Plaintiffs*

similar resistance in attempting to serve Mr. Gentile with additional discovery and other process relating to enforcement of the two judgments rendered by this court. In that event, Plaintiffs will look to Mr. Gentile's counsel of record to accept service on Mr. Gentile's behalf or otherwise facilitate service or, if Olshan is permitted to withdraw and if Mr. Gentile asks to proceed *pro se*, with a Court-approved mode of effecting service on him using the mails as would be the case with a represented party.

As noted in Plaintiffs' letter to the Court on May 5, 2024, Mr. Gentile's prior counsel was given permission to withdraw in view of the simultaneous appearance of Mr. Gentile's new lawyers at Olshan. Absent this "changing of the guard," permission would have been opposed by Plaintiffs

Those attorneys at Olshan have since remained Mr. Gentile's attorneys of record in these cases, in both the District Court until now and in the Court of Appeals. Plaintiffs respectfully request that no withdrawal be permitted unless and until substitute counsel for Mr. Gentile appears on the docket or a means of mail service be authorized if Mr. Gentile elects to proceed unrepresented by a member of the bar.

Respectfully submitted,

*/s/ Miriam Tauber*
Miriam Tauber
*Attorney for Plaintiff/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

cc: All counsel of record (via ECF)

2