# EXHIBIT 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
AVALON HOLDINGS CORP,                        :
                                             :
                    Plaintiff,               :
                                             :          18-cv-7291 (DLC)
        -v-                                  :
                                             :
GUY GENTILE And MINTBROKER                   :
INTERNATIONAL, LTD.,                         :
                                             :
                    Defendants.              :
------------------------------------------------------------x
Related But Not A Movant:
------------------------------------------------------------x
NEW CONCEPT ENERGY, INC.,                    :
                                             :
                    Plaintiff,               :
                                             :          18-cv-8896(DLC)
GUY GENTILE And MINTBROKER                   :
INTERNATIONAL, LTD.,                         :
                                             :
                    Defendants.              :
------------------------------------------------------------x

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL NON-PARTY WITNESS ADAM FORD TO
COMPLY WITH PLAINTIFF'S POST-JUDGMENT SUBPOENA
IN AID OF ENFORCEMENT

OVERVIEW

Judgment in the amount of $8,219,175 inclusive of pre-judgment interest was entered on

March 14, 2024, Dkt #. 281, in favor of Avalon Holdings Corp. and against Guy Gentile. In an

effort to identify assets of Mr. Gentile's subject to collection an information subpoena with

document discovery requests and a testimonial subpoena were served on his former attorney in

this case and his continuing lead attorney in *Securities & Exchange Commission , v. Guy Gentile*.

S. D. Fla, 21-cv-21079 ("The Florida Suit"). True copies of the foregoing subpoena and

1

attachments with proofs of service are appended to the affirmation of David Lopez, filed herewith as Exhibits A and B thereto.

Mr. Ford's initial responses were to state that he was engaged in trial in an unrelated matter; that he was awaiting a jury decision; that the jury was requesting further instructions. That jury deliberation has presumably ended.

Mr. Ford's final communication to the subpoena was an e-mail saying he had nothing responsive to its requests, a copy of which appears at Exhibit C thereto.

We respectfully remind the court that Mr. Ford, in the two related cases, acting as Mr. Gentile's lead attorney of record, had represented in open court that no brokerage records existed that might be inspected as requested by the plaintiffs in seeking to establish liability. And it was Mr. Ford who, after liability had been determined by Judge Broderick with damages remaining to be decided, represented to Magistrate Judge Lehrburger, that client records had subsequently been *DISCOVERED* through fortuity by asking the former employee of Mr. Gentile's company whose job it was to maintain them whether he might happen to have access to copies. That is to say, the records had always been available through an exercise of the minimal diligence of asking their custodian for copies.

The discovery requests listed in the current subpoena addressed to Mr. Ford and in its addendum are wholly proper, routine to collection proceedings and the plaintiff is entitled to RESPONSES UNDER OATH AND SUBJECT TO THE PENALTIES OF PERJURY to each and every request but most especially to paragraph 9 of the Subpoena Questionnaire which reads:

> "9. Set forth the most recent home and business addresses and the most recent phone number and email address your records indicate for the Judgment Debtor. Identify the date on which you most recently communicated with or contacted the Judgment Debtor by phone, email and/or mail"

It is quite possible that, as with Mr. Fleming, Mr. Gentile's current attorney of record in this case and in the two case-related appeals being prosecuted before the Second Circuit, Mr. Ford has had no recent contact with Mr. Gentile, even while preparing him for testimony in the Florida suit. But Plaintiff believes that it is entitled to be told, UNDER OATH, of this extraordinary litigation technique, profit from its educational value, and prepare for Mr. Ford's deposition on oral questions.

The last known address for Mr. Gentile provided by his current counsel, Mr. Fleming, is 101 Avenida de Diergo, Apt S-2202, San Juan, Puerto Rico 00911. Correspondence sent to Mr. Gentile at that address has been returned as undeliverable. Process servers sent to that address have reported that Mr. Gentile is not in residence. A telephone number for Mr. Gentile provided by Mr. Fleming, when dialed, produces a recording announcing that the number is disconnected. An e-mail address provided to plaintiff's counsel by Mr. Fleming produces, when employed, a notice from the e-mail service provider that the address is not operational.

The Court has ordered Mr. Gentile's arrest for treating all plaintiff's discovery requests with contempt.

The balance of discussion in this memorandum is guided principally by the Second Circuit's teaching in *CBS Broadcasting, Inc.et al.  v. Filmon.com, Inc.*, 814 F.3d 91 (2d Cir. 2016),

## POINT I.  THE DISCOVERY DEMANDS OF MR FORD
## ARE CLEAR AND UNAMBIGUOUS AS IS MR. FORD'S CONTEMPT

### i)  Demands Are Clear and Unambiguous

True copies of the *subpoena duces tecum* and of the inventory of documents sought thereby and of the interrogatories appearing in the schedule appended to the *subpoena* seeking Mr. Ford's compliance were served on Mr. Ford through certified mail, and personal service. A process server's affidavit of service appears as an exhibit to the affirmation of David Lopez.

3

> "In aid of enforcement or execution of a judgment, the judgment creditor or a record successor in interest may obtain discovery from any person, including the judgment debtor, in either the usual manner provided in the Federal Rules of Civil Procedure or in the manner provided by the practice of the strate in which the district court is held". Moore's Manual Sec. 26.102,

Mr. Ford has been *subpoenaed*. Mr. Ford has seen fit to treat the compulsion which a *subpoena* represents with disdain. Plaintiff moves to hold Mr. Ford in contempt of court and to compel him to comply with the *subpoena* on pain of a cumulative daily penalty of One Thousand ($1,000.00) per day from the date of entry of an order to the date of compliance with it, or such other or different means of compulsion deemed just and proper by the court..

## ii) Mr. Ford's Contempt of Court Is Clear and Unambiguous

Equally clear and unambiguous is Mr. Ford's failure to comply. Mr. Ford has been too busy to provide any requested documents, totally. His excuses vary with the passage of time but their gist is that he has more important things to do than divert his attention to complying.

The documents sought to be produced by Mr. Ford are routine in enforcement proceedings and have, in any event, not been objected to. Their request has simply been ignored. Not a single scrap of paper or magnetic medium has been produced.

To the extent that questions have been posed, not a word of response has been presented or objection made.

Mr. Ford's treatment of plaintiff's request with contempt is total, undefended and indefensible.

## CONCLUSION

Mr. Ford has acted as attorney of record for Guy Gentile in plaintiff's suit for nearly six years and only withdrew following entry of judgment against Mr. Gentile. During Mr. Ford's tenure Mr. Gentile formulated and implemented his plan of liquidation of assets within the United

States and within the reach of this court and he effected his relocation, upon information and belief, of domicile to Dubai in the United Arab Emirates which has no extradition treaty with the United States and is not a signatory to the Hague Judgments Convention.

Discovery intended to be in aid of collection of the court's judgment has been served on Mr. Ford and he has treated it with disdain and contempt.

The court, in protection of its dignity, should find Mr. Ford to be in contempt of court and sanction him as it deems appropriate to induce compliance.

Dated:  Southampton, New York
       September 23, 2024

                           Respectfully,

                           David Lopez, Esq.
                           171 Edge of Woods Road, P.O. Box 323
                           Southampton, New York 11968
                           Tel:  631.287.5520
                           DavidLopezEsq@aol.com

                           *Attorney for Plaintiff*
                           *Avalon Holdings Corp.*

## CERTIFICATE OF SERVICE

DAVID LOPEZ, a member of the bar of this court, certifies that true copies of the foregoing were served on all attorneys of records through the Electronic Case Filing System and that an additional true copy was served by depositing it in a properly addressed envelope bearing first class postage in the facilities of the United State Postal Service on:

        Adam Ford, Esq.
        475 Madison Avenue
        24th Floor
        New York, New York 10016

this 24th day of September, 2024.

                                   David Lopez
                                   171 Edge of Woods Road
                                   P.O. Box 323
                                   Southampton, New York 11968
                                   *Attorney for Plaintiff*