# EXHIBIT 23

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :    18cv7291 (DLC)
AVALON HOLDINGS CORP.,                 :    18cv8896 (DLC)
                                       :
                   Plaintiff,          :
         -v-                           :    ORDER
                                       :
GUY GENTILE and MINTBROKER             :
INTERNATIONAL, LTD.,                   :
                                       :
                   Defendants.         :
                                       :
-------------------------------------- X
                                       :
NEW CONCEPT ENERGY, INC.,              :
                                       :
                   Plaintiff,          :
         -v-                           :
                                       :
GUY GENTILE and MINTBROKER             :
INTERNATIONAL, LTD.,                   :
                                       :
                   Defendants.         :
-------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiffs Avalon Holdings Corp. ("Avalon") and New Concept Energy, Inc. ("New Concept") each brought an action against defendants Guy Gentile and Mintbroker International, Ltd. ("Mintbroker") for disgorgement of short-swing profits pursuant to § 16(b) of the Securities Exchange Act of 1934. 15 U.S.C. § 78p(b). On March 20, 2024, an Order of final judgment was entered for plaintiffs Avalon and New Concept. Avalon was awarded pre-judgment interest in the amount of $1,983,267 for a total final judgment amount of $8,219,175 against defendants;

New Concept was awarded pre-judgment interest in the amount of $1,971,281, for a total final judgment amount of $8,073,283 against defendants.

On July 8, Avalon filed a motion to compel defendant Gentile to respond to its post-judgment subpoenas.  A July 9 Order set a briefing schedule on the motion, and a hearing was held on July 23.  Gentile was not present at the hearing.  Counsel for Gentile, who is also counsel of record for Gentile's appeal to the Second Circuit in this case, appeared at the hearing and represented that he had not been in contact with Gentile since May 2024 at the latest and did not have information on how to effect service on Gentile.  Counsel for Avalon made an oral application for a bench warrant and additional monetary sanctions, which was denied.  Avalon's counsel was granted permission to renew the motion to compel if there was a showing that all possible methods of contacting Gentile had been exhausted.

On August 14, Avalon filed a renewed motion pursuant to Fed. R. Civ. P. 69 to compel Gentile to respond to Avalon's post-judgment subpoenas and an application for a bench warrant for his civil arrest (the "August 14 motion").  On August 22, Avalon requested permission to serve Gentile with notice of its motion for his civil arrest by publication pursuant to Fed. R. Civ. P. 4(f)(3).  An Order of August 29 directed Avalon to serve

2

its motion for civil arrest on Gentile by alternative means, including by publication, email, and social media messaging. Also on August 29, Gentile was ordered to file any opposition to the August 14 motion by September 13, and any reply was to be filed by September 20. On September 7 and September 8, counsel for Avalon filed affidavits representing that service was effected by publication mail, email, and social media messaging.

Federal courts "have inherent power to enforce compliance with their lawful orders through civil contempt." In re Markus, 78 F.4th 554, 564 (2d Cir. 2023) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). In addition, the Federal Rules of Civil Procedure permit courts to treat as contempt a party's failure to obey an order to provide discovery, Fed. R. Civ. P. 37(b)(2)(A)(vii), and a party's failure, "without adequate excuse," to obey a subpoena served on it, Fed. R. Civ. P. 45(g). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016) (citation omitted).

District courts possess "broad discretion to design a remedy that will bring about compliance" with the court's orders. Paramedics Electromedicina Comercial, Ltda v. GE Med.

3

Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004) (citation omitted). Arrest may be an appropriate sanction for civil contempt, so long as it is designed to compel the party to comply with the court's orders, rather than to punish. See Hicks v. Feiock, 485 U.S. 624, 631-34 (1988) (distinguishing civil and criminal contempt and observing that imprisonment for civil contempt is appropriate where it is remedial, i.e., where the party "stands committed unless and until he performs the affirmative act required by the court's order" (citation omitted)). Finally, Federal Rule of Civil Procedure 4.1(b) explains that "[a]n order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district." Fed. R. Civ. P. 4.1(b).

Being that Gentile has failed to comply with Avalon's post-judgment subpoenas and has failed, pursuant to this Court's August 29 Order, to file by September 13 any opposition to Avalon's August 14 motion, it is hereby

ORDERED that Avalon's motion to compel Gentile to comply with Avalon's post-judgment subpoenas is granted.

IT IS FURTHER ORDERED that Gentile is in civil contempt of this Court for failing to respond to Avalon's post-judgment subpoenas or to oppose the August 14 motion.

IT IS FURTHER ORDERED that the United States Marshals Service is directed to take all necessary measures to effect

4

service and enforcement of this Order in any district of the United States where Gentile may be found.  Because this case involves Gentile's violations of federal securities laws, this contempt order is issued to "enforce the laws of the United States," and, accordingly, "may be served and enforced in any district."  Fed. R. Civ. P. 4(b)(1).

IT IS FURTHER ORDERED that the United States Marshals Service, if called upon to execute the terms of the attached Order, will be permitted to use the minimum degree of non-deadly force necessary to arrest and detain Gentile and bring him before this Court, and will be permitted to enter any premises of Gentile's if he is reasonably believed to be inside and if requested access to such premises is withheld.

IT IS FURTHER ORDERED that, if located by the United States Marshals in any district of the United States, Gentile shall be incarcerated until he responds to Avalon's post-judgment subpoenas or until further Order of this Court.

5

IT IS FURTHER ORDERED that Avalon's counsel shall contact the United States Marshals Service to coordinate the execution of this Order.  If Avalon so chooses, it will at its own expense file this Order and provide any other forms or payments necessary to facilitate the Marshals' investigation and arrest of Gentile.

Dated:    New York, New York
          September 20, 2024

                                        _____
                                              DENISE COTE
                                        United States District Judge

6