# EXHIBIT 25

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

AVALON HOLDINGS CORP.,

    Plaintiff,

v.

GUY GENTILE,

    Defendant.

Case No. 18-cv-7291 (DLC) (RJL)
(ECF Case)

**RESTRAINING NOTICE**
**WITH INFORMATION SUBPOENA**

RE: **Guy Gentile** (Judgement Debtor)

Related to:

NEW CONCEPT ENERGY, INC.,

    Plaintiff,

v.

GUY GENTILE,

    Defendant.

Case No. 18 Civ. 8896 (DLC) (RJL)
(ECF Case)

**RESTRAINING NOTICE**
**WITH INFORMATION SUBPOENA**

RE: **Guy Gentile** (Judgement Debtor)

## THE PRESIDENT OF THE UNITED STATES OF AMERICA
## THE PEOPLE OF THE STATE OF NEW YORK

**TO GARNISHEES:**

**NICHOLAS ABADIOTAKIS,** individually
and as Registered Agent for: **INSTANT X TRADER INC.** (FEI/EIN: 27-1330900)
and as Trustee of: **THE SUSA TRUST** (owner of Mint Global Holdings, Inc.)

**Via Personal Delivery** and **Certified Mail** (Return Receipt Requested):

4156 Cedar Creek Ranch Circle     694 Marlboro Oval
Lake Worth, FL 33467     Lake Worth, FL 33467

**cc (via email):** abadiotakis@comcast.net

**GREETING:**

**WHEREAS,** in the above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff Avalon Holdings Corp. (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,219,175, of which $8,219,175 remains due, plus post-judgment interest from March 20, 2024.

SERVED 1:10 p M On 08/02 20 24
OFFICE OF THE SHERIFF, PALM BEACH COUNTY, FL
DEPUTY SHERIFF Thompson 7285 I.D. NO.

1

**WHEREAS,** in the related above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff New Concept Energy, Inc. (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,073,283, of which $8,073,283 remains due, plus post-judgment interest from March 20, 2024.

**WHEREAS,** it appears that NICHOLAS ABADIOTAKIS; INSTANT X TRADER INC.; and/or THE SUSA TRUST (and any agents, predecessor or successor entities) (collectively, "you") owe a debt to the Judgment Debtor, or are in possession or in custody of property, or information about property, in which the Judgment Debtor has or may have a direct or indirect interest:

**ANY AND ALL CASH, SECURITIES, FUNDS, ACCOUNTS, OR ASSETS OF ANY KIND, and/or any interest in any ENTITIES, BUSINESSES, TRUSTS, and/or any REAL PROPERTY owned or held directly or indirectly by or for the benefit of, or which is or may become due to, the Judgment Debtor.**

**TAKE NOTICE THAT** pursuant to subdivision (b) of §5222 of the Civil Practice Law and Rules, which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of such debt, except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody, and debts hereafter coming due from you to the Judgment Debtor.

### CIVIL PRACTICE LAW AND RULES

<u>Section 5222(b)</u>—<u>Effect of restraint: prohibition of transfer; duration</u>. A Judgment Debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff[1] or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the Judgment Creditor has stated in the notice that a specified debt is owed by the person served to the Judgment Debtor or that the Judgment Debtor has an interest in specified property in the possession or custody of the person served. All property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the Judgment Debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A Judgment Creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the Judgment Debtor, for any damages sustained by reason of the restraint. If a Garnishee served with a restraining notice withholds the payment of money belonging or owed to the Judgment Debtor in an amount equal to twice the amount due on the Judgment, the restraining notice is not effective as to other property or money.

---

[1] Because the Judgment in this action was rendered by a federal court, the U.S. Marshal may serve the enforcement functions ascribed to the sheriff in this Notice.

2

FURTHER, WE COMMAND YOU to answer in writing under oath, separately and fully, each question in the Questionnaire accompanying this Subpoena, each answer referring to the question to which it responds; and return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Subpoena.

**TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE OR FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT, PUNISHMENT FOR PERJURY, AND/OR CONTEMPT OF COURT.**

I hereby certify that this Information Subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this Subpoena has in their possession information about the debtor that will assist the creditor in collecting the Judgment.

Dated: July 19, 2024

_____
Miriam Tauber (MIRIAM TAUBER LAW PLLC)
*Attorney for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*
885 Park Ave. #2A, New York, NY 10075
Tel: (323) 790-4881 | Email: MiriamTauberLaw@gmail.com

DIRECT ALL INQUIRIES AND RESPONSES TO THE ABOVE.

This communication is from a debt collector.
It is an attempt to collect a debt and any information obtained will be used for that purpose.

3

# QUESTIONNAIRE

**Answer the following Questions based on any information known to you and any information reflected in your records or files (whether or not verified or confirmed by you):**

1. Set forth every bank or brokerage account held by or for the benefit of the Judgment Debtor.

    For each account provide:

    a. The type of account.
    b. The name of the account holder.
    c. The account cash balance (or identify any non-cash assets and provide the present or estimated market value of each type of asset).
    d. The ACCOUNT NUMBER and ROUTING NUMBER of the account.
    e. The INSTITUTION, BRANCH, and ADDRESS at which the account is held.
    f. The date, amount, and type of every deposit, payment, or withdrawal into or from the account within the past six months.

2. Identify and provide addresses of all REAL PROPERTY owned directly or indirectly by the Judgment Debtor or in which either Judgment Debtor has a direct or indirect interest.

3. Identify all accounts or any assets (including any real property, or interests in any real property) pledged or escrowed to secure any debt or obligation owed to or by the Judgment Debtor or held in trust or in a fiduciary capacity for the Judgment Debtor.

4. Identify any and all agents or representatives of the Judgment Debtor authorized to direct or approve any transfers of funds or assets to or from the Judgment Debtor, provide their addresses and any other contact information, and identify the accounts or assets within their purview.

5. Identify the person (or persons) at INSTANT X TRADER INC. or THE SUSA TRUST who is most familiar with the Judgment Debtor's finances, and any transfers of stock or cash made from or to the Judgment Debtor, whether for payment of services, in connection with any negotiated transaction, or otherwise.

6. Please have the person(s) identified in response to Question No. 5 review and supplement your answers to all of these Questions; it goes to the essence of integrity of the answers provided by you that your answers accurately reflect and present a true and accurate picture of the information the Questions seek.

7. State whether there are any pending transactions involving, or sums of money presently due, or expected to become due, to or from the Judgment Debtor, and provide the amount or cash value of any funds, securities, or other assets to be received or paid by the Judgment Debtor and the parties to each such transaction.

8. State whether you are aware of any funds, securities, or other assets (including real property) pledged or held in escrow by, on behalf, or for the benefit of the Judgment Debtor or in connection with any transaction involving the Judgment Debtor, and identify: the nature of each such transaction, the parties to the transaction, the date the escrow was established and the date funds or assets were released, the amount of funds or value of assets (and addresses of any real property) pledged or escrowed on the date established and on the date released, and the individuals or entities to which escrowed funds or assets were released.

9. Identify any vehicles or equipment (and provide any applicable registration or identification numbers) presently or previously owned or leased by or registered to the Judgment Debtor or any agent or representative of the Judgment Debtor (including, without limitation, any entities, businesses, or individuals associated with INSTANT X TRADER INC. and/or THE SUSA TRUST); and specify: the model, make, or other identifying information for each such vehicle; the name of the vendor from which the vehicle was purchased or leased; and the accounts used to make any purchase or lease payments by or for the benefit of the Judgment Debtor.

10. With respect to THE SUSA TRUST, identify and all: (i) Grantors; (ii) Beneficiaries; (iii) Trustees and any Trust Protectors; and their relationship to the Judgment Debtor.

11. Identify all other accounts and assets, including, without limitation, any intellectual property, software rights, subscription fees, management fees, finder's fees, commissions, or any other businesses or sources of income owned, held by, or owing to the Judgment Debtor not otherwise accounted for in your responses to these Questions.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18-cv-7291 (DLC) (RJL) <br> (ECF Case) <br><br> **RESTRAINING NOTICE** <br> **WITH INFORMATION SUBPOENA** <br><br> RE:   Guy Gentile (Judgement Debtor) |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18 Civ. 8896 (DLC) (RJL) <br> (ECF Case) <br><br> **RESTRAINING NOTICE** <br> **WITH INFORMATION SUBPOENA** <br><br> RE:   Guy Gentile (Judgement Debtor) |

THE PRESIDENT OF THE UNITED STATES OF AMERICA
THE PEOPLE OF THE STATE OF NEW YORK

TO *GARNISHEES*:

**NICHOLAS ABADIOTAKIS,** individually
and as Registered Agent for: **INSTANT X TRADER INC.** (FEI/EIN: 27-1330900)
and as Trustee of: **THE SUSA TRUST** (owner of Mint Global Holdings, Inc.)

<u>Via Personal Delivery and Certified Mail (Return Receipt Requested):</u>

4156 Cedar Creek Ranch Circle     694 Marlboro Oval
Lake Worth, FL 33467              Lake Worth, FL 33467

<u>cc (via email)</u>: abadiotakis@comcast.net

**GREETING:**

**WHEREAS,** in the above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff Avalon Holdings Corp. (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,219,175, of which $8,219,175 remains due, plus post-judgment interest from March 20, 2024.

1

**WHEREAS**, in the related above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff New Concept Energy, Inc. (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,073,283, of which $8,073,283 remains due, plus post-judgment interest from March 20, 2024.

**WHEREAS**, it appears that NICHOLAS ABADIOTAKIS; INSTANT X TRADER INC.; and/or THE SUSA TRUST (and any agents, predecessor or successor entities) (collectively, "you") owe a debt to the Judgment Debtor, or are in possession or in custody of property, or information about property, in which the Judgment Debtor has or may have a direct or indirect interest:

**ANY AND ALL CASH, SECURITIES, FUNDS, ACCOUNTS, OR ASSETS OF ANY KIND, and/or any interest in any ENTITIES, BUSINESSES, TRUSTS, and/or any REAL PROPERTY owned or held directly or indirectly by or for the benefit of, or which is or may become due to, the Judgment Debtor.**

**TAKE NOTICE THAT** pursuant to subdivision (b) of §5222 of the Civil Practice Law and Rules, which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of such debt, except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody, and debts hereafter coming due from you to the Judgment Debtor.

**CIVIL PRACTICE LAW AND RULES**

<u>Section 5222(b)</u>—Effect of restraint: prohibition of transfer; duration. A Judgment Debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff[1] or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the Judgment Creditor has stated in the notice that a specified debt is owed by the person served to the Judgment Debtor or that the Judgment Debtor has an interest in specified property in the possession or custody of the person served. All property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the Judgment Debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A Judgment Creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the Judgment Debtor, for any damages sustained by reason of the restraint. If a Garnishee served with a restraining notice withholds the payment of money belonging or owed to the Judgment Debtor in an amount equal to twice the amount due on the Judgment, the restraining notice is not effective as to other property or money.

---

[1] Because the Judgment in this action was rendered by a federal court, the U.S. Marshal may serve the enforcement functions ascribed to the sheriff in this Notice.

2