# EXHIBIT 25
# (PART ONE)

**FURTHER, WE COMMAND YOU** to answer in writing under oath, separately and fully, each question in the Questionnaire accompanying this Subpoena, each answer referring to the question to which it responds; and return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Subpoena.

**TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE OR FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT, PUNISHMENT FOR PERJURY, AND/OR CONTEMPT OF COURT.**

I hereby certify that this Information Subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this Subpoena has in their possession information about the debtor that will assist the creditor in collecting the Judgment.

Dated: July 19, 2024

_____
Miriam Tauber (MIRIAM TAUBER LAW PLLC)
*Attorney for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*
885 Park Ave. #2A, New York, NY 10075
Tel: (323) 790-4881 | Email: MiriamTauberLaw@gmail.com

DIRECT ALL INQUIRIES AND RESPONSES TO THE ABOVE.

This communication is from a debt collector.
It is an attempt to collect a debt and any information obtained will be used for that purpose.

3

# QUESTIONNAIRE

**Answer the following Questions based on any information known to you and any information reflected in your records or files (whether or not verified or confirmed by you):**

1. Set forth every bank or brokerage account held by or for the benefit of the Judgment Debtor.

    For each account provide:

    a. The type of account.

    b. The name of the account holder.

    c. The account cash balance (or identify any non-cash assets and provide the present or estimated market value of each type of asset).

    d. The ACCOUNT NUMBER and ROUTING NUMBER of the account.

    e. The INSTITUTION, BRANCH, and ADDRESS at which the account is held.

    f. The date, amount, and type of every deposit, payment, or withdrawal into or from the account within the past six months.

2. Identify and provide addresses of all REAL PROPERTY owned directly or indirectly by the Judgment Debtor or in which either Judgment Debtor has a direct or indirect interest.

3. Identify all accounts or any assets (including any real property, or interests in any real property) pledged or escrowed to secure any debt or obligation owed to or by the Judgment Debtor or held in trust or in a fiduciary capacity for the Judgment Debtor.

4. Identify any and all agents or representatives of the Judgment Debtor authorized to direct or approve any transfers of funds or assets to or from the Judgment Debtor, provide their addresses and any other contact information, and identify the accounts or assets within their purview.

5. Identify the person (or persons) at INSTANT X TRADER INC. or THE SUSA TRUST who is most familiar with the Judgment Debtor's finances, and any transfers of stock or cash made from or to the Judgment Debtor, whether for payment of services, in connection with any negotiated transaction, or otherwise.

6. Please have the person(s) identified in response to Question No. 5 review and supplement your answers to all of these Questions; it goes to the essence of integrity of the answers provided by you that your answers accurately reflect and present a true and accurate picture of the information the Questions seek.

7. State whether there are any pending transactions involving, or sums of money presently due, or expected to become due, to or from the Judgment Debtor, and provide the amount or cash value of any funds, securities, or other assets to be received or paid by the Judgment Debtor and the parties to each such transaction.

4

8. State whether you are aware of any funds, securities, or other assets (including real property) pledged or held in escrow by, on behalf, or for the benefit of the Judgment Debtor or in connection with any transaction involving the Judgment Debtor, and identify: the nature of each such transaction, the parties to the transaction, the date the escrow was established and the date funds or assets were released, the amount of funds or value of assets (and addresses of any real property) pledged or escrowed on the date established and on the date released, and the individuals or entities to which escrowed funds or assets were released.

9. Identify any vehicles or equipment (and provide any applicable registration or identification numbers) presently or previously owned or leased by or registered to the Judgment Debtor or any agent or representative of the Judgment Debtor (including, without limitation, any entities, businesses, or individuals associated with INSTANT X TRADER INC. and/or THE SUSA TRUST); and specify: the model, make, or other identifying information for each such vehicle; the name of the vendor from which the vehicle was purchased or leased; and the accounts used to make any purchase or lease payments by or for the benefit of the Judgment Debtor.

10. With respect to THE SUSA TRUST, identify and all: (i) Grantors; (ii) Beneficiaries; (iii) Trustees and any Trust Protectors; and their relationship to the Judgment Debtor.

11. Identify all other accounts and assets, including, without limitation, any intellectual property, software rights, subscription fees, management fees, finder's fees, commissions, or any other businesses or sources of income owned, held by, or owing to the Judgment Debtor not otherwise accounted for in your responses to these Questions.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18 Civ. 7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | Case No. 18 Civ. 8896 (DLC) (RJL) <br><br> ECF Case |

**SUBPOENA *DUCES TECUM*
TO NICHOLAS ABADIOTAKIS**, individually,
as Registered Agent for: **INSTANT X TRADER, INC.**
and as Trustee of: **THE SUSA TRUST**

WHEREAS, in the above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff Avalon Holdings Corp. (the "Judgment Creditor"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,219,175, of which $8,219,175 remains due, plus post-judgment interest from March 20, 2024.

WHEREAS, in the related above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of Plaintiff New Concept Energy, Inc. (the "Judgment Creditor"), and

1

against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,073,283, of which $8,073,283 remains due, plus post-judgment interest from March 20, 2024.

NOW, THEREFORE WE COMMAND YOU, to produce for examination, within 30 days of your receipt of this Subpoena, the books, papers, and records annexed hereto as Schedule A and all other books, papers, and records in your possession or control which have or may contain information concerning your property, income, or other means relevant to the satisfaction of the Judgments.

**TAKE FURTHER NOTICE THAT FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Dated: July 19, 2024

_____
Miriam Tauber
*Attorney for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

**CERTIFICATE OF SERVICE**

I certify that this Subpoena *Duces Tecum* was sent on July 19, 2024, as follows:

- **By certified/registered mail** (return receipt requested) to:
  Nicholas Abadiotakis, at the following addresses:

| 4156 Cedar Creek Ranch Circle Lake Worth, FL 33467 | 694 Marlboro Oval Lake Worth, FL 33467 |
|---|---|

- **With a copy by email to:** abadiotakis@comcast.net

_____
Miriam Tauber
*Attorney for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

2

## SCHEDULE A

THE FOLLOWING DEMANDS RELATE TO THE PERIOD FROM THE DATE OF FILING OF SUIT, AUGUST 13, 2018, TO THE DATE HEREOF (AND CONTINUING UNTIL SATISFACTION OF THE JUDGMENT IN FULL).

THE TERM "SIGNATURE AUTHORITY" SHALL MEAN THE ABILITY TO DIRECT THE PURCHASE, HOLDING, SALE, TRANSFER OR WITHDRAWAL OF OR FROM ANY ASSET OR THING OF VALUE.

OTHER UNIFORM DEFINITIONS PROVIDED BY LOCAL S.D.N.Y. RULE 26.3 APPLY.

**YOU ARE COMMANDED
TO PRODUCE AND ALLOW THE COPYING OF:**

1. All savings bank, credit union (or foreign equivalents) account books, certificates of deposit, records, accounts and memoranda, current and/or those that may have been cancelled or closed, whether in the Judgment Debtor's name individually, jointly, in trust, as custodian, as nominee, or in conjunction with any other person or persons, including but not limited to deposit slips, withdrawal slips, and money order or bank check stubs over which the Judgment Debtor may have or had ownership, signature authority, or the ability to direct agents or employees or other persons to exercise signature authority.

2. All records, statements, cancelled checks and wire confirmations, papers and memoranda concerning any and all checking accounts or similar assets, foreign or domestic, in the Judgment Debtor's name individually, jointly, in trust, as custodian, as nominee or in conjunction with any other person or persons, over which the Judgment Debtor may have or had signature authority or the ability to direct agents or employees or other persons to exercise signature authority including checkbooks, checkbook stubs, statements, cancelled checks and deposit slips, whether said accounts are current and/or may have been closed.

3. All stock certificates, bonds or other securities in the Judgment Debtor's name individually, jointly, in trust, as custodian, as nominee or in conjunction with any other person or persons, or which may be held in account individually or in conjunction with any other person or persons in any corporation, domestic or foreign, or issued by the federal government or by any state, municipal or other governmental agency foreign or domestic.

4. All books, records, accounts, monthly statements, statements of transactions and all other papers and memoranda of stock brokerage accounts, commodities brokerage accounts, option and derivatives accounts foreign or domestic, in the Judgment Debtor's name over which he held or holds signature authority, individually, jointly, in trust, as custodian, as nominee or in conjunction with any other person or persons or over which the Judgment

3

Debtor may have or had the ability to direct agents or employees or other persons to exercise signature authority.

5. All books and records, bills of lading and warehouse receipts and similar or different documents that reflect ownership or foreign or domestic storage of gold, precious metals, artwork, or other things of value.

6. All books and records, correspondence, contracts, confirmations or cancelled checks, wire transfers or other means of payment, reflecting the Judgment Debtor's ownership or dealings in cryptocurrencies, foreign or domestic, of any name, brand, title or designation.

7. Art floater insurance policies reflecting ownership of artwork or artifacts by the Judgment Debtor or his spouse or by his agent, foreign or domestic.

8. Jewelry insurance policies reflecting ownership, foreign or domestic, of jewelry or gems, by the Judgment Debtor or his spouse, agent, or person under his control or over whom he has signature authority.

9. Any trust instruments, foreign or domestic, reflecting the Judgment Debtor as trust beneficiary, settlor, or trustee and/or trust protector.

10. Any documents, including bills of sale, contracts, insurance policies or correspondence, reflecting ownership or possession, foreign or domestic, by the Judgment Debtor of so-called "collectibles."

11. Any personal financial statements prepared by or on behalf of the Judgment Debtor and any credit applications.

12. Copies of the Judgment Debtor's federal and foreign state and city and similar income tax returns together with the schedules, amendments, and worksheets thereof and all other papers, documents and memoranda referring to any adjustments made in connection therewith, together with all U.S. 1099, W2 and K4 forms and similar such documents of foreign origin.

13. Any contracts for the rental and/or lease of safe deposit boxes or vaults, foreign and domestic, by the Judgment Debtor.

14. Any and all rental leases and deeds or conveyances of real property in the Judgment Debtor's name individually, jointly, in trust, as custodian, as nominee, or in conjunction with any other accounts that are current or may have been closed, together with any documentation relative to mortgages, real property taxes and other expenses and repairs relative to any real property in which the Judgment Debtor or his spouse may have or have had an interest.