# EXHIBIT 34

Compilation of Codes, Rules and Regulations of the State of New York
  Title 22. Judiciary
    Subtitle B. Courts.
      Chapter IV. Supreme Court
        Subchapter E. All Departments
          Part 1200. Attorney Rules of Professional Conduct (Refs & Annos)

This section has been updated. Click here for the updated version.

22 NYCRR 1200.0

Section 1200.0. Rules of Professional Conduct

*<For official comments to the Rules of Professional Conduct, see NY ST RPC Rule 1.0, et seq.>*

*<Amendments to Rule 1.10 and Rule 3.4 effective January 1, 2025.>*

**Terminology**

Rule 1.0: Terminology

**Client-lawyer Relationship**

Rule 1.1: Competence

Rule 1.2: Scope of Representation and Allocation of Authority Between Client and Lawyer

Rule 1.3: Diligence

Rule 1.4: Communication

Rule 1.5: Fees and division of fees

Rule 1.6: Confidentiality of information

Rule 1.7: Conflict of interest: current clients

Rule 1.8: Current clients: specific conflict of interest rules

Rule 1.9: Duties to former clients

Rule 1.10: Imputation of conflicts of interest

Rule 1.11: Special conflicts of interest for former and current government officers and employees

Rule 1.12: Specific conflicts of interest for former judges, arbitrators, mediators or other third-party neutrals

Rule 1.13: Organization as client

Rule 1.14: Client with diminished capacity

Rule 1.15: Preserving identity of funds and property of others; fiduciary responsibility; commingling and misappropriation of client funds or property; maintenance of bank accounts; record keeping; examination of records

Rule 1.16: Declining or terminating representation

Rule 1.17: Sale of law practice

Rule 1.18: Duties to prospective clients

**Counselor**

Rule 2.1: Advisor

Rule 2.2: [Reserved]

Rule 2.3: Evaluation for use by third persons

Rule 2.4: Lawyer serving as third-party neutral

**Advocate**

Rule 3.1: Non-meritorious claims and contentions

Rule 3.2: Delay of litigation

Rule 3.3: Conduct before a tribunal

Rule 3.4: Fairness to opposing party and counsel

Rule 3.5: Maintaining and preserving the impartiality of tribunals and jurors

Rule 3.6: Trial publicity

Rule 3.7: Lawyer as witness

Rule 3.8: Special responsibilities of prosecutors and other government lawyers

Rule 3.9: Advocate in non-adjudicative matters

**Transactions with Persons Other than Clients**

Rule 4.1: Truthfulness in statements to others

Rule 4.2: Communication with person represented by counsel

Rule 4.3: Communicating with unrepresented persons

Rule 4.4: Respect for rights of third persons

Rule 4.5: Communication after incidents involving personal injury or wrongful death

**Law Firms and Associations**

Rule 5.1: Responsibilities of law firms, partners, managers and supervisory lawyers

Rule 5.2: Responsibilities of a subordinate lawyer

Rule 5.3: Lawyer's responsibility for conduct of nonlawyers

Rule 5.4: Professional independence of a lawyer

Rule 5.5: Unauthorized practice of law

Rule 5.6: Restrictions on right to practice

Rule 5.7: Responsibilities regarding nonlegal services

Rule 5.8: Contractual relationship between lawyers and nonlegal professionals

**Public Service**

Rule 6.1: Voluntary pro bono service

Rule 6.2: [Reserved]

Rule 6.3: Membership in a legal services organization

Rule 6.4: Law reform activities affecting client interests

Rule 6.5: Participation in limited pro bono legal service programs

**Information about Legal Services**

Rule 7.1: Advertising

Rule 7.2: Payment for referrals

Rule 7.3: Solicitation and recommendation of professional employment

Rule 7.4: Identification of practice and specialty

Rule 7.5: Professional notices, letterheads, and signs

**Maintaining the Integrity of the Profession**

Rule 8.1: Candor in the bar admission process

Rule 8.2: Judicial officers and candidates

Rule 8.3: Reporting professional misconduct

Rule 8.4: Misconduct

Rule 8.5: Disciplinary authority and choice of law

## Terminology

**Rule 1.0: Terminology.**

(a) "Advertisement" means any public or private communication made by or on behalf of a lawyer or law firm about that lawyer or law firm's services, the primary purpose of which is for the retention of the lawyer or law firm. It does not include communications to existing clients or other lawyers.

(b) "Belief" or "believes" denotes that the person involved actually believes the fact in question to be true. A person's belief may be inferred from circumstances.

(c) "Computer-accessed communication" means any communication made by or on behalf of a lawyer or law firm that is disseminated through the use of a computer or related electronic device, including, but not limited to, websites, weblogs, search engines, electronic mail, banner advertisements, pop-up and pop-under advertisements, chat rooms, list servers, instant messaging, or other internet presences, and any attachments or links related thereto.

(d) "Confidential information" is defined in Rule 1.6.

(e) "Confirmed in writing" denotes (i) a writing from the person to the lawyer confirming that the person has given consent, (ii) a writing that the lawyer promptly transmits to the person confirming the person's oral consent, or (iii) a statement by the person made on the record of any proceeding before a tribunal. If it is not feasible to obtain or transmit the writing at the time the person gives oral consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

(f) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

(g) "Domestic relations matters" denotes representation of a client in a claim, action or proceeding, or preliminary to the filing of a claim, action or proceeding, in either Supreme Court or Family Court, or in any court of appellate jurisdiction, for divorce, separation, annulment, custody, visitation, maintenance, child support, or alimony, or to enforce or modify a judgment or order in connection with any such claim, action or proceeding.

(h) "Firm" or "law firm" includes, but is not limited to, a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a qualified legal assistance organization, a government law office, or the legal department of a corporation or other organization.

(i) "Fraud" or "fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction or has a purpose to deceive, provided that it does not include conduct that, although characterized as fraudulent by statute or administrative rule, lacks an element of scienter, deceit, intent to mislead, or knowing failure to correct misrepresentations that can be reasonably expected to induce detrimental reliance by another.

(j) "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated information adequate for the person to make an informed decision, and after the lawyer has adequately explained to the person the material risks of the proposed course of conduct and reasonably available alternatives.

(k) "Knowingly," "known," "know," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

(l) "Matter" includes any litigation, judicial or administrative proceeding, case, claim, application, request for a ruling or other determination, contract, controversy, investigation, charge, accusation, arrest, negotiation, arbitration, mediation or any other representation involving a specific party or parties.

(m) "Partner" denotes a member of a partnership, a shareholder in a law firm organized as a professional legal corporation or a member of an association authorized to practice law.

(n) "Person" includes an individual, a corporation, an association, a trust, a partnership, and any other organization or entity.

(o) "Professional legal corporation" means a corporation, or an association treated as a corporation, authorized by law to practice law for profit.

(p) "Qualified legal assistance organization" means an office or organization of one of the four types listed in Rule 7.2(b) (1)-(4) that meets all of the requirements thereof.

(q) "Reasonable" or "reasonably," when used in relation to conduct by a lawyer, denotes the conduct of a reasonably prudent and competent lawyer. When used in the context of conflict of interest determinations, "reasonable lawyer" denotes a lawyer acting from the perspective of a reasonably prudent and competent lawyer who is personally disinterested in commencing or continuing the representation.

(r) "Reasonable belief" or "reasonably believes," when used in reference to a lawyer, denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

(s) "Reasonably should know," when used in reference to a lawyer, denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

(t) "Screened" or "screening" denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer or the firm is obligated to protect under these Rules or other law.

(u) "Sexual relations" denotes sexual intercourse or the touching of an intimate part of the lawyer or another person for the purpose of sexual arousal, sexual gratification or sexual abuse.

(v) "State" includes the District of Columbia, Puerto Rico, and other federal territories and possessions.

(w) "Tribunal" denotes a court, an arbitrator in an arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a legal judgment directly affecting a party's interests in a particular matter.

(x) "Writing" or "written" denotes a tangible or electronic record of a communication or representation, including handwriting, typewriting, printing, photocopying, photography, audio or video recording, e-mail or other electronic communication or any other form of recorded communication or recorded representation. A "signed" writing includes an electronic sound, symbol or process attached to or logically associated with a writing and executed or adopted by a person with the intent to sign the writing.

**Client-Lawyer Relationship**

**Rule 1.1: Competence.**

(a) A lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

(b) A lawyer shall not handle a legal matter that the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it.

(c) A lawyer shall not intentionally:

(1) fail to seek the objectives of the client through reasonably available means permitted by law and these Rules; or

(2) prejudice or damage the client during the course of the representation except as permitted or required by these Rules.

**Rule 1.2: Scope of representation and allocation of authority between client and lawyer.**

(a) Subject to the provisions herein, a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer shall

abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b) A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances, the client gives informed consent and where necessary notice is provided to the tribunal and/or opposing counsel.

(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent, except that the lawyer may discuss the legal consequences of any proposed course of conduct with a client.

(e) A lawyer may exercise professional judgment to waive or fail to assert a right or position of the client, or accede to reasonable requests of opposing counsel, when doing so does not prejudice the rights of the client.

(f) A lawyer may refuse to aid or participate in conduct that the lawyer believes to be unlawful, even though there is some support for an argument that the conduct is legal.

(g) A lawyer does not violate these Rules by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, and by treating with courtesy and consideration all persons involved in the legal process.

**Rule 1.3: Diligence.**

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

(b) A lawyer shall not neglect a legal matter entrusted to the lawyer.

(c) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but the lawyer may withdraw as permitted under these Rules.

**Rule 1.4: Communication.**

(a) A lawyer shall:

(1) promptly inform the client of:

(i) any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(j), is required by these Rules;

(ii) any information required by court rule or other law to be communicated to a client; and

(iii) material developments in the matter including settlement or plea offers.

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with a client's reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by these Rules or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**Rule 1.5: Fees and division of fees.**

(a) A lawyer shall not make an agreement for, charge, or collect an excessive or illegal fee or expense. A fee is excessive when, after a review of the facts, a reasonable lawyer would be left with a definite and firm conviction that the fee is excessive. The factors to be considered in determining whether a fee is excessive may include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent or made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

(b) A lawyer shall communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible. This information shall be communicated to the client before or within a reasonable time after commencement of the representation and shall be in writing where required by statute or court rule. This provision shall not apply when the lawyer will charge a regularly represented client on the same basis or rate and perform services that are of the same general kind as previously rendered to and paid for by the client. Any changes in the scope of the representation or the basis or rate of the fee or expenses shall also be communicated to the client.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. Promptly after a lawyer has been employed in a contingent matter, the lawyer shall provide the client with a writing stating the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or, if not prohibited by statute or court rule, after the contingent fee is calculated. The writing must clearly notify the client of any expenses for which the client will be liable regardless of whether the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a writing stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d) A lawyer shall not enter into an arrangement for, charge or collect:

(1) a contingent fee for representing a defendant in a criminal matter;

(2) a fee prohibited by law or rule of court;

(3) fee based on fraudulent billing;

(4) a nonrefundable retainer fee; provided that a lawyer may enter into a retainer agreement with a client containing a reasonable minimum fee clause if it defines in plain language and sets forth the circumstances under which such fee may be incurred and how it will be calculated; or

(5) any fee in a domestic relations matter if:

(i) the payment or amount of the fee is contingent upon the securing of a divorce or of obtaining child custody or visitation or is in any way determined by reference to the amount of maintenance, support, equitable distribution, or property settlement;

(ii) a written retainer agreement has not been signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement; or

(iii) the written retainer agreement includes a security interest, confession of judgment or other lien without prior notice being provided to the client in a signed retainer agreement and approval from a tribunal after notice to the adversary. A

lawyer shall not foreclose on a mortgage placed on the marital residence while the spouse who consents to the mortgage remains the titleholder and the residence remains the spouse's primary residence.

(e) In domestic relations matters, a lawyer shall provide a prospective client with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement.

(f) Where applicable, a lawyer shall resolve fee disputes by arbitration at the election of the client pursuant to a fee arbitration program established by the Chief Administrator of the Courts and approved by the Administrative Board of the Courts.

(g) A lawyer shall not divide a fee for legal services with another lawyer who is not associated in the same law firm unless:

(1) the division is in proportion to the services performed by each lawyer or, by a writing given to the client, each lawyer assumes joint responsibility for the representation;

(2) the client agrees to employment of the other lawyer after a full disclosure that a division of fees will be made, including the share each lawyer will receive, and the client's agreement is confirmed in writing; and

(3) the total fee is not excessive.

(h) Rule 1.5(g) does not prohibit payment to a lawyer formerly associated in a law firm pursuant to a separation or retirement agreement.

**Rule 1.6: Confidentiality of information.**

(a) A lawyer shall not knowingly reveal confidential information, as defined in this Part, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person, unless:

(1) the client gives informed consent, as defined in Rule 1.0(j);

(2) the disclosure is impliedly authorized to advance the best interests of the client and is either reasonable under the circumstances or customary in the professional community; or

(3) the disclosure is permitted by paragraph (b).

"Confidential information" consists of information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential. "Confidential information" does not ordinarily include (i) a lawyer's legal knowledge or legal research or (ii) information that is generally known in the local community or in the trade, field or profession to which the information relates.

(b) A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;

(2) to prevent the client from committing a crime;

(3) to withdraw a written or oral opinion or representation previously given by the lawyer and reasonably believed by the lawyer still to be relied upon by a third person, where the lawyer has discovered that the opinion or representation was based on materially inaccurate information or is being used to further a crime or fraud;

(4) to secure legal advice about compliance with these Rules or other law by the lawyer, another lawyer associated with the lawyer's firm or the law firm;

(5)

    (i) to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct; or

    (ii) to establish or collect a fee; or

(6) when permitted or required under these Rules or to comply with other law or court order.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure or use of, or unauthorized access to, information protected by Rule 1.6, 1.9(c), or 1.18(b).

**Rule 1.7: Conflict of interest: current clients.**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:

(1) the representation will involve the lawyer in representing differing interests; or

(2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

**Rule 1.8: Current clients: specific conflict of interest rules.**

(a) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless:

(1) the transaction is fair and reasonable to the client and the terms of the transaction are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2) the client is advised in writing of the desirability of seeking, and is given a reasonable opportunity to seek, the advice of independent legal counsel on the transaction; and

(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c) A lawyer shall not:

(1) solicit any gift from a client, including a testamentary gift, for the benefit of the lawyer or a person related to the lawyer; or

(2) prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any gift, unless the lawyer or other recipient of the gift is related to the client and a reasonable lawyer would conclude that the transaction is fair and reasonable.

For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d) Prior to conclusion of all aspects of the matter giving rise to the representation or proposed representation of the client or prospective client, a lawyer shall not negotiate or enter into any arrangement or understanding with:

(1) a client or a prospective client by which the lawyer acquires an interest in literary or media rights with respect to the subject matter of the representation or proposed representation; or

(2) any person by which the lawyer transfers or assigns any interest in literary or media rights with respect to the subject matter of the representation of a client or prospective client.

(e) While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to the client, except that:

(1) A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter;

(2) A lawyer representing an indigent or pro bono client may pay court costs and expenses of litigation on behalf of the client;

(3) A lawyer, in an action in which an attorney's fee is payable in whole or in part as a percentage of the recovery in the action, may pay on the lawyer's own account court costs and expenses of litigation. In such case, the fee paid to the lawyer from the proceeds of the action may include an amount equal to such costs and expenses incurred; and

(4) A lawyer providing legal services without fee, a not-for-profit legal services or public interest organization, or a law school clinical or pro bono program, may provide financial assistance to indigent clients but may not promise or assure financial assistance prior to retention, or as an inducement to continue the lawyer-client relationship. Funds raised for any legal services or public interest organization for purposes of providing legal services will not be considered useable for providing financial assistance to indigent clients, and financial assistance referenced in this subsection may not include loans or any other form of support that causes the client to be financially beholden to the provider of the assistance.

(f) A lawyer shall not accept compensation for representing a client, or anything of value related to the lawyer's representation of the client, from one other than the client unless:

(1) the client gives informed consent;

(2) there is no interference with the lawyer's independent professional judgment or with the client-lawyer relationship; and

(3) the client's confidential information is protected as required by Rule 1.6.

(g) A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, absent court approval, unless each client gives informed consent in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims involved and of the participation of each person in the settlement.

(h) A lawyer shall not:

(1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice; or

(2) settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking, and is given a reasonable opportunity to seek, the advice of independent legal counsel in connection therewith.

(i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and

(2) contract with a client for a reasonable contingent fee in a civil matter subject to Rule 1.5(d) or other law or court rule.

(j)

(1) A lawyer shall not:

(i) as a condition of entering into or continuing any professional representation by the lawyer or the lawyer's firm, require or demand sexual relations with any person;

(ii) employ coercion, intimidation or undue influence in entering into sexual relations incident to any professional representation by the lawyer or the lawyer's firm; or

(iii) in domestic relations matters, enter into sexual relations with a client during the course of the lawyer's representation of the client.

(2) Rule 1.8(j)(1) shall not apply to sexual relations between lawyers and their spouses or to ongoing consensual sexual relationships that predate the initiation of the client-lawyer relationship.

(k) Where a lawyer in a firm has sexual relations with a client but does not participate in the representation of that client, the lawyers in the firm shall not be subject to discipline under this Part solely because of the occurrence of such sexual relations.

**Rule 1.9: Duties to former clients.**

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or

(2) reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

**Rule 1.10: Imputation of conflicts of interest.**

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided therein, unless:

(1) the prohibition is based on a lawyer's own financial, business, property or other personal interests within the meaning of Rule 1.7(a)(2); and

(2) under the circumstances, a reasonable lawyer would conclude that there is no significant risk that the representation will be materially limited or that the independent professional judgment of the participating lawyers in the firm will be adversely affected.

(b) When a lawyer has terminated an association with a firm, the firm is prohibited from thereafter representing a person with interests that the firm knows or reasonably should know are materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm if any lawyer remaining in the firm has actual knowledge of, or has accessed, information protected by Rule 1.6 or Rule 1.9(c) that is material to the matter.

(c) When a lawyer becomes associated with a firm, the firm may not knowingly represent a client in a matter that is the same as or substantially related to a matter in which the newly associated lawyer, or a firm with which that lawyer was associated, formerly represented a client whose interests are materially adverse to the prospective or current client unless

(1) the newly associated lawyer did not acquire any information protected by Rule 1.6 or Rule 1.9(c) that is material to the current matter; or

(2) the newly associated lawyer's current firm acts promptly and reasonably to:

(i) notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

(ii) implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the firm;

(iii) ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and

(iv) give written notice to the former client to enable it to ascertain compliance with the provisions of this Rule, except that if the notice would disclose confidential information protected by Rule 1.6 the notice may be temporarily postponed but shall be sent promptly after such confidential information is known to the former client or is otherwise no longer protected by Rule 1.6;

(3) Notwithstanding paragraph (c)(2), the screening measures set forth in subparagraphs (c)(2)(i)-(iv) of this Rule will not prevent imputation of conflicts within a firm pursuant to paragraph (a) of this Rule where the matter is a litigation, arbitration, or other adjudicative proceeding and the newly associated lawyer, while associated with the prior firm, either (i) substantially participated in the management and direction of the matter, or (ii) had substantial decision-making responsibility in the matter on a continuous day-to-day basis.

(i) The disqualification of lawyers associated in a firm with former or current government lawyers is governed by Rule 1.11 and not by this Rule.

(d) A disqualification prescribed by this Rule may be waived by the affected client or former client under the conditions stated in Rule 1.7.

(e) A law firm shall make a written record of its engagements, at or near the time of each new engagement, and shall implement and maintain a system by which proposed engagements are checked against current and previous engagements when:

(1) the firm agrees to represent a new client;

(2) the firm agrees to represent an existing client in a new matter;

(3) the firm hires or associates with another lawyer; or

(4) an additional party is named or appears in a pending matter.

(f) Substantial failure to keep records or to implement or maintain a conflict-checking system that complies with paragraph (e) shall be a violation thereof regardless of whether there is another violation of these Rules.

(g) Where a violation of paragraph (e) by a law firm is a substantial factor in causing a violation of paragraph (a) by a lawyer, the law firm, as well as the individual lawyer, shall be responsible for the violation of paragraph (a).

(h) A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent in any matter a client whose interests differ from those of another party to the matter who the lawyer knows is represented by the other lawyer unless the client consents to the representation after full disclosure and the lawyer concludes that the lawyer can adequately represent the interests of the client.

**Rule 1.11: Special conflicts of interest for former and current government officers and employees.**

(a) Except as law may otherwise expressly provide, a lawyer who has formerly served as a public officer or employee of the government:

(1) shall comply with Rule 1.9(c); and

(2) shall not represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation. This provision shall not apply to matters governed by Rule 1.12(a).

(b) When a lawyer is disqualified from representation under paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

(1) the firm acts promptly and reasonably to:

(i) notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

(ii) implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the firm;

(iii) ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and

(iv) give written notice to the appropriate government agency to enable it to ascertain compliance with the provisions of this Rule; and

(2) there are no other circumstances in the particular representation that create an appearance of impropriety.

(c) Except as law may otherwise expressly provide, a lawyer having information that the lawyer knows is confidential government information about a person, acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material

disadvantage of that person. As used in this Rule, the term "confidential government information" means information that has been obtained under governmental authority and that, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and that is not otherwise available to the public. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is timely and effectively screened from any participation in the matter in accordance with the provisions of paragraph (b).

(d) Except as law may otherwise expressly provide, a lawyer currently serving as a public officer or employee shall not:

(1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter; or

(2) negotiate for private employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially.

(e) As used in this Rule, the term "matter" as defined in Rule 1.0(l) does not include or apply to agency rulemaking functions.

(f) A lawyer who holds public office shall not:

(1) use the public position to obtain, or attempt to obtain, a special advantage in legislative matters for the lawyer or for a client under circumstances where the lawyer knows or it is obvious that such action is not in the public interest;

(2) use the public position to influence, or attempt to influence, a tribunal to act in favor of the lawyer or of a client; or

(3) accept anything of value from any person when the lawyer knows or it is obvious that the offer is for the purpose of influencing the lawyer's action as a public official.

**Rule 1.12: Specific conflicts of interest for former judges, arbitrators, mediators or other third-party neutrals.**

(a) A lawyer shall not accept private employment in a matter upon the merits of which the lawyer has acted in a judicial capacity.

(b) Except as stated in paragraph (e), and unless all parties to the proceeding give informed consent, confirmed in writing, a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as:

(1) an arbitrator, mediator or other third-party neutral; or

(2) a law clerk to a judge or other adjudicative officer or an arbitrator, mediator or other third-party neutral.

(c) A lawyer shall not negotiate for employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer or as an arbitrator, mediator or other third-party neutral.

(d) When a lawyer is disqualified from representation under this Rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

  (1) the firm acts promptly and reasonably to:

    (i) notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

    (ii) implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the firm;

    (iii) ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and

    (iv) give written notice to the parties and any appropriate tribunal to enable it to ascertain compliance with the provisions of this Rule; and

  (2) there are no other circumstances in the particular representation that create an appearance of impropriety.

(e) An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.

**Rule 1.13: Organization as client.**

(a) When a lawyer employed or retained by an organization is dealing with the organization's directors, officers, employees, members, shareholders or other constituents, and it appears that the organization's interests may differ from those of the constituents with whom the lawyer is dealing, the lawyer shall explain that the lawyer is the lawyer for the organization and not for any of the constituents.

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action or intends to act or refuses to act in a matter related to the representation that (i) is a violation of a legal obligation to the organization or a violation of law that reasonably might be imputed to the organization, and (ii) is likely to result in substantial injury to the organization, then the lawyer shall proceed as is reasonably necessary in the best interest of the organization. In determining how to proceed, the lawyer shall give due consideration to the seriousness of the violation and its consequences, the scope and nature of the lawyer's representation, the responsibility in the organization and the apparent motivation of the person involved, the policies of the organization concerning such matters and any other relevant considerations. Any measures taken shall be designed to minimize disruption of the organization and the risk of revealing information relating to the representation to persons outside the organization. Such measures may include, among others:

(1) asking reconsideration of the matter;

(2) advising that a separate legal opinion on the matter be sought for presentation to an appropriate authority in the organization; and

(3) referring the matter to higher authority in the organization, including, if warranted by the seriousness of the matter, referral to the highest authority that can act in behalf of the organization as determined by applicable law.

(c) If, despite the lawyer's efforts in accordance with paragraph (b), the highest authority that can act on behalf of the organization insists upon action, or a refusal to act, that is clearly in violation of law and is likely to result in a substantial injury to the organization, the lawyer may reveal confidential information only if permitted by Rule 1.6, and may resign in accordance with Rule 1.16.

(d) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the concurrent representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

**Rule 1.14: Client with diminished capacity.**

(a) When a client's capacity to make adequately considered decisions in connection with a representation is diminished, whether because of minority, mental impairment or for some other reason, the lawyer shall, as far as reasonably possible, maintain a conventional relationship with the client.

(b) When the lawyer reasonably believes that the client has diminished capacity, is at risk of substantial physical, financial or other harm unless action is taken and cannot adequately act in the client's own interest, the lawyer may take reasonably necessary protective action, including consulting with individuals or entities that have the ability to take action to protect the client and, in appropriate cases, seeking the appointment of a guardian ad litem, conservator or guardian.

(c) Information relating to the representation of a client with diminished capacity is protected by Rule 1.6. When taking protective action pursuant to paragraph (b), the lawyer is impliedly authorized under Rule 1.6(a) to reveal information about the client, but only to the extent reasonably necessary to protect the client's interests.

**Rule 1.15: Preserving identity of funds and property of others; fiduciary responsibility; commingling and misappropriation of client funds or property; maintenance of bank accounts; record keeping; examination of records.**

(a) Prohibition Against Commingling and Misappropriation of Client Funds or Property.

A lawyer in possession of any funds or other property belonging to another person, where such possession is incident to his or her practice of law, is a fiduciary, and must not misappropriate such funds or property or commingle such funds or property with his or her own.

(b) Separate Accounts.

(1) A lawyer who is in possession of funds belonging to another person incident to the lawyer's practice of law shall maintain such funds in a banking institution within New York State that agrees to provide dishonored check and overdraft reports in accordance with the provisions of 22 N.Y.C.R.R. Part 1300. "Banking institution" means a state or national bank, trust company, savings bank, savings and loan association or credit union. Such funds shall be maintained, in the lawyer's own name, or in the name of a firm of lawyers of which the lawyer is a member, or in the name of the lawyer or firm of lawyers by whom the lawyer is employed, in a special account or accounts, separate from any business or personal accounts of the lawyer or lawyer's firm, and separate from any accounts that the lawyer may maintain as executor, guardian, trustee or receiver, or in any other fiduciary capacity; into such special account or accounts all funds held in escrow or otherwise entrusted to the lawyer or firm shall be deposited; provided, however, that such funds may be maintained in a banking institution located outside New York State if such banking institution complies with 22 N.Y.C.R.R. Part 1300 and the lawyer has obtained the prior written approval of the person to whom such funds belong specifying the name and address of the office or branch of the banking institution where such funds are to be maintained. No special account or trust account aforementioned may have overdraft protection.

(2) A lawyer or the lawyer's firm shall identify the special bank account or accounts required by Rule 1.15(b)(1) as an "Attorney Special Account," "Attorney Trust Account," or "Attorney Escrow Account," and shall obtain checks and deposit slips that bear such title. Such title may be accompanied by such other descriptive language as the lawyer may deem appropriate, provided that such additional language distinguishes such special account or accounts from other bank accounts that are maintained by the lawyer or the lawyer's firm.

(3) Funds reasonably sufficient to maintain the account or to pay account charges may be deposited therein.

(4) Funds belonging in part to a client or third person and in part currently or potentially to the lawyer or law firm shall be kept in such special account or accounts, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client or third person, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(c) Notification of Receipt of Property; Safekeeping; Rendering Accounts; Payment or Delivery of Property.

A lawyer shall:

(1) promptly notify a client or third person of the receipt of funds, securities, or other properties in which the client or third person has an interest;

(2) identify and label securities and properties of a client or third person promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable;

(3) maintain complete records of all funds, securities, and other properties of a client or third person coming into the possession of the lawyer and render appropriate accounts to the client or third person regarding them; and

(4) promptly pay or deliver to the client or third person as requested by the client or third person the funds, securities, or other properties in the possession of the lawyer that the client or third person is entitled to receive.

(d) Required Bookkeeping Records.

(1) A lawyer shall maintain for seven years after the events that they record:

(i) the records of all deposits in and withdrawals from the accounts specified in Rule 1.15(b) and of any other bank account that concerns or affects the lawyer's practice of law; these records shall specifically identify the date, source and description of each item deposited, as well as the date, payee and purpose of each withdrawal or disbursement;

(ii) a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed;

(iii) copies of all retainer and compensation agreements with clients;

(iv) copies of all statements to clients or other persons showing the disbursement of funds to them or on their behalf;

(v) copies of all bills rendered to clients;

(vi) copies of all records showing payments to lawyers, investigators or other persons, not in the lawyer's regular employ, for services rendered or performed;

(vii) copies of all retainer and closing statements filed with the Office of Court Administration; and

(viii) all checkbooks and check stubs, bank statements, prenumbered canceled checks and duplicate deposit slips.

(2) Lawyers shall make accurate entries of all financial transactions in their records of receipts and disbursements, in their special accounts, in their ledger books or similar records, and in any other books of account kept by them in the regular course of their practice, which entries shall be made at or near the time of the act, condition or event recorded.

(3) For purposes of Rule 1.15(d), a lawyer may satisfy the requirements of maintaining "copies" by maintaining any of the following items: original records, photocopies, microfilm, optical imaging, and any other medium that preserves an image of the document that cannot be altered without detection.

(e) Authorized Signatories.

All special account withdrawals shall be made only to a named payee and not to cash. Such withdrawals shall be made by check or, with the prior written approval of the party entitled to the proceeds, by bank transfer. Only a lawyer admitted to practice law in New York State shall be an authorized signatory of a special account.

(f) Missing Clients.

Whenever any sum of money is payable to a client and the lawyer is unable to locate the client, the lawyer shall apply to the court in which the action was brought if in the unified court system, or, if no action was commenced in the unified court system, to the Supreme Court in the county in which the lawyer maintains an office for the practice of law, for an order directing payment to the lawyer of any fees and disbursements that are owed by the client and the balance, if any, to the Lawyers' Fund for Client Protection for safeguarding and disbursement to persons who are entitled thereto.

(g) Designation of Successor Signatories.

(1) Upon the death of a lawyer who was the sole signatory on an attorney trust, escrow or special account, an application may be made to the Supreme Court for an order designating a successor signatory for such trust, escrow or special account, who shall be a member of the bar in good standing and admitted to the practice of law in New York State.

(2) An application to designate a successor signatory shall be made to the Supreme Court in the judicial district in which the deceased lawyer maintained an office for the practice of law. The application may be made by the legal representative of the deceased lawyer's estate; a lawyer who was affiliated with the deceased lawyer in the practice of law; any person who has a beneficial interest in such trust, escrow or special account; an officer of a city or county bar association; or counsel for an attorney disciplinary committee. No lawyer may charge a legal fee for assisting with an application to designate a successor signatory pursuant to this Rule.

(3) The Supreme Court may designate a successor signatory and may direct the safeguarding of funds from such trust, escrow or special account, and the disbursement of such funds to persons who are entitled thereto, and may order that funds in such account be deposited with the Lawyers' Fund for Client Protection for safeguarding and disbursement to persons who are entitled thereto.

(h) Dissolution of a Firm.

Upon the dissolution of any firm of lawyers, the former partners or members shall make appropriate arrangements for the maintenance, by one of them or by a successor firm, of the records specified in Rule 1.15(d).

(i) Availability of Bookkeeping Records: Records Subject to Production in Disciplinary Investigations and Proceedings.

The financial records required by this Rule shall be located, or made available, at the principal New York State office of the lawyers subject hereto, and any such records shall be produced in response to a notice or subpoena duces tecum issued in connection with a complaint before or any investigation by the appropriate grievance or departmental disciplinary committee, or shall be produced at the direction of the appropriate Appellate Division before any person designated by it. All books and records produced pursuant to this Rule shall be kept confidential, except for the purpose of the particular proceeding, and their contents shall not be disclosed by anyone in violation of the attorney-client privilege.

(j) Disciplinary Action.

A lawyer who does not maintain and keep the accounts and records as specified and required by this Rule, or who does not produce any such records pursuant to this Rule, shall be deemed in violation of these Rules and shall be subject to disciplinary proceedings.

**Rule 1.16: Declining or terminating representation.**

(a) A lawyer shall not accept employment on behalf of a person if the lawyer knows or reasonably should know that such person wishes to:

(1) bring a legal action, conduct a defense, or assert a position in a matter, or otherwise have steps taken for such person, merely for the purpose of harassing or maliciously injuring any person; or

(2) present a claim or defense in a matter that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of existing law.

(b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:

(1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

(3) the lawyer is discharged; or

(4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.

(c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;

(5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;

(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;

(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

(8) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal;

(9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(10) the client knowingly and freely assents to termination of the employment;

(11) withdrawal is permitted under Rule 1.13(c) or other law;

(12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal; or

(13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

(d) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(e) Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.

**Rule 1.17: Sale of law practice.**

(a) A lawyer retiring from a private practice of law; a law firm, one or more members of which are retiring from the private practice of law with the firm; or the personal representative of a deceased, disabled or missing lawyer, may sell a law practice, including goodwill, to one or more lawyers or law firms, who may purchase the practice. The seller and the buyer may agree on reasonable restrictions on the seller's private practice of law, notwithstanding any other provision of these Rules. Retirement shall include the cessation of the private practice of law in the geographic area, that is, the county and city and any county or city contiguous thereto, in which the practice to be sold has been conducted.

(b) Confidential information.

(1) With respect to each matter subject to the contemplated sale, the seller may provide prospective buyers with any information not protected as confidential information under Rule 1.6.

(2) Notwithstanding Rule 1.6, the seller may provide the prospective buyer with information as to individual clients:

(i) concerning the identity of the client, except as provided in paragraph (b)(6);

(ii) concerning the status and general nature of the matter;

(iii) available in public court files; and

(iv) concerning the financial terms of the client-lawyer relationship and the payment status of the client's account.

(3) Prior to making any disclosure of confidential information that may be permitted under paragraph (b)(2), the seller shall provide the prospective buyer with information regarding the matters involved in the proposed sale sufficient to enable the prospective buyer to determine whether any conflicts of interest exist. Where sufficient information cannot be disclosed without revealing client confidential information, the seller may make the disclosures necessary for the prospective buyer to determine whether any conflict of interest exists, subject to paragraph (b)(6). If the prospective buyer determines that conflicts of interest exist prior to reviewing the information, or determines during the course of review that a conflict of interest exists, the prospective buyer shall not review or continue to review the information unless the seller shall have obtained the consent of the client in accordance with Rule 1.6(a)(1).

(4) Prospective buyers shall maintain the confidentiality of and shall not use any client information received in connection with the proposed sale in the same manner and to the same extent as if the prospective buyers represented the client.

(5) Absent the consent of the client after full disclosure, a seller shall not provide a prospective buyer with information if doing so would cause a violation of the attorney-client privilege.

(6) If the seller has reason to believe that the identity of the client or the fact of the representation itself constitutes confidential information in the circumstances, the seller may not provide such information to a prospective buyer without first advising the client of the identity of the prospective buyer and obtaining the client's consent to the proposed disclosure.

(c) Written notice of the sale shall be given jointly by the seller and the buyer to each of the seller's clients and shall include information regarding:

(1) the client's right to retain other counsel or to take possession of the file;

(2) the fact that the client's consent to the transfer of the client's file or matter to the buyer will be presumed if the client does not take any action or otherwise object within 90 days of the sending of the notice, subject to any court rule or statute requiring express approval by the client or a court;

(3) the fact that agreements between the seller and the seller's clients as to fees will be honored by the buyer;

(4) proposed fee increases, if any, permitted under paragraph (e); and

(5) the identity and background of the buyer or buyers, including principal office address, bar admissions, number of years in practice in New York State, whether the buyer has ever been disciplined for professional misconduct or convicted of a crime, and whether the buyer currently intends to resell the practice.

(d) When the buyer's representation of a client of the seller would give rise to a waivable conflict of interest, the buyer shall not undertake such representation unless the necessary waiver or waivers have been obtained in writing.

(e) The fee charged a client by the buyer shall not be increased by reason of the sale, unless permitted by a retainer agreement with the client or otherwise specifically agreed to by the client.

**Rule 1.18: Duties to prospective clients.**

(a) Except as provided in Rule 1.18(e), a person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a "prospective client"

(b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1) both the affected client and the prospective client have given informed consent, confirmed in writing; or

(2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(i) the firm acts promptly and reasonably to notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

(ii) the firm implements effective screening procedures to prevent the flow of information about the matter between the disqualified lawyer and the others in the firm;

(iii) the disqualified lawyer is apportioned no part of the fee therefrom; and

(iv) written notice is promptly given to the prospective client; and

(3) a reasonable lawyer would conclude that the law firm will be able to provide competent and diligent representation in the matter.

(e) A person is not a prospective client within the meaning of paragraph (a) if the person:

(1) communicates information unilaterally to a lawyer, without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship; or

(2) communicates with a lawyer for the purpose of disqualifying the lawyer from handling a materially adverse representation on the same or a substantially related matter.

**Counselor**

**Rule 2.1: Advisor.**

In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social, psychological, and political factors that may be relevant to the client's situation.

**Rule 2.3: Evaluation for use by third persons.**

(a) A lawyer may provide an evaluation of a matter affecting a client for the use of someone other than the client if the lawyer reasonably believes that making the evaluation is compatible with other aspects of the lawyer's relationship with the client.

(b) When the lawyer knows or reasonably should know that the evaluation is likely to affect the client's interests materially and adversely, the lawyer shall not provide the evaluation unless the client gives informed consent.

(c) Unless disclosure is authorized in connection with a report of an evaluation, information relating to the evaluation is protected by Rule 1.6.

**Rule 2.4: Lawyer serving as third-party neutral.**

(a) A lawyer serves as a "third-party neutral" when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter.

(b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

### Advocate

**Rule 3.1: Non-meritorious claims and contentions.**

(a) A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous. A lawyer for the defendant in a criminal proceeding or for the respondent in a proceeding that could result in incarceration may nevertheless so defend the proceeding as to require that every element of the case be established.

(b) A lawyer's conduct is "frivolous" for purposes of this Rule if:

(1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law;

(2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation, in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or

(3) the lawyer knowingly asserts material factual statements that are false.

**Rule 3.2: Delay of litigation.**

In representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense.

**Rule 3.3: Conduct before a tribunal.**

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(3) offer or use evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client before a tribunal and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

(e) In presenting a matter to a tribunal, a lawyer shall disclose, unless privileged or irrelevant, the identities of the clients the lawyer represents and of the persons who employed the lawyer.

(f) In appearing as a lawyer before a tribunal, a lawyer shall not:

(1) fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of the intent not to comply;

(2) engage in undignified or discourteous conduct;

(3) intentionally or habitually violate any established rule of procedure or of evidence; or

(4) engage in conduct intended to disrupt the tribunal.

**Rule 3.4: Fairness to opposing party and counsel.**

A lawyer shall not:

(a)(1) suppress any evidence that the lawyer or the client has a legal obligation to reveal or produce;

(2) advise or cause a person to hide or leave the jurisdiction of a tribunal for the purpose of making the person unavailable as a witness therein;

(3) conceal or knowingly fail to disclose that which the lawyer is required by law to reveal;

(4) knowingly use perjured testimony or false evidence;

(5) participate in the creation or preservation of evidence when the lawyer knows or it is obvious that the evidence is false; or

(6) knowingly engage in other illegal conduct or conduct contrary to these Rules;

(b) offer an inducement to a witness that is prohibited by law or pay, offer to pay or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the matter. A lawyer may advance, guarantee or acquiesce in the payment of:

(1) reasonable compensation to a witness for the loss of time in attending, testifying, preparing to testify or otherwise assisting counsel, and reasonable related expenses; or

(2) a reasonable fee for the professional services of an expert witness and reasonable related expenses;

(c) disregard or advise the client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take appropriate steps in good faith to test the validity of such rule or ruling;

(d) in appearing before a tribunal on behalf of a client:

(1) state or allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence;

(2) assert personal knowledge of facts in issue except when testifying as a witness;

(3) assert a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused but the lawyer may argue, upon analysis of the evidence, for any position or conclusion with respect to the matters stated herein; or

(4) ask any question that the lawyer has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person; or

(e) present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1) the person is a relative or an employee or other agent of a client; and

(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

**Rule 3.5: Maintaining and preserving the Impartiality of tribunals and jurors.**

(a) A lawyer shall not:

(1) seek to or cause another person to influence a judge, official or employee of a tribunal by means prohibited by law or give or lend anything of value to such judge, official, or employee of a tribunal when the recipient is prohibited from accepting the gift or loan but a lawyer may make a contribution to the campaign fund of a candidate for judicial office in conformity with Part 100 of the Rules of the Chief Administrator of the Courts;

(2) in an adversarial proceeding communicate or cause another person to do so on the lawyer's behalf, as to the merits of the matter with a judge or official of a tribunal or an employee thereof before whom the matter is pending, except:

(i) in the course of official proceedings in the matter;

(ii) in writing, if the lawyer promptly delivers a copy of the writing to counsel for other parties and to a party who is not represented by a lawyer;

(iii) orally, upon adequate notice to counsel for the other parties and to any party who is not represented by a lawyer; or

(iv) as otherwise authorized by law, or by Part 100 of the Rules of the Chief Administrator of the Courts;

(3) seek to or cause another person to influence a juror or prospective juror by means prohibited by law;

(4) communicate or cause another to communicate with a member of the jury venire from which the jury will be selected for the trial of a case or, during the trial of a case, with any member of the jury unless authorized to do so by law or court order;

(5) communicate with a juror or prospective juror after discharge of the jury if:

(i) the communication is prohibited by law or court order;

(ii) the juror has made known to the lawyer a desire not to communicate;

(iii) the communication involves misrepresentation, coercion, duress or harassment; or

(iv) the communication is an attempt to influence the juror's actions in future jury service; or

(6) conduct a vexatious or harassing investigation of either a member of the venire or a juror or, by financial support or otherwise, cause another to do so.

(b) During the trial of a case a lawyer who is not connected therewith shall not communicate with or cause another to communicate with a juror concerning the case.

(c) All restrictions imposed by this Rule also apply to communications with or investigations of members of a family of a member of the venire or a juror.

(d) A lawyer shall reveal promptly to the court improper conduct by a member of the venire or a juror, or by another toward a member of the venire or a juror or a member of his or her family of which the lawyer has knowledge.

**Rule 3.6: Trial publicity.**

(a) A lawyer who is participating in or has participated in a criminal or civil matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

(b) A statement ordinarily is likely to prejudice materially an adjudicative proceeding when it refers to a civil matter triable to a jury, a criminal matter or any other proceeding that could result in incarceration, and the statement relates to:

(1) the character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness, or the identity of a witness or the expected testimony of a party or witness;

(2) in a criminal matter that could result in incarceration, the possibility of a plea of guilty to the offense or the existence or contents of any confession, admission or statement given by a defendant or suspect, or that person's refusal or failure to make a statement;

(3) the performance or results of any examination or test, or the refusal or failure of a person to submit to an examination or test, or the identity or nature of physical evidence expected to be presented;

(4) any opinion as to the guilt or innocence of a defendant or suspect in a criminal matter that could result in incarceration;

(5) information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would, if disclosed, create a substantial risk of prejudicing an impartial trial; or

(6) the fact that a defendant has been charged with a crime, unless there is included therein a statement explaining that the charge is merely an accusation and that the defendant is presumed innocent until and unless proven guilty.

(c) Provided that the statement complies with paragraph (a), a lawyer may state the following without elaboration:

(1) the claim, offense or defense and, except when prohibited by law, the identity of the persons involved;

(2) information contained in a public record;

(3) that an investigation of a matter is in progress;

(4) the scheduling or result of any step in litigation;

(5) a request for assistance in obtaining evidence and information necessary thereto;

(6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and

(7) in a criminal matter:

(i) the identity, age, residence, occupation and family status of the accused;

(ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person;

(iii) the identity of investigating and arresting officers or agencies and the length of the investigation; and

(iv) the fact, time and place of arrest, resistance, pursuit and use of weapons, and a description of physical evidence seized, other than as contained only in a confession, admission or statement.

(d) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

(e) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

**Rule 3.7: Lawyer as witness.**

(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:

    (1) the testimony relates solely to an uncontested issue;

    (2) the testimony relates solely to the nature and value of legal services rendered in the matter;

    (3) disqualification of the lawyer would work substantial hardship on the client;

    (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

    (5) the testimony is authorized by the tribunal.

(b) A lawyer may not act as advocate before a tribunal in a matter if:

    (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or

    (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

**Rule 3.8: Special responsibilities of prosecutors and other government lawyers.**

(a) A prosecutor or other government lawyer shall not institute, cause to be instituted or maintain a criminal charge when the prosecutor or other government lawyer knows or it is obvious that the charge is not supported by probable cause.

(b) A prosecutor or other government lawyer in criminal litigation shall make timely disclosure to counsel for the defendant or to a defendant who has no counsel of the existence of evidence or information known to the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the sentence, except when relieved of this responsibility by a protective order of a tribunal.

(c) When a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall within a reasonable time:

    (1) disclose that evidence to an appropriate court or prosecutor's office; or

    (2) if the conviction was obtained by that prosecutor's office;

(i) notify the appropriate court and the defendant that the prosecutor's office possesses such evidence unless a court authorizes delay for good cause shown;

(ii) disclose that evidence to the defendant unless the disclosure would interfere with an ongoing investigation or endanger the safety of a witness or other person, and a court authorizes delay for good cause shown; and

(iii) undertake or make reasonable efforts to cause to be undertaken such further inquiry or investigation as may be necessary to provide a reasonable belief that the conviction should or should not be set aside.

(d) When a prosecutor knows of clear and convincing evidence establishing that a defendant was convicted, in a prosecution by the prosecutor's office, of an offense that the defendant did not commit, the prosecutor shall seek a remedy consistent with justice, applicable law, and the circumstances of the case.

(e) A prosecutor's independent judgment, made in good faith, that the new evidence is not of such nature as to trigger the obligations of sections (c) and (d), though subsequently determined to have been erroneous, does not constitute a violation of this rule.

**Rule 3.9: Advocate in non-adjudicative matters.**

(a) A lawyer communicating in a representative capacity with a legislative body or administrative agency in connection with a pending non-adjudicative matter or proceeding shall disclose that the appearance is in a representative capacity, except when the lawyer seeks information from an agency that is available to the public.

## Transactions with Persons other than Clients

**Rule 4.1: Truthfulness in statements to others.**

In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person.

**Rule 4.2: Communication with person represented by counsel.**

(a) In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

(b) Notwithstanding the prohibitions of paragraph (a), and unless otherwise prohibited by law, a lawyer may cause a client to communicate with a represented person unless the represented person is not legally competent, and may counsel the client with respect to those communications, provided the lawyer gives reasonable advance notice to the represented person's counsel that such communications will be taking place.

(c) A lawyer who is acting pro se or is represented by counsel in a matter is subject to paragraph (a), but may communicate with a represented person, unless otherwise prohibited by law and unless the represented person is not legally competent,

provided the lawyer or the lawyer's counsel gives reasonable advance notice to the represented person's counsel that such communications will be taking place.

**Rule 4.3: Communicating with unrepresented persons.**

In communicating on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person other than the advice to secure counsel if the lawyer knows or reasonably should know that the interests of such person are or have a reasonable possibility of being in conflict with the interests of the client.

**Rule 4.4: Respect for rights of third persons.**

(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person or use methods of obtaining evidence that violate the legal rights of such a person.

(b) A lawyer who receives a document, electronically stored information, or other writing relating to the representation of the lawyer's client and knows or reasonably should know that it was inadvertently sent shall promptly notify the sender.

**Rule 4.5: Communication after incidents involving personal injury or wrongful death.**

(a) In the event of a specific incident involving potential claims for personal injury or wrongful death, no unsolicited communication shall be made to an individual injured in the incident or to a family member or legal representative of such an individual, by a lawyer or law firm, or by any associate, agent, employee or other representative of a lawyer or law firm representing actual or potential defendants or entities that may defend and/or indemnify said defendants, before the 30th day after the date of the incident, unless a filing must be made within 30 days of the incident as a legal prerequisite to the particular claim, in which case no unsolicited communication shall be made before the 15th day after the date of the incident.

(b) An unsolicited communication by a lawyer or law firm, seeking to represent an injured individual or the legal representative thereof under the circumstance described in paragraph (a) shall comply with Rule 7.3(e).

**Law Firms and Associations**

**Rule 5.1: Responsibilities of law firms, partners, managers and supervisory lawyers.**

(a) A law firm shall make reasonable efforts to ensure that all lawyers in the firm conform to these Rules.

(b)

(1) A lawyer with management responsibility in a law firm shall make reasonable efforts to ensure that other lawyers in the law firm conform to these Rules.

(2) A lawyer with direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the supervised lawyer conforms to these Rules.

(c) A law firm shall ensure that the work of partners and associates is adequately supervised, as appropriate. A lawyer with direct supervisory authority over another lawyer shall adequately supervise the work of the other lawyer, as appropriate. In either case, the degree of supervision required is that which is reasonable under the circumstances, taking into account factors such as the experience of the person whose work is being supervised, the amount of work involved in a particular matter, and the likelihood that ethical problems might arise in the course of working on the matter.

(d) A lawyer shall be responsible for a violation of these Rules by another lawyer if:

(1) the lawyer orders or directs the specific conduct or, with knowledge of the specific conduct, ratifies it; or

(2) the lawyer is a partner in a law firm or is a lawyer who individually or together with other lawyers possesses comparable managerial responsibility in a law firm in which the other lawyer practices or is a lawyer who has supervisory authority over the other lawyer; and

(i) knows of such conduct at a time when it could be prevented or its consequences avoided or mitigated but fails to take reasonable remedial action; or

(ii) in the exercise of reasonable management or supervisory authority should have known of the conduct so that reasonable remedial action could have been taken at a time when the consequences of the conduct could have been avoided or mitigated.

**Rule 5.2: Responsibilities of a subordinate lawyer.**

(a) A lawyer is bound by these Rules notwithstanding that the lawyer acted at the direction of another person.

(b) A subordinate lawyer does not violate these Rules if that lawyer acts in accordance with a supervisory lawyer's reasonable resolution of an arguable question of professional duty.

**Rule 5.3: Lawyer's responsibility for conduct of nonlawyers.**

(a) A law firm shall ensure that the work of nonlawyers who work for the firm is adequately supervised, as appropriate. A lawyer with direct supervisory authority over a nonlawyer shall adequately supervise the work of the nonlawyer, as appropriate. In either case, the degree of supervision required is that which is reasonable under the circumstances, taking into account factors such as the experience of the person whose work is being supervised, the amount of work involved in a particular matter and the likelihood that ethical problems might arise in the course of working on the matter.

(b) A lawyer shall be responsible for conduct of a nonlawyer employed or retained by or associated with the lawyer that would be a violation of these Rules if engaged in by a lawyer, if:

(1) the lawyer orders or directs the specific conduct or, with knowledge of the specific conduct, ratifies it; or

(2) the lawyer is a partner in a law firm or is a lawyer who individually or together with other lawyers possesses comparable managerial responsibility in a law firm in which the nonlawyer is employed or is a lawyer who has supervisory authority over the nonlawyer; and

(i) knows of such conduct at a time when it could be prevented or its consequences avoided or mitigated but fails to take reasonable remedial action; or

(ii) in the exercise of reasonable management or supervisory authority should have known of the conduct so that reasonable remedial action could have been taken at a time when the consequences of the conduct could have been avoided or mitigated.

**Rule 5.4: Professional independence of a lawyer.**

(a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

(1) an agreement by a lawyer with the lawyer's firm or another lawyer associated in the firm may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;

(2) a lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that portion of the total compensation that fairly represents the services rendered by the deceased lawyer; and

(3) a lawyer or law firm may compensate a nonlawyer employee or include a nonlawyer employee in a retirement plan based in whole or in part on a profit-sharing arrangement.

(b) A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law.

(c) Unless authorized by law, a lawyer shall not permit a person who recommends, employs or pays the lawyer to render legal service for another to direct or regulate the lawyer's professional judgment in rendering such legal services or to cause the lawyer to compromise the lawyer's duty to maintain the confidential information of the client under Rule 1.6.

(d) A lawyer shall not practice with or in the form of an entity authorized to practice law for profit, if:

(1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration;

(2) a nonlawyer is a member, corporate director or officer thereof or occupies a position of similar responsibility in any form of association other than a corporation; or

(3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

**Rule 5.5: Unauthorized practice of law.**

(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction.

(b) A lawyer shall not aid a nonlawyer in the unauthorized practice of law.

**Rule 5.6: Restrictions on right to practice.**

(a) A lawyer shall not participate in offering or making:

(1) a partnership, shareholder, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or

(2) an agreement in which a restriction on a lawyer's right to practice is part of the settlement of a client controversy.

(b) This Rule does not prohibit restrictions that may be included in the terms of the sale of a law practice pursuant to Rule 1.17.

**Rule 5.7: Responsibilities regarding nonlegal services.**

(a) With respect to lawyers or law firms providing nonlegal services to clients or other persons:

(1) A lawyer or law firm that provides nonlegal services to a person that are not distinct from legal services being provided to that person by the lawyer or law firm is subject to these Rules with respect to the provision of both legal and nonlegal services.

(2) A lawyer or law firm that provides nonlegal services to a person that are distinct from legal services being provided to that person by the lawyer or law firm is subject to these Rules with respect to the nonlegal services if the person receiving the services could reasonably believe that the nonlegal services are the subject of a client-lawyer relationship.

(3) A lawyer or law firm that is an owner, controlling party or agent of, or that is otherwise affiliated with, an entity that the lawyer or law firm knows to be providing nonlegal services to a person is subject to these Rules with respect to the nonlegal services if the person receiving the services could reasonably believe that the nonlegal services are the subject of a client-lawyer relationship.

(4) For purposes of paragraphs (a)(2) and (a)(3), it will be presumed that the person receiving nonlegal services believes the services to be the subject of a client-lawyer relationship unless the lawyer or law firm has advised the person receiving the services in writing that the services are not legal services and that the protection of a client-lawyer relationship does not exist with respect to the nonlegal services, or if the interest of the lawyer or law firm in the entity providing nonlegal services is de minimis.

(b) Notwithstanding the provisions of paragraph (a), a lawyer or law firm that is an owner, controlling party, agent, or is otherwise affiliated with an entity that the lawyer or law firm knows is providing nonlegal services to a person shall not permit any nonlawyer providing such services or affiliated with that entity to direct or regulate the professional judgment of the lawyer or law firm in rendering legal services to any person, or to cause the lawyer or law firm to compromise its duty under Rule 1.6(a) and (c) with respect to the confidential information of a client receiving legal services.

(c) For purposes of this Rule, "nonlegal services" shall mean those services that lawyers may lawfully provide and that are not prohibited as an unauthorized practice of law when provided by a nonlawyer.

**Rule 5.8: Contractual relationship between lawyers and nonlegal professionals.**

(a) The practice of law has an essential tradition of complete independence and uncompromised loyalty to those it serves. Recognizing this tradition, clients of lawyers practicing in New York State are guaranteed "independent professional judgment and undivided loyalty uncompromised by conflicts of interest." Indeed, these guarantees represent the very foundation of the profession and allow and foster its continued role as a protector of the system of law. Therefore, a lawyer must remain completely responsible for his or her own independent professional judgment, maintain the confidences and secrets of clients, preserve funds of clients and third parties in his or her control, and otherwise comply with the legal and ethical principles governing lawyers in New York State.

Multi-disciplinary practice between lawyers and nonlawyers is incompatible with the core values of the legal profession and therefore, a strict division between services provided by lawyers and those provided by nonlawyers is essential to protect those values. However, a lawyer or law firm may enter into and maintain a contractual relationship with a nonlegal professional or nonlegal professional service firm for the purpose of offering to the public, on a systematic and continuing basis, legal services performed by the lawyer or law firm as well as other nonlegal professional services, notwithstanding the provisions of Rule 1.7(a), provided that:

(1) the profession of the nonlegal professional or nonlegal professional service firm is included in a list jointly established and maintained by the Appellate Divisions pursuant to Section 1205.3 of the Joint Appellate Division Rules;

(2) the lawyer or law firm neither grants to the nonlegal professional or nonlegal professional service firm, nor permits such person or firm to obtain, hold or exercise, directly or indirectly, any ownership or investment interest in, or managerial or supervisory right, power or position in connection with the practice of law by the lawyer or law firm, nor, as provided in Rule 7.2(a)(1), shares legal fees with a nonlawyer or receives or gives any monetary or other tangible benefit for giving or receiving a referral; and

(3) the fact that the contractual relationship exists is disclosed by the lawyer or law firm to any client of the lawyer or law firm before the client is referred to the nonlegal professional service firm, or to any client of the nonlegal professional service firm before that client receives legal services from the lawyer or law firm; and the client has given informed written

consent and has been provided with a copy of the "Statement of Client's Rights In Cooperative Business Arrangements" pursuant to section 1205.4 of the Joint Appellate Divisions Rules.

(b) For purposes of paragraph (a):

(1) each profession on the list maintained pursuant to a Joint Rule of the Appellate Divisions shall have been designated sua sponte, or approved by the Appellate Divisions upon application of a member of a nonlegal profession or nonlegal professional service firm, upon a determination that the profession is composed of individuals who, with respect to their profession:

(i) have been awarded a bachelor's degree or its equivalent from an accredited college or university, or have attained an equivalent combination of educational credit from such a college or university and work experience;

(ii) are licensed to practice the profession by an agency of the State of New York or the United States Government; and

(iii) are required under penalty of suspension or revocation of license to adhere to a code of ethical conduct that is reasonably comparable to that of the legal profession;

(2) the term "ownership or investment interest" shall mean any such interest in any form of debt or equity, and shall include any interest commonly considered to be an interest accruing to or enjoyed by an owner or investor.

(c) This Rule shall not apply to relationships consisting solely of non-exclusive reciprocal referral agreements or understandings between a lawyer or law firm and a nonlegal professional or nonlegal professional service firm.

## Public Service

**Rule 6.1: Voluntary pro bono service.**

Lawyers are strongly encouraged to provide pro bono legal services to benefit poor persons.

(a) Every lawyer should aspire to:

(1) provide at least 50 hours of pro bono legal services each year to poor persons; and

(2) contribute financially to organizations that provide legal services to poor persons. Lawyers should aspire to contribute annually in an amount at least equivalent to:

(i) the amount typically billed by the lawyer (or the firm with which the lawyer is associated) for one hour of time; or

(ii) if the lawyer's work is performed on a contingency basis, the amount typically billed by lawyers in the community for one hour of time; or

(iii) the amount typically paid by the organization employing the lawyer for one hour of the lawyer's time; or

(iv) if the lawyer is underemployed, an amount not to exceed one-tenth of one percent of the lawyer's income.

(b) Pro bono legal services that meet this goal are:

(1) professional services rendered in civil matters, and in those criminal matters for which the government is not obliged to provide funds for legal representation, to persons who are financially unable to compensate counsel;

(2) activities related to improving the administration of justice by simplifying the legal process for, or increasing the availability and quality of legal services to, poor persons; and

(3) professional services to charitable, religious, civic and educational organizations in matters designed predominantly to address the needs of poor persons.

(c) Appropriate organizations for financial contributions are:

(1) organizations primarily engaged in the provision of legal services to the poor; and

(2) organizations substantially engaged in the provision of legal services to the poor, provided that the donated funds are to be used for the provision of such legal services.

(d) This Rule is not intended to be enforced through the disciplinary process, and the failure to fulfill the aspirational goals contained herein should be without legal consequence.

**Rule 6.3: Membership in a legal services organization.**

A lawyer may serve as a director, officer or member of a not-for-profit legal services organization, apart from the law firm in which the lawyer practices, notwithstanding that the organization serves persons having interests that differ from those of a client of the lawyer or the lawyer's firm. The lawyer shall not knowingly participate in a decision or action of the organization:

(a) if participating in the decision or action would be incompatible with the lawyer's obligations to a client under Rules 1.7 through 1.13; or

(b) where the decision or action could have a material adverse effect on the representation of a client of the organization whose interests differ from those of a client of the lawyer or the lawyer's firm.

**Rule 6.4: Law reform activities affecting client interests.**

A lawyer may serve as a director, officer or member of an organization involved in reform of the law or its administration, notwithstanding that the reform may affect the interests of a client of the lawyer. When the lawyer knows that the interests of a client may be materially benefitted by a decision in which the lawyer actively participates, the lawyer shall disclose that fact to the organization, but need not identify the client. In determining the nature and scope of participation in such activities, a lawyer should be mindful of obligations to clients under other Rules, particularly Rule 1.7.

**Rule 6.5: Participation in limited pro bono legal service programs.**

(a) A lawyer who, under the auspices of a program sponsored by a court, government agency, bar association or not-for-profit legal services organization, provides short-term limited legal services to a client without expectation by either the lawyer or the client that the lawyer will provide continuing representation in the matter:

(1) shall comply with Rules 1.7, 1.8 and 1.9, concerning restrictions on representations where there are or may be conflicts of interest as that term is defined in these Rules, only if the lawyer has actual knowledge at the time of commencement of representation that the representation of the client involves a conflict of interest; and

(2) shall comply with Rule 1.10 only if the lawyer has actual knowledge at the time of commencement of representation that another lawyer associated with the lawyer in a law firm is affected by Rules 1.7, 1.8 and 1.9.

(b) Except as provided in paragraph (a)(2), Rule 1.7 and Rule 1.9 are inapplicable to a representation governed by this Rule.

(c) Short-term limited legal services are services providing legal advice or representation free of charge as part of a program described in paragraph (a) with no expectation that the assistance will continue beyond what is necessary to complete an initial consultation, representation or court appearance.

(d) The lawyer providing short-term limited legal services must secure the client's informed consent to the limited scope of the representation, and such representation shall be subject to the provisions of Rule 1.6.

(e) This Rule shall not apply where the court before which the matter is pending determines that a conflict of interest exists or, if during the course of the representation, the lawyer providing the services becomes aware of the existence of a conflict of interest precluding continued representation.

**Information About Legal Services**

**Rule 7.1: Advertising.**

(a) A lawyer or law firm shall not use or disseminate or participate in the use or dissemination of any advertisement that:

(1) contains statements or claims that are false, deceptive or misleading; or

(2) violates a Rule.

(b) Subject to the provisions of paragraph (a), an advertisement may include information as to:

(1) legal and nonlegal education, degrees and other scholastic distinctions, dates of admission to any bar; areas of the law in which the lawyer or law firm practices, as authorized by these Rules; public offices and teaching positions held; publications of law related matters authored by the lawyer; memberships in bar associations or other professional societies or organizations, including offices and committee assignments therein; foreign language fluency; and bona fide professional ratings;

(2) names of clients regularly represented, provided that the client has given prior written consent;

(3) bank references; credit arrangements accepted; prepaid or group legal services programs in which the lawyer or law firm participates; nonlegal services provided by the lawyer or law firm or by an entity owned and controlled by the lawyer or law firm; the existence of contractual relationships between the lawyer or law firm and a nonlegal professional or nonlegal professional service firm, to the extent permitted by Rule 5.8, and the nature and extent of services available through those contractual relationships; and

(4) legal fees for initial consultation; contingent fee rates in civil matters when accompanied by a statement disclosing the information required by paragraph (p); range of fees for legal and nonlegal services, provided that there be available to the public free of charge a written statement clearly describing the scope of each advertised service; hourly rates; and fixed fees for specified legal and nonlegal services.

(c) An advertisement shall not:

(1) include a paid endorsement of, or testimonial about, a lawyer or law firm without disclosing that the person is being compensated therefor;

(2) include the portrayal of a fictitious law firm, the use of a fictitious name to refer to lawyers not associated together in a law firm, or otherwise imply that lawyers are associated in a law firm if that is not the case;

(3) use actors to portray a judge, the lawyer, members of the law firm, or clients, or utilize depictions of fictionalized events or scenes, without disclosure of same; or

(4) be made to resemble legal documents.

(d) An advertisement that complies with paragraph (e) may contain the following:

(1) statements that are reasonably likely to create an expectation about results the lawyer can achieve;

(2) statements that compare the lawyer's services with the services of other lawyers;

(3) testimonials or endorsements of clients, and of former clients; or

(4) statements describing or characterizing the quality of the lawyer's or law firm's services.

(e) It is permissible to provide the information set forth in paragraph (d) provided:

(1) its dissemination does not violate paragraph (a);

(2) it can be factually supported by the lawyer or law firm as of the date on which the advertisement is published or disseminated;

(3) it is accompanied by the following disclaimer: "Prior results do not guarantee a similar outcome" and

(4) in the case of a testimonial or endorsement from a client with respect to a matter still pending, the client gives informed consent confirmed in writing.

(f) Every advertisement other than those appearing in a radio, television or billboard advertisement, in a directory, newspaper, magazine or other periodical (and any websites related thereto), or made in person pursuant to Rule 7.3(a)(1), shall be labeled "Attorney Advertising" on the first page, or on the home page in the case of a website. If the communication is in the form of a self-mailing brochure or postcard, the words "Attorney Advertising" shall appear therein. In the case of electronic mail, the subject line shall contain the notation "ATTORNEY ADVERTISING."

(g) A lawyer or law firm shall not utilize meta tags or other hidden computer codes that, if displayed, would violate these Rules.

(h) All advertisements shall include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered.

(i) Any words or statements required by this Rule to appear in an advertisement must be clearly legible and capable of being read by the average person, if written, and intelligible if spoken aloud. In the case of a website, the required words or statements shall appear on the home page.

(j) A lawyer or law firm advertising any fixed fee for specified legal services shall, at the time of fee publication, have available to the public a written statement clearly describing the scope of each advertised service, which statement shall be available to the client at the time of retainer for any such service. Such legal services shall include all those services that are recognized as reasonable and necessary under local custom in the area of practice in the community where the services are performed.

(k) All advertisements shall be pre-approved by the lawyer or law firm, and a copy shall be retained for a period of not less than three years following its initial dissemination. Any advertisement contained in a computer-accessed communication shall be retained for a period of not less than one year. A copy of the contents of any website covered by this Rule shall be preserved upon the initial publication of the web site, any major web site redesign, or a meaningful and extensive content change, but in no event less frequently than once every 90 days.

(l) If a lawyer or law firm advertises a range of fees or an hourly rate for services, the lawyer or law firm shall not charge more than the fee advertised for such services. If a lawyer or law firm advertises a fixed fee for specified legal services, or performs services described in a fee schedule, the lawyer or law firm shall not charge more than the fixed fee for such stated legal service as set forth in the advertisement or fee schedule, unless the client agrees in writing that the services performed or to be performed were not legal services referred to or implied in the advertisement or in the fee schedule and, further, that a different fee arrangement shall apply to the transaction.

(m) Unless otherwise specified in the advertisement, if a lawyer publishes any fee information authorized under this Rule in a publication that is published more frequently than once per month, the lawyer shall be bound by any representation made therein for a period of not less than 30 days after such publication. If a lawyer publishes any fee information authorized under this Rule in a publication that is published once per month or less frequently, the lawyer shall be bound by any representation made therein until the publication of the succeeding issue. If a lawyer publishes any fee information authorized under this Rule in a publication that has no fixed date for publication of a succeeding issue, the lawyer shall be bound by any representation made therein for a reasonable period of time after publication, but in no event less than 90 days.

(n) Unless otherwise specified, if a lawyer broadcasts any fee information authorized under this Rule, the lawyer shall be bound by any representation made therein for a period of not less than 30 days after such broadcast.

(o) A lawyer shall not compensate or give any thing of value to representatives of the press, radio, television or other communication medium in anticipation of or in return for professional publicity in a news item.

(p) All advertisements that contain information about the fees charged by the lawyer or law firm, including those indicating that in the absence of a recovery no fee will be charged, shall comply with the provisions of Judiciary Law § 488(3).

(q) A lawyer may accept employment that results from participation in activities designed to educate the public to recognize legal problems, to make intelligent selection of counsel or to utilize available legal services.

(r) Without affecting the right to accept employment, a lawyer may speak publicly or write for publication on legal topics so long as the lawyer does not undertake to give individual advice.

**Rule 7.2: Payment for referrals.**

(a) A lawyer shall not compensate or give anything of value to a person or organization to recommend or obtain employment by a client, or as a reward for having made a recommendation resulting in employment by a client, except that:

(1) a lawyer or law firm may refer clients to a nonlegal professional or nonlegal professional service firm pursuant to a contractual relationship with such nonlegal professional or nonlegal professional service firm to provide legal and other professional services on a systematic and continuing basis as permitted by Rule 5.8, provided however that such referral shall not otherwise include any monetary or other tangible consideration or reward for such, or the sharing of legal fees; and

(2) a lawyer may pay the usual and reasonable fees or dues charged by a qualified legal assistance organization or referral fees to another lawyer as permitted by Rule 1.5(g).

(b) A lawyer or the lawyer's partner or associate or any other affiliated lawyer may be recommended, employed or paid by, or may cooperate with one of the following offices or organizations that promote the use of the lawyer's services or those of a partner or associate or any other affiliated lawyer, or request one of the following offices or organizations to recommend or promote the use of the lawyer's services or those of the lawyer's partner or associate, or any other affiliated lawyer as a private practitioner, if there is no interference with the exercise of independent professional judgment on behalf of the client:

(1) a legal aid office or public defender office:

(i) operated or sponsored by a duly accredited law school;

(ii) operated or sponsored by a bona fide, non-profit community organization;

(iii) operated or sponsored by a governmental agency; or

(iv) operated, sponsored, or approved by a bar association;

(2) a military legal assistance office;

(3) a lawyer referral service operated, sponsored or approved by a bar association or authorized by law or court rule; or

(4) any bona fide organization that recommends, furnishes or pays for legal services to its members or beneficiaries provided the following conditions are satisfied:

(i) Neither the lawyer, nor the lawyer's partner, nor associate, nor any other affiliated lawyer nor any nonlawyer, shall have initiated or promoted such organization for the primary purpose of providing financial or other benefit to such lawyer, partner, associate or affiliated lawyer;

(ii) Such organization is not operated for the purpose of procuring legal work or financial benefit for any lawyer as a private practitioner outside of the legal services program of the organization;

(iii) The member or beneficiary to whom the legal services are furnished, and not such organization, is recognized as the client of the lawyer in the matter;

(iv) The legal service plan of such organization provides appropriate relief for any member or beneficiary who asserts a claim that representation by counsel furnished, selected or approved by the organization for the particular matter involved would be unethical, improper or inadequate under the circumstances of the matter involved; and the plan provides an appropriate procedure for seeking such relief;

(v) The lawyer does not know or have cause to know that such organization is in violation of applicable laws, rules of court or other legal requirements that govern its legal service operations; and

(vi) Such organization has filed with the appropriate disciplinary authority, to the extent required by such authority, at least annually a report with respect to its legal service plan, if any, showing its terms, its schedule of benefits, its subscription charges, agreements with counsel and financial results of its legal service activities or, if it has failed to do so, the lawyer does not know or have cause to know of such failure.

**Rule 7.3: Solicitation and recommendation of professional employment.**

(a) A lawyer shall not engage in solicitation:

(1) by in-person or telephone contact, or by realtime or interactive computer-accessed communication unless the recipient is a close friend, relative, former client or existing client; or

(2) by any form of communication if:

(i) the communication or contact violates Rule 4.5, Rule 7.1(a), or paragraph (e) of this Rule;

(ii) the recipient has made known to the lawyer a desire not to be solicited by the lawyer;

(iii) the solicitation involves coercion, duress or harassment;

(iv) the lawyer knows or reasonably should know that the age or the physical, emotional or mental state of the recipient makes it unlikely that the recipient will be able to exercise reasonable judgment in retaining a lawyer; or

(v) the lawyer intends or expects, but does not disclose, that the legal services necessary to handle the matter competently will be performed primarily by another lawyer who is not affiliated with the soliciting lawyer as a partner, associate or of counsel.

(b) For purposes of this Rule, "solicitation" means any advertisement initiated by or on behalf of a lawyer or law firm that is directed to, or targeted at, a specific recipient or group of recipients, or their family members or legal representatives, the

primary purpose of which is the retention of the lawyer or law firm, and a significant motive for which is pecuniary gain. It does not include a proposal or other writing prepared and delivered in response to a specific request.

(c) A solicitation directed to a recipient in this State shall be subject to the following provisions:

(1) A copy of the solicitation shall at the time of its dissemination be filed with the attorney disciplinary committee of the judicial district or judicial department wherein the lawyer or law firm maintains its principal office. Where no such office is maintained, the filing shall be made in the judicial department where the solicitation is targeted. A filing shall consist of:

(i) a copy of the solicitation;

(ii) a transcript of the audio portion of any radio or television solicitation; and

(iii) if the solicitation is in a language other than English, an accurate English-language translation.

(2) Such solicitation shall contain no reference to the fact of filing.

(3) If a solicitation is directed to a predetermined recipient, a list containing the names and addresses of all recipients shall be retained by the lawyer or law firm for a period of not less than three years following the last date of its dissemination.

(4) Solicitations filed pursuant to this subdivision shall be open to public inspection.

(5) The provisions of this paragraph shall not apply to:

(i) a solicitation directed or disseminated to a close friend, relative, or former or existing client;

(ii) a web site maintained by the lawyer or law firm, unless the web site is designed for and directed to or targeted at persons affected by an identifiable actual event or occurrence or by an identifiable prospective defendant; or

(iii) professional cards or other announcements the distribution of which is authorized by Rule 7.5(a).

(d) A written solicitation shall not be sent by a method that requires the recipient to travel to a location other than that at which the recipient ordinarily receives business or personal mail or that requires a signature on the part of the recipient.

(e) No solicitation relating to a specific incident involving potential claims for personal injury or wrongful death shall be disseminated before the 30th day after the date of the incident, unless a filing must be made within 30 days of the incident as a legal prerequisite to the particular claim, in which case no unsolicited communication shall be made before the 15th day after the date of the incident.

(f) Any solicitation made in writing or by computeraccessed communication and directed to a pre-determined recipient, if prompted by a specific occurrence involving or affecting a recipient, shall disclose how the lawyer obtained the identity of the recipient and learned of the recipient's potential legal need.

(g) If a retainer agreement is provided with any solicitation, the top of each page shall be marked "SAMPLE" in red ink in a type size equal to the largest type size used in the agreement and the words "DO NOT SIGN" shall appear on the client signature line.

(h) Any solicitation covered by this section shall include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered.

(i) The provisions of this Rule shall apply to a lawyer or members of a law firm not admitted to practice in this State who shall solicit retention by residents of this State.

**Rule 7.4: Identification of Practice and Specialty.**

(a) A lawyer or law firm may publicly identify one or more areas of law in which the lawyer or the law firm practices, or may state that the practice of the lawyer or law firm is limited to one or more areas of law, provided that the lawyer or law firm shall not state that the lawyer or law firm is a specialist or specializes in a particular field of law, except as provided in Rule 7.4(c).

(b) A lawyer admitted to engage in patent practice before the United States Patent and Trademark Office may use the designation "Patent Attorney" or a substantially similar designation.

(c) A lawyer may state that the lawyer has been recognized or certified as a specialist only as follows:

(1) A lawyer who is certified as a specialist in a particular area of law or law practice by a private organization approved for that purpose by the American Bar Association may state the fact of certification if, in conjunction therewith, the certifying organization is identified and the following statement is prominently made: "This certification is not granted by any governmental authority."

(2) A lawyer who is certified as a specialist in a particular area of law or law practice by the authority having jurisdiction over specialization under the laws of another state or territory may state the fact of certification if, in conjunction therewith, the certifying state or territory is identified and the following statement is prominently made: "This certification is not granted by any governmental authority within the State of New York."

(3) A statement is prominently made if:

(i) when written, it is clearly legible and capable of being read by the average person, and is at least two font sizes larger than the largest text used to state the fact of certification; and

(ii) when spoken, it is intelligible to the average person, and is at a cadence no faster, and a level of audibility no lower, than the cadence and level of audibility used to state the fact of certification.

**Rule 7.5: Professional notices, letterheads and names.**

(a) A lawyer or law firm may use internet web sites, professional cards, professional announcement cards, office signs, letterheads, or similar professional notices or devices, provided the same do not violate these Rules or any statute or court rule.

(b)(1) A lawyer or law firm in private practice shall not practice under:

(i) a false, deceptive, or misleading trade name;

(ii) a false, deceptive, or misleading domain name: or

(iii) a name that is misleading as to the identity of the lawyer or lawyers practicing under such name.

(2) Specific Guidance Regarding Law Firm Names.

(i) Such terms as "legal aid," "legal service office," "legal assistance office," "defender office," and the like may be used only by bona fide legal assistance organizations.

(ii) A law firm name, trade name, or domain name may not include the terms "non-profit" or "not-for-profit" unless the law firm qualifies for those designations under applicable law.

(iii) A lawyer or law firm in private practice may not include the name of a nonlawyer in its firm name.

(iv) The name of a professional corporation shall contain "PC" or such symbols permitted by law.

(v) The name of a limited liability company or limited liability partnership shall contain "LLC," "LLP" or such symbols permitted by law.

(vi) A lawyer or law firm may utilize a telephone number that contains a trade name, domain name, nickname, moniker, or motto that does not otherwise violate these Rules.

(3) A lawyer or law firm that has a contractual relationship with a nonlegal professional or nonlegal professional service firm pursuant to Rule 5.8 to provide legal and other professional services on a systematic and continuing basis may not include in its firm name the name of the nonlegal professional service firm or any individual nonlegal professional affiliated therewith.

(4) A lawyer who assumes a judicial, legislative or public executive or administrative post or office shall not permit the lawyer's name to remain in the name of a law firm or to be used in professional notices of the firm during any significant period in which the lawyer is not actively and regularly practicing law as a member of the firm and, during such period, other members of the firm shall not use the lawyer's name in the firm name or in professional notices of the firm.

(c) Lawyers shall not hold themselves out as having a partnership with one or more other lawyers unless they are in fact partners.

(d) A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction.

## Maintaining the Integrity of the Profession

### Rule 8.1: Candor in the bar admission process.

(a) A lawyer shall be subject to discipline if, in connection with the lawyer's own application for admission to the bar previously filed in this state or in any other jurisdiction, or in connection with the application of another person for admission to the bar, the lawyer knowingly:

(1) has made or failed to correct a false statement of material fact; or

(2) has failed to disclose a material fact requested in connection with a lawful demand for information from an admissions authority.

### Rule 8.2: Judicial officers and candidates.

(a) A lawyer shall not knowingly make a false statement of fact concerning the qualifications, conduct or integrity of a judge or other adjudicatory officer or of a candidate for election or appointment to judicial office.

(b) A lawyer who is a candidate for judicial office shall comply with the applicable provisions of Part 100 of the Rules of the Chief Administrator of the Courts.

### Rule 8.3: Reporting professional misconduct.

(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.

(b) A lawyer who possesses knowledge or evidence concerning another lawyer or a judge shall not fail to respond to a lawful demand for information from a tribunal or other authority empowered to investigate or act upon such conduct.

(c) This Rule does not require disclosure of:

(1) information otherwise protected by Rule 1.6; or

(2) information gained by a lawyer or judge while participating in a bona fide lawyer assistance program.

**Rule 8.4: Misconduct.**

A lawyer or law firm shall not:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability:

(1) to influence improperly or upon irrelevant grounds any tribunal, legislative body or public official; or

(2) to achieve results using means that violate these Rules or other law;

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;

(g) engage in conduct in the practice of law that the lawyer or law firm knows or reasonably should know constitutes:

(1) unlawful discrimination, or

(2) harassment, whether or not unlawful, on the basis of one or more of the following protected categories: race, color, sex, pregnancy, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, gender expression, marital status, status as a member of the military, or status as a military veteran.

(3) "Harassment" for purposes of this Rule, means physical contact, verbal conduct, and/or nonverbal conduct such as gestures or facial expressions that is:

a. directed at an individual or specific individuals; and

b. derogatory or demeaning.

Conduct that a reasonable person would consider as petty slights or trivial inconveniences does not rise to the level of harassment under this Rule.

(4) This Rule does not limit the ability of a lawyer or law firm to, consistent with these Rules:

a. accept, decline, or withdraw from a representation;

b. express views on matters of public concern in the context of teaching, public speeches, continuing legal education programs, or other forms of public advocacy or education, or in any other form of written or oral speech protected by the United States Constitution or the New York State Constitution; or

c. provide advice, assistance, or advocacy to clients.

(5) "Conduct in the practice of law" includes:

a. representing clients;

b. interacting with witnesses, coworkers, court personnel, lawyers, and others, while engaging in the practice of law; and

c. operating or managing a law firm or law practice; or

(h) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

**Rule 8.5: Disciplinary authority and choice of law.**

(a) A lawyer admitted to practice in this state is subject to the disciplinary authority of this state, regardless of where the lawyer's conduct occurs. A lawyer may be subject to the disciplinary authority of both this state and another jurisdiction where the lawyer is admitted for the same conduct.

(b) In any exercise of the disciplinary authority of this state, the rules of professional conduct to be applied shall be as follows:

(1) For conduct in connection with a proceeding in a court before which a lawyer has been admitted to practice (either generally or for purposes of that proceeding), the rules to be applied shall be the rules of the jurisdiction in which the court sits, unless the rules of the court provide otherwise; and

(2) For any other conduct:

  (i) If the lawyer is licensed to practice only in this state, the rules to be applied shall be the rules of this state, and

  (ii) If the lawyer is licensed to practice in this state and another jurisdiction, the rules to be applied shall be the rules of the admitting jurisdiction in which the lawyer principally practices; provided, however, that if particular conduct clearly has its predominant effect in another jurisdiction in which the lawyer is licensed to practice, the rules of that jurisdiction shall be applied to that conduct.

**Credits**

Sec. filed Jan. 7, 2009 eff. April 1, 2009; amds. through Court Notices in the May 26, 2010 Register, eff. May 26, 2010; amds. through Court Notices in the May 18, 2011 Register, eff. April 15, 2011; amd. through Court Notices in the December 19, 2012 Register, eff. July 1, 2012; amd. through Court Notices in the Jan. 30, 2013 Register, eff. Dec. 20, 2012; amd. through Court Notices in the May 22, 2013 Register eff. May 1, 2013; amd. through Court Notices in the Dec. 25, 2013 Register; amd. through Court Notices in the Jan. 4, 2017 Register; amd. through Court Notices in the June 20, 2018 Register eff. June 1, 2018; amd. through Court Notices in the July 15, 2020 Register; amd. through Court Notices in the May 12, 2021 Register eff. April 1, 2021; amd. through Court Notices in the July 6, 2022 Register eff. July 6, 2022; amd. through Court Notices eff. Jan. 1, 2025 (Register dated Jan. 29, 2025).

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, 22 NY ADC 1200.0

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.