# EXHIBIT 37

# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

August 7, 2025

**VIA ECF**

Catherine O'Hagen Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Avalon Holdings Corporation v. Gentile*, Case No. 24-999 (2d Cir.)
    *New Concept Energy, Inc. v. Gentile*, 24-1002 (2d Cir.)

Dear Ms. Wolfe:

I am one of the appellees counsel in the above captioned matters and I write in response to the letter of July 25, 2025 of Thomas J. Fleming. I respectfully correct his statement that appellees' assertion of the "fugitive disentitlement doctrine" is made "relying on a bench warrant issued by the District Court". We assert the doctrine to apply by reason of Mr. Gentile's absenting himself from post-judgment proceedings and his making himself unavailable even to Mr. Fleming in these appeals, as elaborated by the transcript of a conference held in open court before Judge Cote. Whether or not there is a valid bench warrant outstanding is not controlling. That Mr. Gentile remains in hiding and not participating in the proceedings of the courts is.

The proceedings taking place in the District Court have been initiated by Mr. Gentile's former counsel of record in these cases and current counsel in unrelated litigation in Florida in his own right and not in Mr. Gentile's name. The object of this maneuver is presumably to maintain Mr. Gentile's non-participation and to shield him from disclosing his whereabouts. This is further evidence of his fugitive status within the meaning of the "fugitive disentitlement doctrine".

Very truly yours,

David Lopez