# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

Augst 16, 2025

Hon. Denise L. Cote
Judge, U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007=1312

Re:  *Avalon Holdings Corp. v. Guy Gentile*, 18-cv-7291 (DCL) (RWL)
     *New Concept Energy, Inc. v. Guy Gentile*, 18-cv-8896 (DCL) (RWL)

Your Honor:

I wish to report that yesterday, August 15, 2025, I received by Priority Mail a copy of a letter motion from Mr. Guy Gentile "appearing pro se and specially". As of the time of my writing this letter motion has not been filed with the court. I append a copy of it to this letter.

It discloses Mr. Gentile's current mailing address to be "Meydan Grandstand, 6th Floor, Meydan Road, Nad Al Sheba, Dubai, United Arab Emirates" and it seeks a stay of enforcement of the outstanding bench warrant for Mr. Gentile's arrest and includes a form of Order for Your Honor's requested signature.

As the court has rendered judgments against Mr. Gentile, now on appeal, I am unclear what Mr. Gentile means by "appearing … specially" but Mr. Gentile's joining in proceedings creates some procedural complexity.

Respectfully and contingent on Mr. Gentile's first purging himself of his continuing contempt finding I move for:

1. A stay of enforcement of the warrant for Mr. Gentile's arrest until further notice as he requests;
2. A stay of briefing until further notice in the pending motion brought by Adam Ford for sanctions to allow time for the filing of the motion and for Mr. Gentile's attorney of record to be heard from;
3. Joinder of this motion with Mr. Ford's on an identical briefing schedule;
4. A direction to the parties and movants to propose a revised briefing schedule.

Purging himself of contempt, I move, should consist of his appearing personally at the courthouse or at a mutually agreed place within the Southern District of New York at a mutually agreed date and time within 30 days of the entry of an order, there and then to be examined as a

# DAVID LOPEZ

Hon. Denise L. Cote
August 16, 2025
Page 2

judgment debtor and continuing from day to day until concluded. Should he fail or refuse to do so I would urge that his motion be denied without hearing under the fugitive disentitlement doctrine.

Very truly yours,

David Lopez

Cc: All attorneys of record via ECF
    Guy Gentile via USPS



PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

## USPS PRIORITY MAIL®

889264X1X1XPRI
Guy Gentile
Meydan Grandstand, 6th Floor
Meydan Road, Nad Al Sheba
Dubai, United Arab Emirates, AA 99999

David Lopez, Esq. Law Offices of David L
171 Edge of Woods Rd
Southampton, NY 11968-2514

**USPS TRACKING # eVS**



9205 5901 5266 1900 2244 9056 37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**DEFENDANT GUY GENTILE'S LETTER MOTION TO STAY ALL ENFORCEMENT AND STAY OF THE CONTEMPT ORDER DATED SEPTEMBER 20, 2024 (ECF NO. 341) PENDING RESOLUTION OF SANCTIONS MOTIONS**

**Honorable Judge Cote:**

Defendant Guy Gentile, appearing *pro se* and specially—without waiving any jurisdictional objections—respectfully moves this Court for an order staying all enforcement of the civil contempt order and arrest warrant pending resolution of the two pending sanctions motions: my

1

own[1] and the one filed by non-party law firm Ford O'Brien Landy LLP. This motion is submitted under the Court's inherent authority to prevent injustice.

I. THE INTERESTS OF JUSTICE AND DUE PROCESS REQUIRE A STAY

This is not a routine enforcement proceeding. Most of the trades at issue belonged to clients of Mr. Gentile's former Bahamian brokerage firm, not to him personally. Exculpatory records that would have clarified this fact were excluded from the hearing. That exclusion is the basis of Mr. Gentile's pending appeal: the $18 million judgment was not entered on the merits but rather as a sanction—based on incomplete evidence due to penalization of exclusion and procedurally questionable conduct, that ignored the truth in the interests of justice.

Now, Plaintiffs seek to enforce that judgment through improper and unlawful means. Specifically, Plaintiffs' counsel [2]:

1. Failed to submit to the court, when seeking contempt against Mr Gentile, a subpoena that they claimed was served on Mr. Gentile and that he failed to comply with. To this day, neither this Court nor Mr. Gentile has ever seen a subpoena issued by David Lopez or Miriam Tauber in connection with these contempt proceedings. It remains unclear what Mr. Gentile is in contempt of: no subpoena, no contempt. This fundamental defect alone taints the entire contempt order.

2. Submitted an affidavit of service falsely claiming that arrangements had been made for publication in Dubai's Gulf News, when in fact no such arrangements were ever

---

[1] I also want to clarify an omission in my sanctions motion. I inadvertently I left out a specific request for the sanction of dismissal of this action due to the severity of the fraud on the court in obtaining an arrest warrant against me. I cited to United States v. Shaffer Equipment Co., 11 F.3d 450 (4th Cir. 1993) for this very request for dismissal where in Shaffer, lack of candor with the court resulted in case dismissal.

[2] David Lopez and Miriam Tauber jointly represent the two Plaintiffs and are jointly responsible for their own conduct and conduct as attorneys of record.

2

made—as admitted by Mr. Lopez in his letters to the Court dated July 23, 2025 (ECF No. 354) and August 7, 2025 (ECF No. 359). And, as further reflected in Ms. Tauber's affidavit of service (ECF No. 336), she falsely swore the listed social media accounts belonged to Mr. Gentile without providing any proof; no evidence of any attempt to verify ownership of such accounts was made to contact/subpoena Google, Meta, X or LinkedIn to verify ownership of those accounts. The accounts that Ms. Tauber swore belonged to me do not belong to me and she plastered all over the internet stating an arrest warrant was outstanding for me without clarifying it was a civil arrest warrant, preferring the implication it was a criminal warrant of arrest.

3. Egregiously, Mr. Lopez's letter of August 7, 2025, not only ignores his serious fraudulent conduct, he continues to deceive, trying to mask his lies by drawing attention away from what he has done to announce such actions have no consequence and enable him to ask this court to rectify his conduct and order *nunc pro tunc* corrections for "alternative" service.

4. Invoked the arrest warrant before the Second Circuit Court of Appeals twice to argue that Mr. Gentile was a "fugitive" in an effort to block appellate review; once as a letter motion to the court, and the second time, by making it the main point of their appellate brief. (Case: 24-999, 02/24/2025, DktEntry: 46.1) and (Case: 24-999, 10/25/2024, DktEntry: 42.1,.

5. Threats were made to a non-party individual who had filed a declaration in this action, see ECF # 257. In written communications, Mr. Lopez threatened this person by stating that he could obtain an arrest warrant against them just as easily as he had against Mr. Gentile.

> In his letter, he stated, "**As Mr. Gentile's arrest warrants should indicate, I will use whatever legal compulsion is needed.**" See. Ex A.

3

Mr. Lopez repeatedly approached this individual while holding himself out as if he were an attorney licensed to practice law in the State of Florida, despite the fact that he is not, and has never been, a member of the Florida Bar. Moreover, Mr. Lopez caused the Palm Beach County Sheriff's Office to attempt service of papers that were never authorized by any Florida court. Both Mr. Lopez and Ms. Tauber were expressly informed by the United States District Court for the Southern District of Florida—via formal notice dated September 27, 2024—that they were not authorized to practice law in Florida without pro hac vice admission, and that such admission required sponsorship by local counsel and compliance with Local Rule 4(b) See: Case 1:24-mc-23709-KMW Document 4 Entered on FLSD Docket 09/27/2024. They ignored this notice and nevertheless proceeded to advise this non-party individual and to repeatedly threaten them with legal jeopardy.

## II. THE ARREST WARRANT WAS ISSUED WITHOUT JURISDICTION OR LEGAL FOUNDATION

Under Federal Rule of Civil Procedure 45(c)(1)(A), a subpoena cannot compel compliance more than 100 miles from where the person resides, is employed, or regularly transacts business in person. Mr. Gentile resided in Puerto Rico after this case was closed by the Clerk of this Court in March 2024. Thereafter, Mr. Gentile resided outside of the United States and thousands of miles from this Court. No subpoena was ever served upon him; no sworn statement to properly and personally serve him with any subpoena exists in this case because no subpoena existed nor was presented to this court in support of the motion that resulted in an order of contempt at issue here.

The arrest warrant is void for lack of jurisdiction and lack of service.

## III. THE AUGUST 7, 2025 FILING CONFIRMS THE FRAUD Sufficient for Dismissal of the Case

On August 7, 2025, Plaintiffs' counsel filed ECF No. 359, conceding that no publication occurred in *Gulf News*, despite their prior sworn affidavit implying otherwise[3]. Instead, they now ask the Court to retroactively approve methods of service now shown to be unreliable and based upon lies, that do not afford Mr. Gentile's FRCP 4(f) nor UAE law protections.

- Email notice to unauthorized former counsel;
- Messages to unverifiable social media accounts;
- Threats made to a non-party individual.

These are not lawful means of service under Rule 4(f) or UAE law. The fraud is material. To require service methods that have zero- yet hopeful- ability to actually conform - not feigned-to due process is a corruptible reliance that fails. This court should recognize these mea culpa tactics for what they are: lies.

Similarly, courts have held that unauthorized or informal notice via email or social media does not cure defective service and cannot support contempt or enforcement. When such actions are paired with sworn false affidavits—like Lopez's false statement about publication in *Gulf News*—they amount to fraud upon the court, justifying vacatur or dismissal, *Hazel-Atlas Glass*

---

[3] For more than a year, Mr. Lopez and Ms. Tauber allowed false information to remain before this Court, never correcting it and instead exploiting it as a tool to obtain and wield an arrest warrant. This conduct goes far beyond a mere lapse in candor; it reflects a calculated use of knowingly false assertions—at minimum false innuendo—to restrict or threaten a person's liberty. Such behavior is antithetical to the duties of any attorney permitted to practice before a court of law, unless that court tolerates conduct more befitting a kangaroo tribunal. Ms. Tauber's silence amounts to complicity in Mr. Lopez's actions. Any competent attorney would have investigated what is required to publish in a foreign newspaper before swearing compliance. If publication in Dubai proved difficult, they could have returned to this Court to seek a modification of its order. They chose not to. Instead, they pursued the leverage of an arrest warrant, with Mr. Lopez later offering the implausible excuse that he "did not notice" his credit card had not been charged. It defies belief that Ms. Tauber never asked for proof of payment; if she did and withheld it, the concealment is equally egregious. Either way, she bore a duty to know and to act with integrity, even if that meant disclosing Mr. Lopez's deception. Their actions have tainted themselves, this Court, and the Defendant with lies—all in pursuit of an $18 million judgment (plus interest) now on appeal. Such conduct cannot be brushed aside or diminished. Attorneys who engage in deceit of this magnitude must be held accountable. The one they hunted with falsehoods is now holding them to account with the truth.

5

*Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944); *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972).

### IV. PLAINTIFFS' COUNSEL SOUGHT ONLY IMPRISONMENT AS A SANCTION—A DUE PROCESS VIOLATION

The trial record confirms that Plaintiffs' counsel's sole objective in these contempt proceedings was to have Mr. Gentile arrested and jailed—without due process, and without consideration of any lesser coercive remedies.

At the July 23, 2024 hearing, David Lopez explicitly urged the Court:

> "…there is a provision for civil arrest for a party who refuses to participate or is believed to be about to flee the jurisdiction, **and I would make an application to your Honor today that that provision… be utilized and that a bench warrant issue for his arrest.**" (July 23, 2024 Tr. at 12–13).

This "flight" justification was factually baseless. Mr. Gentile did not live in New York and had no residence, business, or assets in the state at the time. He could not "flee" a jurisdiction in which he did not reside or maintain a presence. Plaintiffs' counsel knew this yet used it as a pretext to secure an arrest warrant.

Mr. Lopez did not propose any other remedy under Federal Rule of Civil Procedure 37(b)(2) or the Court's inherent contempt power. He did not seek monetary sanctions, issue preclusion, or any other coercive measure short of incarceration. Instead, he pressed for immediate arrest as the *only* effective option—admitting his goal was not to secure compliance with lawful orders, but to deprive Mr. Gentile of his liberty.

This conduct undermines the remedial purpose of civil contempt. Civil contempt sanctions must be designed either to coerce compliance or to compensate for losses, not to punish. **King v.**

6

*Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) The Second Circuit emphasized that the **purpose of civil contempt is remedial, not punitive**, and sanctions must be proportional and aimed at securing compliance, not punishment.. By bypassing all lesser sanctions and pressing solely for imprisonment, Plaintiffs' counsel sought a punitive outcome without the procedural safeguards required for criminal contempt—safeguards Mr. Gentile was never afforded.

Such a strategy confirms that the arrest warrant was not the product of a fair, proportional, or lawful enforcement process. It was the culmination of a targeted effort to jail Mr. Gentile without trial or appeal rights, which further supports a stay of all enforcement pending resolution of the sanctions motions.

## V. DEFENDANT'S COMMITMENT TO DUE PROCESS

To be clear:

If this Court does not grant this stay motion or dismiss the case outright for fraud upon the court and procedural misconduct—as it should under *Hazel-Atlas* and *Kupferman*—and if Plaintiffs properly serve Mr. Gentile pursuant to FRCP ( accounting for the 100 mile rule) and in accordance with applicable UAE law and he will comply with any valid and lawful court order.

He should not have to submit to contempt or arrest based on fraud, false affidavits, or defective service by unverifiable email, social media, or fake publication.

## VI. A STAY IS NECESSARY TO PREVENT FURTHER HARM

Absent a stay, Mr. Gentile faces:

- Severe reputational harm from an arrest warrant obtained through fraud;
- Foreign risk, because Plaintiffs' warrant caused damage his standing with regulators and investors abroad;

- Ongoing prejudice on appeal, as Plaintiffs continue to assert "fugitive" status while the warrant remains active.

This Court has inherent authority to stay enforcement where injustice is likely. *Sierra Club v. U.S. Army Corps of Engineers*, 732 F.2d 253, 256 (2d Cir. 1984):

"A stay may be granted if the harm to the moving party outweighs the injury to the opposing party and the public interest favors a stay."

Here, the public interest in judicial integrity and the prevention of fraudulent arrests outweighs any speculative harm to Plaintiffs from a short stay pending resolution of the sanctions motions.

## VII. PROPOSED ORDER

A proposed order is attached granting a stay of all enforcement actions related to the contempt order and arrest warrant until the Court rules on the pending sanctions motions.

Respectfully submitted,

**Guy Gentile**
(appearing *pro se* and specially)
Meydan Grandstand, 6th Floor
Meydan Road, Nad Al Sheba
Dubai, United Arab Emirates
Tel: +971 58 590 2347

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**[PROPOSED ORDER]**

Upon consideration of the letter motion by Defendant Guy Gentile for a stay of enforcement of the civil contempt order and arrest warrant, and for good cause shown:

**IT IS HEREBY ORDERED** that all enforcement, the contempt order, and arrest warrant (ECF AND ECF. ____) are **STAYED** pending resolution of the pending motions for sanctions and related relief.

**SO ORDERED.**

Dated: _____
Hon. Denise L. Cote
United States District Judge

9

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, I served a copy of the foregoing motion on the following recipients via Post Service:

**Clerk of Court**
United States District Court
Southern District of New York
500 Pearl Street, Room 120
New York, NY 10007

**David Lopez, Esq.**
Law Offices of David Lopez
171 Edge of Woods Road
Southampton, NY 11969-0323

**Miriam Tauber, Esq.**
Miriam Tauber Law PLLC
885 Park Avenue, Apt. 2A
New York, NY 10075

**Guy Gentile**

# EX. A

# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

March 17, 2025

Mr. Nicholas Abadiotakis
4156 Cedar Creek Circle
Lake Worth, Florida 33467

Re: Guy Gentile // Request For Your Cooperation In Scheduling Your Deposition

Dear Mr. Abadiotakis:

As you should know I am one of the attorneys in two cases against Guy Gentile pending in the United States District Court for the Southern District of New York. Judgments have been rendered against Mr. Gentile for more than $16,000,000, Mr. Gentile has absconded and arrest warrants are outstanding. You have previously responded to information subpoenas I had served upon you by the Sheriff's Office of Palm Beach County.

I wish to take your deposition testimony on oral questions. Before serving you with subpoenas compelling your appearance at a time and place of my choice I should like to make arrangements that serve your convenience if possible. If you cooperate I can try to accommodate your schedule. If not, I will resort to compulsory process demanding your appearance at a time and place of my choice. As Mr. Gentile's arrest warrants should indicate, I will use whatever legal compulsion is needed.

I propose that your testimony be taken in West Palm Beach or in Palm Beach in-person. I am willing to discuss a ZOOM deposition, but in-person appearance is my preference. If you do not choose to cooperate in scheduling then ZOOM will be off the table and your personal appearance will be compelled.

I propose that your deposition be scheduled at a time of your choice on any date between April 1, and April 15, 2025. Please indicate your preference for a date with a starting time of 10:00 A.M.

You are urged to consult with your own attorney to be advised of your rights and obligations before responding.

Very truly yours,

David Lopez

DL/el