```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
AVALON HOLDINGS CORP.,                   :
                                         :
                    Plaintiff,           :
          -v-                            :
                                         :
GUY GENTILE and MINTBROKER               :
INTERNATIONAL, LTD.,                     :    18cv7291 (DLC)
                                         :    18cv8896 (DLC)
                    Defendants.          :
                                         :         ORDER
-----------------------------------------:
                                         :
NEW CONCEPT ENERGY, INC.,                :
                                         :
                    Plaintiff,           :
          -v-                            :
                                         :
GUY GENTILE and MINTBROKER               :
INTERNATIONAL, LTD.,                     :
                                         :
                    Defendants.          :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiffs Avalon Holdings Corp. ("Avalon") and New Concept Energy, Inc. ("New Concept") each brought an action against defendants Guy Gentile and Mintbroker International, Ltd. ("Mintbroker") for disgorgement of short-swing profits pursuant to § 16(b) of the Securities Exchange Act of 1934. 15 U.S.C. § 78p(b). On March 20, 2024, an Order of final judgment was entered for plaintiffs Avalon and New Concept. Avalon was awarded pre-judgment interest in the amount of $1,983,267 for a total final judgment amount of $8,219,175 against Gentile; New Concept was awarded pre-judgment interest in the amount of

$1,971,281, for a total final judgment amount of $8,073,283 against Gentile.  Gentile noticed his appeal on April 16.  The appeal remains pending.

On July 8 2024, Avalon moved to compel Gentile to respond to Avalon's post-judgment subpoena by producing documents and appearing for an in-person or remote deposition on or before August 1.  An Order of July 9 set a briefing schedule on Avalon's motion and a hearing was held on July 23.  Gentile was not present at the hearing.  At the hearing, counsel of record for Gentile's appeal indicated that he had not been retained to represent Gentile in these post-judgment proceedings, had not been in contact with Gentile since May 2024 at the latest, and did not have information on how to effect service on him.  Counsel for Avalon made an oral application for a bench warrant and additional monetary sanctions.  That application was denied, and plaintiff's counsel was granted permission to renew the motion to compel if there was a showing that all possible methods of serving Gentile had been exhausted.

On August 14, Avalon filed a renewed application to compel Gentile to respond to plaintiff's post-judgment subpoena and an application for a bench warrant for his civil arrest.  An Order of August 18 directed the plaintiff to propose an alternative method of service that complies with the requirements of due process and to submit a proposed order authorizing such alternative service on Gentile pursuant to Fed. R. Civ. P.

2

4(f)(3) by August 23. The August 18 Order further directed that any opposition to the plaintiff's proposed order for alternative service be submitted by August 28, and that any opposition to the August 14 motion for Gentile's civil arrest be filed by September 13.

On August 29, the Court granted Avalon's request for alternative means of service and directed the plaintiff to serve its motion for civil arrest on Gentile via the alternative methods. The Order authorized alternative service by: (1) publication in The Gulf News, an English language daily newspaper in Dubai; (2) direct messages to social media accounts maintained by Guy Gentile; and (3) first class mail to Gentile at his last known address in Puerto Rico, and email to Gentile at his last known email address of guygentile@me.com, as well as first class mail and email to Thomas J. Fleming (Gentile's attorney of record in the underlying litigation and in his appeal to the Second Circuit), and to Adam Ford (Gentile's former attorney of record in the underlying actions). The August 29 Order further directed that any opposition to the August 14 motion for Gentile's civil arrest be filed by September 13, with any reply due September 20.

On September 7, counsel for Avalon, David Lopez, affirmed that he (1) "made arrangements" for the publication of notice of the motion for civil arrest in The Gulf News; and (2) that he emailed and mailed a copy of the August 29 Order to Gentile,

3

Fleming, and Ford. On September 8, Miriam Tauber, an attorney of record for Avalon, filed an affidavit of service attesting to having served the August 29 Order on Gentile by direct messages to several social media accounts belonging to individuals with the name "Guy Gentile", including one LinkedIn account belonging to "Guy Gentile Nigro" affiliated with the company "DayTrader".

Gentile failed to oppose Avalon's August 14 motion. Accordingly, an Order of September 20 granted Avalon's motion to compel Gentile to comply with Avalon's post-judgment subpoenas, ordered that Gentile was in civil contempt of this Court, and directed the United States Marshals Service to take all necessary measures to effect service and enforcement of the September 20 Order, including if necessary to arrest and detain Gentile to bring him before this Court.

Related litigation has revealed that Avalon did not effect service in one of the alternative avenues listed in the August 29 Order. That failure came to light in connection with Avalon's information subpoenas addressed to Ford, Gentile's former counsel, and to Ford's firm, Ford, O'Brien, Landy LLP. An Order of March 18, 2025 referred to Magistrate Judge Robert Lehrburger an Avalon and Ford discovery dispute. On July 23, 2025, Lopez filed a letter informing the Court that while he made "arrangements by telephone" for publication of the notice of Avalon's motion for Gentile's civil arrest in The Gulf News, he failed to confirm those arrangements and now knew that

4

publication never occurred.  Ford filed a letter the same day requesting the opportunity to brief a motion for sanctions.  A briefing schedule on any motion was set on July 25, and Ford O'Brien Landy LLP moved to impose sanctions on Avalon and its attorney David Lopez on August 14 (the "Ford Motion").

Recently, Gentile has appeared.  On August 16, 2025, Lopez submitted a letter attaching a motion that Lopez stated he had received by priority mail from Gentile on August 15.  The Court's Pro Se Office independently received a copy of Gentile's motion on August 14, and it was docketed on August 18.

Gentile's motion is filed in both actions and indicates that it was mailed on August 8, 2025 from Dubai, states that he is appearing pro se, and requests a stay of enforcement of the civil contempt order and arrest warrant pending resolution of the Ford Motion for sanctions and Gentile's own motion for sanctions.  The Court has not yet received Gentile's motion for sanctions.  Lopez's August 16 letter requests several forms of relief, conditioned upon Gentile first appearing personally within the Southern District of New York, including: a stay of enforcement of the civil arrest warrant; a stay of briefing on the August 14 Ford Motion; and a briefing schedule on the motion advanced in Gentile's document.  Accordingly, it is hereby

ORDERED that briefing on the Ford Motion is stayed.

IT IS FURTHER ORDERED that, to the extent Gentile wishes to proceed pro se in these actions, he shall complete a Notice of

5

Pro Se Appearance form and submit it by email or mail to the Pro Se Office by **September 5, 2025.** Gentile may obtain the Notice of Pro Se Appearance by contacting the Pro Se Intake Unit or by visiting the Court website's Pro Se page and selecting "Forms, Instructions, & Manuals": https://www.nysd.uscourts.gov/prose. A copy of the Notice of Pro Se Appearance form and the Consent to Electronic Service form for pro se cases are attached to this Order.

    IT IS FURTHER ORDERED that Gentile must mail or email any communications with the Court to the Pro Se Intake Unit. Instructions for email communication may be found at: https://www.nysd.uscourts.gov/sites/default/files/2021-04/2021-04-21-Email-Instructions-pro-se-filings-final.pdf. Communications may also be mailed to the Pro Se Intake Unit at 40 Foley Square, Room 105, New York, New York, 10007. The telephone number for the Pro Se Intake Unit is (212) 805-0175. A pro se party may not send any document or filing directly to Chambers. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. Copies of correspondence between a pro se party and opposing parties shall not be sent to the Court.

    IT IS FURTHER ORDERED that in the event Gentile submits a Notice of Pro Se Appearance on or before **September 5, 2025,** a response to any motion he submits on or before that date and a

6

response to the Ford Motion shall be due **September 19, 2025**; any reply will be due **October 10, 2025**.

IT IS FURTHER ORDERED that Gentile may contact the Federal Pro Se Legal Assistance Project (the "Clinic") opened in this District to assist people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit).  To receive limited-scope assistance from the Clinic, parties may complete the Clinic's intake form on their computer or phone at: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.  If the parties have questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 382-4794.

IT IS FURTHER ORDERED that counsel for Avalon shall serve a copy of this Order by **August 27, 2025** by priority mail upon Gentile at the address he used in sending his August 8 motion.

Dated:   New York, New York
         August 19, 2025

                              _____
                                       DENISE COTE
                              United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____
|                                    |
|                                    |
|                      Plaintiff(s), |
|       -against-                    |
|                                    |
|                                    |
|                      Defendant(s). |
|_____|
```

Docket No: _____CV_____(    )(    )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☐ that all future correspondence be mailed to me at the address below, or

☐ that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

☐ Plaintiff
☐ Defendant

_____
Name (Last, First, MI)

_____
Address            City              State         Zip Code

_____
Telephone Number                    e-mail address

_____
Date                                Signature

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Click Here to Save**