UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |
| Related to: | |
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |



RECEIVED AUG 22 2025 PRO SE OFFICE

**LIMITED APPEARANCE MOTION TO VACATE CIVIL ARREST ORDER AND FOR RULE 11 SANCTIONS AGAINST DAVID LOPEZ AND MIRIAM TAUBER**

**PRELIMINARY STATEMENT**

This Court's inherent authority to sanction litigation misconduct has been repeatedly affirmed by the Supreme Court. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (recognizing courts' inherent power to discipline bad-faith conduct that undermines judicial proceedings).

This motion arises from a deliberate and abusive attempt by Plaintiffs' counsel to weaponize this Court's contempt powers based on knowingly false and misleading affidavits. David Lopez and Miriam Tauber never served Mr. Gentile in accordance with Rule 45, Rule 69, or international

1

law, but instead fabricated a record of compliance and secured an arrest warrant that they subsequently used to obstruct appellate proceedings, harm third parties, and destroy a Bahamas-based brokerage business. This misconduct calls for the strongest remedies available to preserve the integrity of this Court and to deter future abuse.

PLEASE TAKE NOTICE that Defendant Guy Gentile, by limited appearance and without submitting to the jurisdiction of this Court, hereby moves to vacate the civil arrest warrant issued on September 20, 2024, and to impose sanctions under Fed. R. Civ. P. 11(c) against Plaintiffs' counsel, David Lopez and Miriam Tauber, for knowingly submitting false affidavits to this Court, abusing the judicial process, and violating international service norms.

## I. LIMITED APPEARANCE & JURISDICTIONAL OBJECTION

This is a limited appearance for the exclusive purpose of challenging the validity of the civil arrest warrant and seeking sanctions. Mr. Gentile expressly reserves all objections to personal jurisdiction, venue, and service. Mr. Gentile is an Italian national, lawfully residing in Dubai, with no assets, domicile, or business presence in the United States.

Courts in this Circuit and beyond recognize that a defendant may make a special appearance to contest jurisdiction without waiving their objection. See *Adam v. Saenger*, 303 U.S. 59, 67 (1938) (noting that a party who appears to object to jurisdiction does not consent to it); *SEC v. Lines*, No. 07-cv-11387, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (acknowledging limited appearances for jurisdictional objections).

Any post-judgment discovery against a foreign national such as Mr. Gentile must comply with international law, including the Hague Service Convention. Plaintiffs failed to invoke any such mechanism. See *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (holding that service abroad must comply with the Hague Convention); *In re Auto. Refinishing*

2

*Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004) (stating that the Hague Convention provides the exclusive means for serving foreign defendants).

Because Plaintiffs never attempted lawful service via letter rogatory or under treaty, any purported service on Mr. Gentile is legally void and cannot support contempt or arrest.

## II. GROUNDS TO VACATE CIVIL ARREST WARRANT

On September 20, 2024, this Court issued a civil arrest warrant based on affidavits from David Lopez (Sept. 7, 2024) and Miriam Tauber (Sept. 8, 2024), asserting that Mr. Gentile had been served with post-judgment discovery subpoenas. However, these affidavits relied on improper and ineffective service methods, and were replete with factual inaccuracies and misrepresentations.

Despite knowing that Mr. Gentile was no longer residing in Puerto Rico and was instead present in Miami during the relevant period (attending trial in *SEC v. Mintbroker*), Lopez mailed documents to a Puerto Rico address and emailed accounts that were unverified and outdated. Tauber, on the other hand, attempted service via social media accounts without confirmation of receipt or authentication of identity. No formal Hague Convention procedures were invoked, nor was any effort made to serve Mr. Gentile in person while he was physically present in the United States.

These failures amount to a total lack of valid service. As the Second Circuit has held, due process demands strict compliance with service rules when liberty is at stake. See *Burda Media, Inc. v. Blumenberg*, 417 F.3d 292, 299–301 (2d Cir. 2005). The Supreme Court has likewise emphasized that international service must conform with treaty obligations. See *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). These authorities

underscore that Plaintiffs' failure to properly serve Mr. Gentile rendered their motion for contempt and arrest legally defective.

## III. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions when an attorney submits a filing for an improper purpose, advances frivolous arguments, or makes representations without evidentiary support. See Fed. R. Civ. P. 11(b). The Second Circuit recognizes that sanctions are warranted when parties or counsel act in bad faith or willfully mislead the court. See *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011–12 (2d Cir. 1986).

Separately, courts have inherent authority to vacate orders obtained by fraud or deceit. See *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 386 (2d Cir. 1981); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Moreover, due process must be satisfied before incarceration is ordered in civil contempt. See *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 70 (2d Cir. 1996). The Supreme Court has also held that federal courts have inherent power to impose sanctions for conduct that abuses the judicial process, independent of statutory or rule-based authority. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

## IV. RULE 11 SANCTIONS

Plaintiffs' counsel have demonstrated a pattern of misconduct warranting Rule 11 sanctions:

1. **False Sworn Statements and Misrepresentations**: Plaintiffs' counsel submitted affidavits based on defective service and failed to disclose material facts about Mr. Gentile's whereabouts and accessibility. They knew he was physically in Miami for a multi-week trial, yet failed to serve him there—opting instead for tactics lacking legal or

4

ethical integrity.

2. **Misrepresentation Regarding Gulf News Publication**: Lopez falsely claimed that he arranged for a publication of notice in *Gulf News*, but later stated—over a year after the fact—that the publication never ran because his credit card "was not charged." This post-hoc excuse strains credulity. *Gulf News* requires formal documentation, including proof of a Dubai court order and official correspondence. Lopez has produced no supporting evidence. This is yet another false representation to this Court intended to cover up a prior lie. Permitting him to avoid accountability would undermine the integrity of these proceedings.

3. **Abuse of Arrest Power**: After obtaining the warrant, Plaintiffs used it to interfere with Mr. Gentile's appeal, invoking the fugitive disentitlement doctrine despite knowing the warrant was improperly issued.

4. **Manipulation of Receiver Access**: Plaintiffs' counsel conspired with the Bahamian receiver to block access to SureTrader records that would have shown the assets in question belonged to clients—not Mr. Gentile. When Mr. Gentile later obtained these records through third-party sources, counsel convinced the Magistrate to exclude them from the record.

5. **Causing Business Destruction**: Counsel's actions contributed to the loss of SureTrader's clearing relationship with Interactive Brokers, which triggered receivership and ultimately led to the company's destruction. These actions lacked legal justification and were designed to inflict economic harm.

6. **Ethical Violations**: These actions violate Rule 3.3 of the New York Rules of Professional Conduct (candor toward the tribunal) and merit referral to disciplinary authorities.

7. **Obstruction of Appeal Rights**: Plaintiffs used the fraudulently obtained warrant to obstruct Mr. Gentile's appeal by falsely labeling him a fugitive.

This conduct violates Rule 11(b)(1)–(3) and the ethical standards applicable to all attorneys. The Court has both Rule 11 authority and inherent power to impose severe sanctions. See *United States v. Shaffer Equipment Co.*, 11 F.3d 450 (4th Cir. 1993).

## V. RELIEF REQUESTED

Defendant Guy Gentile respectfully requests:

1. Immediate **vacatur** of the civil arrest warrant issued on **September 20, 2024**;
2. Entry of **Rule 11 sanctions** against David Lopez and Miriam Tauber;
3. **Dismissal** of all post-judgment enforcement proceedings;
4. Award of **attorneys' fees and costs** (over $2,000,000) owed to prior counsel, Ford O'Brien Landy LLP;
5. Referral to the **SDNY Committee on Grievances** and the appropriate state bar authorities;
6. Referral to the **U.S. Attorney's Office** for potential violations of 18 U.S.C. § 1621 (perjury);
7. Any further relief this Court deems just and proper.

Such relief is supported by the Second Circuit's recognition of the district court's inherent authority to vacate fraudulently procured orders and impose sanctions to deter litigation abuse. See *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 386 (2d Cir. 1981).

Dated: August 5, 2025

Respectfully submitted,

**Guy Gentile** (appearing specially, pro se)
Meydan Grandstand
6th Floor, Meydan Road
Nad Al Sheba, Dubai, United Arab Emirates
+971 58 590 2347

## CERTIFICATE OF SERVICE

I certify that on August 5, 2025, I served a copy of the foregoing motion on the following recipients via Emirates Post International Service:

**Clerk of Court**
United States District Court
Southern District of New York
500 Pearl Street, Room 120
New York, NY 10007

**David Lopez, Esq.**
Law Offices of David Lopez
171 Edge of Woods Road
Southampton, NY 11969-0323

**Miriam Tauber, Esq.**
Miriam Tauber Law PLLC
885 Park Avenue, Apt. 2A
New York, NY 10075

Guy Gentile
Dubai, United Arab Emirates

