```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
AVALON HOLDINGS CORP.,                  :
                                        :
                    Plaintiff,          :
         -v-                            :
                                        :
GUY GENTILE and MINTBROKER              :
INTERNATIONAL, LTD.,                    :   18cv7291 (DLC)
                                        :   18cv8896 (DLC)
                    Defendants.         :
                                        :   ORDER
--------------------------------------- :
                                        :
NEW CONCEPT ENERGY, INC.,               :
                                        :
                    Plaintiff,          :
         -v-                            :
                                        :
GUY GENTILE and MINTBROKER              :
INTERNATIONAL, LTD.,                    :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

In 2018, plaintiffs Avalon Holdings Corp. ("Avalon") and New Concept Energy, Inc. ("New Concept") each brought an action against defendants Guy Gentile and Mintbroker International, Ltd. ("Mintbroker") for disgorgement of short-swing profits pursuant to § 16(b) of the Securities Exchange Act of 1934. 15 U.S.C. § 78p(b). On September 24, 2019, the Honorable Vernon S. Broderick denied the defendants' motion to dismiss Avalon's First Amended Complaint and New Concept's original complaint for improper venue pursuant to Rule 12(b)(3), Fed. R. Civ. P., or alternatively, to dismiss for failure to state a claim pursuant

to Rule 12(b)(6), Fed. R. Civ. P. Avalon Holdings Corp. v. Gentile, No. 18cv7291 (VSB), 2019 WL 4640206 (S.D.N.Y. Sept. 24, 2019). Gentile, who was represented by counsel at the time, did not move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). On April 8, 2022, Judge Broderick granted summary judgment for the plaintiffs. Avalon Holdings Corp. v. Gentile, 597 F. Supp. 3d 640 (S.D.N.Y. 2022).

These cases were reassigned to this Court on August 17, 2022. On March 20, 2024, an Order of final judgment was entered for plaintiffs Avalon and New Concept. Avalon was awarded pre-judgment interest in the amount of $1,983,267 for a total final judgment amount of $8,219,175 against Gentile; New Concept was awarded pre-judgment interest in the amount of $1,971,281, for a total final judgment amount of $8,073,283 against Gentile. Gentile noticed his appeal on April 16. The appeal remains pending.

The Court's recent Order of August 19, 2025 describes the extensive post-judgment proceedings in these cases. That procedural history is not redescribed in full here. For purposes of this Order, it is sufficient to note that on August 14, 2024, Avalon filed an application to compel Gentile to respond to plaintiff's post-judgment subpoena and an application for a bench warrant for his civil arrest. On August 29, 2024, the Court granted Avalon's request for service on Gentile by alternative means and directed the plaintiff to serve its motion

for civil arrest on Gentile via specified alternative methods, which included: (1) publication in The Gulf News, an English language daily newspaper in Dubai; (2) direct messages to social media accounts maintained by Guy Gentile; and (3) first class mail to Gentile at his last known address in Puerto Rico, and email to Gentile at his last known email address of guygentile@me.com, as well as first class mail and email to Thomas J. Fleming (Gentile's attorney of record in the underlying litigation and in his appeal to the Second Circuit), and to Adam Ford (Gentile's former attorney of record in the underlying actions). Gentile failed to oppose Avalon's August 14 motion. Accordingly, an Order of September 20 granted Avalon's motion to compel Gentile to comply with Avalon's post-judgment subpoenas, ordered that Gentile was in civil contempt of this Court, and directed the United States Marshals Service to take all necessary measures to effect service and enforcement of the September 20 Order, including if necessary to arrest and detain Gentile to bring him before this Court.

On July 23, 2025, counsel for Avalon, David Lopez, filed a letter informing the Court that while he made "arrangements by telephone" for publication of the notice of Avalon's motion for Gentile's civil arrest in The Gulf News, he failed to confirm those arrangements and now knew that publication never occurred. That failure came to light in connection with Avalon's information subpoenas addressed to Ford, Gentile's former

3

counsel, and to Ford's firm, Ford, O'Brien, Landy LLP. On August 14, 2025, Ford O'Brien Landy LLP moved to impose sanctions on Avalon and its attorney David Lopez (the "Ford Motion").

A few days later, on August 18, 2025, the Court's Pro Se office docketed a motion that Gentile had filed by mail. The motion states that he is appearing pro se and requests a stay of enforcement of the civil contempt order and arrest warrant pending resolution of the Ford Motion for sanctions and Gentile's own motion for sanctions.

An Order of August 19, 2025 directed Gentile, if he wished to proceed pro se in these actions, to file a Notice of Pro Se Appearance by September 5, 2025. It further ordered that if Gentile met that September 5 deadline, a response to any motion he submits on or before that date and a response to Ford O'Brien Landy LLP's August 14 motion to impose sanctions on Avalon and its attorney David Lopez (the "Ford Motion") shall be due September 19, 2025, and any reply shall be due October 10, 2025.

On August 22, the Court's Pro Se Office received Gentile's motion for sanctions. In that motion, Gentile states that he is making a "limited appearance for the exclusive purpose of challenging the validity of the [September 20, 2024] civil arrest warrant and seeking sanctions." He asserts, among other things, that he reserves "all objections to personal jurisdiction, venue, and service."

4

On August 26, Gentile filed a "Notice of Pro Se Limited Appearance," in which he again asserts that he appears "solely and exclusively for the purpose of challenging Plaintiffs' civil arrest warrant and related enforcement proceedings," and the filing of other motions. He states that his appearance shall not constitute "consent to this Court's jurisdiction for any purpose beyond addressing the validity and consequences of the arrest warrant obtained by Plaintiffs' counsel."

Gentile's assertion of a "limited" appearance is ineffective. An appearing defendant that fails to timely assert a lack of personal jurisdiction "in its initial motion or pleading waives or forfeits the right to raise it in later stages of litigation, or when seeking relief from the judgment." Kaplan v. Bank Saderat PLC, 77 F.4th 110, 117 (2d Cir. 2023). Accordingly, it is hereby

ORDERED that, to the extent Gentile intends his August 2025 motions and his "Notice of Pro Se Limited Appearance" to raise an objection to the Court's personal jurisdiction over him and its power to issue orders with which he must comply, or an objection to venue, the objection is denied. Gentile participated in this litigation, with the representation of counsel, for years. Though now appearing pro se, he remains a party subject to the Court's personal jurisdiction, and his relocation abroad does not alter that reality. Nor does his relocation abroad make venue improper.

5

IT IS FURTHER ORDERED that, to the extent Gentile intends his August 2025 motions and his "Notice of Pro Se Limited Appearance" to raise an objection to the alternative means of service authorized in the Order of August 29, 2024, and to vacate the Order of September 20, 2024, any response to that application by the plaintiff is due **September 19, 2025;** any reply is due **October 10, 2025.**

Dated:  New York, New York
        August 29, 2025

                                               _____
                                               DENISE COTE
                                               United States District Judge