**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**SUPPLEMENTAL NOTICE REGARDING SUA SPONTE DUTY TO VACATE VOID**

**ARREST WARRANT**

Defendant Guy Gentile, appearing pro se and by limited appearance, respectfully submits this supplemental notice to address the Court's inherent duty to vacate void orders.

On August 29, 2024, this Court authorized alternative service requiring publication in *The Gulf News* (ECF No. 334). That order made publication the operative method of service, with supplemental email, mail, and social media notice "to increase the probability" of actual notice.

Plaintiffs' counsel David Lopez has since admitted in filings dated July 23 and August 7, 2025 (ECF Nos. 354, 359; referenced at ECF 404 at 3) that no such publication ever occurred.

Because the condition precedent to service was never satisfied, the September 20, 2024 civil arrest warrant rests on false affidavits and defective service. The warrant is therefore void ab initio. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (courts must vacate orders obtained by fraud to protect judicial integrity); Fed. R. Civ. P. 60(b)(4) (void orders must be set aside).

The Court has an independent, non-discretionary duty to vacate void orders sua sponte once the defect is known. See *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 270 (2010) ("A judgment is void, and must be vacated, if the court that rendered it lacked jurisdiction or if it acted in a manner inconsistent with due process of law.").

Moreover, the civil arrest warrant is **in personam** in nature. It seeks to compel Defendant's deposition and compliance with post-judgment discovery. Under *Pennoyer v. Neff*, 95 U.S. 714 (1878), personal jurisdiction requires valid personal service of process. Here, no subpoena was ever personally served on Defendant, nor in a manner reasonably calculated to provide actual notice. Absent proper in personam jurisdiction, the Court had no lawful power to restrain Defendant's liberty through an arrest warrant. A warrant issued without jurisdiction over the person is void.[1]

---

[1] The Second Circuit has confirmed this principle. In *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002), the Court held that "a district court's power to hold a party in contempt is contingent upon the validity of the subpoena itself." Where a subpoena has never been properly served, no obligation arises, and contempt sanctions — including a civil arrest warrant — cannot lawfully issue. This reinforces the black-letter rule of *Pennoyer v. Neff*, 95 U.S. 714 (1878), that in personam jurisdiction requires valid personal service. To be clear, the Court may have exercised in personam jurisdiction over Defendant for purposes of adjudicating the original § 16(b) action, but it does not have continuing in personam jurisdiction in post-judgment enforcement proceedings absent valid service of process.

To date, Defendant has never been personally served with any post-judgment subpoena. He remains willing to sit for a deposition in Dubai and to produce documents once a subpoena is properly served in accordance with Rule 45 and applicable international law. What he objects to is enforcement via a defective arrest warrant procured through false affidavits and without jurisdiction.

**CONCLUSION**

Defendant respectfully notifies the Court of its sua sponte obligation to vacate the September 20, 2024 civil arrest warrant as void. Failure to vacate would perpetuate a known due process violation and leave in place an order entered without in personam jurisdiction and obtained through admitted falsehoods. The warrant unlawfully restrains Defendant's liberty and infringes upon his fundamental right to travel freely, imposing an ongoing deprivation of constitutional rights without lawful basis.

Dated: September 1, 2025

 Respectfully submitted,

 /s/ Guy Gentile

 Pro Se Defendant

P.O. Box 504377
Zamurda Tradingg Building Complex
Dubai, UAE
P: +971 58 590 2347
E: fightfightfigth@proton.me

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st. day of September 2025, I caused a true and correct copy of the

foregoing SUPPLEMENTAL NOTICE REGARDING SUA SPONTE DUTY TO VACATE

VOID ARREST WARRANT  to be served via the Court's CM/ECF system upon all counsel of

record, including:

- **David Lopez, Esq.**
  Law Office of David Lopez
  171 Edge of Woods Road, P.O. Box 323
  Southampton, NY 11969

- **Miriam Tauber, Esq.**
  Miriam Tauber Law PLLC
  885 Park Avenue, Suite 2A
  New York, NY 10075

The CM/ECF system will send notification of such filing to all registered participants.


Respectfully submitted,


/s/ Guy Gentile


P.O. Box 504377
Zamurda Tradingg Building Complex
Dubai, UAE
P: +971 58 590 2347
E: fightfightfigth@proton.me