UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP.,<br><br>Plaintiff,<br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-7291 (DLC) (RJL)<br><br>ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC.<br><br>Plaintiff,<br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-8896 (DLC) (RJL)<br><br>ECF Case |

**MOTION FOR RECONSIDERATION OF AUGUST 29, 2025 ORDER (ECF 404)**

Defendant Guy Gentile, appearing pro se, respectfully moves under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 for reconsideration of this Court's August 29, 2025 Order (ECF 404).

**INTRODUCTION**

The Court's August 29, 2025 Order denied Defendant's objections to personal jurisdiction and venue, while setting further briefing on the motion to vacate the September 20, 2024 civil arrest order. Reconsideration is warranted because (1) the Court overlooked that Defendant raised improper venue in his very first filing in 2018; (2) the Court misapprehended its own August 29,

2024 alternative service order, which required publication **plus** supplemental notice, not "or" alternatives; and (3) Defendant's limited appearance was misconstrued—he is not waiving jurisdictional objections, but contesting the Court's authority to issue a nationwide arrest warrant absent lawful service.

**ARGUMENT**

**I. Venue Was Raised in Defendant's First Motion (ECF 28)**

The Order (ECF 404 at 5) denies venue objections on the ground that Defendant "participated in this litigation … for years." Respectfully, this overlooks the record. Defendant's first filing in this Court was a **Rule 12(b)(3) motion to dismiss for improper venue** (ECF 28, filed Jan. 22, 2019). That motion argued that the only proper venue was Puerto Rico and sought dismissal or transfer under 28 U.S.C. § 1406. Venue was timely and expressly challenged at the outset. The Court's Order misstates this history.

**II. The August 29, 2024 Service Order (ECF 333) Required Publication in *The Gulf News***

The Court's August 29, 2025 Order (ECF 404 at 3) mischaracterizes the prior alternative service order. The August 29, 2024 Order (ECF 333) expressly required **publication in *The Gulf News***. The references to email, mail, and social media were supplemental measures "to increase the probability" that Defendant was informed, but the **only legally operative service method was publication in *The Gulf News***.

Counsel David Lopez later admitted in a July 23, 2025 filing that he arranged publication "by telephone" but never confirmed it and "now knew" that publication never occurred (ECF 404 at 3). Because the required *Gulf News* publication never happened, the Court-ordered service was

never effected. Without the publication, there was no service at all, rendering the arrest order void.

**III. Limited Appearance Was a Due Process Objection, Not Consent**

The August 29, 2025 Order concludes that Defendant's limited appearance was "ineffective" and treated as consent to jurisdiction (ECF 404 at 5). Respectfully, that misconstrues Defendant's intent. Defendant's appearance was solely to contest the validity of the September 20, 2024 arrest order, which was obtained through false affidavits and defective service (ECF 404 at 4–5). Courts recognize that a party may make a limited or special appearance to contest jurisdiction or service without consenting. *Adam v. Saenger*, 303 U.S. 59, 67 (1938).

Defendant has never been personally served with any subpoena or contempt motion. Issuing a nationwide arrest warrant without first effecting proper service violates due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

To be clear: Defendant is not refusing to comply with post-judgment discovery. He is willing to sit for a deposition in Dubai, where he lawfully resides, and to produce responsive documents once a subpoena is properly served in accordance with Rule 45 and applicable international law. What Defendant objects to is the use of a defective arrest warrant in place of lawful service.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court reconsider its August 29, 2025 Order (ECF 404) and (1) acknowledge that venue was timely raised in ECF 28; (2) clarify that the Aug. 29, 2024 service order (ECF 333) required publication plus supplemental

notice, which Plaintiffs failed to execute; and (3) recognize that Defendant's limited appearance was a due process objection to the arrest warrant, not a waiver of jurisdictional rights.

Dated: September 1, 2025

Respectfully submitted,

/s/ Guy Gentile
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st. day of September 2025, I caused a true and correct copy of the foregoing MOTION FOR RECONSIDERATION OF AUGUST 29, 2025 ORDER (ECF 404) to be served via the Court's CM/ECF system upon all counsel of record, including:

- **David Lopez, Esq.**
  Law Office of David Lopez
  171 Edge of Woods Road, P.O. Box 323
  Southampton, NY 11969

- **Miriam Tauber, Esq.**
  Miriam Tauber Law PLLC
  885 Park Avenue, Suite 2A
  New York, NY 10075

The CM/ECF system will send notification of such filing to all registered participants.

Respectfully submitted,

/s/ Guy Gentile

P.O. Box 504377
Zamurda Tradingg Building Complex
Dubai, UAE
P: +971 58 590 2347
E: fightfightfigth@proton.me