UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

### MOTION TO STRIKE PLAINTIFFS' OPPOSITION AS UNTIMELY

Defendant Guy Gentile, appearing pro se, respectfully moves to strike Plaintiffs' opposition brief Avalon Dk (ECF 415) and New Concept Dk (ECF 382), filed on **September 16, 2025**, as untimely.

1. On **August 29, 2025**, this Court set a schedule requiring Plaintiffs' opposition to be filed by **September 15, 2025**.

2. Plaintiffs filed their opposition on **September 16, 2025**, one day late, Avalon Dk (ECF 415) and New Concept Dk (ECF 382).

3. That late filing materially prejudiced Defendant. Because the Court set Defendant's reply deadline as **September 17, 2025**, Plaintiffs' untimely opposition effectively deprived Defendant of the full reply period contemplated by the schedule and cut his reply time to a single day.

4. Plaintiffs compounded this prejudice by opposing Defendant's timely request for an extension, while themselves failing to comply with the Court's deadline.

The Second Circuit and courts in this District routinely enforce briefing deadlines and strike late filings, particularly where the delay prejudices the opposing party. See, e.g., *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (untimely opposition may be disregarded); *Kaplan v. Hezbollah*, 213 F. Supp. 3d 27, 31 n.1 (D.D.C. 2016) (striking opposition filed one day late where prejudice resulted)[1].

**PATTERN OF MISCONDUCT AND BAD FAITH**

This late filing is not an isolated mistake. It fits squarely into the larger pattern of misconduct by Plaintiffs' counsel throughout this litigation. From the outset, Lopez and Tauber have treated the rules as optional when it benefits them, while holding Defendant to an impossible standard as a pro se party.

**Gamesmanship in Scheduling.** Now, counsel have filed their opposition brief one day late — after opposing Defendant's good-faith request for an extension. The effect was to cut Defendant's reply time to a single day on a 23-page filing. This is not accidental. It is tactical abuse, designed to deprive Defendant of a meaningful opportunity to be heard.

Courts in this District have not hesitated to sanction attorneys who engage in bad-faith litigation tactics, including misrepresentations to the Court. See *Seltzer v. Bayer*, 401 F.3d 103, 111–12 (2d Cir. 2005). This case is worse: Plaintiffs' counsel fabricated service, secured a void warrant, and now seek to ambush a pro se litigant with untimely filings while denying him extensions.

Attorneys are officers of the Court and held to the highest standards. Defendant, appearing pro se, is entitled to fair process, not continual harassment and deception. If the roles were reversed, Plaintiffs would have moved to strike instantly. Equality before the law requires that Lopez and Tauber be held to the same rules they weaponize against others.

**Accordingly, the Court should strike Plaintiffs' opposition brief as untimely, admonish counsel for their ongoing misconduct, and consider further sanctions to deter this abusive pattern of litigation behavior.**

RELIEF REQUESTED

For the reasons above, Defendant respectfully requests that the Court:

1. **Strike Plaintiffs' Opposition Avalon Dk (ECF 415), New Concept Dk (ECF 382)**, **as untimely filed**.

Dated: September 17, 2025
Respectfully submitted,
/s/ Guy Gentile, Pro Se

---

[1] Under **Fed. R. Civ. P. 6(b)(1)(B)**, a party that fails to act within the time specified "may" obtain relief only "on motion made" and only upon a showing that the failure was due to "excusable neglect." Plaintiffs made no such motion here. Their failure to request leave under Rule 6(b), much less demonstrate excusable neglect, provides an independent ground to strike their untimely opposition.