Guy Gentile
Zamurda Tradingg Building Complex
Dubai, UAE

September 22, 2025

Hon. Denise L. Cote
United States District Judge
Southern District of New York

Re: Avalon Holdings Corp. v. Gentile, et al., 18-cv-7291 (DLC) (RWL)
 Related Case: New Concept Energy, Inc. v. Gentile, et al., 18-cv-8896 (DLC) (RWL)

Reply to Plaintiffs' Letters (ECF 354, 363, 413)

Your Honor,

I respectfully submit this reply to address Plaintiffs' recent letter requests, including Mr. Lopez's July 23, 2025 letter (Avalon Dkt. 354), Mr. Lopez's August 16, 2025 letter (Avalon Dkt. 363), and Ms. Tauber's September 11, 2025 letter (Avalon Dkt. 413). I want to make clear at the outset that I have always respected this Court and its orders, and I continue to do so. I am not hiding from these proceedings. I have appeared, I have appealed, and I have complied where lawful service and procedure have been followed. By contrast, Plaintiffs' counsel repeatedly seek shortcuts that disregard the Federal Rules and the Court's authority.

**Rewrite this part:** This is a premature request as the court has not ruled as to whether the subpoena in question and the arrest warrant is valid. This is best left to after the court rules, in the alterniver i'm going to address these letter, these request are in the form of alterivie service and we are not there yet. They write these letter trying to save there failed warrant because they know there service is swer service, it it because they know its wrong.

1. **Lopez's Request for Publication in Puerto Rico.** Mr. Lopez has asked the Court to authorize publication in San Juan, Puerto Rico (Avalon Dkt. 354 at 2). I am not in Puerto Rico, and Plaintiffs' counsel know this. Publishing notice in a jurisdiction where I am not is not "reasonably calculated" to inform me, and therefore would not satisfy due process. *See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)* (notice must be "reasonably calculated … under all the circumstances"); *Mennonite Board of Missions v. Adams, 462 U.S. 791 (1983)* (when address is known, some form of direct notice is required); *Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 332 (1978)* (service by publication invalid where defendant's address was readily ascertainable from public records).
2. **Lopez's Request for Indefinite Deposition.** In ECF 363, Mr. Lopez asked that I be physically brought to New York and be deposed "from day to day until concluded" (Avalon Dkt. 363 at 2). That request is extraordinary, punitive, and unconstitutional.

1

Plaintiffs seek precisely the type of indefinite civil detention in New York that due process forbids, and without any limiting principle. Such a request offends both Rule 45 and constitutional guarantees.

3. **Tauber's Demand to Deem Service by ECF.** In ECF 413, Ms. Tauber asserted: "This ECF filing constitutes effective service, and Plaintiffs decline to serve Mr. Gentile in any other manner" (Avalon Dkt. 413 at 2). That position is contrary to both the Federal Rules and due process. Rule 5(b)(2)(E) expressly provides that electronic service is effective only if the person served has consented in writing and has the technical ability to receive it. I have requested ECF access, but the Court has not yet added my email as a "Receiving User." Until that occurs, I cannot receive ECF notifications or filings through the system. Courts have consistently recognized that ECF service is not effective for non-registered parties. To treat me as served by ECF when I am not yet enrolled would violate Rule 5 and deprive me of notice.

4. **Tauber's Demand That I Travel to New York for Deposition.** Ms. Tauber also demands that I be compelled to travel to New York for a deposition (Avalon Dkt. 413 at 2). Under Federal Rule of Civil Procedure 45(c)(1)(A), a subpoena may command attendance at a deposition only within 100 miles of a person's residence, employment, or where the person regularly transacts business. Any subpoena beyond those geographic limits must be quashed or modified under Rule 45(d)(3)(A)(ii). I lawfully reside outside the United States and maintain no business, residence, or assets in New York. *See Pennoyer v. Neff, 95 U.S. 714 (1878)* (personal jurisdiction requires valid service of process). Rule 45(c) expressly limits the geographic reach of subpoenas, restricting them to within 100 miles of where a person resides, is employed, or regularly transacts business in person. I reside abroad and conduct no business in New York; therefore, no subpoena issued from the Southern District of New York can compel my appearance there. Further, U.S. courts consistently recognize that discovery from foreign-resident parties and non-parties must proceed through international mechanisms such as the Hague Evidence Convention or letters rogatory. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court, 482 U.S. 522, 542 (1987)* (while the Hague Convention is not exclusive, its procedures reflect "appropriate respect for the sovereign interests of foreign states"); *In re Edelman, 295 F.3d 171, 178 (2d Cir. 2002)* (a district court's contempt power is contingent on valid subpoena service). Ordering me to travel internationally to New York under threat of arrest or detention—when no valid service has occurred—is not authorized by Rule 45 and raises serious due process concerns. The Supreme Court has repeatedly emphasized that even U.S. citizens abroad are entitled to fundamental fairness and notice. *See Mullane v. Cent. Hanover Bank, 339 U.S. 306, 314 (1950)* (due process requires notice reasonably calculated to apprise interested parties). Thus, the proper mechanism for post-judgment discovery, if any, is through the Hague Convention or letters rogatory, not by compelling a foreign resident to travel thousands of miles to face detention on the basis of defective service.

5. **Tauber's Claim That Adam Ford Received the Restraining Notices and Subpoenas.** My understanding is that Adam Ford did NOT receive "the Restraining Notices and Subpoenas". This was admitted by Plaintiffs' Counsel on July 23, 2024 (Avalon Dkt. 354). "I believe not that recently, but maybe sometime since the judgment we have tried

to contact Mr. [Adam] Ford and get the information. I think that we weren't successfully – it's a back-and-forth correspondence…" Ms. Tauber argues that service was satisfied because Adam Ford allegedly received restraining notices and subpoenas. That argument is meritless.

Here, there was never an order authorizing service on Adam Ford as an alternate method. The only alternate service ever ordered was publication in Gulf News under the Court's August 29, 2024. Even if Adam Ford received an email, that cannot be treated as valid service because Adam never affirmed that he spoke to me about them or that he continued to represent me in this matter. In fact, I have not talked with him since the last week of the Miami trial, between June 26-July 2, 2024—weeks before the email Plaintiffs now rely upon. Courts have rejected attempts to impute service to attorneys who never admitted speaking to the defendant at the relevant time. Without such confirmation, there is no assurance the defendant had notice, and due process is not satisfied.

Plaintiffs also knew I was in direct contact with Matthew Ford, Adam's brother, during the SEC trial in Miami, had his phone and email, and could have attempted personal service on me there. They chose not to. Instead, they relied on Adam Ford, who had already disengaged and never confirmed passing anything along, and never did pass anything to me.

In short, service cannot be bootstrapped through an attorney who neither admitted speaking with the defendant nor had ongoing representation in the matter. Ms. Tauber never sought alternate service on Adam Ford; Adam never confirmed relaying anything to me, and the Court-ordered method of service (publication) was never completed. Plaintiffs' argument is therefore legally and factually baseless.

Conclusion

Your Honor, I have at all times respected this Court and the judicial process. I am not evading anything, I have not absconded, nor am I attempting to frustrate their resolution. What I object to are the extraordinary and unlawful measures that Plaintiffs' counsel propose—measures that disregard both the Federal Rules and due process.

For these reasons, I respectfully request that the Court deny Plaintiffs' requests for (1) publication in Puerto Rico, (2) indefinite detention until deposition, (3) retroactive ECF service, and (4) compelled travel to New York for deposition. These are inappropriate requests at this time.

Respectfully submitted,
/s/ Guy Gentile
 Defendant, *Pro Se*


cc: ECF to all counsel of record.