```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
AVALON HOLDINGS CORP.,                   :
                                         :
                          Plaintiff,     :
              -v-                        :
                                         :
GUY GENTILE and MINTBROKER               :
INTERNATIONAL, LTD.,                     :      18cv7291 (DLC)
                                         :      18cv8896 (DLC)
                          Defendants.    :
                                         :      ORDER
-----------------------------------------
                                         :
NEW CONCEPT ENERGY, INC.,                :
                                         :
                          Plaintiff,     :
              -v-                        :
                                         :
GUY GENTILE and MINTBROKER               :
INTERNATIONAL, LTD.,                     :
                                         :
                          Defendants.    :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

The Court's recent Orders of August 19, August 29, September 4, and September 11, 2025 describe the extensive post-judgment proceedings in these cases. That procedural history is not repeated here in full.

For purposes of this Order, it is sufficient to note that on August 14, 2024, Avalon filed a motion to compel Gentile to respond to its post-judgment subpoenas and an application for a bench warrant for his civil arrest. On August 29, after Avalon was unable to locate or contact Gentile for personal service, the Court granted Avalon's request to serve Gentile with its

motion via three alternative means: (1) publication in The Gulf News, a daily English-language newspaper in Dubai; (2) direct message to social media accounts maintained by Gentile; and (3) first class mail and email to Gentile's last known address and email address, and to Gentile's then- and former attorneys of record. On September 7, 2024, counsel for Avalon, David Lopez, affirmed that he (1) "made arrangements" for publication of notice of the motion in The Gulf News, and (3) mailed and emailed a copy of the August 29 Order to Gentile, his then-attorney of record, and his former attorney of record. The next day, Miriam Tauber, another attorney for Avalon, affirmed that she (2) sent the August 29 Order to Gentile via direct messages to his social media accounts. After Gentile failed to oppose Avalon's motion, an Order of September 20, 2024 granted Avalon's motion to compel, ordered that Gentile was in civil contempt of the Court, and issued a civil arrest warrant against him.

Ten months later, on July 23, 2025, Lopez informed the Court that, although he made "arrangements by telephone" for publication of the notice of Avalon's motion for Gentile's civil arrest in The Gulf News, he failed to confirm those arrangements and now knows that publication never occurred. Gentile and Ford O'Landy LLP, one of the firms that represented him, subsequently filed sanctions motions against Avalon and Lopez. On August 29, Gentile also moved to vacate his civil arrest warrant, citing Avalon's failure to effect service via publication in The Gulf

2

News.  Finally, on September 1, Gentile filed a motion for reconsideration of the Court's August 29, 2025 Order denying his objections to personal jurisdiction and venue.

On September 16, Avalon filed a response opposing Gentile's various motions.  Avalon contends that the civil arrest warrant was valid and properly served on Gentile via the other two means authorized by the Court in the August 29, 2024 Order; that any errors by its counsel were harmless and do not warrant sanctions; and that Gentile did not identify any intervening law or facts to merit reconsideration.

In his reply of September 22, Gentile repeats his request that the arrest warrant be vacated and sanctions be imposed on plaintiff's counsel.  He affirms that he is now a resident of the United Arab Emirates.  In doing so, however, Gentile uses particularly harsh language that is customarily not tolerated when used by attorneys.  All litigants, including those appearing pro se, are required to be respectful and to follow Court orders.  See Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom.").

The Court finds that plaintiff counsel's actions regarding the service of its motion for civil arrest do not warrant sanctions.  Although Avalon did not effect service by publishing the motion in The Gulf News, that was merely one of three alternative means of service authorized in the Court's August

29, 2024 Order. Gentile and Ford O'Brien Landy LLP have not indicated that Avalon failed to effect service via the other two authorized methods or identified any harm specifically stemming from the failure to effect service via publication in The Gulf News. Nor have they demonstrated that plaintiff's counsel acted in bad faith. A court must "ensure that any sanctions decision is made with restraint." Storey v. Cello Holdings, LLC, 347 F.3d 370, 387 (2d Cir. 2003) (citation omitted). The harmlessness of any error by plaintiff's counsel and lack of evidence of bad faith counsel for restraint.

Next, Gentile's motion for reconsideration is denied as without merit. The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Gentile appears to have abandoned any argument regarding personal jurisdiction in this district for enforcement proceedings. To the extent he is arguing that venue does not lie in this jurisdiction, that argument is rejected. He does not identify any intervening law or new evidence to merit reconsideration of the August 29, 2025 Order. Accordingly, it is hereby

ORDERED that the sanctions motions filed by Gentile and Ford O'Brien Landy LLP against Avalon and Lopez are denied.

IT IS FURTHER ORDERED that the September 20, 2024 civil arrest warrant issued against Gentile is lifted without prejudice to renewal in the event that Gentile fails to cooperate with discovery or fails to submit to an in-person deposition within the Southern District of New York by **October 21, 2025.**

IT IS FURTHER ORDERED that Gentile's September 1, 2025 motion for reconsideration is denied.

IT IS FURTHER ORDERED that discovery proceedings in this enforcement action are again referred to Magistrate Judge Lehrburger.

Dated:   New York, New York
         September 23, 2025

                                          _____
                                                  DENISE COTE
                                          United States District Judge