**MIRIAM TAUBER LAW**
885 Park Ave. 2A • New York NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

October 15, 2025

**Via ECF**
Hon Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)

*Re:*                 *Avalon Holdings Corp. v. Gentile*, et. al., 18-cv-7921
*Related Case:*       *New Concept Energy, Inc. v. Gentile*, et. al., 18-cv-8896

**Reply/Response to Discovery Motions re: Guy Gentile**

Your Honor:

Plaintiffs submit this letter in response to Mr. Gentile's letters (*Avalon* Dkts. 436-37).

1. **Plaintiffs do not consent to Mr. Gentile's proposed protective order.**

As I informed Mr. Gentile, the order he proposes (*Avalon* Dkt. 436-1) improperly requires parties to submit court filings under seal, in violation of the local rules of this Court and others (and contrary to the policy of open courts underlying those rules). I propose the attached Revised proposed order to eliminate the improper "filing under seal" requirement at Paragraph 5.

2. **There is no basis for Mr. Gentile's proposed limitations on his deposition.**

Judge Cote has ordered Mr. Gentile to appear for a deposition within this District. Plaintiffs do not consent to a remote deposition where the Court's power over him would be more limited.

To be clear, there is no pattern of harassment by Plaintiffs' counsel. Mr. Gentile was represented by counsel at the deposition where Mr. Gentile complains Mr. Lopez was harassing him. That deposition proceeded without incident, and no objections were raised to Mr. Lopez's purported misconduct in questioning Mr. Gentile.

Mr. Gentile's (and his lawyer's) motions for sanctions against Plaintiffs' counsel were denied by the Court. Plaintiffs remind the Court that unlike Plaintiffs' counsel, Mr. Gentile's counsel was sanctioned for discovery misconduct in Your Honor's Report & Recommendation which was endorsed by the Court in entering the Judgments in these cases. And as the Court noted, it is Mr. Gentile, and not Plaintiffs, who has been abusing the judicial process by filing numerous baseless motions and letters with the District Court, abuse which continues with Mr. Gentile's purported appeals of the Court's non-final enforcement discovery orders to the Second Circuit. (*E.g., Avalon* Dkt. 434.)

Mr. Gentile should not be afforded leniencies typically offered to *pro se* parties. Mr. Gentile has chosen to appear *pro se* in these enforcement proceedings but continues to be represented by counsel in his appeal of the Court's Judgments to the Second Circuit, and by separate counsel in his ongoing case brought by the SEC in the Southern District of Florida, *SEC v. Gentile*, No. 21-cv-21079. Mr. Gentile should not be permitted to take cover under a professed ignorance of applicable law and procedure in connection with his enforcement discovery obligations or in proceedings before this Court. Mr. Gentile incorrectly describes the law throughout his letters; for

example, wrongly stating that F.R.C.P. 69 "expressly incorporates" Rule 26 (it does not), and that N.Y.C.P.L.R. §5201 does not permit execution on future insurance policy payments (it does). Mr. Gentile also egregiously disregards Your Honor's 3-page limitation for discovery letter motions.

Mr. Gentile objects to Plaintiffs' counsel describing him as a fugitive. Mr. Gentile's conduct in litigating against and appealing the Judgments entered against him without posting the bond required to stay enforcement under F.R.C.P. 62, while remaining outside the Court's jurisdiction where he claims the Court has no power to pay his debts or answer questions about his assets, makes him a "fugitive" for purposes of the "fugitive disentitlement rule." The offense Mr. Gentile apparently takes at the legal term does not make it less applicable.

As Your Honor may recall, Mr. Gentile's refusal to comply with enforcement discovery resulted in the Court's issuance of an order of contempt and bench warrant for Mr. Gentile's arrest on September 20, 2024. The bench warrant was lifted, with Plaintiffs' consent and without prejudice to renewal, as of September 23, 2025, pending Mr. Gentile's appearance at an in-person deposition within this District by November 10, 2025, and his production of documents responsive to Plaintiff's subpoena by October 27, 2025 (i.e., within 30 days of the Court's order on September 26, 2025). (*See Avalon* Dkts. 427, 431, 433.)

With the clock ticking, Mr. Gentile now asks the Court to override Judge Cote's order by permitting a remote deposition. Alternatively, Mr. Gentile wants Plaintiffs to cover the costs associated with his return to the Court's jurisdiction, where was required to appear in response to Plaintiffs' enforcement subpoenas over a year ago. Mr. Gentile also demands the right to end the deposition whenever the questions are not to his liking.

Mr. Gentile left the jurisdiction at his own expense with Judgments against him for more than $16 million outstanding and his appeals of those Judgments pending. Mr. Gentile must return at his own expense to answer any question put by either of Plaintiffs' counsel that might lead to the identification of assets subject to execution, as provided by Rule 69 and required by the Court's orders. ***If Mr. Gentile does not comply within the time frame ordered by the Court, Plaintiffs will move for re-instatement of the bench warrant.***

3. **There is no basis for Mr. Gentiles' proposed limitations on documents to be produced.**

Mr. Gentile's arguments for restricting the time frame of documents to one year prior the Judgment is not supported even by the outdated cases he cites from other districts. The more recent, precedential, and relevant case law cited by Plaintiffs support a longer period of discovery, including of up to six years prior to the filing of the underlying actions.

Plaintiffs' proposed time-period begins at the inception of these lawsuits, which were filed shortly after Mr. Gentile completed the short swing trading schemes from which he profited and for which the Judgments were entered. Mr. Gentile may have immediately begun transferring profits from his "pump and dumps" outside of the jurisdiction to protect them from the anticipated judgments eventually rendered in these cases for his intentionally illegal conduct (as Your Honor and the Court found in awarding substantial pre-judgment interest to Plaintiffs).

2

Mr. Gentile opposes discovery of his wife's accounts and accounts of so-called "third party" entities. Plaintiffs are entitled to broad discovery of any assets that may be subject to execution, including accounts held in other names that are or were used by Mr. Gentile or for his benefit.

Plaintiffs are entitled to discover whether accounts held in the names of his spouse, family members, or other entities were effectively Mr. Gentile's accounts. Plaintiffs do not have to take Mr. Gentile's word for it, written, sworn, or otherwise. Plaintiffs are entitled to review underlying account records and to go through each item, line by line. Certain account records have already been produced to Plaintiffs in response to third party subpoenas. Plaintiffs intend to review those documents without limitation at Mr. Gentile's deposition. Plaintiffs also intend to inquire about accounts held or controlled by Mr. Gentile, including in the name of his spouse, family members, or affiliates, at other institutions that Plaintiffs may subpoena for information as broadly permitted by Rule 69.

Plaintiffs are also entitled to review trust documents for any trust created since the inception of these lawsuits to "follow the money." That is the whole point of enforcement discovery.

And in following the money, Plaintiffs are not limited to locating assets within this District. The Court is empowered to compel Mr. Gentile and any third parties subject to the Court's jurisdiction, to turnover assets to satisfy the Judgments, wherever those assets may be located. Plaintiffs intend to move for a turnover of any assets they may identify as enforcement discovery continues and will also seek any orders necessary in ancillary proceedings filed in courts in other jurisdictions.

Until the Judgments are fully paid (including post-judgment interest), Plaintiffs will continue to pursue further discovery from any third parties who may be in the possession of information about Gentile's assets, including his spouse, family members, and any of his "trustees" or designated successors in interest.

Respectfully submitted,

*/s/ Miriam Tauber*

Miriam Tauber
David Lopez
*Attorneys for Plaintiffs*

cc (via ECF):  Guy Gentile, Defendant/*Pro Se* Judgment Debtor

3