**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

## REVISED

### STIPULATION FOR *(PROPOSED)* PROTECTIVE ORDER

WHEREAS, Plaintiff ("Plaintiff") AVALON HOLDINGS CORP., has served a Subpoena *Duces Tecum* on Defendant Guy Gentile ("Defendant") in connection with Plaintiff' efforts to enforce the Judgments entered in these related actions (the "Actions") on March 30, 2024 (the "Judgments"), and in anticipation of Defendant's deposition within the Southern District of New York. WHEREAS, the Subpoena calls for the production of documents within Defendant's possession, custody, or control, which contain confidential information.

Plaintiff and Defendant have agreed in principle to the entry of a protective order but have been unable to agree on the final language. Plaintiff initially provided a draft to Defendant,

who proposed certain revisions. Thereafter, Plaintiff began modifying its own original draft. Set forth below is the language proposed by Defendant. Plaintiff remains free to submit its own version and request that the Court consider its proposed changes.

1.      This Protective Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by Defendant to Plaintiffs in response to Plaintiffs' outstanding Subpoena and to any future Subpoenas that Plaintiffs may serve on Defendant in connection with their efforts to enforce the Judgments entered in the Actions.

2.      The term "Confidential Information" as used in this Protective Order means any document produced by Defendant in response to the Subpoena that Defendant reasonably and in good faith believes constitutes or reveals confidential, non-public, and sensitive financial business or personal information. Defendant may designate as "CONFIDENTIAL" any document for protection under the terms of this Protective Order. "Confidential Information" shall *not* include information derived from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by Defendant.

3.      If Plaintiffs contend that materials designated by Defendant should not be deemed Confidential Information under this Protective Order, Plaintiffs shall notify Defendant within 14 days from the receipt of such designation. Upon Defendant's receipt of such notification, Plaintiffs and Defendant shall confer within 2 days to attempt to resolve the dispute before seeking intervention from the Court.

4.      Plaintiffs, inconformitly with parg 5 and 6, shall not use or disclose the

Confidential Information for any purpose other than: (i) to obtain further discovery in connection with Plaintiffs' efforts to enforce the Judgments, including by additional subpoenas to third parties: (i) in further proceedings before this Court to enforce the Judgments; (ii) in any garnishment, execution or ancillary proceedings that Plaintiffs may commence in the future in any court to enforce the Judgments; or (iii) in any appeals of the Judgments or otherwise taken in connection with the Actions or Plaintiffs' enforcement of the Judgments (collectively, the "Judgment Enforcement Proceedings").

5.      Documents produced by Defendant and designated Confidential may be filed with the Court in these Actions or in any court in connection with any Judgment Enforcement Proceeding, but ~~under seal and~~ only on the condition that confidential identifying information – e.g., account numbers, codes, social security numbers, taxpayer identification numbers, employer identification numbers, passwords and other information that may be used for identity theft – be redacted from such documents, before they are filed, to the extent such information is not necessary to advance the purpose or objective of the filing. To the extent Plaintiffs intends publicly to file Confidential Information without redacting confidential identifying information, contending that such confidential identifying information is relevant or necessary, Plaintiffs shall notify and provide Defendant with reasonable time to apply for an order permitting the filing of the Confidential Information under seal, in accordance with applicable local rules. Plaintiff shall not file the Confidential Information until after the Court has granted any such application and Defendant does not appeal. Plaintiff and Defendant agree to act in good faith to try to resolve any dispute under this Paragraph within reasonable time notice period to avoid involving the Court.

6.      Nothing in this Confidentiality Agreement will prevent the Plaintiffs from producing any Confidential Information in their possession in response to a lawful court order, subpoena or other process; however, Plaintiffs shall not produce any information in their possession that is subject to this stipulation until Plaintiffs provide written notice by email to the Defendant within 24 hours of being served with any process, court order or subpoena that seeks disclosure of any of the documents or information covered by  this stipulation in order to provide the Defendant with the opportunity to object and seek an order against such disclosure.

7.      Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and any Judgment Enforcement Proceedings: (i) Counsel representing the parties in the Actions and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Order; (ii) any third parties who have received or who may receive a Restraining Notice, Subpoena, and/or Notice of Deposition in connection with any Judgment Enforcement Proceedings; and (ii) the Court in the Actions, courts overseeing any Judgment Enforcement Proceedings, and any court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

8.      The inadvertent disclosure by Defendant of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim.

9.     This Protective Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York, except as to matters governed by federal law.

10.     The Court retains jurisdiction to determine any dispute arising in connection with this Protective Order, including any claims of breach of this Protective Order by any party. The parties hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue in the Southern District of New York as to any such dispute.

11.     The parties' entry into this Protective Order shall not be deemed a waiver of any claims, defenses, or arguments that may be asserted by any party in the Actions (including any appeals) or in any Judgment Enforcement Proceedings (including any appeals).

12.     All notice between the parties under this agreement shall be by email.

Dated: October 9, 2025
/s/ Guy Gentile
Guy Gentile
*Defendant, Pro Se Judgment Debtor*

**SO ORDERED:**

_____
Hon. Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)