```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVALON HOLDINGS CORP.,                      :      18-cv-7291 (DLC) (RWL)
                                            :
                Plaintiff,                  :      18-cv-8896 (DLC) (RWL)
                                            :
        - against -                         :
                                            :
GUY GENTILE, et al.,                        :
                                            :
                Defendants.                 :
------------------------------------------------------------X      ORDER
NEW CONCEPT ENERGY, INC.,                   :
                                            :
                Plaintiff,                  :
                                            :
        - against -                         :
                                            :
GUY GENTILE, et al.,                        :
                                            :
                Defendants.                 :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves Plaintiffs' motion to compel (Dkts. 435, 438) and Defendant's objections (Dkts. 436-437) regarding discovery Plaintiffs seek to enforce their judgment against Mr. Gentile.

      1.    Mr. Gentile is required to appear for his deposition in New York. His request for a remote deposition is denied. Judge Cote's withdrawal of the arrest warrant she issued for Mr. Gentile was premised on his appearing for deposition in New York. (Dkt. 431.) As Judge Cote stated, Plaintiffs will be free to seek reinstatement of the warrant if Mr. Gentile fails to cooperate in judgment enforcement discovery and to appear in New York for his deposition. (*Id.*) Mr. Gentile's request that I modify Judge Cote's order is denied.

1

2.    Mr. Gentile's request for Plaintiffs to pay the expenses of his travel to New York for his deposition is denied. In light of the proceedings to date, there is no reasonable basis for the Court to grant that request.

3.    Mr. Gentile's additional requests concerning his deposition as set forth at Dkt. 437 page 3 are denied. To the extent Mr. Gentile takes offense at and disagrees with terminology used by Plaintiffs' counsel, he may object as appropriate to the form of the question. But there is no need for a protective order in that respect. As with other proceedings, the deposition of Mr. Gentile is subject to the Court's supervision; there is no need, however, for the deposition to take place in the presence of Judge Lehrburger. To the extent the parties have a dispute during the deposition that they cannot not resolve themselves, they may call the Court, and, seek the assistance of Judge Lehrburger, subject to his availability.

4.    The Court will enter a protective order for confidential information that incorporates the provisions in Paragraphs 1-12 of the parties' proposed protective order (see Dkts. 436-1, 438-1), except that the Court will modify Paragraph 5 regarding court filing of Confidential Information. A separate order will be entered.

5.    "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see also Phoenix Bulk Carriers (BVI), Ltd. v. Triorient*, LLC, 20-CV-936, 2021 WL 621226, at *2 (W.D.N.Y. Feb. 17, 2021) ("Precisely because discovery to enforce a judgment is employed to discover assets of a recalcitrant judgment debtor, judgment creditors must be given the freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor"). At the same time, discovery pursuant to Fed. R. Civ. P. 69 is governed by rules of proportionality under Fed. R. Civ. P. 26. With those

basic principles in mind, Mr. Gentile's objection to the time frame of the Subpoena duces tecum at Dkt. 435-1 is overruled, and his objections to the substance of the requests are overruled except as follows: Mr. Gentile need not produce documents related to health insurance, educational degrees, professional licenses, or membership in organizations or associations.

6. With respect to Mr. Gentile's concerns about geographical reach of the Subpoena, the Court refers back to Judge Cote's order regarding the arrest warrant and Mr. Gentile's cooperation.

The Clerk of Court is respectfully directed to terminate the motion at Dkts. 435 and 436.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2025
        New York, New York

Copies transmitted this date to all counsel of record.