# MIRIAM TAUBER LAW

885 Park Ave. #2A ● New York NY 10075
MiriamTauberLaw@gmail.com ● (323) 790-4881

October 21, 2025

**Via ECF**
Hon. Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)

*Avalon Holdings Corp. v. Gentile*, 18-cv-7921; *New Concept Energy, Inc. v. Gentile*, 18-cv-8896

Re:     **Motion to Compel Nicholas Abadiotakis to Respond to Plaintiffs' Subpoenas**

Your Honor:

Plaintiffs request an order compelling Nicholas Abadiotakis to respond to Plaintiffs' outstanding subpoena for documents and deposition testimony pursuant to F.R.C.P. 69.

## 1. Nicholas Abadiotakis' Relationship to Guy Gentile, This Case, and This District

Nicholas Abadiotakis is an individual residing in Florida. Guy Gentile testified, both in this case and at his jury trial in the SEC's case in the Southern District of Florida, that Nicholas Abadiotakis serves as the "Trustee" of one or more spendthrift trusts established by and for the benefit of Mr. Gentile. One such trust is the owner of Mint Global Holdings, Inc., which is the owner of SpeedTrader, Inc., a New York corporation and FINRA-registered broker founded by Guy Gentile and currently operating in Katonah, New York. When Mr. Gentile was asked at his deposition in these cases whether he owned SpeedTrader, he responded: "Not directly." (*See* Tauber Aff. and exhibits filed at *Avalon* Dkt. 338.)

Nicholas Abadiotakis also submitted an Affidavit supporting Mr. Gentile's objections to Your Honor's Report & Recommendation in these cases. In his Affidavit, Mr. Abadiotakis misleadingly identified himself only as a purported "satisfied customer" of Gentile's Bahamian brokerage, Mintbroker, Ltd., and did not mention his role as Mr. Gentile's trustee. (*See Avalon* Dkt. 257.)

The current CEO of SpeedTrader, Joseph Ely, was previously deposed by Plaintiffs in post-judgment enforcement proceedings as ordered by the Court. (*Avalon* Dkt. 313.) Mr. Ely testified that Mr. Abadiotakis hired him, he reports to Mr. Abadiotakis, that his role as a board member SpeedTrader's corporate owner Mint Global Holdings is "helping Nick," and he had little direct knowledge of SpeedTrader's accounts, records, or relationship to Guy Gentile. (*See* attached Ely deposition transcript excerpt; SpeedTrader subpoena response).

## 2. Plaintiffs' Subpoenas and Deposition Notice

Plaintiffs served their original Restraining Notice, Information Subpoena, and Subpoena *Duces Tecum* on Nicholas Abadiotakis by email on July 19, 2024, with follow up service by mail, and by personal delivery on August 7, 2024. On September 7, 2024, Mr. Abadiotakis sent Plaintiffs the attached Declaration stating that Mr. Gentile had no interest in either: (i) "The SUSA Trust," the current owner of SpeedTrader; (ii) InstantXTrader, a corporation associated with Mr. Abadiotakis, and the name on certain accounts to which Mr. Gentile transferred funds while these cases were pending in presumptively fraudulent transactions. *See Tube City IMS, LLC v. Anza*

*Capital Partners, LLC*, No. 14 Civ. 1783 (PAE), 2016 WL 5864887, at *4 (S.D.N.Y. Oct. 6, 2016) (parties to transfers did not establish "fair consideration" for payments by judgment debtor during pendency of case, which were deemed fraudulent under New York law, *see* N.Y. Debt & Cred. Law §273). Mr. Abadiotakis did not respond to or acknowledge Plaintiffs' requests for documents and information relating to any of Gentile's other assets, held directly or indirectly.

On March 17, 2025, Plaintiffs sent a letter to Mr. Abadiotakis advising of their intent to take his deposition, which was followed by an additional Document Subpoena and Deposition Notice. The Subpoena and Deposition Notice was sent by email and by certified mail, which was returned with the notation "unable to forward/unknown." Plaintiffs then served Mr. Abadiotakis via the Palm Beach County Sherriff, who posted the Subpoena and Deposition Notice after confirming Mr. Abadiotakis' address, on May 14, 2025. (*See* attached <u>Subpoena/Deposition Notice; Service Exhibits</u>.)

Nicholas Abadiotakis has not responded to or acknowledged receipt of the Document Subpoena and Deposition Notice. But the record reflects that Mr. Abadiotakis is aware of Plaintiffs' efforts to serve him, and that he receives Plaintiffs' correspondence to his address at 4156 Cedar Creek Circle, Lake Worth, Florida 33467. Mr. Abadiotakis responded (however inadequately) to Plaintiffs' initial subpoena sent to that address, and Plaintiffs' follow up letter to the same address was apparently forwarded to Mr. Gentile who attached it to Court filings. (*Avalon* Dkt. 425-1.)

### 3. <u>The Court's Jurisdiction to Compel Nicholas Abadiotakis' Compliance</u>

The Court is empowered to compel third parties who are subject to the Court's jurisdiction to comply with enforcement subpoenas and turnover proceedings, even if the individual or records are another jurisdiction. For example:

- "Corporations doing business" in New York can be ordered to produce out-of-state records and to designate out-of-state representatives to appear for a deposition. *Stand. Fruit & S.S. Co. v. Waterfront Comm'n. of N.Y. Harbor*, 43 N.Y.2d 11, 15-16 (N.Y. Ct. App. 1977) ("It is no excuse to say that the officers and employees who participated in the corporate transaction are not within the jurisdiction or that they refuse to appear or testify in New York"); *accord Valdes v. Swift Transp. Co.,* 292 F. Supp. 2d 524, 532 (S.D.N.Y. 2003) ("a foreign corporation that conducts business in New York and its officers and employees who have knowledge of the activity in question are subject to subpoenas issued under C.P.L.R. §7505, regardless of where they reside").

- Banks with branches, offices, or affiliated New York accounts can be compelled to identify, restrain, and turnover accounts held in other jurisdictions. *See Peterson v. Bank Markazi*, 121 F.4th 983, 1004-1005 (2d Cir. 2024) (Luxembourg bank that maintained a New York account in which bond payments that accrued for the benefit of Iran as judgment debtor were re-directed to a foreign account could be compelled to turnover foreign account assets); *Allstate Ins. Co. v. Mirvis,* No. 08 Civ. 4405 (PKC)(PK), 2020 WL 1326236, at *6 (E.D.N.Y. Feb. 7, 2020) (ordering TD Bank to turn over account held in Florida);

- The Court can order turnover of interests held directly or indirectly by Mr. Gentile in foreign entities. *See 245 Park Member LLC v. HNA Grp. (Internatl.) Co. Ltd.,* No. 23-cv-842, 2024

WL 1506798 (2d Cir. April 8, 2024) (affirming order granting turnover of Hong Kong judgment debtor's membership interests in a Delaware LLC, which indirectly owned interests in real property in New York and Chicago); *SEC v. Softpoint Inc.*, No. 95 Civ. 2951 (JSR), 2012 WL 1681167, at \*\*2-3 (S.D.N.Y. May 9, 2012) (court had jurisdiction to enforce judgment entered against defendant who participated in the underlying litigation, and who could be compelled to turnover assets held by British Virgin Islands corporation that he formed and controlled, including through designated agents).

The Court has jurisdiction to compel Mr. Abadiotakis' compliance with enforcement discovery. Nicholas Abadiotakis has submitted to the jurisdiction of New York courts by acting as the *de facto* manager of SpeedTrader, a New York business with offices and operations in New York. *Stand. Fruit*, 43 N.Y.2d at 15-16 (where representative designated by corporation lacked relevant knowledge, more knowledgeable out-of-state representatives could be compelled to testify).

Nicholas Abadiotakis also submitted to the Court's jurisdiction in these cases by filing an Affidavit objecting to Your Honor's Report & Recommendation for entry of the Judgments, reflecting his willingness to testify before this Court. He has now been called upon testify in these cases, and the Court can require him to comply. *See Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 Civ. 1783 (PAE), 2014 WL 6361746, at \*3 (S.D.N.Y. Nov. 14, 2014) (ordering individual and sole member of judgment debtor LLC who testified in underlying litigation to respond to document and deposition subpoena posted at his Connecticut residence after he rejected service). Plaintiffs noticed Mr. Abadiotakis' deposition via Zoom, which will not require any travel.

Plaintiffs request an order compelling Mr. Abadiotakis to produce documents responsive to Plaintiffs' Subpoena and appear for a remote deposition within 2 weeks. Plaintiffs propose to serve a copy of the order on this motion on Mr. Abadiotakis: (i) by email to his confirmed email address; (ii) by certified mail to his confirmed address of residence; and (iii) by personal delivery (or posting, if necessary) at his confirmed address of residence.

Plaintiffs previously registered the Judgments in the Southern District of Florida with the Court's approval, and a "miscellaneous" case number was assigned for enforcement proceedings that may be necessary to initiate in that district. If Your Honor is not satisfied that Court has jurisdiction over Mr. Abadiotakis for purposes of this motion, Plaintiffs alternatively propose to engage local counsel as required for Plaintiffs' counsel to appear *pro hac vice* and move to compel in the Florida proceedings. Plaintiffs reserve the right to seek additional costs associated with their motions to compel Mr. Abadiotakis' compliance.

Plaintiffs attempted to confer with Mr. Abadiotakis and have not received a response.

Respectfully submitted,

*/s/ Miriam Tauber*
Miriam Tauber | David Lopez
*Attorneys for Plaintiffs/Judgment Creditors*

3