**GUY GENTILE**
**Pro Se Defendant**

October 24, 2025

Via ECF only

Hon. Magistrate Robert W. Lehrburger, USMJ (SDNY)
To the Hon. Denis Cote, SDNY District Court Judge

Re:   Avalon Holdings Corp. v. Gentile, et. al., 18-cv-7921;
      New Concept Energy, Inc. v. Gentile, et. al., 18-cv-8896

**Letter Motion to Quash Third-Party Subpoena and for Protective Order**

## INTRODUCTION

1. I, Guy Gentile, respectfully move this Court for an order quashing two third party subpoenas issued by Plaintiffs' counsel (Miriam Tauber and David Lopez) in this action. See copies in Exhibit A.

2. The subpoenas were issued without prior notice to me, and styled as issuing in the name of "The President of the United States of America" and thus suffer from fatal procedural defects:

> (1) Plaintiffs failed to provide prior notice of these subpoenas to me, a named party, as required by Federal Rule of Civil Procedure 45(a)(4);

> (2) Plaintiffs failed to serve me with copies of the subpoenas or any documents produced in response, violating Rule 45 and Rule 34 and depriving me of access to discovery to which I am entitled as a party; and

> (3) the subpoenas are improperly captioned as issuing under the authority of "The President of the United States of America," which is not authorized by the Federal Rules and renders the subpoenas facially invalid. For these reasons, and as explained below, the subpoenas should be quashed in their entirety.

## BACKGROUND

3. Both Plaintiffs obtained a judgment against me and have engaged in post-judgment discovery, including having both their counsel issue at least two subpoenas to non-parties seeking documents and testimony related to me.

4. These subpoenas were issued without any advance notice to me and I was not made aware of the subpoenas until long after they were served – and even then, I never received copies of the subpoenas or the documents produced pursuant to them.

5. Furthermore, the subpoenas themselves are irregular on their face: instead of bearing the name of the issuing court (the U.S. District Court for the Southern District of New York), they are styled as if issued in the name of "The President of the United States of America." Plaintiffs' counsel did not seek or obtain Court permission for any such unusual form, nor is such a form contemplated by the Federal Rules.

6. I have been prejudiced by these tactics. By issuing third-party subpoenas in secret, Plaintiffs subjected me to surprise-being caught off guard by discovery conducted without me being aware of it; it also prevented me from raising timely objections-primarily I was deprived of assessment concerning objection or moving to quash before compliance, as Rule 45 is designed to allow. By withholding the subpoenaed documents, Plaintiffs have effectively conducted discovery outside the Court's supervision and have denied me equal access to evidence in this case. And the use of an unauthorized subpoena form calls into question the validity and enforceability of the subpoenas ab initio.

7. Accordingly, I bring this motion to quash the subpoenas and to preclude any use of the fruits of those subpoenas in this proceeding.

**ARGUMENT**

**I. THE SUBPOENAS SHOULD BE QUASHED FOR LACK OF PRIOR NOTICE (FED. R. CIV. P. 45(A)(4))**

8. Federal Rule of Civil Procedure 45(a)(4) unequivocally requires that before a party issues a document subpoena to a non-party, it must serve prior notice of the subpoena (including a copy of it) on each other party to the litigation. This rule exists to prevent "secret" discovery and to give other parties an opportunity to object or otherwise protect their interests.

9. Rule 45(a)(4) provides in relevant part:

> " Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things … then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." [emphasis supplied]

Plaintiffs plainly violated this requirement. It is undisputed that Plaintiffs did not serve me with notice or copies of the subpoenas before serving them on the third parties, primary since they provided zero proof of such service on me. In fact, Plaintiffs gave no notice at all until after the subpoenas had already been issued and executed – effectively depriving me of any chance to

object or move to quash before the subpoenaed parties complied. Courts in this District and Circuit have consistently enforced the notice requirement of Rule 45(a)(4) and have not hesitated to quash subpoenas that were issued without the required prior notice.

10. In Usov v. Lazar, No. 1:2013cv00818 - Document 90 (SDNY 2014), a case about a diamond ownership dispute and the discovery specifically centered around payment for such diamond, the court granted a motion to quash two non-party subpoenas specifically because the plaintiff "failed to notify [the defendant's] counsel of the issuance of the two subpoenas in question before they were served on the non-parties, in violation of FRCP 45(a)(4)."

11. Usov emphasized that Rule 45's notice mandate has "important underpinnings of fairness and efficiency," and it found that providing notice to opposing counsel only on the same day the subpoena is served (or afterward) is inadequate and "cannot be countenanced."

12. "The requirement that prior notice "must be given has important underpinnings of fairness and efficiency." Usov citing to Cootes Drive LLC v. Internet Law Library, Inc., No. 01-CV-9877 (SDNY March 19, 2002). One court in this Circuit has squarely held that notice given on the same day a subpoena is served does not satisfy Rule 45(a)(4)'s requirement of prior notice, see Fox Industries, Inc. v. Gurovich, No. 03-CV-5166, (EDNY Oct. 6, 2006) serving copies of subpoenas on the opposing party on the same day they were mailed to the non-parties constituted inadequate notice under Rule 45.

13. Here, Plaintiffs' conduct is even more egregious – I received no notice whatsoever before (or even contemporaneously with) service of the subpoenas. This is abusive behavior not only between attorneys, but amplified when this tactic is used against a pro se litigant as myself.

14. The proper remedy for such a violation is to quash or nullify the subpoenas. Courts will "move past a technical violation" of the Rule 45 notice requirement only if the opposing party suffers no prejudice. But where, as here, the violating party's omission has prejudiced the opponent by depriving him of the chance to object or participate, courts find an "adequate basis" to quash the subpoenas as in Usov, Judge Sweet quashed the subpoenas upon finding that the plaintiff's failure to give prior notice was a sufficient ground, among others, for invalidating the subpoenas. Other courts are in accord that the absence of the required notice is fundamentally unfair and warrants relief.

15. Here, the prejudice to me is clear. By issuing subpoenas behind my back, Plaintiffs prevented me from timely objecting on grounds of relevance, burden, confidentiality, or the subpoenas' other defects (including the improper form, discussed below).

16. I had no opportunity to seek a protective order or to negotiate the scope of the subpoenas. This kind of "secret discovery" is exactly what Rule 45(a)(4) was designed to prevent. As the court observed in Cootes Drive LLC v. Internet Law Library, Inc., counsel's unexplained failure

to comply with the prior-notice requirement is an "admitted violation" of the Rules that cannot be condoned. The notice obligation is "not merely a formality, but an important safeguard" to ensure fairness in the discovery process. Because Plaintiffs violated Rule 45(a)

(4) By failing to give prior notice of the subpoenas to me, the subpoenas should be quashed on that basis alone. This Court should not reward or permit such end-runs around the discovery rules. Quashing these subpoenas will uphold the integrity of the discovery process and reinforce the requirement that all parties be kept on an equal footing in third-party discovery.

## II. PLAINTIFFS' FAILURE TO DISCLOSE OR SERVE SUBPOENA RESPONSES ON ME VIOLATES RULES 45 AND 34 WARRANTING QUASH AND OTHER RELIEF

17. In addition to the lack of prior notice, Plaintiffs compounded the prejudice to me by failing to provide me with copies of the subpoenas or the documents produced in response. Even after the subpoenas were served and third parties responded, Plaintiffs did not serve those subpoena responses on me. As a result, I – a party to the case – have been deprived of access to evidence gathered through those subpoenas. This conduct flouts the spirit, if not the letter, of the Federal Rules of Civil Procedure governing discovery, and it warrants quashing the subpoenas and prohibiting Plaintiffs from using any information obtained through them.

18. The Federal Rules require transparency in discovery. Generally, discovery requests and responses must be served on all parties. For example, Rule 5 of the Federal Rules of Civil Procedure mandates that any "discovery paper" or written notice must be served on every party. A subpoena is, in effect, a discovery request to a non-party, and Rule 45's notice requirement (discussed above) is specifically meant to ensure that other parties know about and can access the materials obtained. By failing to alert me to the subpoenas, Plaintiffs not only violated Rule 45(a)(4), but also deprived me of the materials produced, in derogation of basic discovery fairness.

19. Moreover, Rule 34 underscores that document discovery should occur in a manner that involves all parties. Rule 34 governs requests for production of documents from parties. If Plaintiffs sought documents relevant to this case, the normal course would be to request them from the party (me) under Rule 34 or, if from non-parties, to at least share the results. Plaintiffs instead attempted an improper end-run around the discovery process by secretly subpoenaing third parties and hoarding the results. This tactic is inconsistent with the cooperative principles of the Federal Rules. Courts have observed that when documents are available from a party, it is generally preferable (and more transparent) to obtain them via Rule 34 requests, rather than using third-party subpoenas. While Rule 45 can be used to obtain discovery from non-parties, it must be used in conjunction with Rule 26's general requirements of fairness and disclosure.

20. By withholding subpoenaed documents, Plaintiffs violated their duty to supplement and disclose evidence. Under Rule 26(e), a party who has obtained new information that it may use

to support its collection efforts is required to supplement its disclosures or discovery responses. Here, any documents Plaintiffs obtained via subpoena are, presumably, being used (or intended for use) to support Plaintiffs' case (otherwise why seek them?). Yet Plaintiffs never disclosed these documents to me. Hiding relevant documents not only contravenes Rule 26, but also undermines my ability to prepare any collection defense or pursue my own discovery based on those documents.

21. The prejudice from this violation is substantial. I have been effectively ambushed – Plaintiffs could cherry-pick information from the subpoenaed materials to use against me, while I remain in the dark. This asymmetry is anathema to the federal discovery rules, which aim for an open exchange of relevant information. The Southern District of New York has frowned upon such clandestine discovery tactics. In Cootes Drive LLC, for instance, the court not only quashed subpoenas issued without notice, but also reiterated that one party cannot unilaterally obtain and use materials in a litigation without at least giving the opposing party a chance to review or object. Similarly, in Usov, the court noted that the plaintiff's issuance of subpoenas during a discovery stay – and without notice – violated the letter and spirit of the court's orders and the rules, justifying quashing the subpoenas. By analogy, Plaintiffs' failure to share the subpoena responses here has effectively deprived me of evidence and warrants relief.

22. At a minimum, the Court should quash the subpoenas and bar Plaintiffs from using any documents or information obtained through them, unless and until those materials are properly disclosed to me and the Court permits their use. Otherwise, Plaintiffs would benefit from their own wrongdoing – gaining an unfair litigation advantage by hiding evidence. The Court has broad discretion under Rules 45 and 37 to issue protective orders or sanctions to prevent prejudice and cure discovery violations. Given Plaintiffs' blatant disregard for the Rules, quashing the subpoenas is appropriate to remedy the prejudice and to deter such tactics.

23. In summary, Plaintiffs' conduct violated Rule 45's notice requirement and the fundamental discovery principle that parties are entitled to know and obtain the evidence in the case. The Court should not permit a litigant to secretly gather evidence and ambush an opponent. Quashing the subpoenas and their resulting productions will restore the playing field to level ground and enforce the discovery rules' requirements of notice and disclosure.

### III. THE SUBPOENAS ARE FACIALLY INVALID BECAUSE THEY WERE NOT ISSUED BY THE PROPER COURT, IN VIOLATION OF RULE 45(A)(1)–(2)

24. Independently, the subpoenas at issue are facially defective because they are mis-styled as issuing in the name of "The President of the United States of America." This is not a mere clerical error; it goes to the heart of the subpoena's validity. Under the Federal Rules, a subpoena derives its authority from the court, not from the executive branch or any individual. Rule 45 explicitly sets forth the required form and content of a subpoena, including that "every subpoena

must: (i) state the court from which it issued; [and] (ii) state the title of the action and its civil-action number".

25. Furthermore, Rule 45(a)(2) provides that a subpoena "must issue from the court where the action is pending." Only an authorized officer of that court (such as the Clerk or an attorney licensed in that court) may issue and sign the subpoena. Rule 45(a)(3).

26. The subpoenas here do not state the name of the issuing court in the caption as required. Instead, they are captioned as if coming from "The President of the United States of America." There is no provision in the Federal Rules permitting a civil subpoena in a federal case to issue under the name of the President. The United States District Court – and specifically the Southern District of New York for this case – is the only entity with authority to issue subpoenas in this action.

27. A subpoena that fails to identify the proper court and instead cites an unrelated authority is, in effect, issued from the wrong authority and is invalid. Indeed, a subpoena that is not issued from the court where the action is pending is void and unenforceable. Rule 45 was amended in 2013 to make clear that nationwide subpoenas in federal cases must still bear the name of the court where the litigation is happening, even if compliance is elsewhere; the changes centralized issuance in the court where the action is pending and to clarify the geographic limits for where a subpoena could require a person to appear or a document to be produced.

28. Courts have quashed subpoenas for being issued out of the wrong court or otherwise not complying with Rule 45's form requirements. By analogy, a subpoena that purports to issue from an entity that is not a court (or not the correct court) is facially insufficient. Here, the use of "The President of the United States of America" in the caption is both confusing and unauthorized. It is possible that Plaintiffs used an outdated or incorrect subpoena form (perhaps borrowing language from state court practice or some historical form), but that does not excuse the defect. The subpoena does not on its face show that it was issued by the SDNY or under the Clerk's seal, as required. This defect is not merely academic – it calls into question whether the recipients of the subpoenas were properly compelled under Rule 45's authority. A third party receiving a document labeled as a federal subpoena has the right to know which court is exercising jurisdiction to compel compliance. If the document instead invokes "the President," a third party might be misled or confused about its obligations, and no court supervision is apparent on the face of the paper.

29. Because these subpoenas were not issued in compliance with Rule 45(a)(1)–(2), they are void. Only a federal court (through its clerk or authorized attorneys) can issue a valid subpoena in a federal action – not the President, and not any other entity. The mis-captioning here is akin to a subpoena issued from the wrong court, which is a recognized ground for quashing. It is "facially invalid" in that it fails to demonstrate that it was issued under the authority of the court and according to the rules. 30. Therefore, the Court should quash the subpoenas on this basis as

well. Allowing a subpoena to stand despite such a clear deviation from the Rules would set a bad precedent and encourage lax compliance with the formal requirements that ensure a subpoena's legitimacy. Quashing these subpoenas will reinforce that parties must use the proper judicial process – not a self-styled fiat – to compel information. If Plaintiffs need to re-issue any subpoenas, they must do so in strict accordance with Rule 45's form, through the Clerk or an attorney's signature, and with the correct court and case information on the face of the document.

### IV. PLAINTIFF'S COUNSEL FAILED TO NOTIFY A THIRD PARTY OF THIS COURT'S RECENT PROTECTIVE ORDER

31. The subpoena in Exhibit A directed to Caputo & Associates, CPA's P.C.,, a NY Accounting firm, was not informed by Ms. Tauber nor Mr. Lopez, off this court's protective order in Docket 439, thereby causing protected personal and identifying information to be revealed by such accountant. Further, I am providing information sought about myself from this accountant rendering such third party subpoena duplicative and over bearing for no reason.

### CONCLUSION

32. For the foregoing reasons, I respectfully request that the Court quash the two subpoenas issued by Plaintiffs (Tauber and Lopez) that are the subject of this motion. The subpoenas were procedurally defective at issuance and have caused substantial prejudice to me. Specifically, they violated Rule 45(a)(4)'s prior notice requirement, they were not served or disclosed to me (violating my discovery rights), and they were improperly styled in a manner not authorized by Rule 45, rendering them invalid. The Court should further order that any documents or information obtained via these subpoenas may not be used by Plaintiffs unless and until properly re-obtained through lawful means and disclosed to me. I also request any other relief the Court deems just and proper to cure the prejudice from Plaintiffs' discovery violations – including, if appropriate, an award of fees or sanctions to deter such conduct in the future.

WHEREFORE, I ask that the Court grant my motion to quash and for protective relief, and that the Court uphold the fundamental fairness and procedural regularity that the Federal Rules of Civil Procedure demand.

Respectfully submitted,

/s/ Guy Gentile                                                                                              Dated: October 24, 2025

Guy Gentile, Pro Se
P.O. Box 504377
Dubai, UAE
+971 58 590 2347