

October 24, 2025

**VIA ECF**
Hon. Robert W. Lehrburger, U.S.M.J, Southern District of New York

**Re: *Avalon Holdings Corp. v. Gentile, 18-cv-07291; New Concept Energy, Inc. v. Gentile, 18-cv-8896***

Dear Judge Lehrburger,

We represent non-party Nicholas Abadiotakis and write in response to Plaintiffs' letter motion (ECF No. 441). Plaintiffs' motion should be denied because the subpoena is facially deficient, the motion was brought in the wrong court, the Court lacks personal jurisdiction over Mr. Abadiotakis, and the subpoena includes demands that are overbroad and unduly burdensome.

### 1. Plaintiffs' Subpoena is Facially Deficient

Subpoenas that fail to list a physical place of compliance, which includes listing videoconferencing technology as the place of compliance for a deposition or an email address as the place of compliance for a document production, fail to comply with Rule 45(a)(1)(A)(iii) and are facially void. *See House v. Wayne USA Co.,* 2024 U.S. Dist. LEXIS 176249, *4 (E.D.N.Y. Sep. 27, 2024). *See also McCabe v. Conair LLC,* 2025 U.S. Dist. LEXIS 183760, *2 (E.D.N.Y. Sep. 18, 2025). Plaintiffs' subpoena (ECF No. 441-1) does not provide any physical location where Mr. Abadiotakis is to produce documents. Rather, it cryptically commands that he "produce for examination at such time and place . . .". Nor does the subpoena provide a physical location for Mr. Abadiotakis' deposition, but instead commands that he appear "virtually (e.g. by Zoom), or at a place and time in the manner agreed-upon prior to the deposition date . . ."). Accordingly, the subpoena is facially void. *See House*, 2024 U.S. Dist. LEXIS 176249, *6-7 (granting motion to quash third-party subpoena because "Plaintiff's subpoenas to the Non-Parties . . . only provide videoconferencing access information, and are therefore facially void in relation to the subpoenaed testimony and productions."); *McCabe*, 2025 U.S. Dist. LEXIS 183760, *4 ("Plaintiff's subpoena . . . simply lists that the location is a place '[t]o be [d]etermined.' The subpoena is therefore facially void in relation to the subpoenaed deposition and production.") (internal citations omitted).

### 2. Plaintiffs' Motion to Compel Cannot be Brought in This Court

Plaintiffs' motion must also be denied because, under Rule 45, it should have been brought in the Southern District of Florida, where Mr. Abadiotakis resides and where compliance with the subpoena was required.[1] Rule 45 states that "the serving party may move the court *for the district where compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). Where a party incorrectly seeks to compel compliance with a

---

[1] Mr. Abadiotakis intends to file a motion to quash the subpoena in the Southern District of Florida, the proper court for seeking to enforce or challenge a subpoena seeking documents or testimony from a Florida resident. *See In re Smerling Litig.,* 2022 U.S. Dist. LEXIS 41120, *5 (S.D.N.Y. Mar. 7, 2022) (holding that Florida resident was required to move to quash subpoena in the Southern District of Florida because that is where compliance was required).

subpoena in the court where the underlying lawsuit is being litigated, rather than where compliance is sought, the motion must be denied.[2]

"The place of compliance for a non-party subpoena seeking documents, electronically stored information and tangible things is a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Am. Plan Administrators v. S. Broward Hosp. Dist.*, 2021 U.S. Dist. LEXIS 244296, at *5 (E.D.N.Y. Dec. 22, 2021). Similarly, a subpoena commanding "a person to attend a trial, hearing, or deposition," may only command compliance "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Here, the subpoena lists Mr. Abadiotakis' address as Lake Worth, Florida, and Plaintiffs' motion concedes that he is "an individual residing in Florida." Accordingly, the "place of compliance" with respect to the subpoena is a district court in Florida, not the Southern District of New York. *See House v. Wayne USA Co., Ltd.,* 2025 U.S. Dist. LEXIS 188066, *12 (E.D.N.Y. Sep. 23, 2025) (denying motion to compel compliance with subpoena where the subpoenas listed an address in Massachusetts).

Despite Plaintiffs' violation of Rule 45, Plaintiffs nevertheless assert that this Court can compel Mr. Abadiotakis' compliance with the subpoena based on inapposite caselaw that applies to arbitrations, banks, and turnover orders, none of which is applicable here.[3] Mr. Abadiotakis' submission of a declaration in response to Plaintiffs' original restraining notice and subpoena does not confer the Court jurisdiction over this motion.[4] Moreover, the allegation that Mr. Abadiotakis serves as the "de facto" manager of SpeedTrader is irrelevant and factually inaccurate. Mr. Abadiotakis has no involvement in day-to-day management of SpeedTrader, does not make operational decisions, or supervise personnel, and has never been to the SpeedTrader offices in New York. *See* Abadiotakis Decl. ¶¶ 6 & 7. Additionally, the subpoena seeks documents and testimony from Mr. Abadiotakis *individually and as the Trustee of The Sunsa Trust (as owner of Mint Global Holdings, Inc.)* and is not directed to SpeedTrader. Both the Trust and Mint Global have their principal places of business in Palm Beach, Florida, not New York. *See id* ¶ 4. Plaintiffs provide no support for the proposition that a Court can exercise jurisdiction over a motion to compel because the subpoenaed individual allegedly manages a different company in the court's district.

---

[2] *See, e.g., Greater Chautauqua Fed. Credit Union v. Quattrone*, 2024 WL 497521, at *1 (S.D.N.Y. Jan. 3, 2024) (denying motions to quash and cross-motion to compel because compliance was required in the Northern District of New York); *Lively v. Wayfarer Studios LLC*, 2025 U.S. Dist. LEXIS 114531, *10 (S.D.N.Y. Jun. 16, 2025) (denying motion to compel where subpoenas required compliance in California); *Peoples Bank SB v. Reliable Fast Cash, LLC*, 2018 U.S. Dist. LEXIS 250535, * 6 (E.D.N.Y. Nov. 27, 2018) (denying motion to compel because "the District of New Jersey [was] the district where compliance [wa]s required...").

[3] *See e.g.* ECF Doc. 441, pp. 2-3 citing *Valdes v. Swift Transp. Co*., 292 F. Supp. 2d 524 (S.D.N.Y. Nov. 25, 2003) (applying the New York CPLR provision related to arbitration subpoenas); *Peterson v. Bank Markazi,* 121 F.4th 983 (2d Cir. 2024); *Allstate Ins. Co. v. Mirvis*, 2020 WL 1326236 (E.D.N.Y. Feb. 7, 2020); *245 Park Member LLC v. HNA Grp. (Internatl.) Co. Ltd*., 2024 WL 1506798 (2d Cir. April 8, 2024); *SEC v. Softpoint Inc*, 2012 WL 1681167 (S.D.N.Y. May 9, 2012) (all issuing *turnover orders* against non-New York third-parties, but saying nothing about complying with document or deposition subpoenas under Rule 45). None of these cases alter Rule 45's requirement that motions to compel be brought in the District where compliance is required, in this case the Southern District of Florida.

[4] *See JMC Rest. Holdings, LLC v. Pevida*, 2015 U.S. Dist. LEXIS 62374, *10 (E.D.N.Y. May 12, 2015) (denying motion to compel compliance with subpoena because the court was not in the district where compliance was required and rejecting the argument that the subpoenaed party had consented to jurisdiction by participating in the litigation); *United States v. The M/Y Amadea*, 2024 U.S. Dist. LEXIS 167399, *3 (S.D.N.Y. Sep. 16, 2024) (holding that ""[t]here are no equitable considerations at issue here, because there is no . . . discretion in this application of Rule 45" and rejecting the argument that a motion to compel could be brought in the Southern District because the witness produced documents and would be apparently appearing for a deposition in the District.).

2

### 3. This Court Lacks Personal Jurisdiction Over Mr. Abadiotakis

"A district court ... must have personal jurisdiction over a nonparty to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014). Here, even if Plaintiffs' subpoena were valid, which it is not, the Court does not have jurisdiction to enforce it because Plaintiffs have not demonstrated that Mr. Abadiotakis has sufficient contacts with New York.[5]

Nowhere do Plaintiffs allege, let alone establish, that Mr. Abadiotakis personally conducted any business whatsoever in New York. Nor does Mr. Abadiotakis' purported indirect control over SpeedTrader establish jurisdiction. *See City of Almaty v. Sater*, 2023 U.S. Dist. LEXIS 27063, *3-4 (S.D.N.Y. Feb. 16, 2023) (holding that the court did not have jurisdiction to enforce a Rule 45 subpoena directed at a non-party individual based on his indirect ownership of a company that invested in property and engaged in financial transactions in New York). Moreover, "[e]ven if personal jurisdiction exists over a corporation, it does not follow that jurisdiction necessarily exists over the corporation's employees." *Studio A Entm't., Inc. v. Direct Distribs., LLC*, 2007 WL 437703, *3 (S.D.N.Y. Feb. 8, 2007).

### 4. The Subpoena is Overbroad and Seeks Irrelevant Information and Documents

Although "broad post-judgment discovery in aid of execution [of a judgment] is the norm in federal and New York state courts[,]" this discovery is not unlimited in reach. *See House* v., 2025 U.S. Dist. LEXIS 188066, *10. "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id*. The subpoena's document requests are overbroad inasmuch as, *inter alia*, they are not subject to any reasonable temporal limitation, they are not limited to records related to the Judgment Debtor's assets,[6] and they seek non-financial information that is irrelevant to the Judgment Debtor's assets.[7] *See Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd.*, 2021 U.S. Dist. LEXIS 190648, *7 (D. Conn. Oct. 24, 2021) (holding that ten-year time frame for post-judgment requests was overbroad, especially given that the subpoenaed party was not a party to the litigation); *Gujarat State Petro. Corp. Ltd. v. Republic of Yemen*, 2022 U.S. Dist. LEXIS 89707, *25 (S.D.N.Y. May 8, 2022) ("information that could not possibly lead to executable assets is simply not relevant to execution in the first place").

We thank the Court for its consideration of this matter and request that Plaintiffs' motion to compel be denied in its entirety.

---

[5] Under New York law, personal jurisdiction is conferred by CPLR Section 301 under which "New York courts can exercise general jurisdiction over each [foreign] defendant only if the plaintiffs have established that its affiliations with New York are so continuous and systematic as to render it essentially 'at home' here." (*Aybar v. Aybar*, 169 A.D.3d 137, 144, 93 N.Y.S.3d 159 (2d Dep't 2019) or CPLR Section 302(a)(1), pursuant to which the party must have transacted business within the state and the claim asserted must arise from that business activity. *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986).

[6] For example, Requests 5, 18, and 23 seek records related generally to precious metals, artwork, jewelry, and intellectual property, without limiting the requests to assets in which Judgment Debtor has an ownership stake.

[7] *See, e.g.* Request No. 22, seeking Judgment Debtor's educational and professional degrees.

Respectfully submitted,

**SULTZER & LIPARI, PLLC**

Joseph Lipari

cc: All Counsel of Record