**MIRIAM TAUBER LAW**
885 Park Ave. 2A • New York NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

October 27, 2025

<u>Via ECF</u>
Hon Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)

<u>Re</u>:	*Avalon Holdings Corp. v. Gentile*, et. al., 18-cv-7921
*Related Case:*	*New Concept Energy, Inc. v. Gentile*, et. al., 18-cv-8896

**Plaintiffs' Reply/Response to Gentile's Motion to Quash
Subpoena to Caputo & Assocs. (and Cross-Motion to Compel Response);
<u>and in Further Support of Motion to Compel Nicholas Abadiotakis' Compliance</u>**

Your Honor:

Plaintiffs respond to Gentile's motion to quash the *Restraining Notice with Information Subpoena/Subpoena Duces Tecum* issued to Caputo & Associates in connection with Plaintiffs' efforts to enforce the Court's Judgments in their favor. Plaintiffs also reply to Nicholas Abadiotakis' opposition to Plaintiffs' motion to compel his compliance with Plaintiffs' enforcement Subpoena seeking documents and his deposition.

1. **<u>Gentile's Motion to Quash the Caputo Subpoena</u>**

According to public court filings available on the docket in the SEC's case against Gentile No. 21-cv-21079, Southern District Florida, Caputo & Associates were Gentile's accountants through 2020, and prepared Gentile's tax returns and/or amended returns for the years 2017-2019, *see* Fl. Dkts.: 371-9; 3710-10; 371-11; 371-13. Plaintiffs seek to discover whether Caputo prepared Gentile's tax returns for later years, and any other information within Caputo's possession regarding Gentile's assets (e.g., statements, other account records used to prepare or verify the information in those returns) which may assist Plaintiffs in executing on the Judgments.

As Your Honor has repeatedly noted in ruling on the many enforcement discovery motions filed in this case since the more than $16 million Judgments were entered against Gentile, judgment creditors are entitled to broad discovery from the judgment debtor and from third parties. When a judgment is not paid, the next step is the issuance of restraining notices and subpoenas to the judgment debtor, and to third party banks, accountants, and any other potential custodians of assets or information about assets of the Judgment Debtor that might be executed on to satisfy the judgment.

Gentile objects that he was not provided notice of the Caputo subpoena. Notice to Judgment Debtors of enforcement subpoenas is not required. *See Salvan v. Lewis*, CV-27666/13, 2015 WL 9906076 (N.Y. City Civ. Ct. Dec. 28, 2015) (denying motion to invalidate enforcement subpoena for failure to provide notice to judgment debtor because "Unlike pre-trial disclosure or disclosure in a pending civil judicial proceeding, which specifically requires that a third-party subpoena be

served on all parties, disclosure in a supplementary proceeding under CPLR 5223 or 5224 has no such requirement").

Gentile objects that the Subpoena included the phrase "President of the United States." This phrase appears on federal court judgment enforcement forms, just as the phrase "People of the State of New York" appears on N.Y. state court judgment enforcement forms. (*Compare* N.Y. form filed at *Avalon* Dkt. 435-2; Writ of Execution form, *avail. at* uscourts.gov). Both phrases appear on Plaintiffs' Subpoenas in these proceedings to enforce a federal court judgment pursuant to N.Y.C.P.L.R. procedures as provided by F.R.C.P. 69. The phrasing signifies that subpoenas are not merely requests from litigants, but orders issued on authority of the state or federal court, and that refusal to comply may result in contempt and potential imprisonment enforceable by the N.Y. Sherriff or U.S. Marshal (as applicable), a consequence with which Gentile is personally familiar.

Gentile objects that information sought from Caputo is duplicative of information that Plaintiffs have subpoenaed from Gentile and that Gentile was ordered to produce. "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP*, No. 19 Civ. 7787, 2020 WL 6323639, at *4 (S.D.N.Y. Oct. 28, 2020) (quoting *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)). Neither Plaintiffs nor Caputo know whether Gentile intends to produce all records within Caputo's possession.

Plaintiffs question whether it is proper for Gentile to move to quash *pro se* while Caputo is represented by counsel in connection with the Plaintiffs' Subpoena. Following service of the Caputo Subpoena, Vincent Gelardi called to advise Plaintiffs' counsel that he represented Caputo and planned to respond but required more than the 10 days provided by the Subpoena and N.Y.C.P.L.R. §5224(c) to gather documents. We agreed on a response deadline of today, Monday, October 27, as documented in my email of October 15, 2025. On Friday, October 24, Mr. Gelardi advised that he was aware Gentile was planning to file a motion to quash, and that he would wait for the Court's ruling before responding. Mr. Gelardi has further advised that he is not aware of any further objections to Plaintiffs' Subpoena. (*See* Gelardi Correspondence, attached).

Plaintiffs respectfully ask the Court to compel Caputo's production of the requested information and documents.

## 2. Nicholas Abadiotakis's Response to Plaintiffs' Motion to Compel

Nicholas Abadiotakis asserts that the Court lacks jurisdiction over him because the subpoena was addressed to him individually, a resident of Florida, and as the Trustee of the SUSA Trust, which is the owner of Mint Global Holdings, Inc., a Florida entity. As described in Plaintiffs' Motion to Compel (*Avalon* Dkt. 441), Mint Global Holdings, Inc. is the 100% owner of SpeedTrader, a broker founded and previously managed by Gentile, which is currently in operation and headquartered and registered in New York. (*See, e.g.*, Ely Dep. Tr., *Avalon* Dkt. 441-3 p.16.)

All other objections to the Abadiotakis Subpoena could and should have been raised by counsel in the conference we requested prior to filing our motion with the Court. Plaintiffs' counsel could have then confirmed that that they will reimburse required expenses and clarified or agreed

to a response deadline. These technical defects are curable and not a basis for refusing to respond to or even acknowledge receipt of the Subpoena. *See Donoghue v. Retrophin, Inc.*, No. 14 Civ. 7640, 2015 WL 13723968, at *2 & n.1 (S.D.N.Y. July 20, 2015) (rejecting argument that subpoena was unenforceable based on "objections includ[ing] the assertion that Tilles had not been properly served, that the subpoena had not listed the location and hour of the deposition, and that it had not been accompanied by mileage and attendance fees" and other "objections rang[ing] from the baseless to the frivolous").

        Respectfully submitted,

        */s/ Miriam Tauber*

        Miriam Tauber
        David Lopez
        *Attorneys for Plaintiffs/Judgment Creditors*

**cc:**    All registered parties/counsel (via ECF)

      Joseph Lipari, *Sultzer & Lipari, PLLC,*
      Attorney for Nicholas Abadiotakis (via ECF)

      Vincent Gelardi, *Law Offices of Vincent Gelardi,*
      Attorney for Caputo & Associates (via email: vg@vincentgelardi.com)