UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP.,<br><br>Plaintiff,<br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-7291 (DLC) (RJL)<br><br>ECF Case |
| Related to:<br>NEW CONCEPT ENERGY, INC.<br><br>Plaintiff,<br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-8896 (DLC) (RJL)<br><br>ECF Case |

**DEFENDANT'S MOTION TO CLARIFY AND CORRECT JUDGMENT UNDER RULE 54(b) AND RULE 60(a) TO REFLECT THAT NO FINAL JUDGMENT EXISTS AS TO ALL PARTIES**

**PRELIMINARY STATEMENT**

Defendant Guy Gentile, appearing pro se, respectfully moves under Federal Rules of Civil Procedure 54(b), 58, and 60(a) for clarification and correction of the Court's March 20, 2024 order labeled "Final Judgment." The record demonstrates that the action remains stayed and unadjudicated as to co-defendant MintBroker International, Ltd. (ECF Nos. 168, 178, 223). Because no Rule 54(b) certification or adjudication of MintBroker's liability has occurred, the judgment entered as to Mr. Gentile is interlocutory and non-final. Defendant therefore requests that the Court (1) clarify that the March 20, 2024 order does not constitute a final judgment

1

under Rule 54(b), or alternatively (2) issue an amended final judgment expressly limited to Mr. Gentile with appropriate certification findings.

**In support of this motion, Defendant states as follows:**

The record shows the action remains stayed as to MintBroker due to its Bahamian liquidation (ECF No. 178). MintBroker's joint liability under Plaintiffs' §16(b) claims is unadjudicated, with no Rule 54(b) certification. ECF No. 281 resolves only claims against Gentile, rendering it interlocutory and unenforceable in this multi-party securities action. Plaintiffs cannot piecemeal enforce against one defendant while the stay suspends holistic resolution.

**The Magistrate Judge explicitly acknowledged in the Report and Recommendation** that "the action is stayed as to MintBroker due to liquidation proceedings in the Bahamas," confirming that MintBroker's liability remains unresolved. *See* R&R, ECF No. 240, at 2. Judge Cote's March 20, 2024 Order (ECF No. 281) entered judgment solely against Gentile, omitting MintBroker entirely. These two rulings together demonstrate that the case has never reached final disposition as to all parties.

All dependent enforcement proceedings, including ECF No. 341, are therefore without legal effect pending entry of a proper final judgment. *See* United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).

**STATEMENT OF FACTS**

The following table summarizes key docket events underscoring the lack of finality:

| ECF | Date | Description | Relevance to Finality |
|---|---|---|---|
| 1 | 08/13/18 | Complaint alleging joint §16(b) liability against Gentile and MintBroker | Establishes intertwined multi-defendant claims |
| 168 | 11/16/22 | Order temporarily staying action as to MintBroker pending Bahamian liquidation | Imposes stay; requires status letters (filed ECF No. 222, 04/14/2023) |

| | | | |
|---|---|---|---|
| 178 | 11/29/22 | Formal stay order: "Actions stayed as to MintBroker" | Halts adjudication; no lift or resolution since |
| 223 | 04/17/23 | Endorsement: "Stay continued as to MintBroker; JOL status letter due at dissolution" | Confirms indefinite pendency |
| 281 | 03/20/24 | "Final Judgment" against Gentile only ($8,219,175 to Avalon; $8,073,283 to New Concept); follows damages inquest (ECF Nos. 274, 278) | Omits MintBroker; no Rule 54(b) certification; preserves action pendency |
| 341 | 09/20/24 | Order for civil contempt and arrest warrant against Gentile | Predicated on non-final ECF No. 281; void |

**Judgment Entered as to Gentile Only.** On March 20, 2024, following adoption of the damages inquest Report and Recommendation (ECF No. 274) and Plaintiffs' motion (ECF No. 278), the Court entered judgment against Gentile only. ECF No. 281 explicitly omits MintBroker, preserving the action's pendency.

**No Adjudication or Dismissal of MintBroker.** MintBroker has been a named defendant since the Complaint (ECF No. 1), alleged as jointly liable for short-swing profits. The November 29, 2022 stay (ECF No. 178) suspended proceedings pending liquidation, akin to a bankruptcy automatic stay (11 U.S.C. § 362), with indefinite continuation (ECF No. 223). No default, dismissal, or lift appears on the docket as of October 29, 2025. Recent activity, including non-party discovery, confirms ongoing pendency. The stay tolls adjudication without resolving MintBroker's role. See In re Roman Catholic Diocese of Rockville Centre, New York, 53 F.4th 76, 83 (2d Cir. 2022).

**No Rule 54(b) Certification.** ECF No. 281 lacks any "no just reason for delay" determination or direction for partial finality. No separate Rule 54(b) motion or order exists, presumptively rendering it non-final.

ARGUMENT

## I. RULE 54(b) REQUIRES ADJUDICATION OF ALL PARTIES OR EXPRESS CERTIFICATION

Fed. R. Civ. P. 54(b) states that an order adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties" absent certification and a "no just reason for delay" finding. This guards against piecemeal appeals in cases with intertwined claims, like the joint §16(b) ownership alleged here (ECF No. 1).

In Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7–8 (1980), certification is warranted "only if" it advances litigation, demanding explicit reasoning—absent here. The Gentile-MintBroker overlap (e.g., shared defenses in summary judgment briefing, ECF Nos. 71-91) heightens inconsistency risks. Absent certification, ECF No. 281 is interlocutory under 28 U.S.C. § 1291.

This aligns with Second Circuit precedent: Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629–30 (2d Cir. 1991) (vacating where unresolved co-defendant claims lacked explanation for immediacy); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16-17 (2d Cir. 1997) (no finality for "inextricably intertwined" securities claims). See also Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742-43 (1976) (strict certification in multi-party cases). Plaintiffs' severability argument fails; joint-and-several §16(b) claims demand holistic resolution. FirsTier Mortgage Co. v. Investors Mortgage Corp., 498 U.S. 269, 274 (1991). In re World Trade Center Disaster Site Litigation, 521 F.3d 169, 175 (2d Cir. 2008) (certification "rarely granted" without overlap findings).

## II. THE STAY AS TO MINTBROKER PRECLUDES FINALITY

The stay (ECF No. 178), continued indefinitely (ECF No. 223), suspends MintBroker's liability—potentially for years—mirroring §362's tolling. A stayed claim lacks resolution.

American Family Life Assurance Co. v. Biles, 714 F.3d 887, 893 (5th Cir. 2013) ("[A] stay of claims means no final resolution," requiring Rule 54(b)). In the Second Circuit, such stays halt adjudication entirely. Roman Catholic Diocese, 53 F.4th at 83.

Thus, ECF No. 281 cannot be "final" under § 1291, voiding jurisdiction. In re Celotex Corp., 853 F. App'x 475, 477 (11th Cir. 2021) (no jurisdiction with unresolved co-party post-stay). The inquest excluded MintBroker (ECF Nos. 240, 274), amplifying intertwining and enabling forum-shopping against Gentile alone.

### III. WITHOUT FINAL JUDGMENT, ALL POST-JUDGMENT PROCEEDINGS ARE VOID

Enforcement demands a valid final judgment: "A 'final decision'... ends the litigation on the merits and leaves nothing... but [to] execute the judgment." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)). MintBroker's pendency strips such authority; post-judgment orders are ultra vires and void. Espinosa, 559 U.S. at 270.

United States v. Indoor Television Antenna Co., 520 F.2d 69, 72 (2d Cir. 1975) (enforcement on non-final judgments are "nullities," warranting vacatur to avert harm). ECF No. 341's arrest directive risks reversal, wasting resources Rule 54(b) prevents—especially given my UAE-based prejudice. The Complaint's multi-party core (ECF No. 1) bars unilateral enforcement.

### IV. RULE 58 REQUIRES A SEPARATE, FINAL JUDGMENT RESOLVING ALL PARTIES

Rule 58(a) mandates a "separate document" for judgments to trigger finality. ECF No. 281 addresses only Gentile, lacking a companion for MintBroker or case closure. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978) ("[N]o final judgment absent compliance with Rule 58"). Its "final" label is illusory under Rule 58(b)(2), voiding dependents like ECF No. 341.

**CONCLUSION**

The Court should:

1. Grant the motion and correct or amend ECF No. 281 to reflect that no final judgment exists as to all parties under Rule 54(b) and 60(a).

2. Vacate all enforcement predicated thereon, or stay pending this ruling;

3. Direct the Clerk to amend the docket noting pendency as to MintBroker;

4. Award costs under Fed. R. Civ. P. 54(d), plus other just relief;

5. **Alternative Relief:** Dismiss MintBroker without prejudice under Rule 41(b) for lack of prosecution (indefinite stay >2 years; Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962)), then enter a new final judgment as to Gentile with Rule 54(b) certification including "no just reason for delay" findings;

6. Appoint pro bono counsel under 28 U.S.C. § 1915(e)(1).

Respectfully submitted,

/s/ Guy Gentile

Guy Gentile, *Pro Se*
P.O. Box 504377
Dubai, UAE
+971 58 590 2347
fightfightfight@proton.me

**Certificate of Service**

I hereby certify that on October 30, 2025, a true copy of the foregoing, including exhibits, was served via CM/ECF on all counsel of record.

/s/ Guy Gentile