UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**DECLARATION OF GUY GENTILE IN SUPPORT OF MOTION TO CLARIFY
AND CORRECT JUDGMENT UNDER RULES 54(b), 58, AND 60(a)**

I, Guy Gentile, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the pro se Defendant in this action and submit this declaration in support of my motion to clarify and correct the Court's March 20, 2024 order labeled "Final Judgment" (ECF No. 281), and any related enforcement orders, under Federal Rules of Civil Procedure 54(b), 58, and 60(a).

2. The March 20, 2024 judgment was later referenced by the Court in its August 19, 2025 Order (ECF No. 397) as a "final judgment." However, the record shows that the case remains stayed and unadjudicated as to co-defendant MintBroker International, Ltd. due to ongoing liquidation proceedings in the Bahamas.

3. The Court's Report and Recommendation, filed October 6, 2023 (ECF No. 240), expressly stated The action is stayed as to MintBroker due to liquidation proceedings in

1

the Bahamas. This stay has never been lifted, and MintBroker's liability has never been adjudicated or certified under Rule 54(b).

4. The Abstract of Judgment filed March 20, 2024 (ECF No. 294) lists only "Guy Gentile" as the judgment debtor, confirming that MintBroker was excluded from the judgment and no final determination was entered as to that party.

5. As of October 29, 2025, public records from the Supreme Court of the Bahamas confirm that MintBroker's liquidation remains ongoing, with no final distribution, dissolution, or closure. There are no filings from 2022–2025 showing resolution of that proceeding.

6. The March 20, 2024 judgment therefore cannot constitute a final judgment under Rule 54(b) because both defendants have not been adjudicated. The Court never entered an express determination of "no just reason for delay" or directed entry of partial final judgment.

7. Subsequent filings, including the Court's August 29, 2025 Order (ECF No. 404) and related docket entries, continue to reflect unresolved jurisdictional and enforcement issues, further demonstrating that the case is still active and interlocutory in nature.

8. I first recognized this jurisdictional defect after escalation of post-judgment enforcement efforts, which prompted this timely filing.

9. Finally, given the complexity of this motion and the international barriers to my participation, I respectfully request appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2025.

Guy Gentile, Pro Se
P.O. Box 504377
Dubai, UAE
+971 58 590 2347
fightfightfight@proton.me