**GUY GENTILE**
*Pro Se*

**Via ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street
New York, NY 10007

October 31, 2025

**Re: Avalon Holdings Corp. v. Gentile, No. 18-cv-7291 (DLC) (RWL) – Motion to Modify Subpoena**

Dear Judge Lehrburger:

I, Defendant Guy Gentile (pro se) to respectfully request modification of the subpoena duces tecum issued to Mr. Gentile's accountant in this post-judgment enforcement proceeding. This letter motion is made in good faith and complies with the Court's prior directives narrowing discovery to relevant asset information. Mr. Gentile does not seek to quash the subpoena entirely but requests an Order limiting its overbroad and intrusive requests to require production only of financial documents relevant to judgment enforcement, excluding personal identification documents and other irrelevant materials. The following sets forth the grounds for this motion, supported by applicable law and the facts of this case. A proposed order is included for the Court's convenience. Attached is a copy of the subpoena Exhibit A.

**I. The Subpoena Is Overbroad and Seeks Irrelevant Personal Information Unrelated to Judgment Enforcement.**

The subpoena demands "all documents" relating to Mr. Gentile, including copies of his passport, driver's license, and other personal identifiers. These items are manifestly irrelevant to locating or evaluating assets—a passport or license does not disclose bank accounts, property, or income—and their production would invade Mr. Gentile's privacy without advancing collection efforts. Under Fed. R. Civ. P. 26(b)(1), post-judgment discovery under Rule 69(a)(2) must be relevant and proportional to enforcement needs. Courts routinely quash such requests as irrelevant and unduly intrusive. Generalized demands for "all documents" similarly violate proportionality, imposing burden for marginal gain. See Rule 26(b)(2)(C).

Courts in the Second Circuit, while generally allowing for a "very broad" scope of post-judgment discovery to facilitate judgment enforcement, still require that such discovery be

1

relevant to identifying assets and not unduly burdensome As articulated in *MasterCard Int'l Inc. v. Vietnam Airlines Corp.*, 200 F.R.D. 293, 295-96 (S.D.N.Y. 2001), the relevance standard of Rule 26(b)(1) still applies, though construed liberally in the post-judgment context. When requests for information, such as personal identification documents, do not help locate an asset or identify a transfer, they can be challenged as not meeting this standard and potentially exceeding the bounds of reason, falling under Rule 26(b)(2)(C) limitations.

Mr. Gentile thus asks the Court to excise these irrelevant requests and narrow the subpoena to asset-tracing materials.

**II. This Application Aligns with the Court's Prior Rulings Limiting Discovery to Relevant Assets.**

The Court's orders, including the October 20, 2025 Order, have consistently required proportional discovery focused on assets, excluding personal identification documents as non-germane to enforcement. Earlier rulings (e.g., October 20, 2025) reinforced that inquiries must target financial interests, not personal matters. The current subpoena disregards this guidance by again seeking personal IDs via a third party, effectively circumventing prior limitations. The Court should enforce its rulings as the law of the case. *See S.E.C. v. Aries Telecoms, Inc.*, No. 2:11-cv-00981, 2013 WL 12855780, at \*2 (D. Nev. Nov. 13, 2013) (quashing third-party subpoena portions exceeding prior scope). Modification here upholds consistency without prejudice to Plaintiff, who retains access to necessary asset information.

**III. The Subpoena Imposes Undue Burden on a Non-Party in Violation of Rule 45.**

Mr. Gentile's accountant, a non-party with no stake in this case, faces unfair expense and effort from 18 broad requests spanning years, including sifting for often-unavailable or no existing personal documents. Rule 45(d)(1) requires issuers to avoid undue burden on third parties, mandating modification or quashing where it exists; non-party status weighs heavily. *See MasterCard Int'l Inc. v. Vietnam Airlines Corp.*, 200 F.R.D. 293, 298 (S.D.N.Y. 2001). Many requests duplicate Mr. Gentile's productions or less burdensome sources, violating Rule 26(b)(2)(C), such as tax returns. Modification to core categories alleviates this while permitting legitimate discovery. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (preferring modification over quashing). Proportionality under Rule 26(b)(1) favors this: high burden, low benefit from extraneous items.

**IV. Mr. Gentile Has Proposed a Good-Faith Compromise Providing Comprehensive Financial Information.**

Mr. Gentile consents to production of redacted tax returns (2018–2025) and documents sufficient for 18 specific financial categories covering assets, income, and interests (detailed in the proposed order below). These include bank/investment accounts, real property, business ownership, trusts, income sources, and recent transfers—fully enabling enforcement without

2

harassment. This demonstrates cooperation, aligns with standard practice, and furthers Rule 1's just resolution by promoting efficiency and avoiding further disputes. Under Rule 26(c), the Court may condition discovery to prevent oppression. **Exhibit B** clearly delineates the materials Defendant agrees to can be produced and the improper requests that should be stricken from the subpoena.

For these reasons, Mr. Gentile respectfully requests that the Court grant this motion and issue the proposed order modifying the subpoena to limit production to the specified tax returns and 18 categories, while quashing demands for personal IDs and other irrelevant or burdensome items. This protects privacy and the non-party without prejudicing Plaintiff's enforcement rights.

Respectfully submitted,

/s/ Guy Gentile

Guy Gentile (Pro Se Defendant)
P.O. Box 504377
Dubai, UAE
+971 58 590 2347
fightfightfight@proton.me

cc: ECF to all counsel of record.

3