# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | S.D.N.Y. Case No. 18 Civ. 7291 (DLC) (RJL) <br><br> **RESTRAINING NOTICE** <br> *with* **INFORMATION SUBPOENA** <br> *and* **SUBPOENA *DUCES TECUM*** <br><br> **RE:  Guy Gentile** <br> (Judgment Debtor) |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | S.D.N.Y. Case No. 18 Civ. 8896 (DLC) (RJL) <br><br> **RESTRAINING NOTICE** <br> *with* **INFORMATION SUBPOENA** <br> *and* **SUBPOENA *DUCES TECUM*** <br><br> **RE:  Guy Gentile** <br> (Judgment Debtor) |

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**
**THE PEOPLE OF THE STATE OF NEW YORK**

Via PERSONAL SERVICE (cc: by mail, email)
    **To: Caputo & Associates, CPA's P.C.,**
    *and/Attention: **Rocco Caputo, CPA, GARNISHEES:***
    538 Westchester Ave., Rye Brook NY 10573
    Email: RCaputo@CaCpas.org

**GREETING:**

**WHEREAS**, in the above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of **Plaintiff Avalon Holdings Corp.** ("Avalon"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,219,175, of which $8,219,175 remains due, plus post-judgment interest from March 20, 2024.

**WHEREAS**, in the related above-captioned action between the parties listed above, a Judgment was entered on March 20, 2024, in the U.S. District Court for the Southern District of New York in favor of **Plaintiff New Concept Energy, Inc.** ("New Concept," and together with

1

Avalon, the "Judgment Creditors"), and against Defendant Guy Gentile (the "Judgment Debtor") in the total amount of $8,073,283, of which $8,073,283 remains due, plus post-judgment interest from March 20, 2024.

**WHEREAS,** it appears that Caputo & Associates, CPA's, P.C., and/including Rocco Caputo, individually (collectively, "Caputo," the "Firm," or "you") owe a debt to the Judgment Debtor, or are in possession or in custody of property in which the Judgment Debtor has an interest, or information regarding accounts and/or assets owned, held by, or transferred from or the benefit of the Judgment Debtor:

- **Any funds or assets belonging to the Judgment Debtor, including but not limited to: escrowed or credit payments, funds, or assets of any kind retained for services rendered or to be rendered to the Judgment Debtor for any other reason.**

- **Tax returns and other documents and information reflecting or concerning assets of the Judgment Debtor, GUY GENTILE, including bank and brokerage accounts, real property, business ownership interests, and property held in trusts or otherwise controlled by the Judgment Debtor, whether held in the name of the Judgment Debtor or any other name.**

**TAKE NOTICE THAT** pursuant to subdivision N.Y.C.P.L.R. §5222(b), the text of which is included herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of such debt, except as therein provided,

**TAKE FURTHER NOTICE** that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody, and debts hereafter coming due from you to the Judgment Debtor.

**WE FURTHER COMMAND YOU** to **answer in writing under oath, separately and fully, each question in the accompanying QUESTIONNAIRE**; and return the answers together with the original of the questions within ten (10) days of your receipt of this Subpoena.

**FURTHER, WE COMMAND YOU** to **produce copies of the following DOCUMENTS and records** for inspection and copying by the undersigned counsel within ten (10) days of your receipt of this Subpoena:

- **Copies of all tax returns prepared for or on behalf of the Judgment Debtor for any time period beginning in 2018 through the present.**

- **All supporting documents or records relied on or referred to by you in preparing the returns or in responding to any audits, inquires, subpoenas, or to any of the Judgment Debtor's agents, or otherwise in connection with any such returns.**

**FALSE SWEARING IN RESPONSE TO OR FAILURE TO COMPLY
WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE,
IMPRISONMENT, PUNISHMENT FOR PERJURY, AND/OR CONTEMPT OF COURT.**

2

I hereby certify that this Information Subpoena complies with §5224 of the N.Y.C.P.L.R. and that I have a reasonable belief that the party receiving this Subpoena has in their possession information about the debtor that will assist the creditor in collecting the Judgment.

Dated: October 9, 2025

_____
Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A | New York, NY 10075
(323) 790-4881 | MiriamTauberLaw@gmail.com
*Attorney for Plaintiffs/Judgment Creditors*

DIRECT ALL INQUIRIES AND RESPONSES TO THE ABOVE.

**This communication is from a debt collector. It is an attempt to collect a debt. Any information obtained will be used for that purpose.**

### N.Y. CIVIL PRACTICE LAW & RULES (C.P.L.R.)

*§5222(b)—***Effect of restraint: prohibition of transfer; duration.*** A Judgment Debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff[1] or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the Judgment Creditor has stated in the notice that a specified debt is owed by the person served to the Judgment Debtor or that the Judgment Debtor has an interest in specified property in the possession or custody of the person served. All property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the Judgment Debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A Judgment Creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the Judgment Debtor, for any damages sustained by reason of the restraint. If a Garnishee served with a restraining notice withholds the payment of money belonging or owed to the Judgment Debtor in an amount equal to twice the amount due on the Judgment, the restraining notice is not effective as to other property or money.

---

[1]    Because the Judgments in these actions were rendered by a federal court, the U.S. Marshal may serve the enforcement functions ascribed to the Sheriff in this Notice.

3

## QUESTIONNAIRE

**Answer the following Questions based on any information known to you and any information reflected in your records or files, for the time period beginning in 2018 through the present, whether or not verified or confirmed by you:**

1.    Identify all bank and brokerage accounts owned or controlled by the Judgment Debtor, whether held in the name of the Judgment Debtor or any other name, including but not limited to: any accounts from which you have ever received payments or funds from or on behalf of the Judgment Debtor for accounting or other services rendered or to be rendered ("Accounts"). Provide the following information as to each Account:

      a.    Name of institution (e.g., bank or brokerage) at which the Account is held.

      b.    Addresses and any other contact information for the institution.

      c.    Names, addresses, and other contact information for any Account owners, authorized Account managers, and any Account beneficiaries.

      d.    Account numbers.

2.    Identify the dates and dollar amounts of any payments received by or on behalf of the Judgment Debtor, and the Account from which the payments were received.

3.    Identify all inquiries received related to the credit of the Judgment Debtor. (Who inquired? When? What was the stated purpose of inquirer?)

4.    Identify all names, addresses, and other contact information for:

      a.    The Judgment Debtor's spouse, and all other members of the Judgment Debtor's immediate family.

      b.    Any beneficiaries of any Accounts or trusts established by, for the benefit of, or otherwise controlled by the Judgment Debtor.

5.    Identify all trustees and agents of the Judgment Debtor, and anyone otherwise authorized to issue directions, approve documents, make payments, or disburse funds on behalf or for the benefit of the Judgment Debtor.

6.    Identify and provide all contact information (including addresses) for any individuals provided or used as a reference or contact for the Judgment Debtor, whether for business, banking, or personal purposes.

7.    Identify any and all offshore or international businesses, entities, trusts, institutions, and accounts (including, without limitation, any so-called "international business companies") that you know to be owned, directly or indirectly, by the Judgment Debtor, or otherwise affiliated or associated with the Judgment Debtor. For each:

      a.    State whether you are aware of any transfers from the relevant entity, trust, institution, or account.

b.     If so, provide the date of all such transfers, and the amount of funds or identify and provide the cash value of any assets transferred.

8.    Identify all real property owned in whole or in part by the Judgment Debtor, or by any entity or trust owned or controlled by or for the benefit of the Judgment Debtor. For all real property provide:

    a.   The address of the property.

    b.   The name, address, and any other contact information for any entity or trust through which the Judgment Debtor's interest in the real property is held.

    c.   The names, addresses, and contact information, for any other individuals, institutions, entities, or trusts having any interest in or lien against the property, and the nature and amount of any such interest or lien.

9.    Provide the most recent home and business addresses, most recent phone number, and most recent email address your records indicate for the Judgment Debtor.

10.    Identify the dates on which you most recently communicated with the Judgment Debtor:

    a.   By phone:

    b.   By email:

    c.   By mail (with confirmed receipt):

11.    State whether you are in possession or are aware of any deposits or escrowed assets expected to become due or be returned to Judgment Debtor. Identify the amounts of any such payments expected to be paid or returned, and when expected.

12.    Identify any passport numbers or driver licenses (including countries or states, dates of issuance, and expiration dates), which you have on file for the Judgment Debtor.

13.    Identify any other property or assets of any kind owned, held by, or owing to the Judgment Debtor, whether directly or indirectly, if not otherwise accounted for in your responses.

14.    Identify the most recent year for which you prepared tax returns for the Judgment Debtor (or any business, entity, or trust affiliated with the Judgment Debtor). **PROVIDE COPIES OF ALL TAX RETURNS and ALL RELATED SUPPORTING DOCUMENTS, WRITINGS, RECORDS AND WORKPAPERS prepared for the benefit of the Judgment Debtor or any entity over which he had signature authority, or for which payment for your services was made or arranged for by him for any year or period from 2018 through the present.**

15.    Provide copies of all invoices rendered by you to the Judgment Debtor or to any other person at his direction or for his benefit for your services or for any other reason.

16.     Is Mr. Gentile or any person or entity associated with him now your client?  If so, identity by name and contact information.

17.     Identify the names and provide contact information for any other accountants, CPAs, or tax preparers who prepared any tax returns for the Judgment Debtor or any of his affiliates in any year during which your Firm also prepared returns for the Judgment Debtor, and in any subsequent years.

18.     Is Rocco Caputo the individual at the Firm who is most familiar with the Judgment Debtor's assets, business affiliations, and accounts? Identify any other person you contend is more familiar. State whether all persons identified in this Question have reviewed and supplemented all answers to these Questions based on their personal knowledge.