UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., | |
| Plaintiff, | No. 18-CV-7291 (DLC) (RJL) |
| v. | ECF Case |
| GUY GENTILE and MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. | |
| Plaintiff, | No. 18-CV-8896 (DLC) (RJL) |
| v. | ECF Case |
| GUY GENTILE and MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO
GENTILE'S MOTION TO AMEND THE JUDGMENTS**

**OVERVIEW**

The Court entered the Judgments in these cases against Gentile on March 20, 2024, and Gentile appealed. On October 28, 2025, the Court of Appeals issued a summary opinion and order affirming the Judgments. The very next day later, Gentile filed this motion to amend the Judgments to "clarify" that the Judgments he appealed from were not actually final and appealable because the claims against Mintbroker, a Bahamian brokerage that was owned and controlled by Gentile and is now dissolved, were previously stayed by the Court pending Mintbroker's liquidation proceedings in the Bahamas. Those proceedings were initiated by Gentile voluntarily

1

as a response to these lawsuits and then invoked by Gentile in myriad unsuccessful attempts throughout this litigation to evade discovery, delay the determination of damages, and avoid liability for his manipulative and illegal short swing trading of Plaintiffs' stocks. This is the latest attempt.

Gentile filed the appeals from the Judgments and was represented by appellate counsel throughout the appeal. Briefing was fully submitted on the appeals as of March 20, 2025, and Gentile's counsel has filed numerous post-briefing letters with the Court of Appeals since then. Throughout this time, Gentile did not raise any issue concerning the finality of the Judgments he appealed, until the day after he lost that appeal on the merits.

Plaintiffs question whether certification is required under these circumstances, given that Plaintiffs abandoned their claims against Mintbroker in view of the liquidation as stated to the Court when the stay was entered, and particularly now that Mintbroker has been dissolved by Order of the Bahamas Supreme Court dated October 15, 2025 (appended as **Exhibit A)**.

The reason for the existence of Rule 54(b), which provides for district court certification of judgments entered in cases "involving multiple claims or parties" for purposes of appeal, is to avoid the piecemeal or disparate review of judgments entered in a single case. This motion rests on Gentile's express misrepresentation that Mintbroker continues to exist as a potential litigant and appellant, raising a concern within the Rule. Mintbroker does not. There is no possibility that a party rendered non-existent through dissolution can or will participate in any further case proceedings or appeals. The relevant legal maxim is: *Cessante ratione legis, cessat et ipsa lex;* or: *The reason for a law having ceased, so too does the reach of the law*. With the dissolution of Mintbroker, any possibility of further entry or appeals of judgments against Mintbroker are also dissolved.

Plaintiffs abandoned their claims against Mintbroker by declining to submit claims in the liquidation proceedings. The Bahamian court hearing the involuntary liquidation has ruled that Mintbroker has ceased to exist. The attorneys who represent Mintbroker's (former) liquidators in this case have stipulated with Plaintiffs' counsel to dismissal of all claims that were asserted in this case against Mintbroker. Only Guy Gentile has a specious reason to challenge the jurisdiction of the Second Circuit to have heard and unanimously denied his appeals based on the hypothetical threat of infringement on the rights of a party that no longer exists (and for which he has no standing to speak). Gentile's motion is inventively frivolous.

Nonetheless, for the avoidance of doubt and in the interest of efficiency, Plaintiffs respectfully request that the Court enter an order certifying the Judgments under F.R.C.P. 54(b), *nunc pro tunc*, as district courts have done under similar circumstances to eliminate any question about the technical "finality" of judgments that have already been appealed (and affirmed).

Alternatively, or in addition, Plaintiffs propose to moot any need for Rule 54(b) certification of the Judgments by dismissing Mintbroker from this case with prejudice, as reflected in the attached Proposed Order and Stipulation of Dismissal appended as **Exhibit B.** The Court's dismissal of Mintbroker from the case with prejudice will eliminate any need for certification of the Judgments that the Second Circuit has already affirmed.

**RELEVANT BACKGROUND**

These cases were filed in 2018, following Gentile's execution of a manipulative "pump and dump" and short swing trading scheme involving Plaintiffs' stocks, from which he realized a total of approximately $12 million in illicit profits. Gentile traded the stocks through accounts held in the name of Mintbroker International, Ltd., a now-defunct Bahamian brokerage that was wholly owned by Gentile. Both Gentile and Mintbroker were named as Defendants and

were both initially represented by Adam Ford, later joined by Matthew Ford, of the firm Ford O'Brien LLP.

In 2019, when discovery in this case was pending, Gentile voluntarily commenced liquidation proceedings and then left the Bahamas, abandoning Mintbroker and ignoring the Bahamian Securities Commission's demands investigating whether Gentile operated Mintbroker as a Ponzi scheme. In March 2020, the Bahamas Securities Commission placed Mintbroker into involuntary provisional liquidation. Gentile falsely claimed that Mintbroker's liquidation precluded his access to documents that were in his possession and prevented him from complying with his discovery obligations in this case. In September 2022, while the parties were conducting discovery for the inquest on damages ordered by the Court in entering summary judgment for Plaintiffs, which was unnecessarily extended due to Gentile's false claims, Gentile also unsuccessfully sought to have the case against him dismissed for lack of jurisdiction or stayed because of Mintbroker's liquidation proceedings. (*Avalon* Dkts. 182, 190.) Gentile did not seek review of the Court's orders denying those motions in the appeal submitted to and decided by the Second Circuit.

In connection with Gentile's efforts to stay these cases, and to support his misrepresentation that he required Mintbroker to produce documents that were otherwise available to him, Gentile's counsel at the Ford firm sought to withdraw as counsel for Mintbroker. (*Avalon* Dkts. 138.) The Court denied their requests pending the appearance of substitute counsel for Mintbroker. In November 2022, Warren Gluck of the firm Holland & Knight entered an appearance for Mintbroker's liquidators and Plaintiffs filed a Suggestion of Bankruptcy as to Mintbroker. (*Avalon* Dkts. 174, 162.) This prompted the Court to stay the case as to Mintbroker, with

instructions for Mr. Gluck to provide the Court with updates on the liquidation proceedings. (*Avalon* Dkt. 178.)

In a letter to the Court filed in connection with the stay entered as to Mintbroker and in opposition to Gentile's motion to stay the case against him (which was denied), Plaintiffs' counsel advised that Plaintiffs were abandoning their claims against Mintbroker and did not intend to submit any claims in the Bahaimian liquidation proceedings. (*Avalon* Dkt. 186.) In later updates to the Court, Mr. Gluck confirmed that the deadline for submitting claims in the liquidation proceedings had expired without any claims having been submitted by Plaintiffs. (*Avalon* Dkt. 222.) Mintbroker was dissolved by Order of the Bahamas Supreme Court, entered on October 15, 2025 (**Ex. A**).

## ARGUMENT

### 1. The Judgments Should Be Certified *Nunc Pro Tunc* Under Rule 54(b)

F.R.C.P. 54 defines "judgment" to include "any order from which an appeal lies." Rule 54(b) provides that "where multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all claims or parties only if the court expressly determines there is no just reason for delay."

There is no deadline provided for parties to request Rule 54(b) certification of a judgment by the district court. *DaSilva v Indiana,* 30 F.4th 671 (7th Cir. 2022) (Rule 54(b) does not provide a deadline, and any implied deadline would be a mandatory "claims processing" rule subject to waiver or forfeiture).

Moreover, district courts are authorized to certify a previously entered judgment, *nunc pro tunc*, while an appeal from the judgment is pending without requiring dismissal or remand of the appeal. *See Corresp. Servs. Corp. v. J.V.W. Inv. Ltd., 2*32 F.R.D. 173, 175 (S.D.N.Y. 2005)

("In the absence of prejudice to the nonappealing party, this Court ... has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality") (quoting *Leonhard v. U.S.*, 633 F.2d 599, 611 (2d Cir.1980)); *see also Swope v. Columbian Chems. Co.*, 281 F.3d 185, 190–91 (5th Cir. 2002) ("Appellate jurisdiction is proper because, although the Swopes filed a premature notice of appeal, the orders appealed from were subsequently deemed final pursuant to Rule 54(b))."

The Second Circuit and other Courts of Appeals have held that an appeal from a judgment that resolves claims against "fewer than all parties" will continue if the district court grants Rule 54(b) certification or otherwise imbues the order with finality while the case is on appeal, and even after the appeal has been heard and decided. *See Kaufman & Ruderman v. Cohn & Rosenberger*, 177 F.2d 849, 850 (2d Cir. 1949) (Supplemental Order: "it is now suggested that, under Rule 54(b), the order was not appealable because the district judge did not make 'an express determination that there is no just reason for delay' … If the district judge within ten days makes such an express determination, we shall treat it as made *nunc pro tunc*, and our order of affirmance will stand; otherwise, the appeal we dismissed.")

The decision to certify a judgment under Rule 54(b) is within the discretion of the district court if some explanation is provided for the determination that "there is no just reason for delay." Plaintiffs respectfully suggest that an explanation in support of that determination may be found throughout the Court's opinion. As stated in the Second Circuits' recent summary order affirming the Court's judgments, both Your Honor and Magistrate Judge Lehrburger, who presided over the discovery hearings and damages inquest, correctly found that Gentile "repeatedly delayed this litigation through his machinations." (*Avalon* Dkt. 274 p.15; *see also* 2d Cir. Summary Order). Those "machinations" included the misconduct resulting in Mintbroker's involuntary liquidation

6

(and now dissolution) and attempting to use the liquidation proceedings to avoid liability for the pump and dump schemes he executed through Mintbroker.

To this day, Gentile continues to assert that the Court lacks jurisdiction over him or the authority to compel him to obey Court orders, all the while continuing to ask the Court (both Your Honor and Magistrate Judge Lehrburger, currently overseeing ancillary enforcement discovery) and the Court of Appeals to enter orders in his favor, as demonstrated by the instant motion disputing the so-called "finality" of the Judgments that were affirmed in an appeal that Gentile filed and lost the previous day. This type of "heads I win, tails you lose" posturing is not tolerated in federal court, particularly where judgments are appealed. *See Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 282 (2d Cir. 1997) (explaining that the fugitive disentitlement doctrine precludes civil judgment defendants from seeking appellate review of court orders with which they will refuse to comply if they lose: "We see no reason to entertain the cause of one who will respond to a judgment only if it is favorable").

As Plaintiffs stated in waiving the attorney's fees that the Court awarded to Plaintiffs as a sanction for Gentile's and his counsel's misrepresentations and misconduct throughout this litigation, "This litigation has been drawn out for far too long already, and Plaintiffs have waited long enough for Final Judgments to be entered." (*Avaloln* Dkt. 278.) At the time the Judgments were then entered, there was "no just reason" for further delay. And there is no just reason whatsoever for even further delay now that Mintbroker has been dissolved and the Court's Judgments against Gentile have been affirmed by the Second Circuit. The Judgments should be certified *nunc pro tunc* pursuant to F.R.C.P. 54(b) to remove any doubt as to their finality and avoid any further waste of judicial resources on a case that has been decided and affirmed as to one defendant and is dead as to the other.

## 2. Plaintiffs' Abandonment and/or Proposed Stipulated Order of Dismissal of Claims Against Mintbroker Moots Any Need for Certification

Although Plaintiffs request that the Court grant Rule 54(b) certification to avoid any doubt as to the finality of the Judgments that Gentile appealed and the Second Circuit affirmed, Plaintiffs also submit that Rule 54(b) certification was not required for the Judgments ordering Gentile jointly and severally liable for the short swing trading profits that he realized by and through Mintbroker, an entity he owned and controlled, and which he caused to be liquidated as a response to these lawsuits. *See Siegmund v. General Commodities Corp.*, 175 F.2d 952 (9th Cir. 1949) (a judgment of joint and several liability against one defendant is final and appealable by that defendant).

A judgment entered against "fewer than all parties" does not require certification under Rule 54(b) where claims against other parties were previously abandoned. *See Baxter v. Santiago-Miranda,* 121 F.4th 873 (11th Cir. 2024) (where claims against one defendant were expressly abandoned by plaintiff, entry of judgment dismissing claim against other defendant was a final appealable order); *cf. Cotton v. McCarthy*, 383 Fed. Appx. 26 (2d Cir. 2010) (noting that certification is not required where claims remained against additional defendants that were not properly served and "joined" in the action).

Additionally, the district court's dismissal of remaining parties with prejudice while an appeal from a judgment entered against one party is pending "imbues the judgment with finality," and permits a prematurely filed appeal to continue without Rule 54(b) certification. *See Leonhard v. U.S.*, 633 F.2d 599 (2d Cir. 1980) (district court retained jurisdiction to correct judgment appealed from to reflect the dismissal of claims against other defendants, appeal could also proceed as filed)*; see also Lovellette v. S. Ry. Co*., 898 F.2d 1286, 1289 (7th Cir. 1990) ("A judgment that becomes final while an appeal is pending can satisfy the finality requirement. For

example, the failure to certify a judgment on a separate claim as final under Rule 54(b) can be cured where the rest of the claims and parties are dismissed during the pendency of the appeal" (citing, *e.g., Baker v. Limber*, 647 F.2d 912, 916 (9th Cir.1981)); *Rivers v. Wash Cty. Bd. of Educ.,* 770 F.2d 1010, 1011 (11th Cir. 1985) ("After filing the notice of appeal, the defendants filed a motion to amend judgment, which was granted [] by the district court, to reflect the final disposition of the case as to all parties and claims in the litigation. Rule 54(b) and §1291 do not bar our jurisdiction in the present case, since the courts will consider the separate appeal of a nonfinal judgment where a subsequent judgment of the district court effectively terminates the litigation"); *Presinzano v. Hoffman-La Roche, Inc.,* 726 F.2d 105, 108–09 (3d Cir. 1984) (upholding jurisdiction to review appeal from judgment entered against one party where claims against other parties were dismissed by the district court during pendency of appeal).

Plaintiffs abandoned their claims against Mintbroker in view of the liquidation proceedings initiated in response to Gentile's flight from the Bahamas in an attempt to avoid Plaintiffs' (and the Bahamas Securities Commission's) discovery demands, as Plaintiffs' counsel confirmed to the Court when the case was stayed as to Mintbroker. (*Avalon* Dkt. 186: "Plaintiffs have lodged no claim in the Bahamas Supreme Court believing liquidation and court costs will consume the Mintbroker estate. The joint and several claims of liability against Mr. Gentile continue and are almost certainly the only claims that are worth pursuing.") In April 2023, nearly a year before the Court entered the Judgments in these cases, Mr. Gluck confirmed that Plaintiffs had not submitted a claim in the Bahaimian proceedings, which were concluding. (*Avalon* Dkt. 222.) The liquidation was completed and Mintbroker was dissolved by a Bahamian Court Order dated October 15, 2025, two weeks before the Second Circuit issued the Summary Order affirming the Court's Judgments on October 28, 2025.

In addition, or as an alternative, to entering an order certifying the Judgments for the avoidance of doubt, Plaintiffs respectfully suggest that the Court find that Rule 54(b) certification was and is not required because Plaintiffs previously abandoned their claims against Mintbroker. *See Baxter* 121 F.4th 873; *cf. Fasano v. Li*, 482 f. Supp. 3d 158 & n.3 (S.D.N.Y. 2020) (noting that Rule 54(b) certification was not required in entering judgment notwithstanding claims against additional defendants who were unserved (citing *Cotton*); *reversed & remanded on other grounds*, 47 F.4th 91 (2d Cir. 2022)).

To underscore this point and provide yet another basis for mooting any need for Rule 54(b) certification of the Judgments, Plaintiffs submit the attached Proposed Order and Stipulation of Dismissal of Mintbroker with prejudice, as agreed to by counsel for Mintbroker's former liquidators (**Ex. B**). The dismissal with prejudice of Plaintiffs' claims against Mintbroker will "imbue the Judgments" appealed from with finality and avoid any need for their Rule 54(b) certification or for further intervention by this Court or the Court of Appeals with respect to the entry or affirmation of the Judgments as final, appealable, and enforceable Court orders.

## **CONCLUSION**

For the avoidance of doubt, the Court should enter an order certifying the Judgments *nunc pro tunc* pursuant to Rule 54(b), explaining that there is no just cause for delay. Additionally, or in the alternative, the Court should find that certification of the Judgments was and is not required because Plaintiffs previously abandoned their claims against Mintbroker and Mintbroker is now dissolved. Finally, and/or as an additional alternative, the Court should enter the attached Proposed Order and Stipulation of Dismissal of Plaintiffs' claims against Mintbroker with prejudice, as agreed to by those parties pursuant to F.R.C.P. 41(a)(2), which will avoid any need for certification of the Judgments under Rule 54(b).

Respectfully submitted,

*/s/ Miriam Tauber*

_____

Miriam Tauber
David Lopez
*Attorneys for Plaintiffs*