**MIRIAM TAUBER LAW**
885 Park Ave. 2A • New York NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

November 6, 2025

**Via ECF**
Hon Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)

<u>Re</u>:              *Avalon Holdings Corp. v. Gentile*, et. al., 18-cv-7921
*Related Case:*   *New Concept Energy, Inc. v. Gentile*, et. al., 18-cv-8896

### Plaintiffs' Reply/Response to Gentile's Second Motion re: Caputo Subpoena

Your Honor:

Plaintiffs respond to Gentile's second motion to limit the documents requested in Plaintiffs' subpoena to his (purportedly former) accountant, Caputo & Associates. Gentile now complains of his accountant's being required to produce copies of Gentile's passports, driver's licenses, and other personal information.

This information is relevant to Plaintiffs' judgment enforcement efforts. Banks and financial institutions responding to Plaintiffs' third-party information subpoenas need this type of identifying information to verify whether an account owner reflected in their records is the judgment debtor, or an unrelated individual with the same name. This is a particular issue in this case because Plaintiffs are unaware of any present U.S. address for Gentile that may alternatively be used to verify that he is the account owner referred to in bank records.

Gentile's passport number is also relevant given the arrest warrant that the Court lifted without prejudice to reinstatement should Gentile refuse to comply with the order to appear in this District for a deposition by Monday, November 10, 2025. As that date approaches, Gentile has continued to file motions seeking to undercut the outstanding judgments and post-judgment Court orders, decreasing Plaintiffs' expectation that he will comply with the Court order and increasing our expectation that an application for reinstatement of the bench warrant will be necessary. Gentile's passport information will facilitate the entry and enforcement of the warrant by the U.S. Marshal, if reinstated, without further delay.

Plaintiffs remind the Court that ***the very purpose of the Protective Order that Your Honor entered at Gentile's request was to provide for disclosure of this type of sensitive confidential information*** to Plaintiffs, for judgment enforcement purposes only (including in connection with third-party subpoenas), and subject to confidentiality protections, including the obligation to redact this type of information from court filings. The entered Protective Order, *which Gentile himself proposed*, sufficiently addresses the concerns raised in his most recent motion.

Moreover, as Plaintiffs noted in their opposition to Gentile's previous motion to restrict Caputo's production, Gentile lacks standing to object to an "undue burden" imposed by Plaintiffs' third-party Subpoena to Caputo. "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP*, No. 19 Civ. 7787, 2020 WL 6323639, at *4 (S.D.N.Y. Oct. 28, 2020). Caputo's own counsel has not raised any undue burden objection.

      Although Gentile's deposition was repeatedly ordered to take place in New York City by Monday, November 10, 2025, ***Caputo has not yet produced a single document to Plaintiffs***, having deferred the entirety of their production until the resolution of the motions that Gentile has continued to file up until the last minute before his deposition deadline. Caputo's counsel has informed that Caputo otherwise stands ready to produce documents to Plaintiffs.

      Plaintiffs request that the Court deny Gentile's latest motion to restrict Caputo's production. We emphasize that Gentile can avoid disclosure of any sensitive information, and indeed any further information at all, to Plaintiffs by paying the Judgments instead.

      Plaintiffs also respectfully request that the Court enter an order requiring Caputo produce all responsive documents **by tomorrow, November 7, 2025**, so that Plaintiffs will have a chance to review the production before Gentile's deposition if he does appear by the scheduled deadline. For the avoidance of doubt, Plaintiffs request that the Court expressly order Caputo to comply with this deadline ***notwithstanding any intervening or pending motions filed by Gentile***.

Respectfully submitted,

*/s/ Miriam Tauber*

Miriam Tauber
David Lopez
*Attorneys for Plaintiffs/Judgment Creditors*

**cc:**    All registered parties/counsel (via ECF)

      Vincent Gelardi, *Law Offices of Vincent Gelardi,*
      Attorney for Caputo & Associates (via email: vg@vincentgelardi.com)