**GUY GENTILE**
Pro Se Defendant

November 7, 2025

Via ECF only

To the Hon. Denis Cote, SDNY District Court Judge
Hon. Magistrate Robert W. Lehrburger, USMJ (SDNY)

Re:   Avalon Holdings Corp. v. Gentile, et. al., 18-cv-7921;
      New Concept Energy, Inc. v. Gentile, et. al., 18-cv-8896

**LETTER MOTION FOR COMITY**
**PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Dear Judge Cote and Magistrate Lehrburger:

     Defendant Guy Gentile respectfully seeks recognition and enforcement of the automatic stay arising from his duly filed bankruptcy before the Dubai Courts under UAE Federal Decree-Law No. 51 of 2023. Upon filing, all of Defendant's assets, records, and disclosures became subject to the exclusive jurisdiction of the Dubai Court and its appointed trustee. Under UAE law, any participation in foreign proceedings without court authorization constitutes a criminal offense. Accordingly, this Court should defer to the foreign proceeding and stay all discovery—including Plaintiffs' deposition demand—until permission is obtained from the Dubai Court. In light of the government shutdown's impact on air travel and Plaintiffs' failure to provide reasonable deposition notice, further proceedings would be both unlawful under UAE bankruptcy law and practically impossible. Temporary relief is therefore necessary to honor international comity, prevent conflicting judicial mandates, and protect the integrity of both courts.

     Pursuant to Federal Rule of Civil Procedure 26(c), I respectfully submits this letter motion for entry of a comity order[1] for the recognition of my UAE Dubai Bankruptcy case, filed today by my counsel, see **Exhibit A** with translation.

*Background to Bankruptcy*

---

[1] Comity is necessitated now since only a UAE Dubai Trustee when appointed by the Dubai courts can petition for a Chapter 15 recognition or appoint their representative to so do, concerning my filing. In the interim, if necessary, I have asked in this letter motion for a protective order prior to this Court's decision on comity, which has a solid foundation to be granted as discussed herein.

1

I have cooperated fully with Plaintiffs' counsel, David Lopez and Miriam Tauber. I produced responsive documents within my possession, custody, and control after receiving a copy of the subpoena. Despite this compliance, Plaintiffs requested—and received—two additional weeks to schedule my deposition, which I agreed to, but have failed to do so to this day. No deposition has been noticed or attempted.[2]

Due to insolvency and ongoing creditor actions, namely having been issued a judgment for around $20M from the SEC Miami[3] case for the same transactions at issue here, I sought advice from counsel months ago and arranged with my Dubai attorney to file a bankruptcy petition under Federal Decree-Law No. 51 of 2023 in the Dubai Courts. Upon filing, all of my assets, records, and financial information automatically fall under the exclusive jurisdiction of the Dubai Court and its appointed Trustee. As confirmed by my Dubai attorneys, I am strictly prohibited under UAE law from producing any further documents or appearing for a deposition—whether in person or virtually—without prior written authorization from the Dubai Court and Trustee, see **Exhibit A** Legal Opinion[4] from Advocate Zelaikha Hasan AlHosani (licensed attorney before the Dubai Courts). A violation of these restrictions would subject me to criminal prosecution under the UAE Penal Code, Data Protection Law, and Bankruptcy Law, including fines and imprisonment. I cannot legally travel to or participate from the United States without risking arrest and prosecution in Dubai. See the UAE authority cited in **Exhibit A**'s Legal Opinion from Advocate Zelaikha Hasan AlHosani.

This is not an attempt to evade discovery; I stand ready to comply once authorized by the Dubai proceedings. However, absent this Court's intervention, Plaintiffs may seek a civil contempt for non-appearance, which would irreparably harm Defendant and undermine principles of international comity.[5]

On November 3, 2025, Husain Al Hashmi Auditing of Accounts, a Dubai-licensed auditing firm and member of Affilica International, submitted a Bankruptcy Assessment Report to the Honorable Dubai Court of First Instance confirming that I am insolvent under UAE Federal Decree-Law No. 9 of 2016 on Bankruptcy, see **EXHIBIT C**. The report recommends

---

[2] I previously informed Plaintiffs' counsel, David Lopez on multiple occasions that they failed to provide any confirmed date, time, or location for the deposition as required by Rule 45. Defendant also offered November 9, 2025, as an available date, but Mr. Lopez did not respond for days, until yesterday November 6, but at night for me demanding the Nov 10th, 2025. (See **EXHIBIT B** email correspondence dated November 2–3, 2025, between myself and David Lopez.)

[3] See *SEC v. MintBroker, Gentile,* CV-21079 (S.D. Fla 2021).

[4] This legal opinion is an expert evidence of UEA Dubai law; for the citation of UAE law that this legal opinion does not mention, I ask that this Court give such cited law judicial notice of such law for recognition on this motion.

[5] The Dubai bankruptcy filing under Federal Decree-Law No. 51 of 2023 provides critical protection against creditor threats and harassment, including coercive tactics such as unauthorized subpoenas or threats of arrest, by vesting exclusive control with the court-appointed Trustee (Articles 55–60). This safeguards debtors from undue pressure during insolvency, ensuring fair creditor participation through the Trustee and preventing actions that could prejudice the estate—aligning with U.S. bankruptcy principles under 11 USC §362 (automatic stay) and promoting comity by centralizing claims parallel proceeding.

initiation of formal bankruptcy proceedings, appointment of a trustee, and the freezing of non-essential asset transfers to ensure equitable creditor treatment.

**COMITY IS REQUIRED**

*Comity Was Already Granted Once in this Action*

This Court had already granted comity, without any scrutiny, upon a simple application by Warren Gluck, counsel for MintBroker, who advised that if not granted he would seek Chapter 15 recognition for the Bahamian insolvency proceedings involving his client, despite it not being a bankruptcy action in the Bahamas, but more akin to a corporate dissolution.  See DOCKET 145 [Warren Gluck letter asking for comity or he will move for Chapter 15 recognition], DOCKET 162 [Lopez Letter asking for comity] and DOCKET 168 [This court's comity order].

In *Vertiv, Inc. v, Wayne Burt PTE, LTD TGS*, No. 22-3305 (February 1, 2024), the Third Circuit clarified the appropriate test for district court deferrals to foreign bankruptcy proceedings in arriving at adjudicatory comity.  Adjudicatory comity is a discretionary act of deference to a foreign court and arises only when a matter before a U.S. court is pending in a foreign court, otherwise known as a parallel foreign proceeding.

The Third Circuit acknowledged that in the bankruptcy context, a broader definition of a "parallel proceeding" applies because the concept of related matters in U.S. bankruptcy proceedings was adopted. A civil action is related to a foreign bankruptcy proceeding if its outcome "may affect the debtor's estate,"  which it will here.

If there is an ongoing foreign bankruptcy proceeding that is related to a U.S. civil action, the party seeking comity must make a *prima facie* showing that the foreign bankruptcy law shares the U.S. policy of equal distribution of assets, and that the foreign law requires the issuance—or at least authorizes the issuance—of a stay of the U.S. civil action.

Once the above requirements are met, the U.S. court must consider the foreign proceeding's fairness to the parties and its compatibility with U.S. policy. The relevant factors to consider include equal and fair treatment of creditors and the protection of due process rights.[6]

---

[6] The Third Circuit emphasized a heavy deference to comity, effectively placing a thumb on the scale in favor of recognizing foreign bankruptcy proceedings, as Chapter 15 strongly endorses deference to foreign bankruptcy cases.
    The Second Circuit has a history of recognition of UAE bankruptcy proceedings, particularly prior to the adoption of Chapter 15 — see *Drexel Burnham Lambert Grp., Inc. v. Committee of Receivers for Awad*, 777 F.2d 877, 879–81 (2d Cir. 1985).

Although foreign proceedings do not need to mirror US Bankruptcy proceedings and rules, they must include standards of fundamental fairness; thus this being a guiding principle to US courts when determining to grant comity or recognition under Chapter 15.  See *Hilton v. Guyot,* 159 US 113 (1895) where a framework for recognizing foreign judgments based on international comity, was established. Courts look at whether there was a "opportunity for full and fair trial abroad before a court of confidence restriction, conducting the trial upon regular proceedings, after due citation, or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice." *Hilton* is one of the earliest decisions to assert that international law is part of US law.

Here, The Federal Law Decree No. 51 of 2023 came into affect in the UAE on May 1, 2020 for partially replacing the previous law Federal Decree Law No. 9 of 2016[7]; restructuring of process was enhanced, the establishment of a specialist bankruptcy unit that increased alignment with international best practices, including such practices recognized by US courts. See *Invest Bank PSC v. El-HUssein & Ors* [2023] EWCA Civ 555, an English court, like other such courts, enforced UAE judgments because they held that UAE Bankruptcy proceedings where "foreign proceedings' and "foreign main proceedings" where trustees could get a hold of debtor assets in Great Britain.  This acceptance was despite the UNCITRAL Model law was not adopted in the UAE and despite England's adoption of such law[8].   Comity does not require UNCITRAL adoption; what matters is the steps that the UAE had and has taken to bring it bankruptcy regime in line with recognized global or US standards.   Again, foreign proceedings do not need to be identical to American bankruptcy proceedings, but they must include standards of fundamental fairness.  *Cunard Steamship Company, Ltd v. Salen Reefer Services AB*, 773 F2d 452 (2nd Cir. 1985).

*Comity Demands Deference to the Pending Dubai Bankruptcy Proceeding*

The Second Circuit has long emphasized that principles of international comity require U.S. courts to defer to foreign bankruptcy proceedings that ensure fair, collective, and court-supervised administration of a debtor's estate. Comity promotes the equitable distribution

---

[7] Even under the old law, comity would occur: the Dubai Court of First Instance under UAE Federal Decree-Law No. 9 of 2016 on Bankruptcy generally aligns with US policy for comity purposes. Law No. 9 of the UAE establishes a formal insolvency regime that includes court, supervised procedures and creditor protections mirroring key concept of fairness and equitable treatment as found in US bankruptcy laws.  The 2016 UAE Law introduced bankruptcy courts and process aimed at reducing business and b lancing creditors' interest which align with US policies favoring debtor rehabilitation while underscoring a fair treatment of creditors. See Cleary Gottlieb's Emerging Markets Restructuring Journal, Issue No. 4- Fall 2017,  "The New Bankruptcy Law of the UAE: Towards a More Business-Oriented Bankruptcy Regime"by Lawale Ladapo and Mohamed Taha: " [UAE law that also applies to individuals trading for profit] is similar to the voluntary arranging schemes under English law … as it provides a scheme for a solvent debtor to avoid liquidation by agreeing with its creditors to repay all or part of its debts, pursuant to court approved settlement plan."  This 2016 law shows the Dubai Bankruptcy court balancing creditor petitions and insolvency realities with procedural rigor, all that support comity. *Id.*

[8] See Schedule 1, Cross-Border Insolvency Regulations 2006.

4

of assets, prevents conflicting judgments, and honors the sovereign interest of the foreign forum in regulating the insolvency of its residents. See *Victrix S.S. Co. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713–14 (2ndCir. 1987) (extending comity to Swedish bankruptcy by vacating U.S. attachments to avoid "piecemeal litigation" and ensure equal treatment of creditors); *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2nd Cir. 1985) (granting comity to Swedish liquidation where the foreign process was equitable and consistent with due process). This principle applies even absent Chapter 15 recognition. See *Vertiv, Inc. v. Wayne Burt PTE Ltd.*, 92 F4th 169 (3d Cir. 2024).

Here, I have formally engaged counsel to commence bankruptcy proceedings before the Dubai Court of First Instance under UAE Federal Decree-Law No. 9 of 2016 on Bankruptcy. I am represented by Advocate Zelaikha Hasan Al Hosani, a licensed UAE attorney, pursuant to a duly executed power of attorney authorizing her to act in all bankruptcy-related matters. In connection with the filing, Husain Al Hashmi Auditing of Accounts, a Dubai-based audit and insolvency firm, submitted a Bankruptcy Assessment Report dated November 3, 2025, confirming my insolvency and recommending that the Dubai Court appoint a trustee, freeze non-essential asset transfers, and notify creditors to file claims (**EXHIBIT C**).

*Recognition of the UAE Dubai Judicial System as Fair and Competent*

Federal courts have repeatedly recognized many foreign proceedings as providing fair, impartial, and competent proceedings consistent with U.S. due-process standards.
"[I]nternational comity is clearly concerned with maintaining amicable working relationships between nations, a shorthand for good neighbourliness, common courtesy and mutual respect between those who labour in adjoining judicial vineyards." J*P Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 423 (2d Cir. 2005)
Similarly, in *Drexel Burnham Lambert Grp., Inc. v. Galadari*, No. 84 Civ. 2602 (SDNY 1987) aka *Drexel IV*, this district court found " [t]he Dubai bankruptcy decree and proceedings at issue here have been shown by [the Committee] to be consistent with our basic notions of fairness and due process" and to be "fundamentally fair to all creditors," snd stayed this action pending resolution of Drexel's claims in Dubai, see *Drexel* 12 F.3d 317 (2d Cir. 1993).  Thus affirming that liquidation proceedings established by the Ruler of Dubai warranted deference absent evidence of fraud or fundamental unfairness.  *Drexel* was pre adoption of Chapter 15[9] and instructive in comity.  *Drexel* confirms that Dubai's court-supervised insolvency framework comports with American notions of fairness and does not offend domestic policy.

Here, the Dubai bankruptcy proceeding is governed by a codified statute administered by an independent judiciary, with representation by licensed local counsel and oversight will be by a

---

[9] Chapter 15 was enacted in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) to implement in the US the UNCITRAL Model Law on Cross-Border Insolvency, where its primary object is to foster cooperation between the United States and foreign courts to insure certainty in trade and investment, to protect the value of debtors assets and facilitate efficient re-organization.

**5**

court-appointed trustee. Nothing in the record suggests bias or procedural inadequacy. Accordingly, under the *Drexel* and *Cunard* line of precedent, the Dubai Court's exercise of jurisdiction over Gentile's insolvency must be afforded full comity. Any attempt to compel his appearance or production in the United States would risk a direct conflict between sovereign judicial systems and subject him to potential criminal liability under UAE law. The proper course, consistent with principles of comity and judicial restraint, is to stay this case or limit discovery until the Dubai bankruptcy has run its course and the appointed trustee authorizes further participation.

*The Dubai Bankruptcy Proceedings Are Consistent with U.S. Bankruptcy Policy*

Recognition of the Dubai bankruptcy does not conflict with any policy or principle of United States bankruptcy law. To the contrary, the proceeding before the Dubai Court of First Instance, initiated pursuant to UAE Federal Decree-Law No. 9 of 2016 on Bankruptcy, mirrors the central objectives of the U.S. Bankruptcy Code—fair and orderly administration of assets, equality among creditors, and judicial supervision of the insolvency process.

UAE Decree-Law No. 9 establishes a comprehensive and court-supervised insolvency framework analogous to Chapters 7 and 11 of the U.S. Bankruptcy Code. It provides for:
 (1) an automatic moratorium on creditor enforcement actions;
 (2) appointment of a trustee or insolvency administrator under judicial oversight;
 (3) notice and participation rights for creditors;
 (4) classification and priority of claims; and
 (5) liquidation or restructuring depending on solvency.


These provisions reflect the same foundational policies underlying 11 USC §§362, 541, and 704 *et seq.*—namely, centralized control, equitable distribution, and protection of the debtor's estate from dismemberment.

U.S. courts have repeatedly held that foreign bankruptcy systems need not be identical to the U.S. Code to merit deference—only that they be fundamentally fair and collective in nature. *Drexel*. Although foreign proceedings need not mirror American bankruptcy proceedings, they must include standards of fundamental fairness,"is a guiding principle in U.S. courts when determining whether to recognize and grant comity to foreign insolvency proceedings under Chapter 15 of the U.S. Bankruptcy Code.

This principle is rooted in the long-standing U.S. Supreme Court case *Hilton v. Guyot* (1895), which established a framework for recognizing foreign judgments based on international comity. Courts look at whether there was "an opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation

**6**

or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice".

Likewise, in *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2d Cir. 1985), the Second Circuit emphasized that comity with foreign insolvencies "serves the same goals as the U.S. bankruptcy laws—preventing piecemeal litigation and ensuring equitable distribution." See also *Victrix S.S. Co. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987) (foreign bankruptcy deference "ensures equal treatment of creditors").

Because the Dubai bankruptcy proceeding is judicially administered, ensures due process, and provides for collective treatment of creditors, it advances—rather than undermines—the public policies embodied in the U.S. Bankruptcy Code. As such, deference to the Dubai Court's authority fully accords with both international comity and U.S. bankruptcy policy. Any U.S. discovery or enforcement activity inconsistent with the Dubai proceeding would subvert, not promote, those shared principles of orderly liquidation and equitable administration.

*Consistency with the Court's Prior Comity Stay of MintBroker's Liquidation*

This Court has already stayed proceedings against co-defendant MintBroker International Ltd. after finding that MintBroker was in a court-supervised liquidation proceeding in the Bahamas, akin to a Chapter 7 liquidation under U.S. law. I am now presently in an equivalent legal posture. My ongoing liquidation under the Dubai Bankruptcy Law (Federal Decree-Law No. 51 of 2023) vests control over my estate and financial disclosures that will have a court-appointed Trustee, just as in MintBroker's case. For consistency and fairness, the same stay of discovery should apply here. Both situations involve court-supervised liquidations in foreign jurisdictions that bar independent disclosures or asset transfers without the oversight of the appointed liquidator or trustee. Compelling further discovery from me while my assets are under judicial administration would contradict this Court's prior approach, undermine international comity, and expose me to criminal liability in Dubai.

*The Request for a Protective Order in the Interim*

I seek in the interim a protective order staying or excusing any further discovery obligations under Plaintiffs' Subpoena Duces Tecum and Deposition Notice dated May 20, 2024, including further document production or deposition. This relief is necessary to prevent the issuance of any civil contempt as threatened by Plaintiffs this week- as compliance would require me to violate UAE law, exposing me to criminal penalties in Dubai, where I am a resident. I have fully complied with discovery to date and seek this protection not as a delay tactic, but due to the automatic prohibitions under UAE bankruptcy law following the commencement of my bankruptcy petition in Dubai, UAE. Please note that I am awaiting a certified translated copy of

7

relevant UAE court documents but have porvided a uncertified translation with this letter motion in **Exhibit A**.

Federal Rule of Civil Procedure 26(c) authorizes courts to issue protective orders for good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden," including when discovery would violate foreign law. Courts must balance U.S. discovery needs against foreign sovereign interests, particularly where compliance risks criminal exposure abroad.

Here, the UAE Bankruptcy Law (Articles 55–60 and 144–148) vests exclusive control over a defendant's estate with a Dubai Trustee and barring independent disclosures that could prejudice creditor claims. The attached Legal Opinion in **Exhibit A** explicitly confirms that direct compliance with this Court's subpoena without Dubai approval would violate UAE statutes, exposing Defendant to criminal penalties.

### Impossibility and Lack of Reasonable Notice Due to FAA Flight Reductions and Opposing Counsel's Delay Merit Plaintiffs' Demands be Re-Examined as Futile

Even apart from the pending Dubai bankruptcy, it is currently impossible and unreasonable to require Mr. Gentile to appear for any deposition in New York. On November 6, 2025, the FAA announced unprecedented nationwide flight reductions at forty major airports—including Newark, JFK, LaGuardia, and Teterboro—which will take effect immediately due to the ongoing government shutdown. Thousands of daily flights are being cut, and airlines such as United have already begun canceling flights to and from New York. See **EXHIBIT D**, news article informing the public of such flight reductions/cancellations.

These restrictions make travel to and from New York unduly burdensome and uncertain. Mr. Gentile resides abroad and would face significant logistical risks not only in reaching New York but also in returning home. With airspace closures, unpredictable cancellations, and an ongoing government shutdown, even a good-faith effort to appear could result in indefinite stranding or canceled return flights. The Court should not compel appearance under such extraordinary circumstances.

Mr. Lopez emailed me on November 2 asking which date I preferred for my deposition and requested that I select one. I replied the very next day, November 3, providing my available date. Despite having been informed of my availability, Mr. Lopez failed to provide any confirmed time, location, for that day, inside days later, just yesterday noticed it for Monday, the 10th. Having had ample opportunity to coordinate and still failing to act, he cannot now claim entitlement to compel a deposition on three days notice.

Under Rules 30(b)(1) and 45(d)(1), a party must provide "reasonable written notice" of any deposition to all parties of the deposition time and place; if not courts have granted

**8**

protective orders under Rule 26(c) when the notice is too short or unduly burdensome or prejudicial, to balance fairness and efficiency.

In *Podell v, Citicorp Diners Club, Inc,* 112 F3d 98, (2nd Cir. 1997), the court addressed discovery disputes under Rule 30, holding that deposition changes should be part of the record and that courts maintain authority to regulate deposition practices ensuring fairness and preventing abuse; in *Concord Boat Corp, vv. Brunswick Corp.*, 169 FRD 44 (SDNY 1996), this district court case-affirmed by 2nd circuit principles, held that protective order under Rule 26(c) may be issued to prevent overly burdensome or unfair discovery, including depositions with inadequate notice of unduly inconvenient timing or location. . By waiting until the last possible moment and then attempting to shift blame for his own inaction, Mr. Lopez has waived any right to compel compliance at this time.

Accordingly, even absent the Dubai bankruptcy stay, the combination of (1) federal flight reductions and (2) counsel's failure to confirm or notice a deposition date renders any such deposition logistically impossible, unreasonable, and legally defective. The Court should therefore sustain this Motion for Protective Order and prohibit any further attempts to compel a deposition until lawful service and reasonable logistical feasibility exist.

The Dubai proceeding thus mirrors the type of centralized, judicially supervised process that U.S. courts consistently honor. I am under a foreign court's supervision and no longer have lawful authority to produce records or appear for deposition without the Dubai trustee's consent. Compelling discovery or deposition participation here would violate the UAE bankruptcy stay, interfere with the Dubai Court's exclusive control of Gentile's estate, and create the very sovereign conflict that comity seeks to avoid.

**Request for Relief**

Plaintiffs Avalon Holdings Corp. and New Concept Energy, Inc. are listed in the Defendant's Dubai bankruptcy and will have the opportunity to pursue their claims and question the me in that proceeding under the supervision of the court-appointed Trustee. The bankruptcy causes Defendant's assets to be frozen and under the control of the Dubai Court, ensuring preservation of value and transparency. Accordingly, a stay of discovery here would not prejudice Plaintiffs in any respect but would prevent Defendant from committing an act prohibited by UAE law.

For these reasons, Defendant respectfully requests that the Court:

1. GRANTING comity to my Dubai bankruptcy proceeding;

2. Entering a protective order staying all discovery obligations, subpoenas and any motions pending resolution this letter motion for comity; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Guy Gentile
Guy Gentile, *Pro Se*
P.O. Box 504377
Dubai, United Arab Emirates
+971 58 590 2347
