# EXHIBIT A

 **الخدمات الالكترونية لمحاكم دبي**

## معلومات الطلب

| | |
|---|---|
| **رقم الطلب** | 2025/435789 |
| **حالة الطلب** | قيد تقديم الطلب |
| **نوع الطلب** | إجراءات الإعسار |
| **درجة القضاء** | ابتدائي |
| **النوع الرئيسي** | مدني |
| **مقدم الطلب** | زليخه حسن الحوسني للمحاماة والإستشارات القانونية |
| **البريد الإلكتروني** | advo-zaa@outlook.com |
| **الهاتف المتحرك** | 0507773771 |
| **الموضوع** | طلب اشهار اعسار وفقا للمرسوم الاتحادي رقم 19 لسنة 2019 |
| **مبلغ المطالبة** | 0 |
| **تاريخ تقديم الطلب الالكتروني** | |

Copyright © 2001-2025 Dubai Courts, All Rights Reserved

# English Translation

**Dubai Courts Electronic Services**

**Request Information**
Request Number: 2025/435789
Request Status: Under Submission
Request Type: Insolvency Procedures
Judicial Level: Primary
Main Type: Civil
Applicant: Zulaikha Hassan Al Hosani for Advocacy and Legal Consultancy
Email: advo-zaa@outlook.com
Mobile: 0507773771
Subject: Request for Declaration of Insolvency in accordance with Federal Decree No. 19 of 2019
Claim Amount: 0
Electronic Submission Date: (not provided)

© 2001–2025 Dubai Courts. All Rights Reserved.



**ZELAIKHA HASAN ALHOSANI**
LAWYERS & LEGAL CONSULTANCY

Date: October 23, 2025

**To: Hon. Denise L. Cote**
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

Re: Legal Opinion Regarding Subpoena Duces Tecum and Deposition Notice Dated May 20, 2024 — Guy Gentile

Dear Honorable Judge Cote,

We, Zelaikha Hasan AlHosani Lawyers & Legal Consultancy, a firm duly licensed and practicing in the United Arab Emirates (UAE), act as legal counsel to Mr. Guy Gentile, an Italian national and resident of Dubai, United Arab Emirates (the "Client").

We have been instructed to provide this updated legal opinion under the applicable laws of the UAE concerning the legality of: (i) producing or transmitting from within the UAE to the United States any of the documents and records requested in the Subpoena Duces Tecum and Deposition Notice issued on May 20, 2024, in Avalon Holdings Corp. v. Guy Gentile, Case No. 18 Civ. 7291 (DLC) (RJL), United States District Court for the Southern District of New York (the "Subpoena"); and (ii) the Client's appearance, whether in person or virtually, for the deposition commanded by the Subpoena. This opinion also addresses recent actions by Plaintiffs' counsel, David Lopez and Miriam Tauber, which constitute illegal and criminal conduct under UAE law, and how such tactics are expressly prohibited and nullified by UAE bankruptcy protections.

This opinion is based on our review of the Subpoena, including Schedule A thereto; relevant UAE federal and emirate-level legislation; judicial precedents; the Client's factual circumstances, including his ongoing bankruptcy proceedings before the Dubai Courts; and additional evidence of misconduct by Plaintiffs' counsel, such as falsified publication attempts, unauthorized internet posts, and defamatory communications. All opinions herein are rendered in accordance with UAE law as of the date hereof.

1. **Jurisdictional Context**

1



زليخـه حسـن الحـوسـنـي
ZELAIKHA HASAN ALHOSANI
LAWYERS &LEGAL CONSULTANCY | للمحاماة والاستشارات القانونية

The Client is domiciled in the Emirate of Dubai, UAE, where the majority of his personal, corporate, financial, and other records referenced in the Subpoena are physically located or digitally stored. Under UAE law, all data, property, documents, and assets situated within UAE territory fall under its exclusive sovereign jurisdiction. Their use, disclosure, export, or any action affecting them is strictly governed by UAE domestic laws, including but not limited to those pertaining to civil procedure, data protection, banking secrecy, penal sanctions, defamation, and bankruptcy.

The UAE operates under a civil law system influenced by Islamic Sharia principles, with federal laws applying nationwide and supplemented by emirate-specific regulations in Dubai. Foreign judicial orders, such as the Subpoena, have no extraterritorial effect in the UAE absent compliance with UAE procedural requirements.

### 2.  Prohibition on Direct Compliance with Foreign Judicial Orders

Pursuant to Articles 222–225 of Federal Law No. 11 of 1992 (as amended) on Civil Procedure (the "Civil Procedure Code"), the UAE does not recognize or enforce foreign subpoenas, summonses, or other judicial directives directly. Any request from a foreign court for evidence, testimony, or document production located in the UAE must be channeled through formal diplomatic means, typically as a Letter Rogatory submitted via the U.S. Department of State to the UAE Ministry of Justice. The Ministry then refers the matter to the competent UAE court (in this case, the Dubai Court of First Instance) for discretionary review and potential execution under UAE law.

Direct compliance by the Client with the Subpoena—whether through document production, transmission, or appearance for deposition—would bypass this mandatory process and constitute an unlawful circumvention of UAE sovereignty. Such actions could expose the Client to civil and criminal liabilities, including fines, imprisonment, or both, under the UAE Penal Code (Federal Decree-Law No. 31 of 2021, as amended).

### 3.  Data Protection and Confidentiality Restrictions

The Federal Decree-Law No. 45 of 2021 on the Protection of Personal Data (the "PDPL") regulates the processing, disclosure, and cross-border transfer of personal data, defined broadly to include any information relating to an identifiable individual, such as financial, corporate, or proprietary records. Article 22 of the PDPL prohibits the transfer of personal data outside the UAE unless: (i) the destination country is deemed to offer "adequate" protection by

2



زليخـه حسـن الحـوسـنـي
ZELAIKHA HASAN ALHOSANI
LAWYERS &LEGAL CONSULTANCY | للمحاماة والاستشارات القانونية

the UAE Data Office (the United States is not currently recognized as such); (ii) explicit safeguards are in place; or (iii) the transfer is authorized by UAE law or a competent UAE court.

Additionally, Article 379 of the Penal Code criminalizes the unauthorized disclosure of confidential information, including financial or personal data, with penalties up to one year imprisonment and/or fines exceeding AED 100,000. Banking and financial records are further shielded by Federal Law No. 14 of 2018 on the Central Bank and Organization of Financial Institutions, which mandates secrecy unless overridden by a UAE court order.

These restrictions apply even to the Client's own data, as the laws prioritize national sovereignty and data security over individual autonomy in cross-border contexts.

### 4. Application to Subpoena Categories (Items 1–26 in Schedule A)

We have meticulously reviewed Schedule A of the Subpoena, which demands production of 26 categories of documents spanning financial accounts, securities, cryptocurrencies, tax returns, corporate records, real estate deeds, insurance policies, and other assets or liabilities from August 13, 2018, onward. Each category implicates protected data under UAE law:

Financial and banking records (e.g., Items 1–4, 6, 11–12, 16–17, 20–21, 24, 26): These constitute confidential banking data under the Central Bank Law and personal data under the PDPL, prohibiting disclosure or export without UAE judicial approval.

Corporate, trust, and proprietary documents (e.g., Items 9, 15, 23, 25): Governed by Federal Law No. 32 of 2021 on Commercial Companies and the PDPL, these require court oversight for any external release.

Property and asset records (e.g., Items 5, 7–8, 10, 13–14, 18–19, 22): Subject to real estate laws (e.g., Dubai Law No. 7 of 2006) and PDPL protections against unauthorized transfer.

In sum, none of the requested materials may be lawfully produced, copied, or transmitted from Dubai to the United States without prior UAE authorization. Any attempt to do so would violate the aforementioned laws and invite severe penalties.

### 5. Impact of Ongoing Bankruptcy Proceedings on Document Production and Deposition Appearance

3



زليخــه حســن الحـوسـنـي
ZELAIKHA HASAN ALHOSANI
LAWYERS & LEGAL CONSULTANCY | المحاماة والاستشارات القانونية

The Client is currently subject to bankruptcy proceedings before the Dubai Courts, which were filed and are actively progressing as of this date. Pursuant to Federal Decree-Law No. 51 of 2023 (amending Federal Decree-Law No. 9 of 2016 on Bankruptcy, the "Bankruptcy Law"), upon filing, all of the debtor's assets, records, and estate fall under the exclusive jurisdiction and control of the Dubai Court and a court-appointed Trustee.

Under Articles 55–60 and 144–148 of the Bankruptcy Law:

- The Trustee assumes control over the debtor's entire estate, including all documents, records, and data related to assets, liabilities, income, or expenses. The debtor is divested of authority to manage, dispose of, or act upon these without the Trustee's express consent and court approval.
- Any action by the debtor that could affect the estate—such as producing documents, testifying about assets, or engaging in proceedings that might influence creditors' claims—is prohibited without prior authorization. This ensures the integrity of the bankruptcy process and protects creditors' interests collectively, rather than allowing individual creditor actions.

Regarding document production: The Subpoena's demands directly pertain to the Client's estate. Only the Trustee may access, review, or petition the Dubai Court for permission to release such records. The Client lacks legal capacity to comply independently, and any unauthorized action would constitute a breach of the Bankruptcy Law, potentially leading to sanctions under Article 201 (fines up to AED 100,000 and/or imprisonment).

Regarding appearance for deposition: The Subpoena commands the Client's appearance on July 1, 2024, at 10 a.m., either in person in New York or virtually via Zoom, for examination under oath on matters relevant to judgment satisfaction. This deposition inherently concerns the Client's assets, income, and estate—matters now under the Trustee's and Dubai Court's exclusive control.

**Under the Bankruptcy Law:**

- The debtor is restricted from taking any independent action that could impact the estate, including providing testimony or disclosures that might reveal, value, or affect assets (Articles 55 and 144). Such actions require Trustee consent and court approval to avoid prejudicing the bankruptcy proceedings.

4



ZELAIKHA HASAN ALHOSANI

- Upon bankruptcy filing, the Dubai Court may impose (and often does) a travel ban on the debtor (under Article 148 and related judicial discretion), prohibiting departure from the UAE without court permission. Traveling to New York for an in-person deposition would violate this ban, exposing the Client to arrest upon return or other penalties.
- Even a virtual appearance from Dubai would entail disclosures about the estate, which the Client is legally barred from making without authorization. The deposition's subject matter—satisfaction of the U.S. judgment—directly intersects with the bankruptcy estate, rendering it an action affecting creditor claims and thus requiring Trustee/Dubai Court consent.

In essence, the estate is under the control of the Dubai Court and Trustee, not the Client. Any participation in the deposition without their approval would contravene UAE law, potentially invalidating aspects of the bankruptcy process and subjecting the Client to civil contempt or criminal charges.

The Bankruptcy Law is specifically designed to protect debtors from harassing or unilateral tactics by individual creditors, ensuring all claims are handled equitably through the Trustee and court-supervised process. Actions that attempt to circumvent this—such as direct demands, false publications, or defamatory communications— are null and void, and may trigger criminal liability (as detailed in Section 7 below).

## 6. Lawful Methods for Foreign Access or Compelled Appearance

To lawfully obtain the requested documents or compel testimony:

- Submit a Letter Rogatory through diplomatic channels to the UAE Ministry of Justice, which may refer it to the Dubai Court for execution (Civil Procedure Code, Articles 222–225).
- Alternatively, the Trustee may petition the Dubai Court for authorization to release specific records or permit the Client's participation in foreign proceedings, subject to court discretion.

Absent such processes, the Client is legally precluded from compliance.



زليخــه حســن الحــوسـنــي
ZELAIKHA HASAN ALHOSANI
LAWYERS LEGAL CONSULTANCY | المحاماة واستشارات القانونية

### 7. Misconduct by Plaintiffs' Counsel Constituting Illegal and Criminal Conduct Under UAE Law

Recent actions by Plaintiffs' counsel, David Lopez and Miriam Tauber, in attempting to enforce the Subpoena within UAE territory, constitute illegal and potentially criminal conduct under UAE law. These actions not only violate UAE sovereignty but also directly interfere with the Client's bankruptcy proceedings, undermining the protections afforded by the Bankruptcy Law. As a lawful resident of Dubai, the Client is entitled to full protection under UAE laws against such extraterritorial harassment.

Specific instances of misconduct include:

- Falsified Publication in Gulf News: Mr. Lopez submitted a sworn affidavit to the U.S. Court claiming publication of the Subpoena in Dubai's Gulf News newspaper as a means of "service" (as referenced in ECF filings). However, this publication was later admitted by Mr. Lopez to be "botched" and unsupported (ECF Nos. 354, 359), meaning it was either fabricated or never properly executed. Under UAE law, such false representations intended to enforce a foreign order constitute fraud and forgery, punishable under Articles 275–279 of the Penal Code (penalties include imprisonment up to 10 years and fines). Moreover, attempting unauthorized "service" via publication in the UAE without Dubai Court approval violates the Civil Procedure Code (Articles 222–225) and amounts to an illegal circumvention of judicial process.

- Unauthorized Internet Posts by Ms. Tauber: Ms. Tauber attempted "service" by posting the Subpoena on social media accounts purportedly linked to the Client. These actions involve the unauthorized use and dissemination of personal data, violating the PDPL (Articles 4, 22–23), which prohibits processing or sharing personal information without consent or court authorization. Such posts also constitute harassment and invasion of privacy under Article 378 of the Penal Code, with penalties including fines up to AED 500,000 and/or imprisonment. As these actions targeted a Dubai resident, they fall under UAE jurisdiction and expose Ms. Tauber to criminal prosecution in Dubai.

- Defamatory Email from Ms. Tauber: On October 9, 2025, Ms. Tauber sent an email to the Client stating, inter alia: "Your decision to remain in and litigate from Dubai, outside of the jurisdiction of U.S. courts, is what makes you a fugitive." This false accusation of being a "fugitive" is defamatory under Article 372 of the Penal Code, which criminalizes

6



زليخــه حســن الحـوســنــي
ZELAIKHA HASAN ALHOSANI
LAWYERS LEGAL CONSULTANCY | للمحاماة والاستشارات القانونية

statements that expose a person to public hatred, contempt, or ridicule, with penalties up to two years imprisonment and/or fines exceeding AED 20,000. Labeling a lawful Dubai resident as a fugitive in writing, especially in the context of ongoing legal proceedings, constitutes actionable defamation and harassment. This communication also attempts to coerce compliance with the Subpoena, which is prohibited under UAE law without judicial authorization.

These actions are not mere procedural missteps but deliberate attempts to harass and pressure the Client outside the lawful channels required by UAE law. The Bankruptcy Law explicitly protects debtors from such tactics: Under Articles 21–25 and 144, a moratorium (automatic stay) is imposed upon filing, prohibiting creditors from any individual enforcement actions, including demands for information, threats, or coercive communications that could affect the estate. Violations of the moratorium are sanctionable under Article 201, with fines up to AED 100,000 and potential imprisonment. Furthermore, any "service" or enforcement attempts by foreign creditors during bankruptcy are null and void, as all creditor interactions must route through the Trustee.

By engaging in these illegal activities, Plaintiffs' counsel have exposed themselves to criminal liability in the UAE, including potential arrest warrants if they enter UAE territory. The Client, as a protected debtor, cannot respond to or comply with demands arising from such misconduct without violating bankruptcy protections. These tactics underscore the necessity of diplomatic channels for any foreign enforcement, as direct actions infringe on UAE sovereignty and debtor rights.

## 8. Conclusion

In our professional opinion, under UAE law:

- The Subpoena has no legal effect in the UAE and cannot be directly enforced.
- The Client is prohibited from producing or transmitting any subpoenaed documents from Dubai without UAE judicial authorization, as this would violate the Civil Procedure Code, PDPL, Penal Code, Central Bank Law, and Bankruptcy Law.
- The Client is similarly barred from appearing for the deposition, in person or virtually, due to the bankruptcy's restrictions on actions affecting his estate, potential travel bans, and the requirement for

7



Trustee/Dubai Court consent. Violations could result in criminal penalties, including fines and imprisonment.

- Authority over the estate resides solely with the Trustee and Dubai Court, not the Client.
- Actions by Plaintiffs' counsel, including falsified publications, unauthorized internet posts, and defamatory emails, constitute illegal and criminal conduct under UAE laws (e.g., Penal Code Articles 275–279, 372, 378; PDPL; Bankruptcy Law moratorium). These tactics are designed to harass and coerce, but are nullified by bankruptcy protections, which shield debtors from individual creditor aggression.

We recommend pursuing the aforementioned diplomatic or judicial channels for any further action and advise that any continued misconduct by Plaintiffs' counsel may warrant reporting to UAE authorities for criminal investigation. This opinion is provided in good faith and may be relied upon in the U.S. proceedings.

For and on behalf of

Zelaikha Hasan AlHosani Lawyers & Legal Consultancy

Dubai, United Arab Emirates

By: _____

Zelaikha Hasan AlHosani

Advocate Licensed Before the Dubai Courts

Note: This opinion is intended to be filed before the Hon. Court by Zelaikha Hasan AlHosani Lawyers & Legal Consultancy.

8