**Guy Gentile (pro se)**
P.O. Box 504377
Zamurda Trading Building Complex
Dubai, United Arab Emirates

**VIA ECF**
Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Avalon Holdings Corp. v. Guy Gentile*, 18-cv-7291 (DLC) (RWL)
Date: October 14, 2025

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' NOVEMBER 13, 2025 LETTER (ECF 465)**

Dear Judge Cote:

I respectfully move to strike Plaintiffs' November 13, 2025 letter (ECF 465). While I do *not* object to Plaintiffs' request for a 30-day extension, the remainder of their letter is improper, violates this Court's practices, and serves a a collateral attack aimed at undermining my pending motion through inflammatory rhetoric and personal attacks. All portions of the letter other than the extension request should therefore be stricken.

**1. Plaintiffs' Letter Violates Judge Cote's Individual Practices**

Judge Cote's rules do not permit a party to file a scheduling request embedded inside a multi-page merits brief. Plaintiffs' letter: reargues issues already pending before the Court; attacks the legitimacy of my Dubai insolvency proceeding; attempts to rebut my jurisdictional and comity arguments; and re-litigates issues now on appeal.

This is not a "request for more time."  It is a premature opposition brief disguised as a scheduling letter, which the rules do not allow.

**2. The Letter Is an Unauthorized Sur-Reply Intended to Sabotage My Motion**

My protective order/comity motion is fully submitted. Plaintiffs' November 13 letter attempts to: answer my arguments, portray their own misconduct as irrelevant, frame disputed

facts as established, and undermine my motion before filing an answer before its court ordered time to so do-and this also effectively gives then two bites to the apple.

### 3. Lopez's Repeated Personal Attacks on Me Are Inappropriate and Prejudicial

As a *pro se* litigant, I am entitled to respond to substantive arguments only when the Court permits. Plaintiffs' letter is filled with personal accusations—most notably, repeated references to me as a "fugitive."

This language is false, inflammatory, and designed solely to poison the well. I was never properly served under the Court's August 29, 2024 Order with the required subpoena, now under appeal. Plaintiffs' counsel admitted under oath that his affidavit of publication was false. A person cannot be a "fugitive" from a proceeding where service never occurred.

It is Lopez—not me—who is the admitted liar. He has acknowledged submitting a sworn affidavit to this Court that was untrue. His attempt to distract the Court by labeling me a "fugitive" is both improper and an abuse of advocacy.

### Requested Direction to Plaintiffs' Counsel

I respectfully request that the Court direct Mr. Lopez to cease referring to me as a "fugitive" in filings, as the term is factually incorrect, defamatory, prejudicial, and inconsistent with his own admitted conduct.

I am a *pro se* litigant responding from abroad. Plaintiffs' repeated use of false labels is designed to prejudice me in the eyes of the Court, the Second Circuit, and other courts and should not be permitted.

### 4. Plaintiffs Have Already Received Extensions and Continue to Abuse Letter Practice

The Court *previously granted Plaintiffs an additional two-week extension* to respond to an earlier letter motion. Instead of using that extension to file a proper opposition, Plaintiffs now attempt to use another scheduling letter as a vehicle for merits argument and personal attacks, buying time for the SEC to intervene or decide to intervene. I welcome the SEC's intervention here for whomever that may be relevant, and Mr. Lopez's lobbing of these types of surreptitious threats do not have his targeted effect because I do not back away from any fight, especially from the government if it is false. If Mr. Lopez is threatening the SEC's supposed desire to come to N.Y. to abuse me as *pro se* litigant, it does not change the rules on how any federal court must treat self-represented parties, especially when faced with extremely sophisticated and stealthy attorneys.

This pattern of noncompliance—including the service fraud that resulted in the original civil arrest warrant—shows that further improper filings should not be tolerated.

5. Relief Requested

For these reasons, I respectfully request that the Court:

1. Strike Plaintiffs' November 13, 2025 letter (ECF 465) in its entirety except for the single paragraph requesting a 30-day extension;

2. Direct Plaintiffs to raise all substantive arguments only in their formal opposition brief;

3. Prohibit further unauthorized supplemental letter-briefing; and

4. Direct Plaintiffs' counsel to refrain from referring to me as a "fugitive," given the absence of valid service and counsel's own admitted misrepresentations to this Court;

5. In the alternative, if the court deems I need to reply to this letter, I request that the court grant me more time to reply.

I do not oppose the request for a 30-day extension, but the remainder of Plaintiffs' submission is improper, prejudicial, and violative of this Court's procedures.

Respectfully submitted,


/s/ Guy Gentile
Guy Gentile (Defendant, pro se)

cc: All counsel of record (via ECF)