**Guy Gentile**
P.O. Box 504377
Zamurda Trading Building Complex
Dubai, United Arab Emirates

**November 24, 2025**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Avalon Holdings Corp. v. Gentile*, No. 18-cv-7291 (DLC)
*New Concept Energy, Inc. v. Gentile*, No. 18-cv-8896 (DLC)
— **Motion to Strike Document 472 as an Unauthorized Motion for Reconsideration**

Your Honor:

Defendant Guy Gentile respectfully moves to strike Document 472, the November 23, 2025 filing submitted by attorney David Lopez. Though styled as a "letter," the submission is, in substance, an unauthorized, procedurally defective, and untimely motion for reconsideration of this Court's November 21, 2025 Order (Doc. 471). It should be rejected for that reason alone.

**I. Lopez's Submission Is a Motion for Reconsideration, and an Improper One**

On November 21, 2025, this Court granted my request for leave to submit materials *in camera* and established clear deadlines for the filing of proposed redactions and unredacted submissions. Two days later, Mr. Lopez submitted Document 472, which directly challenges the Court's ruling. His submission seeks to undo the effect of the Court's Order, relitigate issues the Court has already addressed, and replace legal argument with inflammatory narrative.

This filing meets every definition of a motion for reconsideration, yet it complies with none of the governing rules. Mr. Lopez filed no notice of motion, cited no rule authorizing reconsideration, supplied no memorandum of law, presented no controlling decisions that the Court overlooked, and offered no justification for departing from Local Civil Rule 6.3, Rule 59(e), or Rule 60(b) and failed to meet and confer. His submission is therefore procedurally void and must be stricken.

**II. Lopez Identifies No New Facts That the Court Did Not Already Consider**

Document 471 was issued after the Court reviewed my *in camera* request (Doc. 470), my explanation of safety risks arising from my past cooperation with the FBI, and the procedural requirements surrounding redactions. Mr. Lopez's filing presents no newly discovered facts, no

change in controlling law, no clear error, and no suggestion of manifest injustice. It merely repackages the same personal attacks he has been repeating for years—matters this Court is already familiar with and has already deemed irrelevant. As he has offered nothing the Court did not already consider, his submission fails at the threshold.

**III. Lopez's Process Violates the Rule of Law**

Mr. Lopez's filing disregards the fundamental structure of federal motion practice. Instead of submitting a proper motion with supporting documents, he attempted to smuggle a reconsideration request through a "letter" laced with innuendo, falsehoods, and tabloid-style allegations. Mr. Lopez also failed to conduct any meet-and-confer whatsoever before seeking to challenge the Court's order, violating Local Rule as well as Judge Cote's individual chamber's rules that require that parties attempt to resolve or narrow disputes before burdening the Court. Much of Mr. Lopez's submission reads less like a legal filing and more like a script tailored for Netflix, not a federal court. I have repeatedly raised concerns about the theatrical and inflammatory rhetoric he uses in place of legal argument, and it is time for this conduct to be addressed. Federal courts cannot operate under a regime where litigants circumvent the Federal Rules of Civil Procedure and Local Rules through informal letter-briefing. The orderly administration of justice depends on adherence to rules, not theatrics, and for that reason alone, Document 472 should be rejected.

**IV. Response to Lopez's False and Irrelevant Allegations**

Although the Court need not consider the substance of Mr. Lopez's improper filing, I briefly address his misstatements for the sake of a clear record. His characterization of the decade-old DOJ matter is false. I have always denied any wrongdoing. Any individuals he labels as "co-conspirators" were mostly people I interacted with while under federal authorization and immunity. The lead FBI agent later confirmed the DOJ had no evidence and that then-AUSA used coercive tactics solely to pressure cooperation. The government never appealed because the allegations were baseless. Mr. Lopez's retelling is simply a smear.

His claims about the recording incident are also wrong. I recorded only because I was being pressured to give false statements to the FBI Internal Affairs and because an SEC employee was leaking informant identities, placing me at risk. The recording protected me and the integrity of ongoing operations. It has no relevance here.

His insinuations about "The Ghost" are equally false. "The Ghost" is a documented individual whose identity, photograph, and fingerprints I provided to federal authorities. This is part of the public record of my 2016 sworn DOJ affidavit. Suggesting otherwise is knowingly misleading.

Finally, Mr. Lopez's decision to cite a decades-old personal incident from Nassau—where a former girlfriend drove a car into a pool—has no conceivable relevance to

these proceedings. If anything, it reflects more about Mr. Lopez's preoccupation with ancient tabloid stories than it does about any legitimate legal issue before this Court.

Mr. Lopez's claim that I am "hiding" my Dubai address is not only false—it is knowingly false. He is already in possession of the Dubai tenancy contract I produced in discovery on October 24, 2025, issued by the Dubai Land Department, which plainly shows that I am a tenant and that a third party is the landlord and owner of the property. Despite having this document, Mr. Lopez represented to the Court that my "residence" is an "asset likely subject to liquidation at public auction," a statement directly contradicted by the evidence in his own possession. This is not advocacy; it is a deliberate misrepresentation of fact to the Court.

Mr. Lopez's attempt to obtain or publicly reference my Social Security number is improper, violates Federal Rule of Civil Procedure 5.2, and directly contradicts the Protective Order issued by Magistrate Judge Lehrburger on October 20, 2025, which expressly prohibits disclosure of confidential identifying information—including Social Security numbers—without redaction or court authorization.

Furthermore, Mr. Lopez is well aware that Your Honor has ordered me to provide supplemental Dubai bankruptcy documentation by December 5, 2025, and I will comply fully. Rather than respect that process, he attempted to interfere with it by filing an inflammatory document two days after the Court issued its Order.

**V. Lopez Is Attempting to Interfere With the Court-Ordered *In Camera* Process**

This Court has already established that I must file proposed redactions by December 3 and provide unredacted copies to Chambers by December 5. Mr. Lopez's submission is a transparent attempt to derail or influence that process prematurely. The schedule is set. I will comply. His effort to circumvent Your Honor's Order is improper and further supports striking Document 472.

**Conclusion**

For all the reasons stated above, Defendant respectfully requests that the Court strike Document 472 as an unauthorized, procedurally invalid motion for reconsideration, disregard its contents as improper and irrelevant, and permit Defendant to proceed under the schedule established in Document 471.

Respectfully submitted,

/s/ Guy Gentile
Guy Gentile, Defendant, Pro Se

cc: ECF