**Guy Gentile**
P.O. Box 504377
Dubai, United Arab Emirates

November 25, 2025

**Hon. Robert W. Lehrburger**
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Avalon Holdings Corp. v. Gentile, No. 18-cv-7291 (DLC)(RWL)
**Re: Response to Plaintiffs' November 25, 2025, Filing (Dkt. 473)**

Your Honor:

    I submit this letter in response to Mr. Lopez's November 25, 2025, filing (Dkt. 473). His submission is improper, misleading, and continues the same pattern of abusive litigation conduct that has already resulted in sanctions proceedings before Judge Cote.

    At 10:13 AM EST on November 25, 2025, Mr. Lopez emailed me stating that "the Local Rules require a pre-motion conference," and expressly wrote that I should respond "in the next day or two" to schedule a conference. A true and correct copy of that email states:

> "On Tuesday, November 25th, 2025 at 10:13 AM, davidlopezesq@aol.com wrote:
>
> Mr. Gentile --
>
> Plaintiffs propose to move to compel you to produce documents you state are not in your custody or control. By that I presume you mean that your filing for bankruptcy has given exclusive control of the documents to the appointed bankruptcy trustee or liquidator.
>
> There is also the matter of your tax returns. We asked fo all returns for years 2018 thru now, not just returns prepared bt Mr. Caputo.
>
> The Local Rules require a pre-motion conference among the parties. I presume you stand by your interpretation of the facts as they now present themselves and plaintiffs stand by their belief you are required to comply with their request.
>
> Shall we confer at a time of your suggestion or may I inform the court that we have conferred and have not reached agreement? Please respond in the next day or two.
>
> David Lopez"

    Instead of waiting the "day or two" he himself set — or even a reasonable amount of time — Mr. Lopez filed his letter with the Court barely two hours later. He filed without any response from me, without attempting to schedule a call, and without warning that he intended to file immediately. Mr. Lopez did not disclose these facts to the Court. This was not a meet-and-confer.

Page 1

This was a premeditated ambush, using the conferral requirement as a tactical shield while actively bypassing the process he invoked. The Local Rules do not authorize a party to demand a conference "in the next day or two" and then file with the Court two hours later. This conduct is unmistakably bad faith.

For avoidance of doubt: I have already addressed Mr. Lopez in my objections and response on October 23, 2025. I do not have possession, custody, or control of any additional personal IRS tax returns beyond what has already been produced. Rule 34 does not require a litigant to explain the absence of documents that are outside his possession, custody, or control. Plaintiffs' demand that I, a *Pro Se* litigant, "explain" tax filings in open court, and their suggestion that this Court should "reserve the right to have the IRS assist," is wholly inappropriate. It has no legal basis and serves only to intimidate and harass. The Federal Rules do not authorize a litigant to weaponize IRS-themed threats to create leverage in a civil discovery dispute. The request should be rejected outright.

Equally concerning is what Mr. Lopez did not tell Your Honor: he knows I am in active bankruptcy proceedings in Dubai. Defendant has already submitted an application for recognition/comity of the Dubai bankruptcy proceedings, which is presently before the District Court (Hon. Denise Cote). Plaintiffs' November 25, 2025 submission operates as an improper end-run around that pending request, inviting this Court to treat the Dubai proceedings as a nullity before Judge Cote determines whether comity will be afforded.

He knows creditor enforcement and document turnover are stayed under UAE bankruptcy law. Despite this, he continues to demand documents and submits filings as if the foreign bankruptcy proceedings simply do not exist. By withholding this material context from Your Honor, and by framing the absence of documents as "noncompliance[1]," Mr. Lopez is not litigating — he is harassing.

Mr. Lopez's ambush filing fits into the well-established pattern already before this Court: submitting a false affidavit of alternative service; falsely representing that publication occurred in Gulf News; obtaining a civil arrest warrant through defective and fraudulent service; and repeatedly weaponizing procedural mechanisms for strategic advantage. He now adds a new tactic: pretending to initiate a meet-and-confer, then immediately filing without waiting for a response, so he can claim compliance while avoiding the actual discussion. This demonstrates not merely sloppiness or oversight — but intentional misuse of the Court's processes.

**I respectfully request that the Court:**

1. Disregard Plaintiffs' November 25 submission as procedurally improper,
2. Admonish Mr. Lopez for misusing the meet-and-confer requirement, and
3. Consider whether further sanctions are appropriate under the Court's inherent authority.

---

[1] Mr. Lopez has had the responsive documents I provided since October 2025. He never raised a single concern about them until now. His sudden "request" serves no legitimate purpose; it is plainly an effort to harass a pro se litigant currently in bankruptcy with a pending comity request.

Respectfully submitted,

/s/ Guy Gentile
Defendant, *pro se*

cc: ECF