UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE BENCH WARRANT**

Plaintiffs' motion to reinstate the civil bench warrant is built on demonstrably false assertions, omissions, and contradictions that collapse under even minimal scrutiny. The Court ordered a clear sequencing in its November 18, 2025 Order (Dkt. 466): I was to submit Dubai bankruptcy disclosures by December 5, and only then would the Court consider comity and enforcement. I complied early—on December 2—submitting the case number, initiating petition, certified translation, domicile documentation, and a sworn UAE legal opinion confirming that UAE law prohibits independent disclosure or deposition outside the supervision of the Dubai Court and trustee.

Page 1

Rather than address any of that evidence, Plaintiffs ignored the Court's sequencing and filed a motion premised on misstatements about the deposition date, the bankruptcy notice, and my residence. Their position is directly contradicted by contemporaneous emails, a building-issued access pass, and their own prior representations to other courts—including a federal filing in Puerto Rico in which Plaintiffs' counsel affirmatively represented that Defendant "is a natural person resident and domiciled in Dubai, The United Arab Emirates."

Plaintiffs now attempt to reverse that position solely to revive a warrant obtained through defective service, false affidavits, and a publication that never occurred. Their motion is not a good-faith request for relief; it is a transparent effort to sidestep the Court's November 18 Order and to provoke an arrest despite the existence of a pending foreign bankruptcy stay, established domicile, and documentary evidence of compliance. The motion should be denied.

On November 18, 2025, the Court issued an Order Dkt. 466 vacating the then-pending briefing schedule on Defendant's comity motion and directing me to provide specific disclosures by December 5, 2025 concerning his Dubai bankruptcy case and domicile. The Court expressly stated that it would not consider the comity motion until those disclosures were made.

On December 2, 2025—three days before the Court's deadline—I submitted my declaration and supporting documentation in compliance with Dkt. 466 the Order, both through the *Pro Se* Intake Unit for filing and by providing unredacted courtesy copies directly to chambers, as the Order required. Those materials include: (i) the case number and court information for the Dubai bankruptcy; (ii) a copy and translation of the initiating filing; (iii) evidence of my Dubai residence and domicile.

In substance, Plaintiffs submitted a motion to reinstate a bench warrant see. Dkts. 477 and 478 operate as an improper, back-door motion for reconsideration of Dkt. 466, without meeting the standards for reconsideration and without engaging the information the Court ordered. They are also based on factual assertions that are inconsistent with contemporaneous written communications, including emails and a building-issued access pass that does not show any agreed to deposition date.

I have complied with Dkt. 466, the Court Order. I further submit that the manner in which Plaintiffs' counsel has proceeded—ignoring the Court's sequencing, making factual statements at odds with the written record, and multiplying motion practice through his letter motions around issues the Court has already ordered to be briefed in an orderly way, is disrespectful to the court and is severely prejudicial to me.

## PROCEDURAL BACKGROUND

On August 29, 2024, the Court granted Plaintiffs' motion for a civil bench warrant as an enforcement measure, while also requiring notice by publication in *The Gulf News* in Dubai as a due-process safeguard. Plaintiffs later begrudgingly acknowledged that the court-ordered publication never occurred.

On November 7, 2025, I filed for bankruptcy protection in Dubai, United Arab Emirates[1]. I notified this Court of the foreign proceeding and sought comity, including a stay of further enforcement to allow the Dubai Court and trustee to administer his estate. I notified the Court

---

[1] In the months leading up to the November 7, 2025 bankruptcy filing, I engaged in extensive efforts to resolve his debts without resorting to insolvency proceedings. Beginning in early September 2025, I sought bankruptcy consulting, retained UAE counsel, and underwent a detailed financial audit to determine whether a consensual resolution was possible. I also attempted to settle with his major creditors, but despite those efforts, no agreement could be reached. The Dubai petition was therefore the product of a sustained, months-long process—not an abrupt or strategic filing.

and opposing counsel of my Dubai bankruptcy filing immediately upon submission, on November 7, 2025. See Dkt. 461 and I also emailed Mr. Lopez on November 9, 2025, see **Exhibit. A p4.**

On November 18, 2025, Judge Cote entered an Order Dkt. 466 that:

1. Vacated the existing briefing schedule on the comity motion;
2. Directed me to submit, by December 5, 2025, a declaration identifying:
   a. the Dubai court and case number;
   b. the trustee or insolvency administrator;
   c. the initiating bankruptcy filing and its translation;
   d. information and documents relating to my claimed domicile; and
3. Stated that the Court would not consider the comity motion until those disclosures were made.

I complied with that Order on December 2, 2025. My declaration and exhibits were emailed to the *Pro Se* Intake Unit for filing, and unredacted courtesy copies were sent directly to chambers, as required.

Plaintiffs filed their motion to reinstate the bench warrant Dkt. 477 and counsel's supporting declaration Dkt. 478 the same day. As a result, Plaintiffs' motion effectively asks the Court to set aside the sequencing and conditions it established in Dkt. 466 and to reinstate a civil arrest warrant while the Court's comity review is incomplete and while a foreign bankruptcy stay remains in place.

Plaintiffs' counsel David Lopez has already taken the position in a court filing—that I was domiciled in Dubai. In the Puerto Rico action, to which Mr. Lopez referred see Dk 478 page

2, he relied on my Dubai domicile to argue that federal jurisdiction was proper under 28 U.S.C. §§ 1332 and 1441. See **Exhibit B**, page 4, paragraph 17 Mr. Lopez states verbatim, in the Puerto Rico action:

> "Plaintiff GUY GENTILE NIGRO is a natural person resident and domiciled in Dubai, The United Arab Emirates. He is not a citizen of Puerto Rico."

Mr. Lopez cannot claim in Puerto Rico that I am " domiciled in Dubai" to secure removal and dismissal, and then tell this Court that my Dubai domicile is a "sham" to reinstate a bench warrant. Judicial estoppel bars such inconsistent positions. See *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *In re Adelphia Recovery Tr.*, 634 F.3d 678, 695–96 (2d Cir. 2011).

## *PRE-BANKRUPTCY* DISCOVERY COMPLIANCE

In addition, I have already produced documents prior to filing my bankruptcy petition. On October 23, 2025, I provided Plaintiffs with a set of responsive documents, consistent with my ongoing effort to comply with post-judgment discovery obligations, to which they had no complaints. This production occurred two weeks before the November 7, 2025, Dubai bankruptcy filing and further demonstrates that I was not refusing discovery but was participating in the process to the extent permitted before the foreign insolvency proceeding commenced. Had Plaintiffs' counsel not requested an extension of time, the deposition would have happened by October 23, 2025; but on November 7th, 2025, my attorney informed me that they had filed the bankruptcy and not to sit for a deposition or provide creditors any more information without the Dubai Court approval.

## MY DECEMBER 2, 2025 DISCLOSURES

My December 2, 2025 submission provides the information required by the Court's November 18, 2025 Order (Dkt. 466). Specifically, I supplied:

1. *Dubai Court Identification and Case Number*
   I identified the Dubai Courts, Court of First Instance (Bankruptcy Division), and provided the case number assigned to the insolvency proceeding;
2. *Initiating Filing and Translation*
   I submitted the Arabic petition initiating the bankruptcy case together with the certified English translation;
3. *Trustee Status*
   I confirmed that the trustee will be appointed by the Dubai Court pursuant to Article 10 of the UAE Bankruptcy Law, following completion of the Court's preliminary Article 9 review, similar to U.S. bankruptcy process;
4. *Domicile Documentation*
   I provided my Emirates Resident ID, visa, tenancy documentation, employment records, and related materials demonstrating residence, employment, and establishment of domicile and economic activity in Dubai;

The previously filed UAE legal opinion from licensed UAE counsel—originally submitted with my motion for a protective order and request for comity (Dkt. 462, Ex. A)—now as **Exhibit C** to this submission. That opinion explains the legal effect of the UAE Bankruptcy Law on the administration of the bankruptcy estate and the my ability to participate in creditor discovery outside the supervision of the Dubai Court.

These materials directly respond to the Court's directive in Dkt. 466 and establish the existence of an active, court-supervised insolvency proceeding governing the administration of my assets, creditors, and related disclosures. This is in addition to Mr. Lopez's many acknowledgements to this Court that I live in Dubai.

## UAE BANKRUPTCY LAW REQUIRES DISCLOSURES TO BE MADE THROUGH THE DUBAI COURT AND TRUSTEE

The UAE Bankruptcy Law, as summarized in **Exhibit C**, is a modern insolvency regime modeled in part on international practice. Key provisions include:

1. *Trustee Control Over Assets and Information (Articles 55–60, 144–148).*
   Once proceedings commence, a court-appointed trustee assumes control over the debtor's assets, books, and records. The debtor may not transfer property or dispose of assets independently, and may not selectively provide information to individual creditors outside the trustee's oversight.
2. *Centralized Claims and Information (Articles 88–89, 100–101).*
   Creditors must file their claims with the trustee/court within a prescribed period. The trustee prepares a comprehensive register of creditors and has authority to obtain information about the debtor's assets and affairs. Information regarding pending legal proceedings, liabilities, and contracts is to be provided to the trustee and court, not to individual creditors in parallel.
3. *Penalties for Unauthorized Conduct (Article 201).*
   The law provides criminal penalties where a debtor or responsible person withholds information requested by the trustee or court or provides false data. Practically, this means the debtor is obligated to cooperate fully with the trustee and not to circumvent the court-supervised process by engaging in independent, unsupervised dealings with a single creditor.

In substance, the UAE statutory scheme serves the same purpose as the U.S. automatic stay and centralized claims process: it prevents piecemeal enforcement and ensures that all creditors, domestic and foreign, are treated through the same supervised forum.

If this Court were to compel me to sit for a judgment-debtor deposition or produce documents directly to these Plaintiffs while the Dubai bankruptcy is pending, I would face directly conflicting obligations that I could not comply with, because I can not serve to masters. International comity exists to avoid such conflicts with competing foreign court orders.[2]

---

[2] Defendant further notes that Plaintiffs retain full access to appropriate procedures in Dubai should they wish to examine the debtor or seek information. The UAE Bankruptcy Law provides mechanisms for creditors to submit claims, request information, and seek examination through the court-appointed trustee or, where necessary, through applications to the Dubai Court of First Instance. An arrest warrant issued in the United States would have no operative effect in Dubai and would not advance any discovery or enforcement objective; by contrast, pursuing

## PLAINTIFFS INVENTED THEIR OWN DEPOSITION DATE

Plaintiffs' motion papers repeatedly assert that I failed to appear for a deposition scheduled on Sunday, November 9, 2025. I requested this date but it was never confirmed. And then on November 6, 2025 Miriam Tauber emailed me demanding I appear on Monday, November 10, 2025, which was an impossible due to the short notice and flight cancellation due to the government shut down for flight going to New York. On November 7, 2025 I filed for a Protective Order regarding the deposition see ECF 461 and by email on November 9 (**Ex. A p.4**), that he could not appear due to his bankruptcy filing.

Emails from Plaintiffs' counsel (**Ex. A pp. 1–2**) confirm they never scheduled a deposition for November 9, 2025. They shifted the date to November 10 without agreement. Veritext building's access log confirms that they unilaterally set a November 10 deposition date. It is on this erroneous basis that they seek my arrest.

The following is a time line of event concerning the deposition. I will attach the following as exhibits:

1. November 3, 2025 Email (Myself to Lopez). *Exhibit A p.1*

    I tell Lopez I'm available on November 9.

2. November 6, 2025 Email (Tauber to myself). *Exhibit A p.2*

    Counsel writes three days later: "November 9 is a Sunday. We are unable to make arrangements with a court reporter to depose you on the weekend. We scheduled your deposition for Monday, November 10, 2025 at 9:30 a.m. at Veritext, 7 Times Square, 16th Floor." [3] (Proof this was a unilaterally chosen date).

---

relief through the Dubai proceeding would allow Plaintiffs to obtain any information they are entitled to under the supervision of the foreign court.

[3] I pointed out that the deposition date communicated on November 6, 2025 provided only a few days' notice for international travel requiring approximately twenty hours of flight time from Dubai to New York. During that

Page 8

3. November 7, 2025 I filed for a Protective Order see Dk 461.

4. November 9, 2025 Email (My email to Counsel). *Exhibit A p.4*

   At 9:03 p.m. on November 9, I advised that I had filed for bankruptcy protection in Dubai and "will not be appearing in New York tomorrow," referring to November 10, 2025. I did this also because I never agreed to appear on November 10, 2025.

5. November 10, 2025 Times Square Tower Access Email. *Exhibit A p.3*

   At 7:30 a.m. on November 10, Times Square Tower security sends an automated message to me stating: "You are scheduled to arrive at Times Square Tower on Monday, November 10 to visit Astrid Sarmiento with VT Topco Inc. on Floor 16." This corresponds to the Veritext deposition location. (again proof I was ignored regarding an agreed to deposition date.)

The time line above collectively shows no deposition was scheduled:

1. No deposition was scheduled for November 9, 2025;

2. Plaintiffs unilaterally moved the date to November 10, 2025;

3. I gave notice by ECF 461 on November 7th by email on November 9, 2025, that I could not appear the next day in light of his bankruptcy filing.

4. Veritext pass confirms a Nov. 10, 2025 visitor registration; and ignored me.

Plaintiffs' own emails and scheduling records, included as **Exhibit A**, flatly contradict their version of events in Dkts. 477 and 478. A direct comparison shows that Plaintiffs never agreed to a mutual deposition date or time before November 6, 2025; they misrepresent what

---

period, significant flight disruptions were occurring due to the U.S. government shutdown, including widespread cancellations. These circumstances made timely international travel particularly difficult. I raises this only to provide relevant context concerning the practical feasibility of appearing on short notice.

actually occurred, as I have above, and selectively only providing one email that they manipulated to form the foundation to seek my arrest. the Court should now tolerate this behavior see this spelling

### PLAINTIFFS' MOTION IS, IN SUBSTANCE, AN IMPROPER REQUEST FOR RECONSIDERATION OF THE ORDER IN DKT. 466

The Dkt. 466 Order set the governing framework: the Court would not decide comity or enforcement until after my Dubai-related disclosures were submitted. Plaintiffs' motion asks the Court to effectively ignore that framework and reinstate the warrant as if the foreign case and disclosures were irrelevant or non-existent.

Under Second Circuit law and Local Civil Rule 6.3, reconsideration is warranted only where there is an intervening change in controlling law, newly discovered evidence, or a clear error or manifest injustice in the prior order. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Granting Plaintiffs' motion would undercut the Court's own sequencing and invite further piecemeal motion practice every time a party disagrees with an interim order. The more appropriate course is to evaluate comity and enforcement in light of the full record, including the Dubai filings and UAE legal opinion, not reinstate a civil arrest warrant based on issues the Court has already ordered to be addressed through structured briefing.

### RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Deny Plaintiffs' motion to reinstate the bench warrant (Dkt. 477);

2. Grant such other and further relief as justice requires.

Dated: December 3, 2025

Respectfully submitted,
/s/ Guy Gentile
Guy Gentile
Defendant, *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, I caused a true and correct copy of the foregoing Defendant's Opposition to Plaintiffs' Motion to Reinstate Bench Warrant, together with all referenced exhibits, to be served by ECF:

David Lopez, Esq.
Miriam Tauber, Esq.


/s/ Guy Gentile
P.O. Box 504377
Dubai, United Arab Emirates
Email: fightfightfigth@proton.me