IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GUY GENTILE NIGRO,** | Civil Action No. |
| **Plaintiff,** | |
| v. | [Removal from the Court of First Instance, Superior Court of San Juan, Commonwealth of Puerto Rico, Civil No. SJ2025CV08130] |
| **DAVID LOPEZ, ESQ.,** **MIRIAM TAUBER, ESQ.,** **AVALON HOLDINGS CORPORATION** **and NEW CONCEPT ENERGY, INC.** | |
| **Defendants.** | |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

Defendants DAVID LOPEZ, ESQ., MIRIAM TAUBER, ESQ., AVALON HOLDINGS CORPORATION and NEW CONCEPT ENERGY, INC., collectively "THE DEFENDANTS", hereby remove this Action from the Commonwealth of Puerto Rico, Court of First Instance, Superior Court of San Juan to the United States District Court for the District of Puerto Rico. THE DEFENDANTS appear for removal only and reserve all defenses and rights available. In support of removal, THE DEFENDANTS further state as follows:

### I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

**A. Background**

1. On or about September 10, 2025, Plaintiff commenced this civil action in the Court of First Instance, Superior Court of San Juan, by filing a Complaint captioned GUY GENTILE NIGRO, Plaintiff, vs. DAVID LOPEZ, ESQ., MIRIAM TAUBER, ESQ., AVALON HOLDINGS CORPORATION and NEW CONCEPT ENERGY, INC., Civil No. SJ2025CV08130 (the "State Court Action"). In his Complaint, Plaintiff GUY GENTILE NIGRO alleges that he had been

defamed by the DEFENDANTS by publishing as a "public transmission" … "accessible to third parties" that "a civil arrest order [had issued] against the plaintiff" from the United States District Court for the Southern District of New York. A true copy of the purportedly defamatory writing has not been attached to the complaint. Such public transmission was truthful and accurate and made pursuant to court order of the said court following a hearing at which Plaintiff's attorney of record was present and had been heard.

2. The Complaint also alleges an attempted publication of a similar notice in the Gulf News in Dubai for September 9-11, 2024, which did not take place. Such failed notice by publication cannot form the basis for a claim of libel or defamation in that a) it was unsuccessfully attempted b) pursuant to court order and c) was truthful.

3. On various dates between October 3, 2025, and the date hereof some but not others of THE DEFENDANTS were served with various and differing papers informing them of the pendency of suit. THE DEFENDANTS contest that valid service has been effected and have not filed an Answer to the Complaint or otherwise pleaded.

4. Service by publication has been attempted on THE DEFENDANTS but there has not been compliance by the PLAINTIFF with the terms of the edict allowing such service to be utilized in that mailings by certified mail, return receipt requested, of the summons and complaint has not been accomplished. THE DEFENDANTS contest that valid service has been effected and have not filed an Answer to the Complaint or otherwise pleaded.

5. Nevertheless, THE DEFENDANTS have procured from the clerk of the court initiating documents, attached hereto as **Exhibit A**, and noticed removal.

6. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), THE DEFENDANTS must answer or present other defenses or objections seven days after filing of this Notice of Removal. Pursuant to 28

U.S.C. § 1446(a), THE DEFENDANTS have attached copies of all process, pleadings and orders, and others obtained from the Court, in the above-referenced action as **Exhibit A** to this Notice of Removal. Within **Exhibit A**, THE DEFENDANTS include as **Exhibit A.1** a copy of the Complaint received by some, but not all, of them**.**

7. A certified translation of the contents of **Exhibit A** from the Spanish language into the English language appears at **Exhibit B.**

8. All of THE DEFENDANTS consent to the removal of this action.

9. This case is removable under 28 U.S.C. § 1441(b) because no "properly joined and [purportedly] served" or consenting defendant is a citizen of the Commonwealth of Puerto Rico and all requisites for removal are met.

### B. THE DEFENDANTS' Removal is Timely

10. At differing times between October 3, 2025, and the date hereof THE DEFENDANTS received the Complaint in the State Court Action through purported service or through their own efforts. THE DEFENDANTS file this Notice of Removal within 30 days of the date any defendant was purportedly served with a copy of the initial pleading setting forth the claim for relief upon which this action is based. See 28 U.S.C. §1446(b). Accordingly, the removal of this action is timely.

11. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because THE DEFENDANTS have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In filing this Notice of Removal, THE DEFENDANTS reserve all defenses including but not limited to lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, *forum non conveniens* and failure to join and/or misjoinder of parties.

3

## II. THE DEFENDANTS HAVE MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL

12. No previous request has been made for the relief here requested.

13. This Notice of Removal is properly filed in the District of Puerto Rico pursuant to 28 U.S.C. § 1446(a).

14. No party in interest properly joined and purportedly served as a defendant in this action is a citizen of Puerto Rico in which this action was brought. See 28 U.S.C. § 1441(b).

15. For removal purpose the United States District Court for the District of Puerto Rico is the proper division to where this matter should be assigned because it is the District Court embracing the Court of First Instance, Superior Court of San Juan, District of Puerto Rico, where Plaintiff's action is pending. See 28 U.S.C. § 1441(a); 28 U.S.C. § 119.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

16. There is complete diversity between Plaintiff and the "properly joined and [purportedly] served" defendants.

17. Plaintiff GUY GENTILE NIGRO is a natural person resident and domiciled in Dubai, The United Arab Emirates. He is not a citizen of Puerto Rico.

18. DAVID LOPEZ, ESQ. is and was at the time GUY GENTILE NIGRO commenced this action, a natural person resident and domiciled in Southampton, New York. Therefore, for purposes of this action DAVID LOPEZ, ESQ. is a citizen of the State of New York. 28 U.S.C. §1332(c)(1).

19. MIRIAM TAUBER, ESQ. is and was at the time GUY GENTILE NIGRO commenced this action, a natural person resident and domiciled in New York City, New York. Therefore, for purposes of this action MIRIAM TAUBER, ESQ. is a citizen of the State of New York.

4

20. Upon information and belief, AVALON HOLDINGS CORPORATION is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Ohio, whose principal office, principal place of business and domicile are in Warren, State of Ohio and therefore is a citizen of Ohio for purposed of determining diversity. 28 U.S.C. Sec. 1332)(c)(1).

21  Upon information and belief, NEW CONCEPT ENERGY, INC, is and was at the time Plaintiff commenced this action, a corporation incorporated under the laws of Nevada whose principal office, principal place of business and domicile are in in Dallas, Texas, and, therefore, is a citizen of both Texas and Nevada for purposes of determining diversity. 28 U.S.C. Sec. 1332(c)(1).

22. As no named defendant is a citizen for diversity purposes of the Commonwealth of Puerto Rico, complete diversity exists between Plaintiff and THE DEFENDANTS.

### IV.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

23. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 89 (2014); <u>see</u> 28 U.S.C. §1332(a). A defendant's allegations regarding the amount in controversy are presumed correct. <u>See</u> <u>Owens</u>, 574 U.S. at 89.

24. Here Plaintiff alleges explicitly that he is entitled to damages of $35,000,000.00 for defamation and libel. Accordingly, the amount in controversy in this action exceeds the jurisdictional threshold of this Court.

25. Because there is complete diversity of citizenship between the parties properly joined and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

26. THE DEFENDANTS will give written notice of this Notice of Removal filing as required by 28 U.S.C. § 1446(d). Attached hereto as **Exhibit C** is a copy of the Notification of Notice of Filing of Removal, which will promptly be served upon Plaintiff's counsel and filed with the Clerk of the Court of First Instance, Superior Court of San Juan, Commonwealth of Puerto Rico. See 28 U.S.C. § 1446(a), (d).

27. By removing this action to this Court, THE DEFENDANTS and each of them do not waive any defenses, objections or motions available to them under state or federal law.

28. Upon removal THE DEFENDANTS demand trial by jury on all issues so triable.

29. THE DEFENDANTS reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE** THE DEFENDANTS and each of them, pursuant to 28 U.S.C. § 1441, respectfully remove this action from the Court of First Instance, Superior Court of San Juan, to the United States District Court for the Commonwealth of Puerto Rico.

In San Juan, Puerto Rico, on this 29th day of October 2025.

Respectfully Submitted,

**PIETRANTONI MENDEZ & ALVAREZ LLC**
*Local Counsel For The Defendants*
Popular Center 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel: 787.274.1212

*/s/Oreste R. Ramos*
Oreste R. Ramos
USDC – PR Bar No. 216801
oramos@pmalaw.com

*/s/ Christian A. Munoz Lugo*
Christian A. Munoz Lugo
USDC – PR Bar No. 305813
cmunoz@pmalaw.com

6

*Attorney for MIRIAM TAUBER, ESQ.;*  *Attorney for DAVID LOPEZ, ESQ.;*
*AVALON HOLDINGS CORPORATION,*  *AVALON HOLDINGS CORPORATION,*
*and NEW CONCEPT ENERGY, INC.:*  *and NEW CONCEPT ENERGY, INC.:*

_____  _____
*David Lopez, Esq.*  *Miriam Tauber, Esq.*
*(Pro Hac Vice Application Pending)*  *(Pro Hac Vice Application Pending)*
*171 Edge of Woods Road, P.O. Box 323*  *885 Park Avenue, Suite 2A*
*Southampton, New York 11968*  *New York, New York 10075*
*Tel: 631.287.5520*  *Tel: 917.683.6823*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this date we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served a true and correct copy of the foregoing by certified mail and via email to all counsel as identified on the service list below, this 29th day of October, 2025.

PIETRANTONI MENDEZ & ALVAREZ

*s/ Christian. A. Muñoz Lugo*
By: Christian Munoz Lugo

Juan A. Morales Gonzalez
Bufete Marquez-Morales
Calle Antonio R. Barcelo #39,
Maunabo, Puerto Rico 00707
e-mail: crmn_marquez@yahoo.com

7