UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**DECLARATION OF GUY GENTILE**

I, Guy Gentile, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I submit this declaration in support of my request for compensation and sanctions arising from the misconduct of Plaintiffs' counsel, David Lopez and Miriam Tauber. This declaration is based on my personal knowledge, my direct involvement in the related filings, and my review of the docket, filings, and correspondence exchanged between August 15, 2025 and December 10, 2025.

2. During this period, I was forced to spend an extraordinary amount of time responding to Plaintiffs' counsel's false statements, defective service, fraudulent affidavits, improper applications for a civil arrest warrant, and repeated misrepresentations made to both this Court and the Court of Appeals.

3. As a result of this misconduct, I prepared and filed multiple motions, supplemental notices, responses, and legal analyses. These tasks were necessitated solely because Plaintiffs' counsel knowingly submitted false information, failed to comply with court-ordered service requirements, and continued to multiply the proceedings in bad faith.

1

4. Between August 15, 2025 and December 10, 2025, I reasonably expended 213.5 hours addressing the misconduct described above. A detailed and itemized breakdown of these hours is provided below:

**A. Sanctions-Related Work**

(Initial sanctions motion; supplemental filings; legal research; analyzing fraudulent service certificates; preparing misconduct timeline; reviewing Plaintiffs' oppositions)
 Total: 65.5 hours

**B. Motions to Vacate the Civil Arrest Warrant**

(Motion to vacate; supplemental notices; motion for reconsideration; jurisdictional research; reviewing related orders; preparing updated arguments; responding to Plaintiffs' filings)
 Total: 49.0 hours

**C. Responses to Lopez and Tauber Filings**

(Analyzing and rebutting false statements; responding to September 2025 and December 2025 filings; preparing factual corrections)
 Total: 29.5 hours

**D. Record Review, Exhibits, and Transcript Analysis**

(Review of docket entries 281–420; transcript review; exhibit organization; timeline updates)
 Total: 30.0 hours

**E. Rewriting, Proofing, Formatting, and Legal Standard Integration**

(Revising multiple motions as new facts emerged; integrating new evidence; legal authority updates; complying with formatting and citation standards)
 Total: 29.5 hours

5. The total time reasonably spent during this period is 213.5 hours, all of which was caused directly and exclusively by Plaintiffs' counsel's misconduct, including but not limited to:

    a. filing a false affidavit claiming publication of notice that never occurred;

    b. misrepresenting service of subpoenas;

    c. procuring a civil arrest warrant through defective and fraudulent service;

    d. submitting misleading statements in multiple filings;

    e. continuing to multiply proceedings despite knowing that their prior representations to the Court were false.

6. A reasonable hourly rate for this work is $450 per hour, which is well within the prevailing market rate for complex securities, regulatory, and litigation matters in the Southern District of New York, and is consistent with the expertise and responsibilities required to address the issues raised by Plaintiffs' counsel's misconduct.

7. Applying this reasonable hourly rate to the 213.5 hours expended results in a total compensable amount of $96,075.00.

8. These hours were reasonably and necessarily incurred to:

    a. protect my rights;

    b. correct the false record created by Plaintiffs' counsel;

    c. move to vacate a void civil arrest warrant;

    d. respond to improper filings;

    e. prevent further prejudice and unlawful enforcement actions;

    f. and comply with briefing and procedural requirements created solely by their misconduct.

9. I certify that these hours reflect time I personally spent and are based on contemporaneous notes, email records, document drafts, and docket activity during the relevant period.

10. I respectfully request that the Court award the full amount of $96,075.00, or such other amount as the Court deems just and appropriate, pursuant to the Court's inherent authority, 28 U.S.C. § 1927, and Rule 11(c)(4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 10, 2025
In: Dubai, United Arab Emirates

_____
Guy Gentile