**Guy Gentile**
P.O. Box 504377
Dubai, United Arab Emirates

December 12, 2025

**Honorable Robert W. Lehrburger**
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Avalon Holdings Corp. v. Guy Gentile, No. 18-cv-7291 (DLC) (RWL)**
  **Response to December 12, 2025 Letter (ECF 488)**

Dear Judge Lehrburger:

  I respectfully submit this brief response to Mr. Lopez's December 12, 2025, letter (ECF 488).

  **First**, the sanctions motion was properly filed. Requests for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority are not ordinary motion practice between parties; they are requests for the Court to address attorney misconduct affecting the integrity of the proceedings. Courts in this District routinely consider such motions without requiring a pre-motion conference, particularly where the motion is directed at counsel's own conduct and is supported by a developed record. In any event, if the Court would prefer the matter proceed through a pre-motion conference, I respectfully request that the Court so direct rather than deny the motion on procedural grounds.

  **Second**, Mr. Lopez's assertion that these issues have already been "summarily denied" and are now on appeal mischaracterizes both the scope and substance of the present motion. This motion is not an attempt to relitigate prior rulings. It addresses new and continuing conduct Mr. Lopez engaged in in a separate federal court in October 2025 that directly contradicts positions taken here. Those facts were not before the Court in earlier proceedings and are not the subject of any appeal.

  **Third**, the pendency of appeals does not deprive this Court of jurisdiction to address attorney misconduct occurring after the filing of a notice of appeal. Sanctions under § 1927 and the Court's inherent authority are collateral to the merits and remain within the Court's power notwithstanding appellate proceedings.

  **Finally**, Mr. Lopez does not address the substance of the motion. He does not deny the contradictory sworn statements, the repeated accusations of criminality, or the misrepresentations regarding the deposition. A stay of his obligation to respond on the merits would only prolong motion practice arising from the same conduct the sanctions motion seeks to address.

  For these reasons, I respectfully request that the Court either (1) direct Mr. Lopez to respond on the merits by a date certain, or (2) schedule a pre-motion conference if the Court believes one would be useful. To the extent the Court determines that a pre-motion conference is appropriate, I respectfully note that I reside abroad and am currently subject to bankruptcy proceedings, and that any such conference could be conducted telephonically or by videoconference, as is routine practice in this District, without imposing unnecessary burden or expense.

Respectfully submitted,
 /s/ Guy Gentile
Guy Gentile                                     cc: ECF