UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff/Judgment Creditor, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant/Judgment Debtor. | Case No. 18 Civ. 7291 (DLC) (RJL) |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., <br><br> Plaintiff/Judgment Creditor, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant/Judgment Debtor. | Case No. 18 Civ. 8896 (DLC) (RJL) |

**REPLY MEMORANDUM OF PLAINTIFFS/JUDGMENT CREDITORS
IN FURTHER SUPPORT OF THEIR MOTION FOR REINSTATEMENT OF BENCH
WARRANT FOR THE ARREST OF GUY GENTILE**

**OVERVIEW**

Mr. Gentile's Opposition to Plaintiffs' Motion to Reinstate the Bench Warrant for his arrest is replete with accusations of misstatements of facts by Plaintiffs' counsel. If the Court credits or doubts any of them we urge the Court to schedule a short-date hearing in open Court with Mr. Gentile directed to attend in person to explain why the Court's Order that he appear physically within the Southern District of New York no later than November 10, 2025, to be examined as the Judgment Debtor that he is, did not mean what it so clearly said.

Mr. Gentile has flooded the record with a deluge of paper generated from the

1

comfort of his place of refuge in Dubai, some 6,500 miles distant from the Courthouse, delaying, delaying, and delaying. There is little doubt that if allowed he will generate more paper and more delay. It is well past time that he were ordered to appear physically in open court and face those he so easily accuses.

## FACTS

On September 23, 2025, the Court granted Mr. Gentile's request to vacate the contempt order and bench warrant it previously issued for his arrest **_without prejudice to renewal if he failed to appear physically in the Southern District of New York_** to be deposed as a Judgment Debtor no later than October 21, 2025. (*Avalon* Dkt. 427) and cooperate in discovery.

Although Mr. Gentile had been aware of Plaintiffs' Judgment enforcement subpoenas for over a year at that point (as the Court stated when entering the contempt order and bench warrant on September 20, 2024), Plaintiffs agreed to Mr. Gentile's request for 30 days to provide the documents requested by Plaintiffs, and for a brief extension of the deadline for Mr. Gentile to appear for his Court-ordered in-person deposition in the Southern District of New York until no later than November 10, 2025, which the Court approved. (*See* Joint Letter Motion, Order, *Avalon* Dkts. 432-433).

<u>Beginning on October 27, 2025,</u> following receipt of documents produced by Gentile, Plaintiffs repeatedly asked Mr. Gentile by e-mail to advise of his availability for his deposition by their agreed-on and Court-ordered deadline of November 10, 2025. <u>*Plaintiffs stated that they were available the week of November 3-November 7, 2025 (Monday-Friday)*</u> and would accommodate Mr. Gentile's schedule during that week given that he would be traveling from Dubai. (*See* Exhibit A, pp.1-3--emails from Plaintiffs' counsel on October 27, 2025, October 28, 2025, and November 2, 2025).

2

Mr. Gentile did not respond to Plaintiffs' counsel's multiple requests to that effect, instead filing motions with the Court seeking to "correct" the Judgments and "modify" the outstanding subpoenas (*see Avalon* Dkts. 450, and Dkt. 455, motions filed by Gentile on October 29, 2025, and October 31, 2025).

On November 3, 2025, Mr. Gentile finally responded to the third of Plaintiffs' emails requesting to schedule his deposition by accusing Plaintiffs' counsel of failing to "name a date" for the deposition and proposing a date of November 9, 2025.

On November 6, 2025, Plaintiffs' counsel informed Mr. Gentile that November 9, 2025, was a Sunday, that no court reporter could be arranged for that date and that arrangements would instead be made for the following day, Monday, November 10, 2025, at 9:30AM at a specified court reporter's office.

Mr. Gentile never objected to the above change of date from Sunday to Monday, which was the last day of the deadline set by the Court, but continued to file motions with the Court seeking to undermine the Judgments and prevent their enforcement. (*See Avalon* Dkt. 461, motion for comity, filed November 7, 2025),

On Sunday night, November 9, 2025, at approximately 9:00 P.M. Easten Time, Plaintiffs' counsel's office, then closed, received an e-mail from Mr. Gentile informing that Mr. Gentile would not be attending the deposition scheduled for the next morning. (*See* Ex. A, p.6.)

Plaintiffs' counsel David Lopez's office is in Southampton, New York. At the time of Mr. Gentile's email, Mr. Lopez was already in transit to New York City to be able to timely attend and conduct the deposition scheduled for the following morning at 9:30 A.M.

## ARGUMENT

The original issuance of an arrest warrant for Mr. Gentile was made upon a showing

of his flight to evade the orders of the court including the judgments held by the judgment creditors, now approximating $18,000,000 including post-judgment interest, and for submitting to discovery as a judgment debtor. The warrant was lifted as part of a bargain to have him reappear and to cooperate with his examination as a judgment debtor. The vacatur was expressly stated by Judge Cote in her order to be without prejudice to its reinstatement should Mr. Gentile fail to cooperate.

Mr. Gentile has most definitely failed to cooperate.

Judge Cote's Order, as modified by Judge Lehrburger's consent Order, placed upon Mr. Gentile the obligation to be examined on oral questions no later than November 10, 2025. It was not conditioned on any action or inaction by judgment creditors' counsel or any other requirement unilaterally dreamed up by Mr. Gentile. Mr. Gentile did not obtain a vacatur or amendment of the Court's order requiring him to present himself for an in-person deposition in this District no later than November 10, 2025.

Mr. Gentile's attempt to blame Plaintiffs' counsel for his non-compliance with the Court's in-person deposition order, which he repeatedly and unsuccessfully sought to modify and otherwise undermine, is transparent effrontery. Plaintiffs' counsel stated their willingness to accommodate Mr. Gentile's schedule anytime during regular business hours in the week of November 3-November 7, 2025.

Mr. Gentile's proposal of a November 9, 2025, deposition date was made after he filed numerous motions with the Court while ignoring Plaintiffs' request to schedule his deposition. Plaintiffs responded by attempting to accommodate Gentile's request based on their understanding that he would be in New York City on Sunday, November 9, 2025, with a confirmation for a 9:30 am deposition the following morning, the very last day of the Court's deadline.

Gentile faults Plaintiffs' counsel for taking 3 days—between November 3 and November 6 - to respond to his Sunday deposition proposal. During those 3 days, Plaintiffs were responding, as required, to several motions that Gentile had filed the previous week while ignoring Plaintiffs' repeated requests for him to confirm a date and time for his deposition.

As Mr. Gentile acknowledges, no bankruptcy trustee had been appointed at the time to account for and take custody and control of Mr. Gentile's estate and the distribution of assets to creditors. And there is no evidence of a stay or any other order entered by a Dubai court purporting to interfere with the enforcement of the Court's Judgments and orders There is no present encumbrance on Mr. Gentile's custody or possession of his books and records, or of his ability to provide information and testimony about his assets in response to the Court's numerous post-Judgment enforcement orders.

## CONCLUSION

The Judgment Creditors' motion for reinstatement should be granted and the warrant for Mr. Gentile's arrest reinstated. If Mr. Gentile wishes to oppose with his version of the facts he should be required to appear in open court to be heard under oath. It is the least he can do to show minimal respect for the dignity of the court and of these proceedings, and of the common courtesies customary before the bar.

Dated: Southampton, New York
December 22, 2025

Respectfully submitted,

David Lopez, Esq.
Miriam Tauber, Esq.
Attorneys for
Plaintiffs/Judgment Creditors