**Guy Gentile**
P.O. Box 504377
Dubai, United Arab Emirates

January 5, 2026

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York

**Re:**
*Avalon Holdings Corp. v. Gentile*, No. 18-cv-7291 (DLC)(RWL)
*New Concept Energy, Inc. v. Gentile*, No. 18-cv-8896 (DLC)(RWL)

Your Honor:

I respectfully respond to Mr. Lopez's December 31, 2025 letter.

Unmistakably, Mr. Lopez's repugnance for my own defense—as it clearly posits a Harvard-educated, well-seasoned attorney versus a *pro se* high school graduate—has severely affected his thinking. I point out his errors in citation, upon which he heavily relies in an effort to strike at my foreign—indeed, foreign *to him*—bankruptcy.

In *Royal & Sun Alliance v. Century Arms*, 466 F.3d 88 (2d Cir. 2006), a case in which two competing actions were commenced in Canada and in the Southern District of New York—none having anything to do with bankruptcy—the Second Circuit clearly stated the following concerning comity:

> "We have recognized one discrete category of foreign litigation that generally requires the dismissal of parallel district court actions—foreign bankruptcy proceedings. A foreign nation's interest in the 'equitable and orderly distribution of a debtor's property' is an interest deserving of particular respect and deference, and accordingly we have followed the general practice of American courts and regularly deferred to such actions."
>  See *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713–14, 715 (2d Cir. 1987); *accord JP Morgan Chase Bank*, 412 F.3d at 424; *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir. 1999); *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993).

*Id.* at 93.

Clearly, Mr. Lopez can no longer maintain his claim that "ceding jurisdiction to a court that would apply local law [United Arab Emirates] to make the judgments unenforceable" (his letter at the bottom of page 1) is correct. It is not.

Further, there is no parallel court proceeding to determine §16(b) liability, as there was in *Royal & Sun*, which involved competing claims concerning insurance policies and actions occurring in both the United States and Canada.

Although the *Royal & Sun* appellate court concluded that the district court should not have abused its discretion in dismissing the action, it nevertheless left open the possibility that a court could exercise its discretion to issue a stay in favor of the Canadian court to resolve the disputes.

Thus, no, Mr. Lopez has not truthfully cited or presented *Royal & Sun* as applicable to this case.

As he did with *Royal & Sun*, Mr. Lopez similarly misrepresents *ArcelorMittal N. Am. Holdings LLC v. Essar Global Fund Ltd.*, No. 21-cv-6975 (KPF) (S.D.N.Y. Sept. 19, 2022), a case that did **not** involve a bankruptcy proceeding in Mauritius:

> "Defendants additionally argue that the existence of foreign bankruptcy proceedings constitutes exceptional circumstances that demand deference in this case. (Def. Br. 33). The Court is unmoved by this argument because it rests on a false premise—there are, in fact, no pending bankruptcy proceedings involving either Essar Global or Mesabi."

*ArcelorMittal* at 60.

In fact, *ArcelorMittal* clearly contravenes Mr. Lopez's position:

> "The Second Circuit has singled out foreign bankruptcy proceedings as the one category of cases that often requires dismissal of parallel district court actions, reasoning that a 'foreign nation's interest in the equitable and orderly distribution of the debtor's property is an interest deserving of particular respect and deference,'"

citing *Royal & Sun*.

To the extent relevant, I note that no request for comity relief is presently pending before the Court. Nothing more need be said regarding Mr. Lopez's December 31, 2025 letter, which is rendered irrelevant by his own hand-chosen cases—none of which bear on the issue presented here.

Respectfully submitted,

/s/ **Guy Gentile**
 Defendant, *pro se*

cc: All counsel and pro se parties via ECF