UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
 :
AVALON HOLDINGS CORPORATION, :
 :
          Plaintiff, :
 :     18-CV-7291 (DLC) (RWL)
    - against - :
 :     18-CV-8896 (DLC) (RWL)
GUY GENTILE and MINTBROKER :
INTERNATIONAL, LTD., :
 :
          Defendants. :
-------------------------------------------------------:     **ORDER RE: COMITY MOTION**
 :
NEW CONCEPT ENERGY, INC., :
 :
          Plaintiff, :
 :
    - against - :
 :
GUY GENTILE and MINTBROKER :
INTERNATIONAL, LTD., :
 :
          Defendants. :
------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      On November 7, 2025, Defendant Guy Gentile filed a letter motion requesting the Court, as a matter of comity, stay enforcement of the Judgment against him in the instant cases because he filed for bankruptcy in the United Arab Emirates ("UAE"), which triggered an automatic stay of litigation against him.[1] (Dkt. 461 (the "Comity Motion").[2]) Plaintiffs opposed the motion, arguing, inter alia, that Gentile's Dubai residency and bankruptcy are contrived in bad faith to strip this Court of jurisdiction over enforcement of

---

[1] The comity motion has been referred to me by District Judge Cote. (*See* Dkt. 481 at 2.)

[2] All docket citations are to the *Avalon* case, No.18-CV-7291.

1

the Judgment; that the UAE's laws and protections for judgment creditors are not comparable to those of the United States; and that Gentile has not complied with the requirements of Chapter 15 of the United States Bankruptcy Code for recognition and extension of comity to foreign bankruptcy proceedings in U.S. courts. (Dkt. 495.)

The same day Plaintiffs filed their opposition, December 22, 2025, Gentile filed a notice to withdraw his Comity Motion without prejudice. (Dkt. 496.) Plaintiffs objected to Gentile's notice, asserting that the Court should decide the motion on the merits because the issues raised in his motion "will not go away simply because Mr. Gentile now prefers that they do." (Dkt. 497.) Gentile then filed a letter of "clarification" stating that he does "not contend that any automatic stay or foreign order applies in this Court, nor do I assert that foreign law excuses compliance with the Court's directives." (Dkt. 499.) Instead, Gentile says, his position "has been that while an insolvency proceeding remains pending in Dubai, I have acted in good faith to seek legal guidance" as to how he can comply with enforcement discovery "without acting inconsistently with the jurisdiction of the Dubai court." (*Id.*)

Gentile's designation of his letter as a "clarification" is disingenuous. Prior to "clarification," his position "has been" as stated in his Comity Motion: that this Court stay enforcement proceedings against Gentile because of the automatic stay arising from his bankruptcy filing in Dubai. (Dkt. 461 at 1.) Gentile, whether or not prompted by Plaintiff's opposition, changed his position, withdrew his motion, and decided to pursue another stratagem. Gentile's profession of "good faith" is similarly dubious given his past and continued evasion of the Judgment and enforcement discovery sought by Plaintiffs.

That said, the Court finds no reason to resolve Gentile's Comity Motion on the merits now that he has withdrawn it. Doing so would be an unnecessary expenditure of judicial resources and premature resolution of issues based on circumstances that may change over time. Plaintiffs assert that the motion should be decided because an opinion is needed to address "Gentile's attempts to divest this court of jurisdiction through his filing of a contrived bankruptcy in Dubai in a court that will not extend comity to the judgments of this court" – "issues [that] will not go away simply because Mr. Gentile now prefers that they do." (Dkt. 497.) But this Court has not ceded jurisdiction to a Dubai bankruptcy court or any other court, and, with withdrawal of his Comity Motion, Gentile is not asking the Court to do so. Accordingly, there is no prejudice to Plaintiffs in allowing Gentile to withdraw the Comity Motion. *See Walston v. City of New York*, No. 22-CV-10002, 2023 WL 3570970, at *2 (S.D.N.Y. May 19, 2023) (acknowledging "there are few occasions when the court would not permit the withdrawal of a motion" and allowing withdrawal in absence of gamesmanship or prejudice to the other side); *Harris v. Butler*, 961 F. Supp. 61, 62 (S.D.N.Y. 1997) ("Because the withdrawal of plaintiff's motion will not prejudice any party, plaintiff's request to withdraw his motion is granted").

Plaintiffs accuse Gentile of being a "prankster" engaged in gamesmanship. (Dkt. 497.) They have not shown, however, that deferring a decision on comity until a later time – if the issue does arise again – will prejudice them. Plaintiffs will be able to advance the same arguments already set forth in their opposition to Gentile's letter motion, and, in the meantime, they may continue to pursue enforcement of the Judgment. Should Gentile again raise the bankruptcy issue without a material change in circumstances, however, such conduct may be indicative of gamesmanship. *See Carlson v. Northwell Health Inc.*,

3

No. 20-CV-9852, 2022 WL 1304453, at *2 (S.D.N.Y. May 2, 2022) ("[g]amesmanship occurs when a party delays in asserting defenses or claims with the intent or hope that the delay will prejudice the other side") (internal quotation marks and citation omitted).

Whether comity should be extended to some future ruling of a Dubai court or invocation of Dubai law should be resolved if and when it is a live issue. Accordingly, the Court accepts Gentile's notice of withdrawal of his comity motion without prejudice.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 461 in Case No. 18-CV-7291 and Dkt. 425 in Case No. 18-CV-8896.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   January 8, 2026
         New York, New York

Copies transmitted to all counsel and Defendant Gentile pro se.

4