**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AVALON HOLDINGS CORP.,<br><br>Plaintiff,<br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-7291 (DLC) (RJL)<br><br>ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC.<br><br>Plaintiff,<br>v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>Defendants. | No. 18-cv-8896 (DLC) (RJL)<br><br>ECF Case |

# DEFENDANT GUY GENTILE'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND MEMORANDUM OF LAW IN SUPPORT

## PRELIMINARY STATEMENT

These objections present a narrow but dispositive jurisdictional issue: whether a judgment entered while claims against a co-defendant remained formally stayed and unresolved can later be rendered final through ***nunc pro tunc*** **certification under FRCP 54(b)** after appellate affirmance. The Federal Rules and controlling precedent answer that question in the negative.

When the Court entered judgment on March 20, 2024, Defendant Mintbroker International, Ltd. remained a named party; all claims against it were subject to an express stay; no dismissal had been entered pursuant to FRCP 41; and the Court made no express determination that there was "no just reason for delay," as Rule 54(b) requires. These facts are undisputed and are acknowledged in the Report and Recommendation ("R&R") itself.

Because Rule 54(b)'s requirements were not satisfied, the judgment was interlocutory when entered. Neither the parties' subsequent conduct nor post-judgment

developments—including the later dissolution of Mintbroker—can retroactively supply finality or appellate jurisdiction. See FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co., 498 U.S. 269, 274 (1991). The R&R's recommendation to do so should therefore be rejected.

## ARGUMENT

## I. THE JUDGMENT WAS INTERLOCUTORY WHEN ENTERED

Under 28 U.S.C. § 1291, appellate jurisdiction extends only to "final decisions" of the district courts. A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978).

In cases involving multiple parties, FRCP 54(b) provides the exclusive mechanism by which a court may enter a final judgment as to fewer than all parties. Absent "an express determination that there is no just reason for delay," any decision adjudicating fewer than all parties "does not end the action." Fed. R. Civ. P. 54(b); see Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7– 8 (1980).

At the time judgment was entered here:

(1) Mintbroker remained a named defendant;
(2) claims against Mintbroker were subject to an express stay;
(3) no adjudication or dismissal of those claims had occurred; and
(4) no Rule 54(b) determination was made.

A stayed claim is not resolved; it remains pending. In re Roman Catholic Diocese of Rockville Ctr., N.Y., 53 F.4th 76, 83 (2d Cir. 2022) ("A stay does not terminate the action but merely suspends proceedings."). Accordingly, the judgment entered solely against Gentile was interlocutory when entered.

## II. PLAINTIFFS' ASSERTED "ABANDONMENT" CANNOT SUPPLY FINALITY

The R&R reasons that Plaintiffs' failure to file claims in the Bahamian liquidation proceedings constituted abandonment sufficient to render the judgment final. That conclusion is inconsistent with the Federal Rules.

Claims pending in federal court may be terminated only by adjudication or dismissal in compliance with FRCP 41. Litigation posture, subjective intent, or conduct in foreign proceedings does not dismiss claims pending before this Court. See Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995) (holding that stayed claims remain pending until

dismissed); see also Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (a stay "does not dismiss the action").

Here, no Rule 41 dismissal was entered prior to judgment. Indeed, Plaintiffs later submitted a stipulation of dismissal with prejudice, confirming that no dismissal had previously occurred.

Absent dismissal or adjudication, claims against Mintbroker remained pending and defeated finality under Rule 54(b).

## III. JURISDICTION CANNOT BE CREATED BY PARTY CONDUCT OR WAIVER

Jurisdiction is a threshold requirement that courts must police independently. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). Parties cannot create appellate jurisdiction by consent, waiver, or litigation conduct. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Accordingly, the fact that Gentile appealed or that Plaintiffs pursued enforcement cannot cure the absence of finality at the time judgment was entered. If Rule 54(b) was not satisfied, appellate jurisdiction did not properly attach, regardless of the parties' actions.

## IV. POST-JUDGMENT EVENTS CANNOT RETROACTIVELY CREATE FINALITY

The R&R relies in part on Mintbroker's dissolution in October 2025. But finality is assessed at the time judgment is entered and at the time appellate jurisdiction is invoked—not based on subsequent developments. FirsTier, 498 U.S. at 274.

Post-judgment events cannot retroactively convert an interlocutory order into a final judgment. See United States v. Jenkins, 420 U.S. 358, 365 (1975) (jurisdictional defects cannot be cured retroactively).

## V. NUNC PRO TUNC CERTIFICATION CANNOT SUPPLY A MISSING RULE 54(b) FINDING

"Nunc pro tunc" orders may correct the record to reflect actions actually taken but omitted; they cannot be used to supply findings that were never made, particularly where those findings are jurisdictional prerequisites. Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano, 140 S. Ct. 696, 701 (2020) ("Nunc pro tunc orders are not some Orwellian vehicle for revisionist history.").

Here, no “no just reason for delay” determination was made when judgment was entered. Retroactive certification would not correct the record; it would alter the legal effect of past events and improperly manufacture finality after the fact.

## VI. ENFORCEMENT CANNOT REST ON A NON-FINAL JUDGMENT

A judgment entered without jurisdiction or finality cannot support coercive enforcement. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (orders entered without proper jurisdiction are void). If the March 20, 2024 judgment was interlocutory when entered, enforcement measures predicated on that judgment necessarily lack a valid jurisdictional foundation.

## CONCLUSION

Because the judgment was interlocutory when entered and Rule 54(b) was not satisfied, the Court should reject the Report and Recommendation and decline to retroactively supply finality through nunc pro tunc certification.

Respectfully submitted,

**Guy Gentile.** *pro se*

*cc: ECF*