# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

February 4, 2026

Hon. Robert Lehrburger
Magistrate Judge, U.S. District Court, S.D.N.Y.

Re: **Avalon Holdings Corp. v. Guy Gentile, Judgment Debtor, 18-cv-7921 (DLC) (RWL)**
**New Concept Energy, Inc. v. Guy Gentile, Judgment Debtor, 18-cv-8896 (DLC) (RWL)**
**Judgment Creditors' Request For Pre-Motion Conference**

Your Honor:

I write on behalf of the Judgment Creditors, pursuant to Your Honor's Individual Rules of Practice, to request a pre-motion conference, the intended motion seeking the Court to order and enjoin Guy Gentile, the Defendant/Judgment Debtor, to take certain actions and refrain from taking certain actions relating to several domestic and offshore trusts which Mr. Gentile has used in attempts to hinder the Plaintiffs/Judgment Creditors, through fraudulent conveyances, from collecting upon their Judgments of this Court amounting, with accrued interest, to approximately $18,000,000. These trusts are:

1. A grantor trust of which **Nicholas Abadiotakis, a long-time friend of Mr. Gentile, is trustee** (the "**Florida Trust**"), and which includes spendthrift and asset protection provisions. Mr. Gentile is the settlor and a beneficiary with powers to substitute and borrow assets from the trust, and to substitute the trustees. The trust is governed by Florida law. There is ample authority that the courts of the State of Florida will not enforce spendthrift and asset preservation provisions of a so called "self-settled" trust, and property held by such a trust is subject to claims of Judgment Creditors.

   The Florida Trust is the owner of real property in Palm Beach County, Florida. It is also the owne of Mint Global Holdings, Inc. a Nevada corporation that is the parent company of SpeedTrader, Inc., a FINRA-registered broker and New York corporation currently operating and headquartered in Katonah, New York, within this District.

   The Florida Trust was amended during this litigation; and the amended or reconstituted trust became the owner of Mint Global Holdings, Inc., and of SpeedTrader in May 2024—two months after the Court entered the Judgments in these cases.

2. A grantor trust of which **Deltec Bank of Nassau, the Bahamas, is trustee** (the "**Bahamas Trust**") and which has spendthrift and asset protection provisions. The trust exists under the laws of the Bahamas. Mr. Gentile is both the settlor and a beneficiary of the Bahamas Trust, which purports to exist "in perpetuity." Mr. Gentile as settlor

1

DAVID LOPEZ

retains the power to exclude beneficiaries, designate additional beneficiaries, remove trustees and substitute "any other person" (including himself) as trustee, and to otherwise amend the terms of the Bahamas Trust at his discretion.

Mr. Gentile is empowered to engage in transactions against the Bahamas Trust, to borrow from the trust, and to forgive loans from the trust to himself, even while serving as the trustee. The terms of the Bahamas Trust further empower Mr. Gentile as settlor to "designate any company as a 'Special Entity'" in which shares of the company will be registered in the name of the trustee's "corporate nominees" and voted at Mr. Gentile's direction.

In determining liability following the jury trial held in the SEC's against Mr. Gentile in the Southern District of Florida, the court held that Mr. Gentile was the owner of the Bahamas Trust's assets, and that fees paid to the Bahamas Trust were effectively paid and available to Mr. Gentile. *See SEC v. Mintbroker International Ltd.*, No. 21 Civ. 21079, 2025 WL 2664459, at **3-4 (S.D. Fla. Sept. 18, 2025). The findings of the Florida court, reached following briefing in which Mr. Gentile participated and was represented by counsel, are subject to collateral estoppel and should be given preclusive effect.

3. During the pendency of these suits, Mr. Gentile established a grantor trust through a specialist asset-preservation company located in Rarotonga, the Cook Islands (The "**Rarotonga Trust**"). The terms of the Rarotonga Trust are not known to the Judgment Creditors because Mr. Gentile has not produced the trust documents. The existence of the Rarotonga Trust is reflected in documents produced by third parties in response to Plaintiffs' enforcement subpoenas.

The Rarotonga Trust was established for the fraudulent purpose of avoiding the Court's Judgments by moving Mr. Gentile's assets to a foreign jurisdiction that permits trustees to ignore instructions given to them under compulsion including court orders.

The Florida Trust and the Bahamas Trust each permit their trustees to transfer trust property to any other trust established in any jurisdiction for the benefit of one or more beneficiaries.. Any transfers of property from Mr. Gentile to the Rarotonga Trust, including any transfers from the Florida Trust and/or the Bahamas Trust, were fraudulent conveyances designed to frustrate enforcement of the Court's Judgments.

Upon information and belief, during the course of these litigations, Mr. Gentile, has transferred substantially the whole of his worldly estate to these trusts (and possibly other trusts not yet identified) with the objective of defrauding his creditors in these litigations and in any bankruptcy proceedings that Mr. Gentile might eventually file in any jurisdiction.

The relief to be sought will be:

DAVID LOPEZ

a) Enjoining and prohibiting Mr. Gentile from exercising any powers or rights he may have under any trusts without the approval of this Court, including but not limited to the transfer, withdrawal, or receipt of anything of value from the trusts.

b) Enjoining and directing Mr. Gentile to exercise such powers in any such trust as this Court may direct for the benefit and protection of the Judgment Creditors.

c) Enjoining and compelling Mr. Gentile to provide to the Judgment Creditors all trust information and documents, including trust instruments, accounts, asset inventories, bank and brokerage account statements, journals and ledgers, or otherwise, as the Judgment Creditors may reasonably request in pursuit of collection.

d) Enjoining and compelling Mr. Gentile to repatriate any transfers of assets to the trusts made during the pendency of these suits.

Mr. Gentile previously claimed an inability to comply with the Court's discovery orders by reason of a bankruptcy proceeding that he supposedly initiated in the courts of Dubai. There is no evidence in the record that any foreign bankruptcy proceeding has in fact been opened. Mr. Gentile's motion for comity filed in this Court and withdrawn with Your Honor's permission was supported only by an electronic receipt of an online "request" to open a case, not its grant..

In allowing Mr. Gentile to withdraw his comity motion, Your Honor expressly cautioned Mr. Gentile against refiling the motion without demonstrating a material change in circumstances. Mr. Gentile has attempted to file the *exact same motion, supported by the exact same insufficient documentation,* in the District of Puerto Rico enforcement proceedings commenced by Plaintiffs/Judgment Creditors with this Court's permission. These documents have fraudulent and false statements—including in describing an action that Mr. Gentile maliciously initiated in Dubai against the Judgment Creditors and their attorneys personally for the sole purpose of undermining this Court's Judgments and enforcement orders. The Dubai court has since dismissed on the merits.

Mr. Gentile's attempt to re-file his motion for comity in the District of Puerto Rico was rejected for lack of Mr. Gentile's signature, presumably a ploy by Mr. Gentile to avoid perjury.. Plaintiffs request that Your Honor stop Mr. Gentile's shameless forum shopping by enjoining Mr. Gentile from refiling the motion in that or any other court without this court's permission.

Very truly yours,

David Lopez

cc: All Counsel and Persons (via ECF)

3