UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., | |
| Plaintiff, | No. 18-CV-7291 (DLC) (RJL) |
| v. | ECF Case |
| GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. | |
| Plaintiff, | No. 18-CV-8896 (DLC) (RJL) |
| v. | ECF Case |
| GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO GENTILE'S OBJECTIONS TO THE
REPORT & RECOMMENDATION RE: RULE 54(B) CERTIFICATION**

**Overview**

Gentile's motion to "clarify and correct" that the Judgments entered against him, which Gentile appealed and the Second Circuit affirmed, were not "final judgments" under F.R.C.P. 54(b), proposes that the Court enter a Rule 54(b) order certifying the Judgments as final. That is also what Plaintiffs propose, and what Magistrate Judge Lehrburger recommends.

What Gentile objects to is Plaintiffs' proposal and Magistrate Judge Lehrburger's recommendation that the Court's Rule 54(b) order be entered *nunc pro tunc,* as of the date of entry of the Judgments. That is because the transparent purpose of Gentile's motion is to void his losing

1

appeal before the Second Circuit and all of this Court's post-judgment enforcement orders (including the bench warrant the Court previously issued for his arrest, which should be re-instated for the reasons explained in Magistrate Judge Lehrburger's separate R&R under the Court's review).

As Magistrate Judge Lehrburger writes, Gentile's motion should be seen for the cynical maneuver it is. Gentile's motion should be denied and his Objections overruled. The R&R should be adopted in full, and the recommended Rule 54(b) certification order of the Judgments should be entered *nunc pro tunc*.

The Judgments were understood and treated as final by all parties, especially by Gentile, and as a practical matter, resolved all outstanding claims. As the R&R notes, courts resolve questions of finality pragmatically. (*See* R&R, *Avalon* Dkt. 504 p.10: Where "the question of finality is not straightforward, we eschew formalism in favor of a pragmatic approach") (quoting *Alessi Equipment, Inc. v. Am. Piledriving Equipment, Inc.,* 160 F.4th 38, 44 (2d Cir. 2025)).

There is zero risk for any separate or "piecemeal" appeals, which Rule 54(b) aims to prevent. Plaintiffs' claims against Mintbroker were abandoned before entry of the Judgments. Mintbroker was dissolved before the Second Circuit affirmed the Judgments. Counsel for Plaintiffs and for Mintbroker's former liquidators have stipulated to a dismissal of all claims against Mintbroker with prejudice. The Second Circuit mandates affirming the Judgments have now been entered. There is nothing further for this Court or any court to do but enforce the final Judgments that were entered against Gentile and in Plaintiffs' favor for a total amount of more than $16 million (inclusive of pre-Judgment interest; exclusive of post-Judgment interest continuing to accrue).

Magistrate Judge Lehrburger correctly concluded that a *nunc pro tunc* Rule 54(b) order is "the appropriate course" to address any concern raised by Gentile about the finality of the

Judgments that he unsuccessfully appealed because of the stay the Court had previously entered as to Mintroker. The recommended *nunc pro tunc* order will not "revise history," which is *Gentile's* aim in seeking to void the post-Judgment proceedings in this Court and in the Court of Appeals. Instead, as Magistrate Lehrburger explains, the traditional purpose of *nunc pro tunc* orders will be served in this case by "making the record speak the truth." (R&R, *Avalon* Dkt. 504 p.9.)

1. **There is No Jurisdictional Obstacle to Entry of the Recommended Rule 54(b) Certification Order *Nunc Pro Tunc***

The real basis for Gentile's Objections to the R&R is that the recommended *nunc pro tunc* order would defeat his purpose of voiding his losing appeal and the Court's myriad post-Judgment enforcement orders. The purported basis for Gentile's Objections is that the Court's failure to include a Rule 54(b) certification when entering the Judgments presents a "jurisdictional" defect that cannot be cured by a *nunc pro tunc* order.

Gentile is wrong on this point. (*See* R&R, *Avalon* Dkt. 504 p.7) (quoting *Sack, Inc. v. Childcraft Educ. Corp.*, No. 07 Civ. 3344, 2010 WL 1848225, at *2 (S.D.N.Y. May 7, 2010) (appellate jurisdiction may be established *nunc pro tunc*); *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 285 (2d Cir. 2010) (failure to include R.54(b) certification is a curable "technical defect")). The Federal Rules of Civil Procedure are not the source of federal court appellate jurisdiction, which is governed by statute, 28 U.S.C. §1291, providing the U.S. Courts of Appeals with jurisdiction over appeals from all "final decisions" of U.S. district courts. There is no statutory requirement that a "final" judgment must resolve claims asserted against all parties.

The F.R.C.P. requirements, including the Rule 54(b) definition of "final judgment" as resolving claims asserted against all parties, do not expand or restrict the scope of federal court jurisdiction conferred by U.S. Const. Art. III and by Congress. Instead, the Supreme Court has held that F.R.C.P. requirements are "non-jurisdictional claims processing rules," which are mandatory

3

*when properly invoked by an opposing party,* but which can otherwise be waived or forfeited. *Nutraceutical Corp. v. Lambert,* 586 U.S. 188, 192 (2019) ("Because F.R.C.P. 23(f)'s time limitation [14-day deadline for requesting permission to appeal denial of class certification] is found in a procedural rule, not a statute, it is properly classified as a non-jurisdictional claim-processing rule"); *see also Hamer v. Neighborhood Housing Svcs. of Chicago*, 583 U.S. 17, 20 (2017) (deadline for requesting an extension of appeal deadline provided by F.R.C.P. 4 but not by statute, was not jurisdictional and could be waived).

Gentile did not raise the Rule 54(b) certification issue as an "*opposing party*"—i.e., as a party objecting to a prematurely filed appeal taken from a partial judgment. It was *Gentile* who appealed the Judgments. The day after losing the appeal, he filed this motion claiming his *own appeal* was void as premature in violation of Rule 54(b). As Magistrate Judge Lehrburger emphasized, Gentile's invocation of Rule 54(b) is "incompatible with his having invoked the Court of Appeals' jurisdiction. If Gentile genuinely questioned the finality of the Judgment, he could not in good faith have filed his appeal." (R&R, *Avalon* Dkt. 504 p.4.)

Gentile's Objections to the R&R recite 9 legal-sounding principles opposing the recommended *nunc pro tunc* Rule 54(b) certification order. These 9 points are not supported by the cases he cites, and none of those cases hold that a *nunc pro tunc* Rule 54(b) certification order is impermissible. *See FirsTier Mortgage Co. v. Inv. Mortgage Ins. Co.*, 498 U.S. 269 (1991) (objection to prematurely filed appeal cured by district court's subsequent entry of final judgment); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980) (decision to certify judgment as final under R.54(b) within the discretion of the district court); *Deakins v. Monaghan*, 484 U.S. 193 (1988) (stayed claims were mooted by their withdrawal); *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (statutory definition of "employer" was element of Title 7 claim, not jurisdictional

requirement); *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (F.R.C.P. 60(b) motions to void a judgment are not a proper vehicle for objecting to an order based on improper service where actual notice was provided).

Other cases cited by Gentile are entirely inapplicable or do not appear to exist. *See U.S. v Jenkins*, 420 U.S. 358 (1975) (dealing with double jeopardy, not jurisdiction); *Coopers & Lybrand v. Livesay,* 437 U.S. 463 (1978) (denial of class certification not appealable, superseded by: R.23(f), as recognized by: *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017)); *Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995) (creditor who did not file a bankruptcy claim did not submit to the jurisdiction of the bankruptcy court or waive right to jury trial as to stayed claims); *Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83 (1998) (dealing with standing and Art. III jurisdiction, which the 2d Cir. recently and repeatedly affirmed exists in §16(b) cases, including this case, *see* Mandate/Summary Order, *Avalon* Dkt. 469 p.6 n.2). A decision titled *Roman Catholic Diocese of Rockville Ctr.* by the 2d Cir. in 2022 could not be located at the cite given by Gentile (as 53 F.4th 76 [*sic*]) or otherwise. (*See* R&R Objections, *Avalon* Dkt. 514 p.2.)

  **2. The Recommended *Nunc Pro Tunc* Order Would Not Rewrite History.
The *Nunc Pro Tunc* Order Would "Make the Record Speak the Truth."**

Gentile cites the Supreme Court's quotation, in *Roman Catholic Archdiocese of San Juan, P.R. v. Feliciano*, 589 U.S. 57, 65 (2020), of Northern District of Illinois Judge Shadur: "Put colorfully, *nunc pro tunc* orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact") (quoting *U.S. v. Gillespie*, 666 F. Supp. 1137, 1139 (N.D. Ill. 1987)).

The context of the case in which that proclamation was originally "put colorfully" and of the case in which it was quoted by the Supreme Court illuminate the skepticism of the *nunc*

*pro tunc* orders reviewed in those cases, and why the recommended *nunc pro tunc* order in this case is not similarly "Orwellian."

In *Feliciano* and in *Gillespie,* the reviewed orders purported to be entered *nunc pro tunc* as of a prior date when the court order did not, in fact, issue an order or take any action in the first place. These orders were "Orwellian" because they purported to insert a record of events that supposedly occurred in the district court on a particular date when in reality, "nothing occurred in the District Court" on that date; there was no original order entered with a technical defect requiring a *nunc pro tunc* correction. *Feliciano*, 589 U.S. at 701; *see also Gillespie*, 666 F. Supp. at 1139 ("But … the court did *not* 'enter an order.' … that is fatal to any judicial effort to reconstruct the past by entering a purported *nunc pro tunc* order").

The *nunc pro tunc* order recommended in this case will not attempt to rewrite history by declaring itself effective as of a date on which the Court never entered any order. The Rule 54(b) order will certify the Judgments *nunc pro tunc* as of the date of the Court's actual entry of the Judgments, which were captioned as final and treated as final by all parties and the courts since their original entry.

The original Judgments entered by the Court also included the findings necessary to support the determination of "no just reason for delay" required for Rule 54(b) certification. As summarized by the Court of Appeals, the Court's opinion is replete with examples of the "machinations" Gentile employed to delay these litigations (and which he has continued to deploy to avoid paying the Judgments finally entered against him and now affirmed on appeal).

The recommended *nunc pro tunc* order will correct the technical defect of the omission of the Rule 54(b) certification from Judgments that were in fact previously entered by this Court, based on findings that were in fact made by this Court when the Judgments were

originally entered. This is a classic example of a situation where a *nunc pro tunc* order will "make the record speak the truth." (*See* R&R, *Avalon* Dkt. pp.8-10) (citing and discussing *Rosenbaum v. Seybold*, No. 06 Civ. 352, 2013 WL 2285942 (N.D. Ind. May 23, 2013)). There is no Orwellian revisionism at play.

It is Gentile, on the other hand, who wants to revise and erase history by attempting to void everything that has occurred in the Court of Appeals and in this Court since the Judgments were entered against him.

**3.   Additionally (or Alternatively), Gentile's Motion Should Be Denied as Moot**

Magistrate Judge Lehrburger recommended that the Court resolve Gentile's motion by entering a *nunc pro tunc* Rule 54(b) certification and declined to consider the effect of the Stipulated Dismissal of Mintbroker with Prejudice, which was submitted by counsel for Plaintiffs and for the former liquidators of Mintbroker in response to Gentile's motion and prior to the issuance of the Second Circuit Mandates affirming the Judgments.

Plaintiffs respectfully submit that Gentile's motion should be additionally or alternatively denied as moot. Mintbroker's dissolution was finalized and ordered prior to the issuance of the Second Circuit's Summary Order affirming the Judgments. Plaintiffs' stipulated to the voluntary dismissal of Mintbroker with prejudice prior to issuance of the Mandates (further confirming that Plaintiffs' claims against Mintbroker had previously been abandoned). The dissolution and dismissal of Mintbroker made the Judgments final while the appeal was pending further removed any obstacle, whether jurisdictional, procedural, or otherwise, to the Court of Appeals' review of the Judgments and issuance of the Mandates affirming the Judgments, or to enforcement of the Judgments which were not bonded by Gentile on his appeal as required and which have now been affirmed.

## Conclusion

Gentile's Objections should be overruled, Magistrate Judge Lehrburger's R&R should be adopted in full, and the *nunc pro tunc* Rule 54(b) certification order should be entered as recommended. Additionally, or in the alternative, Gentile's motion should be denied as moot.

    Respectfully submitted.

*/s/ Miriam Tauber*

_____
Miriam Tauber (MT-1979)
David Lopez (DL-6776)

*Attorneys for Plaintiffs/Judgment Creditors*

8