**Guy Gentile**
P.O. Box 504377
Dubai, United Arab Emirates

February 9, 2026

**Hon. Denise L. Cote**
United States District Judge
Southern District of New York

**Re: Plaintiffs' Request for Pre-Motion Conference**

Your Honor:

I respectfully submit this letter in response to Plaintiffs' February 4, 2026 request for a pre-motion conference.

The relief sought through Mr. Lopez's pre-conference letter is procedural really improper and subtly unsupported under rules 69, 65, and UAE Foreign Insolvency Proceedings[1]. Plaintiffs' attorneys seek extraordinary injunctive and turnover relief without evidence of control, assets, or jurisdiction, in a complete and greedy disregard of Bahamian, Cook Island, or Florida law, foreign bankruptcy proceedings, and binding limits on post-judgment enforcement.

**SDNY POST-JUDGMENT PROCEEDINGS**

Post-judgment discovery and enforcement in federal court are governed by FRCP 69(a), whichincorporates NY enforcement procedures under its CPLR Article 52 but does **not authorize** free-standing equitable injunctions untethered to identifiable assets or debtor control.

Extraordinary injunctive relief is governed by FRCP 65, which requires **admissible evidence** of likelihood of success, irreparable harm, balance of equities, and public interest. Post-judgment, courts require a **clear showing of control over specific assets** before ordering repatriation or restraint as supported by Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). Rule 69(a) authorizes discovery "in aid of execution," not speculative injunctions, asset freezes, or repatriation orders absent identified assets or debtor control. The Supreme Court has made clear that courts may not create equitable remedies untethered to a judgment creditor's legal rights. Id.

---

[1] Miriam Tauber without notice to me recently sought and obtained pro hoc vice admission in Florida- after having practiced there without a license, and where there is no live discovery dispute pending. A standalone filing seeking discovery or deposition of a trustee without a subpoena dispute or enforcement action presents no justiciable controversy. Daimler AG v. Bauman, 571 U.S. 117 (2014). Further, Plaintiffs' were told by this Court to seek to enforce in Florida; they cannot ask here in NY to supersede Florida law that should be determined by Florida law as they know because they filed already in Florida, but the greed to be punitive is why they also seek from this court to illegally prohibit me from litigating where I have the absolute constitutional right to bring and participate in proceedings. Rule 69 does not authorize a federal court to override state-law discovery procedures in another sovereign jurisdiction. See FRCP 69(a)(1).

**Creditor's Requested Relief Is Procedurally Defective[2]:**

*Improper use of a pre-conference letter*

A request to enjoin a judgment debtor, strip unspecified powers, or compel repatriation is dispositive and must be brought by noticed motion with evidentiary support. Magistrate judges lack authority to grant such relief absent consent per 28 USC §636(b)(1).

*Failure to identify assets or powers*

Rule 69 permits discovery, encouraging identification of assets; it does not permit injunctions based on speculation. Courts repeatedly reject restraints where creditors cannot identify a specific trust corpus, a present right to distributions, or legally enforceable control by me.

**No Legal Basis to Enjoin or Repatriate Trust Assets**

No debtor control

The record does not reflect[3] signatory authority, trustee appointment or removal power, amendment power nor distribution right. Absent such proof, courts deny turnover and injunction relief. In re Vebeliunas, 332 F.3d 85 (2d Cir. 2003) where control, not nominal status, governs trust reachability. Moreover, SDNY courts sanctioned creditors who repeatedly alleged secret foreign trusts or control without evidence. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143 (2d Cir. 2009) because speculation and conjecture are insufficient.

Mr. Lopez violates 28 USC § 1927 because his filing lacks factual or legal support and multiplies proceedings unreasonably and vexatiously; he abuses the inherent power of this court with this bad faith conduct. Rule 69 authorizes discovery in aid of execution, not his speculative injunctions, asset freeze, or repatriation demands that lack clear identification or assets or control [Grupo Mexicano] and the Second Circuit strictly enforces this boundary, see EM Ltd. v. Republic of Argentina, 695 F.3d 201 (2d Cir. 2012).

No fraudulent transfer finding

Even if Mr. Lopez established the existence of claimed trusts, neither the SDNY nor the Miami action before Judge Bloom made findings of fraudulent conveyance regarding Mint Broker[4] nor any Bahamian trust. Mere dicta or erroneous assumptions cannot substitute for fraudulent transfer findings, compare with Bankruptcy Law 11 USC § 548 that requires intent or insolvency findings.

**UAE Foreign Insolvency Proceedings**

---

[2] Mr. Lopez and Ms. Tauber really do not care if their demands are improper as long as they can get any court to issue punitive orders since their motive is greed, lies and disregard for legal requirements. Mr. Lopez admitted to lies, and Ms. Tauber was reneged by the Florida District Court for failing to seek admission to practice law there including inducing a local sheriff to act while withholding her non-admission.

[3] Moreover, and more importantly, Mr. Lopez's letter that is full of conclusion and zero facts, does not even proffer any proof these trusts even exist. This is the height of arrogance in presuming for reasons not known to me that his relief will simply be rubber stamped, as he informed me recently, this Court will be issuing an arrest warrant for me mid-February 2026.

[4] This Court had yet to decide the motion regarding Mint Broker and my request for mediation.

Page 2

Plaintiffs' request further ignores Defendant is subject to foreign insolvency proceedings. Under UAE law, a trustee is not immediately appointed upon filing, and the absence of immediate appointment does not render those proceedings invalid or unworthy of deference, even outside Chapter 15. See Hilton v. Guyot, 159 U.S. 113 (1895); Victrix S.S. Co. v. Salen Dry Cargo A.B., 825 F.2d 709 (2d Cir. 1987). Recent guidance, including the Third Circuit's refreshed test in Vertiv (2024), mandates deference to foreign bankruptcies sharing U.S. equality principles, even pre-Chapter 15. "A federal court should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding." Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A., 44 F.3d 187 (3d Cir. 1994). Rule 69(a) provides that post-judgment enforcement must accord with federal procedure and applicable state law, but, as anside, it does **not eliminate equitable discretion** to stay enforcement where required by comity.

If foreign law would criminalize unilateral withdrawal or control over assets, a U.S. court cannot compel such conduct. Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court, 482 U.S. 522 (1987). Courts have declined turnover or attachment where compliance would violate foreign law or usurp the role of a foreign administrator.

*Illegality defense*

If UAE law criminalizes unilateral withdrawal or control over trust assets, a U.S. court cannot compel illegal conduct. Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court, 482 U.S. 522 (1987).

In cross-border insolvency cases, courts have declined turnover or attachment where foreign law would criminalize compliance or where doing so would usurp the foreign administrator's role. See In re International Banking Corp., BSC, SDNY Bankruptcy Court, Case No. 09-17318 (SMB) where Judge Bernstein illustrates a discretionary balancing courts undertake between creditor enforcement rights and comity, even where U.S. creditors have attachments. This court is not a bankruptcy court-the same deference an automatic stay is given to US bankruptcy filings should operate the same in this pre conference demands inappropriately sought here in light of my UAE bankruptcy.

*No anti-suit injunction standard met*

Any effort to restrain the UAE proceedings fails under the Second Circuit's China Trade test. China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33 (2d Cir. 1987) involving a legal conflict over whether a U.S. court can impede a foreign lawsuit through an anti-suit injunction.

The District Coourt abused its discretion in issuing the injunction because the Korean litigation did not threaten the jurisdiction of the U.S. court nor did it frustrate significant public policies of the United States. The Second Circuit affirmed its belief that international comity outweighed the District Court's reliance on equity issues.

**Relief Sought by Plaintiffs' Pre Conference Letter should be DENIED**

There are no identified assets, no proof of control, no fraudulent transfer findings but there is pending foreign bankruptcy and comity concerns sought by Mr. Lopez's improper procedure. I

am a pro se litigant, not an attorney, but I am held to the higher standard of educated counsel admitted to this court. Mr. Lopez knows the proper procedure is by MOTION with evidence[5].

**CONCLUSION**

Federal courts do not grant post-judgment injunctions or repatriation orders based on conjecture. Without proof of present control or assets, and in light of valid foreign insolvency proceedings, the Plaintiffs' should be denied the relief requested. Having an arrest warrant, issued without my knowledge, and ignoring they could have easily served me in Miami during the weeks I was present in that court, do for them? It only was utilized punitively; if they really wanted to depose me, they would have and not conducted their "gotcha' tactics of not participating in good faith setting of the deposition date. Honey is more effective than vinegar.


Respectfully submitted,

/s/Guy Gentile
 Defendant, pro se

cc: All counsel (via ECF)

---

[5] If Mr. Lopez and Ms. Tauber really wanted to get information from me to at least have a claim of discovering nformation for post judgment proceedings, they instead seek punitive measures instead of helpful ones. What did having an arrest warrant, issued without my knowledge, and ignoring they could have easily served me in Miami during the weeks I was present in that court, do for them? It only was utilized punitively; if they really wanted to depose me, they would have and not conducted their "gotcha' tactics of not participating in good faith setting of the deposition date. Honey is more effective than vinegar.