```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
AVALON HOLDINGS CORP.,                    :
                                          :        18cv7291 (DLC)
                         Plaintiff,       :        18cv8896 (DLC)
            -v-                           :
                                          :
GUY GENTILE and MINTBROKER               :         OPINION AND
INTERNATIONAL, LTD.,                      :            ORDER
                                          :
                       Defendants.        :
                                          :
------------------------------------------ :
                                          :
NEW CONCEPT ENERGY, INC.,                 :
                                          :
                         Plaintiff,       :
                                          :
            -v-                           :
                                          :
GUY GENTILE and MINTBROKER               :
INTERNATIONAL, LTD.,                      :
                                          :
                       Defendants.        :
                                          :
------------------------------------------X
```

APPEARANCES:

For plaintiff Avalon Holdings Corp.:
David Lopez
Law Office of David Lopez
171 Edge of Woods Road, PO Box 323
Southampton, NY 11968

Miriam Deborah Tauber
Miriam Tauber Law
885 Park Avenue 2A
New York, NY 10075

Defendant Guy Gentile, appearing pro se

DENISE COTE, District Judge:

On March 20, 2024, this Court entered final judgment in favor of the plaintiffs Avalon Holdings Corp. ("Avalon") and New Concept Energy, Inc. ("New Concept") against the defendant Guy Gentile, and awarded them more than $16 million in damages and interest.  Since then, Gentile has filed many motions to challenge the judgment and evade its enforcement.  On October 28, 2025, the judgment was affirmed by the Second Circuit.  On December 3, the pending motions were referred to Magistrate Judge Robert Lehrburger, including the two at issue here: (1) Gentile's October 29 motion to "clarify and correct" the final judgment and (2) Avalon's December 2 motion to reinstate the civil arrest warrant against Gentile.  On December 30, Judge Lehrburger issued a Report and Recommendation ("Report") on each of those motions.  Gentile filed objections to the Reports on January 22.  For the following reasons, the Reports' recommendations are adopted in full.  The civil arrest warrant is reinstated against Gentile and the Judgment of March 20, 2024 shall be certified <u>nunc pro tunc</u> pursuant to Rule 54(b), Fed. R. Civ. P.

## <u>Background</u>

The facts that follow are drawn from Judge Lehrburger's Reports, which are incorporated by reference.  Familiarity with

2

the Reports -- as well as this matter's lengthy procedural history -- is assumed.  Only the facts necessary to resolve Gentile's objections are stated.

In 2018, plaintiffs Avalon and New Concept each brought actions against defendants Gentile and his offshore brokerage company Mintbroker International, Ltd. ("Mintbroker") for disgorgement of short-swing profits under § 16(b) of the Securities Exchange Act of 1934.  On April 8, 2022, Judge Vernon S. Broderick (then, the presiding judge on the matter) granted summary judgment to the plaintiffs on the merits of their claims.  During the subsequent damages phase, plaintiffs filed a notice that Mintbroker had been placed into liquidation proceedings in the Bahamas and, on November 16, 2022, this Court (to which the case had been reassigned) entered a temporary stay as to Mintbroker in light of the liquidation proceedings. Plaintiffs did not file any claim against Mintbroker in the Bahamian liquidation proceeding, and Mintbroker was later formally and finally dissolved by the Bahamian Supreme Court on October 15, 2025.

On March 20, 2024, after the damages phase concluded, this Court entered final judgment in favor of the plaintiffs against defendant Gentile, and awarded them more than $16 million in damages and interest.  Gentile appealed, and the Second Circuit

affirmed the judgment on October 28, 2025.  The next day, on October 29, Gentile filed in this Court a motion to "clarify and correct" the March 20, 2024 judgment.  He contended that the judgment was nonfinal and thus unappealable because it did not adjudicate the still-stayed claims against Mintbroker, and urged this Court to (i) "vacate the March 20, 2024 judgment and any enforcement orders dependent on it" and (ii) "re-enter a proper judgment against [Gentile] with an express Rule 54(b) determination."  In their November 5 opposition, plaintiffs asserted that this motion was Gentile's most recent attempt to evade enforcement and urged this Court to certify the judgment under Rule 54(b) nunc pro tunc.

At the same time Gentile was attempting to overturn the judgment, plaintiffs were requesting discovery to enforce it. After Gentile repeatedly failed to comply with discovery requests, this Court issued an Order on September 20, 2024 that authorized Gentile's civil arrest and detention.  Almost a year later, in a letter of September 10, 2025, Gentile expressed his willingness to comply with discovery and requested that the 2024 civil arrest warrant against him be vacated.  An Order of September 23 lifted the civil arrest warrant "without prejudice to renewal in the event that Gentile fails to cooperate with discovery or fails to submit to an in-person deposition within

the Southern District of New York by October 21, 2025."  An
Order of September 26 then extended the deposition deadline to
November 10.

As discussed in more detail in Judge Lehrburger's
corresponding report, despite various promises to appear,
Gentile did not submit to an in-person deposition within the
Southern District of New York by November 10.  On November 7,
Gentile filed a motion for comity, asserting that, having
recently filed for bankruptcy in Dubai, he is unable to comply
with plaintiffs' discovery requests without violating Dubai law.
On November 9, Gentile notified plaintiffs that he would not be
appearing for a deposition and, on December 2, Avalon filed a
motion to reinstate the arrest warrant against him.  In his
December 3 opposition, Gentile repeated his comity argument once
more.  Gentile, however, filed a notice withdrawing his comity
motion on December 22, and Judge Lehrburger accepted the
withdrawal on January 8.

On January 8, 2026, Judge Lehrburger issued two Reports
recommending dispositions on the two pending motions.  First,
Judge Lehrburger recommended that this Court deny Gentile's
October 29 motion to "clarify and correct" the final judgment
and, instead, certify the judgment nunc pro tunc under Rule
54(b).  He characterized Gentile's motion, which urges this

5

Court to vacate its March 20, 2024 judgment as nonfinal, as "a cynical attempt filed after losing his appeal to void the existing Judgment against him and Plaintiffs' enforcement proceedings to date based on an argument that is incompatible with his having invoked the Court of Appeals' jurisdiction." Judge Lehrburger then explained: Because this Court and both parties had treated the 2024 judgment as final, a nunc pro tunc Rule 54(b) certification would only "mak[e] the record speak the truth."

In his second Report, Judge Lehrburger recommended that this Court grant Avalon's December 2 motion to reinstate the civil arrest warrant against Gentile, as this Court permitted Avalon to file such a motion "in the event that Gentile fails to cooperate with discovery or fails to submit to an in-person deposition within the Southern District of New York by October 21, 2025." Judge Lehrburger notes that Gentile failed to do so, and rejected his arguments as to why his failure to comply with discovery should be excused. Gentile filed objections to both Reports on January 22, and Avalon filed responses to the objections on February 4 and 6.

## Discussion

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or

6

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To the extent that the magistrate judge's findings or recommendations are not objected to, they are reviewed only for clear error.  Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).  A court must make a de novo determination of the portions of the report to which a party objects.  28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

This Court has reviewed the Reports and adopts both in full.  Gentile has not, in his objections, identified any errors in Judge Lehrburger's recommendations.  Nor are there any clear errors in the portions of the Reports to which Gentile has not objected.

I.   Gentile's Motion to "Clarify and Correct" the Judgment

Gentile raises many objections to Judge Lehrburger's Report recommending that this Court grant a nunc pro tunc Rule 54(b) certification and deny his motion to "clarify and correct" the March 20, 2024 judgment.  None of his arguments succeeds, and only one objection challenges the Report's recommendation that this Court certify the 2024 judgment nunc pro tunc under Rule

7

54(b).  The remaining objections do not apply if the judgment is certified nunc pro tunc, so are not addressed in detail here.[1]

To be clear, as Avalon notes in its response, Judge Lehrburger and both parties agree that the Court should enter a Rule 54(b) order certifying the 2024 judgment as final.  Gentile only objects to the recommendation to enter that Rule 54(b) Order nunc pro tunc, or retroactively, as of the date of judgment entry.  But, as Judge Lehrburger correctly noted, the Supreme Court has recognized that district courts have the discretion to grant a nunc pro tunc order "as justice may require in view of the circumstances of the particular case." Mitchell v. Overman, 103 U.S. 62, 65 (1880).  And the Second Circuit has endorsed nunc pro tunc certifications both before and after an appeal has been decided "in the absence of prejudice to the nonappealing party."  Leonhard v. United States, 633 F.2d 599, 611 (2d Cir. 1980) (prior to deciding appeal); see also Kaufman & Ruderman v. Cohn & Rosenberger, 177

---

[1] Gentile's remaining arguments rely on the judgment being nonfinal, so are mooted by this Court's nunc pro tunc certification.  In short, he asserts that (i) the judgment was interlocutory because no Rule 54(b) determination was made at the time it was entered, and (ii) post-judgment events -- including the plaintiffs' alleged "abandonment" of their claims against Mintbroker, Mintbroker's later dissolution, and Gentile's appeal -- do not render the judgment final.  Lastly, Gentile argues that a nonfinal judgment "cannot support coercive enforcement," but such an argument does not address whether the 2024 judgment itself was nonfinal.

F.2d 849, 850 (2d Cir. 1949) (after deciding appeal, permitting the district court to find "no just reason for delay" under Rule 54(b) nunc pro tunc).

The circumstances here also warrant granting a nunc pro tunc Rule 54(b) order.  Avalon, as the nonappealing party, certainly would not be prejudiced by a retroactive certification.  By contrast, vacating the judgment instead would severely prejudice Avalon, given that it prevailed on appeal. Nor is there any just reason for delay under Rule 54(b).  There is no risk of a piecemeal appeal here, where Mintbroker, the only other original defendant, has since been dissolved.

Gentile's single objection, that nunc pro tunc orders "cannot be used to supply findings that were never made, particularly when those findings are jurisdictional prerequisites" fails.  As already explained, the Second Circuit has permitted district courts to enter Rule 54(b) orders nunc pro tunc to certify their past judgments as final, with jurisdictional implications for appeal.  The one opinion Gentile cites in support is inapposite.  In Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57 (2020), the Supreme Court states that "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history" and that "the court cannot make the record what it is not."  Id. at 65 (citation omitted).

There, the <u>nunc pro tunc</u> order was improperly "Orwellian"

because "[n]othing occurred in the District Court" on the date

claimed.  <u>Id.</u>  Here, it is undisputed that this Court entered a

judgment on March 20, 2024 in favor of plaintiffs and against

Gentile.  It is also undisputed that both parties treated the

2024 judgment as final, Gentile in appealing it and plaintiffs

in enforcing it.  Today's <u>nunc pro tunc</u> order, therefore, does

not function as an "Orwellian vehicle for revisionist history."

<u>Id.</u>  Instead, as Judge Lehrburger notes, it merely "make[s] the

record speak the truth."[2]

---

[2] As a separate matter, one of the opinions quoted by Gentile in
his objections does not appear to exist: "<u>In re Roman Catholic
Diocese of Rockville Ctr., N.Y.</u>, 53 F.4th 76, 83 (2d Cir.
2022)."  This Court is unable to locate any opinion by the
Second Circuit from 2022 or any other year with that caption.
Nor did this Court identify any Second Circuit opinion
containing the quote Gentile attributed to the case.  It
therefore appears that Gentile has submitted a fictitious case
and quotation to this Court, perhaps as a result of using
generative artificial intelligence ("AI") programs.  As the
Second Circuit recently stated, Rule 11 of the Federal Rules of
Civil Procedure require that "attorneys read, and thereby
confirm the existence and validity of, the legal authorities on
which they rely."  <u>Park v. Kim</u>, 91 F.4th 610, 615 (2d Cir.
2024).  And Rule 11 applies to both attorneys and <u>pro se</u>
litigants alike, <u>Maduakolam v. Columbia Univ.</u>, 866 F.2d 53, 56
(2d Cir. 1989), as any "attempt to persuade a court or oppose an
adversary by relying on fake opinions is an abuse of the
adversary system."  <u>Park</u>, 91 F.4th at 615 (citation omitted).
Gentile is therefore reminded of his obligations under Rule 11
and advised that future filings before this Court must contain
only accurate representations and citations.  Gentile is also
warned that future filings with citations to fictitious legal
opinions or citations which do not otherwise comply with Rule 11

II.    Avalon's Motion to Reinstate the Civil Arrest Warrant

Gentile also raises many objections to Judge Lehrburger's Report recommending that this Court grant Avalon's motion to reinstate the civil arrest warrant against Gentile.  All are frivolous and, again, none succeeds.

As an initial matter, multiple objections are premised on mischaracterizations of this Court's Orders of September 23 and 26, 2025 and of Judge Lehrburger's Report.  First, Gentile asserts that "the operative order[s] . . . did not require my physical presence in New York, did not state that the deposition must occur 'in person,' and did not prohibit the use of remote means."  This is false.  The Order of September 23, 2025 lifted the civil arrest warrant against Gentile "without prejudice to renewal in the event that Gentile fails to cooperate with discovery or fails to submit to an <u>in-person deposition within the Southern District of New York</u> by October 21, 2025." (Emphasis added.)  The Order of September 26 merely extended that in-person deposition deadline to November 10.  Neither Order could be interpreted to permit a remote deposition or a deposition outside of the Southern District of New York.  As a result, Gentile undoubtedly failed to meet this Court's deadline

may result in sanctions, including but not limited to the striking of filings and the imposition of monetary penalties.

by failing to appear for an in-person deposition within the Southern District of New York by November 10.[3]  Thus, Avalon was permitted to renew its motion for a civil arrest warrant against him.

Second, Gentile asserts that his obligation to appear for a deposition "never ripened" because "[t]he operative order required the parties to agree on a date certain for My deposition."  This, too, is false.  Nowhere in the September 23 and 26 Orders does this Court condition Gentile's deposition deadline on the parties reaching agreement on a date.

Third, Gentile mischaracterizes Judge Lehrburger's Report by contending that it "treat[ed] reinstatement as automatic" and "self-executing" and, as a result, "failed to meaningfully consider" his arguments in opposition to Avalon's December 2 motion.  But Judge Lehrburger did not assume the arrest warrant was automatically reinstated.  Instead, he made a thoughtful

---

[3] Gentile appears to argue that this Court should excuse his noncompliance because "a federal government shutdown disrupted aviation operations during the relevant compliance window."  He then cites an article describing airline "delays and cancellations."  This argument fails as well.  As Judge Lehrburger noted, Gentile informed Avalon on November 3 that he could be available in New York on November 9.  And Gentile does not provide any evidence that a specific flight delay or cancellation impacted his ability to do so -- or his ability to otherwise appear in New York before November 10.

recommendation after comprehensively rejecting each of Gentile's arguments in opposition.

Four objections remain and these also fail.  In one objection, Gentile challenges only the validity of the original September 20, 2024 arrest warrant against Gentile, rather than the validity of a potential, newly reinstated arrest warrant. In another objection, Gentile blames his failure to meet this Court's deadline on plaintiffs' counsel Miriam Tauber's alleged ten-day delay in responding to "October 2025 communications" of his.  But Gentile does not point to a specific email or delay or otherwise explain how a delayed response from plaintiffs' counsel made his compliance impossible.  Gentile also appears to argue that, although "[f]oreign law does not excuse compliance [sic] with a U.S. court order," his "foreign bankruptcy obligations" are "relevant to good faith and proportionality." The Court understands Gentile to be making a comity argument regarding his alleged bankruptcy in Dubai.  As Judge Lehrburger explained, any such arguments were forfeited when Gentile withdrew his comity motion on December 22 and Judge Lehrburger accepted the withdrawal on January 8.  Lastly, Gentile contends that he should not be penalized for his noncompliance with this Court's Orders because:

> The issue is not whether compliance was
> theoretically possible, but whether non-

> agreement and nonappearance can fairly be attributed solely to Me where Plaintiffs' delay, unilateral scheduling, rejected alternatives, and external constraints materially contributed to the impasse.

But Gentile cites no authority indicating that this Court must employ a balancing test of fault to determine the relative causes of Gentile's noncompliance.  This Court's Orders of September 23 and 26 were clear.  Avalon was permitted to renew a motion for a civil arrest warrant against Gentile "in the event that Gentile fails to cooperate with discovery or fails to submit to an in-person deposition within the Southern District of New York" by November 10, 2025.  Gentile failed to do so, and Avalon renewed its motion on December 2.  None of Gentile's objections succeeds in excusing his noncompliance.

## Conclusion

The January 8, 2026 Reports are adopted in full.  Gentile's October 29, 2025 motion to "clarify and correct" the judgment is denied and the March 20, 2024 judgment is certified under Rule 54(b) nunc pro tunc.  Avalon's December 2, 2025 motion to reinstate the civil arrest warrant against Gentile is granted.

Dated:     New York, New York
           April 10, 2026

_____
DENISE COTE
United States District Judge

14